Rollin Ransom (State Bar No. 196126)
rransom@sidley.com
Ryan Stasell (State Bar No. 307431)
rstasell@sidley.com
Paula Salazar (State Bar No. 327349)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THRIVE CAUSEMETICS, INC., <br><br> Defendant. | Case No. 2:20-cv-9091-PA-AS <br><br> **DEFENDANT THRIVE CAUSEMETICS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Thrive Causemetics, Inc. ("TCI"), for its answer and defenses to the complaint filed by plaintiff Thrive Natural Care, Inc. ("Plaintiff"), hereby states as follows:

### Introduction

1. TCI denies the allegations in paragraph 1.

2. TCI lacks knowledge or information sufficient to form a belief as to sentences 1 and 2 of paragraph 2. TCI denies the remaining allegations in paragraph 2.

3. TCI admits that one or more of its employees has used the term "Thrive Tribe" in the past. TCI denies the remaining allegations in paragraph 3.

4. TCI denies the allegations in paragraph 4.

### Nature of the Action

5. TCI admits that Plaintiff purports to assert the claims identified in paragraph 5. TCI denies the remaining allegations in paragraph 5.

6. TCI admits that Plaintiff purports to seek the relief identified in paragraph 6. TCI denies the remaining allegations in paragraph 6.

### The Parties

7. TCI lacks sufficient knowledge or information to form a belief as to the statements in paragraph 7.

8. TCI admits that it is a Delaware corporation with an executive office at 10900 NE 4th St., Suite 2300, Bellevue, WA. TCI admits that it has business operations at 6100 Center Dr., Suite 900, Los Angeles, CA 90045. TCI denies the remaining allegations in paragraph 8.

### Jurisdiction and Venue

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, TCI admits this court has subject matter jurisdiction

over Plaintiff's claims, including pursuant to the cited authorities. TCI denies the remaining allegations in paragraph 9.

10. TCI admits parts (b), (c), and (d) of paragraph 10, and that the Court may permissibly exercise personal jurisdiction over TCI. TCI denies the remaining allegations in paragraph 10.

11. TCI admits that it operates the website www.thrivecausemetics.com and that it sells its products directly to consumers, including in California and this District. TCI admits that TCI employees have been physically present in this District in connection with the advertising, promotion, and sale of TCI's products. TCI denies the remaining allegations in paragraph 11.

12. Paragraph 12 states a legal conclusion to which no response is required. To the extent a response is required, TCI admits that venue is proper in this District and that TCI is subject to personal jurisdiction in this District. TCI denies the remaining allegations in paragraph 12.

**Facts Underlying the Causes of Action**

13. TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13.

14. TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14.

15. TCI lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 15.

16. TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 16.

17. TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

-3-
DEFENDANT THRIVE CAUSEMETICS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

1      18.    TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

3      19.    TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

5      20.    TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

7      21.    TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

9      22.    TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 22.

11      23.    TCI lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 23.

13      24.    TCI denies the allegations in paragraph 24.

14      25.    TCI admits that TCI was founded by Karissa Bodnar. TCI denies the remaining allegations in paragraph 25.

16      26.    TCI admits the allegations in paragraph 26.

17      27.    TCI admits that it sells color cosmetics for face, eyes, lips, and cheeks. TCI denies the remaining allegations in paragraph 27.

19      28.    TCI admits that in 2017, it sold eyeliner, lipstick, blush, eyeshadow, mascara, and faux eyelashes, and was a participant in the color cosmetics market. TCI denies the remaining allegations in paragraph 28.

22      29.    TCI admits the allegations in paragraph 29.

23      30.    TCI admits that the U.S. Patent & Trademark Office ("PTO") issued an Office Action on November 30, 2015 regarding TCI's application to register THRIVE CAUSEMETICS, and refers to such Office Action for a true, accurate, and complete statement of its contents. TCI denies the remaining allegations of paragraph 30.

