UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., | Case No. 2:20-CV-9091-PA-AS |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| THRIVE CAUSEMETICS, INC., | Hon. Percy Anderson |
| Defendant. | **Hearing Date**: September 13, 2021<br>**Time:** 1:30 p.m.<br>**Courtroom:** 9A |

      Plaintiff Thrive Natural Care, Inc. ("Thrive") has moved for partial summary judgment of: (a) federal trademark infringement by Defendant Thrive Causemetics, Inc. ("TCI"); (b) federal unfair competition by TCI and related state law claims; (c) willful infringement; (d) disgorgement of TCI's profits attributable to infringement; (e) corrective advertising damages; and (f) a permanent injunction. The motion came on for consideration before the Court on September 13, 2021, at 1:30 p.m. Appearances by counsel are noted in the record.

      After considering the moving, opposition, and reply briefs, the evidence submitted by the parties, and the arguments presented by the parties' respective counsel, the Court finds as follows:

      1.    Thrive has used the mark "THRIVE" (the "THRIVE Mark") on skincare products continuously from 2013 to the present. All of Thrive's skincare products bear the THRIVE Mark (the "Thrive Products").

      2.    Thrive is the registrant of and holds valid U.S. trademark registrations, Reg. Nos. 4,467,942 ("'942 Registration") and 6,164,303 ("'303 Registration"), for the THRIVE Mark in relation to various skincare products (together, the "THRIVE Registrations").

      3.    Thrive's '942 Registration has been deemed incontestable by the U.S. Patent & Trademark Office ("PTO").

      4.    The '942 Registration constitutes conclusive evidence that Thrive is the owner of the THRIVE Mark and has the exclusive right to use that mark in commerce.

      5.    Defendant TCI was founded in 2014 and began selling false eyelashes and eyelash adhesive in or about September 2014, under the THRIVE CAUSEMETICS brand.

      6.    TCI has known of Thrive's '942 Registration since 2015, ███████

7. On November 30, 2015, the PTO issued an Office Action rejecting a trademark application by TCI to register the THRIVE CAUSEMETICS mark due in part to finding there was a likelihood of confusion with Thrive's '942 Registration for the THRIVE Mark. TCI argued in response to this Office Action that TCI and Thrive sold different classes of goods (color cosmetics versus skincare products). In response to TCI's arguments, the PTO withdrew its refusal based on Thrive's trademark registration.

8. ██████████████████████████████████████████████████████████████████████.

9. Ms. Bodnar contacted Thrive in April 2016 to request permission to use the THRIVE Mark for TCI's business, which at the time consisted of false eyelashes and color cosmetics. She did not disclose ████████████████ ████. Thrive's co-founder, Alex McIntosh, denied the request for permission.

10. In March 2017, Thrive sent a cease-and-desist letter to TCI requesting that TCI cease use of the THRIVE Mark in relation to TCI's business. TCI rejected the request, claiming the parties sold different classes of goods (TCI selling color cosmetics, Thrive selling skincare products).

11. On August 28, 2018, the PTO issued an Office Action rejecting a second trademark application by TCI to register the THRIVE CAUSEMETICS mark due to finding there was a likelihood of confusion with Thrive's '942 Registration for the THRIVE Mark and Thrive's then-pending application that matured as the '303 Registration. The PTO further required that TCI file a disclaimer of the "CAUSEMETICS" portion of its mark, because that word was merely descriptive as an intentional misspelling of "cosmetics".

12. In or about October 2018—after the PTO's refusal of TCI's second trademark application and with knowledge of Thrive's '942 Registration and use of the THRIVE Mark on skincare products—TCI expanded from color cosmetics into

the skincare market and began selling skincare products under the THRIVE CAUSEMETICS brand in direct competition with Thrive.

13. In June 2019, Ms. Bodnar of TCI again contacted Thrive and spoke with Mr. McIntosh to request permission to use the THRIVE Mark in relation to TCI's business. Ms. Bodnar again did not disclose that TCI was already selling skincare products. Mr. McIntosh denied Ms. Bodnar's request for permission unless TCI agreed to pay a significant licensing fee and to modify TCI's mark to de-emphasize the "THRIVE" portion of the mark.

