Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THRIVE CAUSEMETICS, INC., <br><br> Defendant. | Case No. 2:20-cv-9091-PA-AS <br><br> **DEFENDANT THRIVE CAUSEMETICS, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** <br><br> Date: September 13, 2021 <br> Time: 1:30 p.m. <br> Place: Courtroom 9A |

TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 13, 2021, at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Percy Anderson in Courtroom 9A (9th floor) of the above-entitled court, located at 350 W. 1st Street, Los Angeles, California 90012, Defendant Thrive Causemetics, Inc. ("TCI") will and hereby does move, pursuant to Federal Rule of Civil Procedure 56, for an order in favor of TCI that there is no genuine dispute of material fact concerning Plaintiff Natural Care, Inc.'s ("Plaintiff") forward confusion trademark infringement claim and monetary recovery theories, and that TCI is entitled to summary judgment as a matter of law.

TCI makes this Motion on the following grounds:

*First*, TCI is entitled to summary judgment on Plaintiff's forward confusion trademark infringement claim because there is no evidence to support that claim. On the contrary, Plaintiff's own characterization of its theory of alleged infringement is that TCI, the junior user, flooded and overwhelmed the market for skincare products such that Plaintiff, the senior user, has been unable to achieve brand recognition and cannot compete. As Plaintiff has offered no argument or evidence supporting a claim of forward (as opposed to reverse) confusion, summary judgment as to its forward confusion trademark infringement claim is appropriate.

*Second*, TCI is entitled to summary judgment on Plaintiff's claims for disgorgement of TCI's profits, an award of a reasonable royalty, and an award for corrective advertising. As to disgorgement of TCI's profits, a profits award is unavailable in a reverse trademark confusion case as a matter of law. Plaintiff also cannot recover a reasonable royalty as damages because there is no evidence of a prior licensing history between the parties or with any third parties, and thus, no basis for any non-speculative award. Finally, Plaintiff has offered no evidence of the value or devaluation of its mark, and its proposed award of corrective advertising is therefore

also unavailable as a matter of law. The Court should thus grant summary judgment as to all of Plaintiff's monetary recovery theories.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Statement of Uncontroverted Facts and Conclusions of Law, the Declaration of Lauren M. De Lilly and the exhibits attached thereto, the Declaration of Karissa Bodnar, the Declaration of Ned Menninger, and the record, files, and pleadings in this action, and such other further arguments and supporting matters as may be presented at or before the time of hearing.

DATED: August 6, 2021

SIDLEY AUSTIN LLP

By: /s/ Rollin A. Ransom
Rollin A. Ransom

*Attorneys for Defendant Thrive Causemetics, Inc.*