DEFENDANT THRIVE CAUSEMETICS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

1       31.     TCI admits that it responded to the Office Action issued by the PTO and refers to such response for a true, accurate, and complete statement of its contents. TCI admits that it abandoned the trademark application. TCI denies the remaining allegations of paragraph 31.

        32.     TCI admits that Ms. Bodnar contacted Plaintiff by e-mail in April 2016 and refers to such e-mail for a true, accurate, and complete statement of its contents. TCI denies the remaining allegations in paragraph 32.

        33.     TCI admits that Mr. McIntosh replied to Ms. Bodnar via e-mail and refers to such reply for a true, accurate, and complete statement of its contents. TCI admits that Plaintiff took no action against TCI at the time of this correspondence or for over four more years thereafter, but lacks knowledge and information sufficient to form a belief as to the reason for Plaintiff's decision in this regard. TCI denies the remaining allegations in paragraph 33.

        34.     TCI denies the allegations in paragraph 34.

        35.     TCI denies the allegations in paragraph 35.

        36.     TCI admits that Plaintiff sent a letter to TCI on March 3, 2017 and refers to such letter for a true, accurate, and complete statement of its contents. TCI denies the remaining allegations in paragraph 36.

        37.     TCI admits that it sent a letter to Plaintiff on April 12, 2017 and refers to such letter for a true, accurate, and complete statement of its contents. TCI denies the remaining allegations in paragraph 37.

        38.     TCI denies the allegations in paragraph 38.

        39.     TCI admits that it has used the phrase "Try Thrive" in connection with advertising its Thrive Causemetics products. TCI denies the remaining allegations in paragraph 39.

        40.     TCI admits that it has used the term "Thrive Lab" in connection with its product development efforts. TCI admits that it maintained a website in 2017 and refers

to such website for a true, accurate, and complete statement of its contents. TCI admits that Ms. Bodnar has used the hash tag #THRIVELAB on TCI-related Instagram posts. TCI denies the remaining allegations in paragraph 40.

41. TCI admits that it has used the term "Thrive Tribe" in the past, and that Ms. Bodnar has used the hash tag #THRIVETRIBE in the past. TCI denies the remaining allegations in paragraph 41.

42. TCI admits that TCI and Ms. Bodnar have been the subject of media coverage, including in the publication Beauty Independent, and refers to such media coverage for a true, accurate, and complete statement of their content. TCI denies the remaining allegations in paragraph 42.

43. TCI admits that TCI has been the subject of an article in the publication Yahoo! Life, and refers to such article for a true, accurate, and complete statement of its content. TCI denies the remaining allegations in paragraph 43.

44. TCI admits that in 2018 an article appeared on the website MirahMirah and refers to such article for a true, accurate, and complete statement of its contents. TCI denies the remaining allegations in the first three sentences of paragraph 44. TCI lacks knowledge and information sufficient to form a belief as to the last sentence of paragraph 44.

45. TCI denies the allegations in paragraph 45.

46. TCI denies the allegations in paragraph 46.

47. TCI admits that in 2018 it filed an application with the PTO to register THRIVE CAUSEMETICS, and refers to such application for a true, accurate, and complete statement of its contents. TCI denies the remaining allegations in paragraph 47.

48. TCI admits that the PTO issued an Office Action regarding TCI's application to register THRIVE CAUSEMETICS, and refers to such Office Action for

1  a true, accurate, and complete statement of its contents. TCI denies the remaining
2  allegations in paragraph 48.

3      49.    TCI admits that the PTO issued an Office Action regarding TCI's
4  application to register THRIVE CAUSEMETICS, and refers to such Office Action for
5  a true, accurate, and complete statement of its contents. TCI denies the remaining
6  allegations in paragraph 49.

7      50.    TCI admits that the PTO issued an Office Action regarding TCI's
8  application to register THRIVE CAUSEMETICS, and refers to such Office Action for
9  a true, accurate, and complete statement of its contents. TCI denies the remaining
10 allegations in paragraph 50.