14. TCI disregarded Thrive's preexisting trademark rights and continued to expand its line of skincare products, which TCI sold under the THRIVE CAUSEMETICS brand (the "Infringing Skincare Products").

15. The Infringing Skincare Products consists of TCI's entire skincare line, including the following products: Overnight Sensation Brightening Sleep Mask; Liquid Balm Lip Treatment; Gravity Defying Transforming Moisturizer; Bright Balance 3-in-1 Cleanser; Defying Gravity Eye Lifting Cream; Liquid Light Therapy All-in-One Face Serum; Moisture Flash Active Nutrient Toner; Deluxe Travel Defying Gravity Transforming Moisturizer; Defying Gravity Transforming Moisturizer; Deluxe Travel Bright Balance 3-in-1 Cleanser; Moisture-Enriched Hand Sanitizer; Overnight Sensation Gentle Resurfacing Peel; Pumpkin Spice Latte Liquid Lip Balm Treatment; Smart Microdermabrasion 2-in-1 Instant Facial; Defying Gravity Nourishing Hand + Nail Cream; Smart Microdermabrasion 2-in-1 Instant Facial; Buildable Blur CC Cream; Filtered Effects Blurring Primer; all travel sized versions of these products; and all "sets" that include any of these products as part of the set.

16. The Infringing Skincare Products include at least the following TCI SKU numbers: TCC001-TCC019; TP001; TSC002; TSC003; TSC004; TSC005; TSC006; TSC007; TSC008; TSS002; TSS003; TSS004; TVG007; TVG070; TVG133; TVG134; TVG136; TVG137; TVG138; TVG141; TVG142.

17. TCI's use of the THRIVE Mark has caused actual confusion between TCI and Thrive and the products of each party.

18. TCI is infringing Thrive's trademark rights, including through the marketing and sale of the Infringing Skincare Products, which are confusingly and substantially similar to the valid and protectable THRIVE Registrations, which Thrive uses in connection with its Thrive Products. Thrive has demonstrated that, due to the similarity between elements of the marks and packaging for the Infringing Skincare Products and the THRIVE Marks, consumers will believe that the Infringing Skincare Products come from, are sponsored or licensed by, or are associated or affiliated with Thrive, or that the Thrive Products come from, are sponsored or licensed by, or are associated or affiliated with TCI.

19. There is no genuine dispute as to any material fact concerning infringement of the THRIVE Registrations by TCI in relation to TCI's sale of Infringing Skincare Products using the THRIVE Mark. Thrive is entitled to summary judgment that TCI infringed the THRIVE Registrations in violation of 15 U.S.C. § 1114. Thrive is further entitled to summary judgment on its unfair competition claim under 15 U.S.C. § 1125(a) and its related state law claims, which all rely on the same analysis.

20. Thrive is entitled to summary judgment on the issue of whether TCI's infringement was willful. In 2018, TCI expanded into the skincare market in direct competition with Thrive after: (a) TCI received, in 2015, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; (b) TCI received two PTO refusals identifying Thrive's trademark registrations as creating a likelihood of confusion; (c) Thrive refused in 2016 to grant TCI permission to use the THRIVE Mark; and (d) Thrive sent TCI a cease-and-desist letter in 2017. TCI's decision to sell the Infringing Skincare Products was made with knowledge of Thrive and its skincare products, the THRIVE Mark, and the THRIVE Registrations. Those facts are

undisputed. There is thus no genuine dispute of material fact with regard to willful infringement.

21. Thrive is entitled to summary judgment with regard to disgorgement of TCI's profits, pursuant to 15 U.S.C. § 1117(a), in the amount of $███████. Thrive has satisfied its burden of proving TCI's total profits on sales of Infringing Skincare Products, consisting of gross revenue minus cost of goods. TCI has failed to satisfy its burden of proving any additional claimed indirect costs were of actual assistance in the production, distribution, or sale of the infringing product.

22. Thrive is entitled to summary judgment on the issue of corrective advertising damages, and is entitled to an award of such damages in the amount of $███████, constituting 25% of TCI's advertising budget for the Infringing Skincare Products.