11     51.    TCI admits that the PTO issued an Office Action regarding TCI's
12 application to register THRIVE CAUSEMETICS, and refers to such Office Action for
13 a true, accurate, and complete statement of its contents. TCI denies the remaining
14 allegations in paragraph 51.

15     52.    TCI admits that its 2018 application for THRIVE CAUSEMETICS is
16 currently suspended, and refers to the suspension letter for a true, accurate, and
17 complete statement of its contents. TCI denies the remaining allegations in paragraph
18 52.

19     53.    TCI denies the allegations in paragraph 53.

20     54.    TCI admits that Ms. Bodnar called Mr. McIntosh on June 27, 2019, and
21 that they spoke on the phone that day. TCI admits that Mr. McIntosh referenced
22 Plaintiff's trademark filings, expressed a generalized belief regarding consumer
23 confusion (but declined to specify any instances of such confusion), referenced possible
24 revisions to TCI's logo, and discussed possible resolutions of the parties' dispute. TCI
25 denies the remaining allegations in paragraph 54.

26     55.    TCI denies the allegations in paragraph 55.

27     56.    TCI admits the allegations in paragraph 56.

28

1  57. TCI admits that it sells a face cleanser, a moisturizer, and hand sanitizer. TCI denies the remaining allegations in paragraph 57.

58. TCI denies the allegations in paragraph 58.

59. TCI denies the allegations in paragraph 59.

60. TCI denies the allegations in the first sentence of paragraph 60. TCI lacks knowledge and information sufficient to form a belief as to the second and third sentences in paragraph 60.

61. TCI denies the allegations in paragraph 61.

62. TCI admits that it had a general awareness of Plaintiff prior to 2019. TCI denies the remaining allegations in paragraph 62.

63. TCI admits that it has had a general awareness of Plaintiff since first communicating with Plaintiff in 2016. TCI denies the remaining allegations in paragraph 63.

64. TCI denies the first sentence of paragraph 64. TCI lacks knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 64, except that TCI admits that it sells mascara.

65. TCI denies the allegations in paragraph 65.

66. TCI denies the allegations in paragraph 66.

67. TCI denies the allegation in paragraph 67.

## Count 1

68. TCI realleges and incorporates its responses to paragraphs 1 through 67 above as is fully set forth herein.

69. TCI denies the allegations in paragraph 69.

70. TCI denies the allegations in paragraph 70.

71. TCI denies the allegations in paragraph 71.

72. TCI denies the allegations in paragraph 72.

73. TCI denies the allegations in paragraph 73.
74. TCI denies the allegations in paragraph 74.

## Count 2

75. TCI realleges and incorporates its responses to paragraphs 1-74 above as if fully set forth herein.
76. TCI denies the allegations in paragraph 76.
77. TCI denies the allegations in paragraph 77.
78. TCI denies the allegations in paragraph 78.
79. TCI denies the allegations in paragraph 79.
80. TCI denies the allegations in paragraph 80.
81. TCI denies the allegations in paragraph 81.

## Count 3

82. TCI realleges and incorporates its responses to paragraphs 1 through 81 above as if fully set forth herein.
83. TCI denies the allegations in paragraph 83.
84. TCI denies the allegations in paragraph 84.
85. TCI denies the allegations in paragraph 85.
86. TCI denies the allegations in paragraph 86.
87. TCI denies the allegations in paragraph 87.
88. TCI denies the allegations in paragraph 88.
89. TCI denies the allegations in paragraph 89.