23. Having demonstrated infringement, the Court presumes pursuant to the Lanham Act, as amended by the Trademark Modernization Act, that Thrive has suffered and will continue to suffer irreparable harm from TCI's actions. TCI has not rebutted that presumption, which leads the Court to find irreparable harm exists and would continue to occur without issuance of a permanent injunction.

24. In addition, Thrive has submitted evidence showing that it is likely to suffer irreparable injury as a result of TCI's conduct because the Infringing Skincare Products are likely to confuse consumers; are targeted at the same consumers; and are likely to interfere with Thrive's substantial efforts and exclusive rights to control its trademarks, brand reputation and goodwill, including but not limited to the channels in which the Thrive Products are marketed and sold, and the price points at which it sells the Thrive Products. Thrive is therefore entitled a permanent injunction barring TCI from selling the Infringing Skincare Products and from using the THRIVE CAUSEMETICS mark or any other mark that is similar to the THRIVE Mark in relation to skincare products.

On the basis of the foregoing findings of fact and conclusions of law, it is

hereby ORDERED and ADJUDGED that:

1. Plaintiff Thrive's Motion for Partial Summary Judgment is GRANTED.

2. The THRIVE Registrations are valid and infringed by TCI's sale, offering for sale, and distributing the Infringing Skincare Products.

3. TCI's sale, offering for sale, and distributing the Infringing Skincare Products further violates 15 U.S.C. § 1125(a), Thrive's common law rights, and Cal. Bus. & Prof. Code § 17200.

4. TCI's trademark infringement was willful.

5. Thrive is awarded TCI's total profits on infringing sales pursuant to 15 U.S.C. § 1117, in the amount of $█████.

6. Thrive is awarded corrective advertising damages in the amount of $█████.

7. TCI and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from TCI, or in concert or participation with TCI, shall be permanently enjoined from advertising, displaying, selling, or distributing:

    a. Any skincare or personal care products bearing the "THRIVE" or "THRIVE CAUSEMETICS" mark or name, including but not limited to all Infringing Skincare Products.

    b. Any product bearing a trademark or symbol that is confusingly similar to Thrive's trademark, Registration No. 4,467,942, for the mark THRIVE in standard characters, provided said product falls within a category of goods listed in this registration.

    c. Any product bearing a trademark or symbol that is confusingly similar to Thrive's trademark, Registration No. 6,164,303, for the mark THRIVE in standard characters, provided said product falls within a category of goods listed in this registration.

8. TCI and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from TCI, or in concert or participation with TCI, shall be and hereby are, effective immediately, ordered to:

    a. Recall and sequester all existing Infringing Skincare Products.

    b. Provide to Thrive and its counsel of record within 30 days of entry of this Order an accounting of all Infringing Skincare Products manufactured, sold, and sequestered in inventory.

    c. Post a notice on TCI's website homepage at www.thrivecausemetics.com and on TCI's Facebook and Instagram pages stating as follows:

> Thrive Causemetics, Inc. the manufacturer of "THRIVE CAUSEMETICS" skincare products has been required the United States District Court for the Central District of California to post this notice in order to avoid further confusion in the marketplace. "THRIVE CAUSEMETICS" skincare products formerly sold through this website and Thrive Causemetics have no affiliation, and have never had any affiliation, with "THRIVE" skincare products made and sold by Thrive Natural Care, Inc. The Court has ordered that Thrive Causemetics can no longer sell "THRIVE CAUSEMETICS" skincare products in order to avoid confusion between those products and "THRIVE" skincare products sold by Thrive Natural Care.

    d. File with this Court and serve on Thrive within 30 days a report in writing under oath, setting forth in detail the manner and form in which TCI has complied with the above injunction.

9. Violation of this Permanent Injunction shall expose TCI and all other persons bound by this Injunction to all applicable penalties, including contempt of Court. The foregoing permanent injunction shall be in full force and effect until such time as this Court enters a further Order lifting or modifying the injunction granted hereby.

/ / /

/ / /

IT IS SO ORDERED.

Date: _____       _____

                                                                       Hon. Percy Anderson