## Count 4

90. TCI realleges and incorporates its responses to paragraphs 1 through 89 above as if fully set forth herein.

DEFENDANT THRIVE CAUSEMETICS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

91.   TCI denies the allegations in paragraph 91.

92.   TCI denies the allegations in paragraph 92.

93.   TCI denies the allegations in paragraph 93.

94.   TCI denies the allegations in paragraph 94.

95.   TCI denies the allegations in paragraph 95.

96.   TCI denies the allegations in paragraph 96.

97.   TCI denies the allegations in paragraph 97.

## Count 5

98.   TCI realleges and incorporates its responses to paragraphs 1 through 97 above as if fully set forth herein.

99.   TCI denies the allegations in paragraph 99.

100.   TCI denies the allegations in paragraph 100.

101.   TCI denies the allegations in paragraph 101.

102.   TCI denies the allegations in paragraph 102.

103.   TCI denies the allegations in paragraph 103.

104.   TCI denies the allegations in paragraph 104.

## Count 6

105.   TCI realleges and incorporates its responses to paragraphs 1 through 104 above as if fully set forth herein.

106.   TCI denies the allegations in paragraph 106.

107.   TCI denies the allegations in paragraph 107.

108.   TCI denies the allegations in paragraph 108.

109.   TCI denies the allegations in paragraph 109.

DEFENDANT THRIVE CAUSEMETICS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

## Count 7

110. TCI realleges and incorporates its responses to paragraphs 1 through 109 above as if fully set forth herein.

111. TCI denies the allegations in paragraph 111.

112. TCI denies the allegations in paragraph 112.

113. TCI denies the allegations in paragraph 113.

114. TCI denies the allegations in paragraph 114.

115. TCI denies the allegations in paragraph 115.

## AFFIRMATIVE DEFENSES

TCI incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses to the claims set forth in the Complaint without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint fails to allege facts upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver)

2. Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of waiver.

-11-

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3. Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Acquiescence)

5. Plaintiff's claims are barred, in whole or in part, based on the equitable doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

6. Plaintiff's claims are barred, in whole or in part, because it has consented to the acts complained of.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

7. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

8. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE
### (Fair Use)

9. Plaintiff's claims are barred, in whole or in part, as the acts of TCI alleged therein constitute fair use, nominative fair use, and/or descriptive use.

## TENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

10. Plaintiff's claims are barred, in whole or in part, because any alleged infringement by TCI was innocent.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

11. The alleged injury or damage suffered by Plaintiff, if any, would adequately be compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to equitable relief.

## TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

12. Plaintiff's claims are barred, in whole or in part, because of failure to mitigate damages if such exist.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fraud on the PTO)

13. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's fraud on the United States Patent & Trademark Office in the course of obtaining the trademark registrations underlying Plaintiff's putative claims in this case, including without limitation, on information and belief, Plaintiff's material and intentional misstatement respecting Plaintiff's claimed "date of first use" with respect to U.S. Trademark Reg. No. 6,164,303.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

14. TCI presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, unstated defenses. On that basis, TCI reserves the right to amend this Answer to assert additional defenses in the event discovery indicates that additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, defendant TCI respectfully requests that the Court grant judgment in its favor and against Plaintiff on all claims asserted in the Complaint and dismiss the Complaint in its entirety with prejudice, award TCI its attorney's fees and

costs of this action, and grant TCI such other and further relief as the Court may deem just and proper.

DATED:  November 27, 2020

SIDLEY AUSTIN, LLP
Rollin A. Ransom
Ryan Stasell
Paula C. Salazar

By: */s/ Rollin A. Ransom*
       Rollin A. Ransom

Attorneys for Defendant
Thrive Causemetics, Inc.

-15-
DEFENDANT THRIVE CAUSEMETICS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California Local Rule 38-1, defendant Thrive Causemetics, Inc. demands a trial by jury on all issues so triable.

DATED: November 27, 2020

SIDLEY AUSTIN, LLP
Rollin A. Ransom
Ryan Stasell
Paula C. Salazar

By: */s/ Rollin A. Ransom*
Rollin A. Ransom

Attorneys for Defendant
Thrive Causemetics, Inc.

-16-

DEFENDANT THRIVE CAUSEMETICS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES