1  Rollin A. Ransom (State Bar No. 196126)
   rransom@sidley.com
2  Lauren M. De Lilly (State Bar No. 301503)
   ldelilly@sidley.com
3  Paula C. Salazar (State Bar No. 327349)
   psalazar@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street
5  Los Angeles, CA 90013
   Telephone:  (213) 896-6000
6  Facsimile: (213) 896-6600

7  *Attorneys for Defendant Thrive
   Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., | Case No. 2:20-cv-9091-PA-AS |
| Plaintiff, | Hon. Percy Anderson |
| v. | **DEFENDANT THRIVE CAUSEMETICS, INC.'S OPPOSITION TO PLAINTIFF THRIVE NATURAL CARE, INC.'S MOTION TO STRIKE AFFIRMATIVE DEFENSE** |
| THRIVE CAUSEMETICS, INC., | |
| Defendant. | |
| | Hearing Date: August 30, 2021<br>Time: 1:30 p.m.<br>Courtroom: 9A |

Defendant Thrive Causemetics, Inc. ("TCI") respectfully submits the following opposition to Plaintiff's Motion to Strike ("Motion") concerning TCI's fourteenth affirmative defense for abandonment.

## I. INTRODUCTION

Plaintiff's Motion should be denied. Setting aside that motions to strike are highly disfavored – reason alone to reject the Motion – Plaintiff's argument that TCI's abandonment defense is legally insufficient fails as a matter of law. Plaintiff concedes, as it must, that § 1115(b)(2) of the Lanham Act expressly authorizes abandonment as a defense against the registrant of an incontestable mark. Here, TCI has alleged that Ecomundi Ventures LLC ("Ecomundi"), not Plaintiff, owns all rights in the THRIVE mark because Ecomundi failed to properly assign Application Serial No. 85726058 (the "'058 Application") to Plaintiff, retained all rights in the application, and ultimately became the owner (and thus the true "registrant") of U.S. Trademark Reg. No. 4,467,942 (the "'942 Registration"). TCI has also alleged that Ecomundi, the owner of the '942 Registration, *never* used the THRIVE mark in commerce or in connection with any ongoing or existing business activity, such that Ecomundi abandoned the mark. These allegations set forth a legally sufficient abandonment defense.

Notably, Plaintiff has already argued – and lost – the very argument it advances here. Conspicuously absent from Plaintiff's Motion is any mention of Judge Carter's rejection of the *exact same argument* in another trademark infringement case brought by TNC in this District, in which TNC accuses Le-Vel Brands, LLC ("LBL") of infringing its claimed rights in the THRIVE mark. *See Thrive Natural Care, Inc. v. Le-Vel Brands, LLC*, No. 2:21-CV-02022-DOC-KES (C.D. Cal.) (the "LBL Action"). In the LBL Action, Judge Carter held that LBL – like TCI here – had plausibly alleged that Ecomundi's transfer of the '058 Application was invalid because it was made prior to actual use of the mark, and that "[s]ince Ecomundi possessed all the rights of mark ownership, it follows that Ecomundi also became the true 'registrant' and had

1  abandoned the mark through prolonged nonuse." *Thrive Natural Care, Inc. v. Le-Vel
2  Brands, LLC*, No. 2:21-CV-02022-DOC-KES, 2021 WL 2548687, at *3 (C.D. Cal.
3  June 4, 2021).  Judge Carter's reasoning applies with equal force here, and this Court
4  should similarly deny Plaintiff's Motion.

**II.    BACKGROUND**

On July 1, 2021, Plaintiff filed a First Amended Complaint ("FAC") against TCI for federal and common law trademark infringement and unfair competition. *See generally* ECF No. 28.  The allegations in the FAC are premised in part on Plaintiff's ownership of the '942 Registration for the mark THRIVE, which Plaintiff contends has become incontestable. *See, e.g., id.* ¶¶ 21-24.  On July 15, 2021, TCI filed its Answer to the FAC, including fifteen affirmative defenses to Plaintiff's claims. *See generally* ECF No. 31.  TCI's fourteenth affirmative defense, at issue here, is that the THRIVE mark has been abandoned within the meaning of 15 U.S.C. § 1127. *Id.* at 12 ¶ 12.  In support of its abandonment defense, TCI alleged that Ecomundi is the prior owner of the '058 Application, which ultimately matured into the '942 Registration for the mark THRIVE, and that Ecomundi failed to validly assign the '058 Application to Plaintiff because Ecomundi has never used the THRIVE mark in commerce. *Id.*  TCI further alleged that the improper assignment resulted in Ecomundi retaining ownership of the '058 Application and ultimately the '942 Registration, but because Ecomundi has never used the THRIVE mark in commerce or in connection with any ongoing or existing business, Ecomundi has abandoned the mark. *Id.*

On July 27, 2021, Plaintiff filed the instant Motion seeking to strike TCI's abandonment defense. *See generally* ECF Nos. 32, 32-1.  Plaintiff contends that TCI's abandonment defense is not legally sufficient because the '942 Registration is incontestable, which ostensibly provides "conclusive evidence" of Plaintiff's ownership of the THRIVE mark. *Id.* at 2, 4-8.  Plaintiff's Motion does not address the antecedent issue of whether Ecomundi's assignment of the '058 Application to

Plaintiff was valid in the first instance, and therefore assumes, without basis (and in conflict with the allegations underlying the abandonment defense), that Plaintiff succeeded to Ecomundi's rights in the THRIVE mark.

As noted above, Plaintiff's Motion also does not address a recent ruling by Judge Carter in the LBL Action rejecting the same argument that Plaintiff advances here. Plaintiff initiated the LBL Action on March 4, 2021, alleging trademark infringement and unfair competition based on LBL's use of the THRIVE mark. LBL Action, ECF No. 1. LBL then filed a counterclaim against Plaintiff seeking to cancel the '942 Registration, in part because Ecomundi abandoned the THRIVE mark covered by the registration after an invalid assignment of the '058 Application to Plaintiff. LBL Action, ECF No. 71 ¶¶ 212-21. On May 12, 2021, Plaintiff moved to dismiss LBL's cancellation counterclaim, raising the same conclusory assertions that Plaintiff is the "original" registrant of the THRIVE mark and has never abandoned the mark, its ownership of the '942 Registration has become incontestable, and the registration therefore cannot be challenged by a claim of abandonment. *See* LBL Action, ECF No. 73-1 at 15-19. By order dated June 4, 2021, Judge Carter denied Plaintiff's motion to dismiss LBL's abandonment theory, and held that LBL had plausibly alleged that Ecomundi's assignment of the '058 Application to Plaintiff was invalid, that Ecomundi continued to possess all the rights of mark ownership and became the true "registrant" of the '942 Registration, and that Ecomundi abandoned the THRIVE mark through prolonged nonuse. 2021 WL 2548687, at *3-4.

## III.  LEGAL STANDARD ON A MOTION TO STRIKE.

Although Rule 12(f) permits a court to strike from a pleading any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), such motions are highly disfavored, *see, e.g.*, *Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1271 (C.D. Cal. 2014) (motions to strike "are 'generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic'") (citations

omitted); *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1131 (N.D. Cal. 2011) ("Motions to strike are not favored and 'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'") (citations omitted).  When ruling on a motion to strike, courts liberally construe the attacked pleading in the light most favorable to the nonmoving party. *Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1207 (S.D. Cal. 2007).  Given this liberal standard, an affirmative defense is legally insufficient only when it "lacks merit under any set of facts the defendant might allege." *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014); *see also Oracle Am., Inc.*, 817 F. Supp. 2d at 1132.[1]

## IV.   ARGUMENT

Plaintiff's Motion is premised solely on the incorrect proposition that the purported incontestability of the THRIVE mark renders TCI's abandonment defense legally insufficient.  As Judge Carter already found in the LBL Action, such an abandonment defense to Plaintiff's infringement claim and reliance on the '942 Registration is both plausible and legally supportable.  This Court should therefore deny Plaintiff's Motion.

### A.   TCI's Abandonment Defense Is Legally Sufficient.

Plaintiff challenges TCI's defense on the ground that Plaintiff is ostensibly the "original" registrant of the '942 Registration and "conclusively" owns it due to the marks purported incontestability, "regardless of whether the prior applicant, Ecomundi, used the THRIVE mark in commerce." ECF No. 32-1 at 9.  Plaintiff's argument misses the mark.  TCI's defense is two-fold: (1) that Ecomundi retained all rights in the THRIVE mark (including, ultimately, ownership of the '942 Registration) because its assignment of the '058 Application to Plaintiff was invalid, and (2) that Ecomundi has abandoned the THRIVE mark because it has never utilized the mark in

---

[1] Although affirmative defenses may also be challenged under Rule 12(f) for insufficient pleading, *Harris*, 303 F.R.D. at 627, Plaintiff has not moved to strike TCI's abandonment defense on the ground that it is inadequately pled.

commerce or in connection with any ongoing or existing business.  ECF No. 31 at 12 ¶ 12.  The law fully supports both of these contentions.

First, the Lanham Act only permits assignment of a trademark "with the good will of the business in which the mark is used, or with that part of the good will of the business connected with the use of and symbolized by the mark."  15 U.S.C. § 1060(a)(1); *see also E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1289 (9th Cir. 1992) ("'[T]he law is well settled that there are no rights in a trademark alone and that no rights can be transferred apart from the business with which the mark has been associated.'") (citation omitted).  Without actual use of the mark in connection with a business, and thus, no goodwill, there are simply no trademark rights to assign. *See, e.g.*, *Oculu, LLC v. Oculus VR, Inc.*, No. SACV 14-0196 DOC(JPRx)., 2015 WL 3619204, at *7 (C.D. Cal. June 8, 2015); *Glow Indus., Inc. v. Lopez*, 273 F. Supp. 2d 1095, 1107 (C.D. Cal. 2003).  A purported assignment of a trademark without any goodwill is an invalid "assignment in gross."  *interState Net Bank v. NetB@nk Inc.*, 348 F. Supp. 2d 340, 349 (D.N.J. 2004) (citing *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999); *see also Glow Industries, Inc.*, 273 F. Supp. 2d at 1107-08 ("A 'naked' or 'in gross' transfer of a mark, i.e., without the associated goodwill, is invalid.") (citations omitted).  An invalid assignment confers no rights on the assignee.  *See, e.g.*, *Patagonia, Inc. v. Anheuser-Busch, LLC*, No. 2:19-cv-02702-CAP-JEMx, 2020 WL 8514835, at *7 (C.D. Cal. Sept. 3, 2020) ("*Patagonia II*") ("[O]nly after a valid assignment of trademarks does an assignee succeed to the rights of the assignor."); *interState*, 348 F. Supp. 2d at 349-52 ("the effect of the invalid assignment of the trademark registration . . . is that the rights revert to [] the original registrant");  3 J. Thomas McCarthy *McCarthy on Trademarks and Unfair Competition* ("McCarthy"), § 18:17 (5th ed. 2021) ("The general rule is that an 'assignment in gross' of a trademark is invalid, and operates to pass *no rights* to the purported *assignee*.") (emphasis added).  Notably, Plaintiff's motion does not challenge any of these legal principles, nor does it challenge the adequacy of TCI's

-5-

factual allegations respecting the invalidity of Ecomundi's purported transfer of the THRIVE mark to Plaintiff, or of Ecomundi's subsequent non-use (and thus abandonment) of the mark.

Instead, the thrust of Plaintiff's motion is that TCI cannot invoke Ecomundi's abandonment against Plaintiff, in light of the ostensibly "incontestable" nature of the '942 Registration. However, the Lanham Act expressly authorizes the defense of abandonment against an incontestable trademark. 15 U.S.C. § 1115(b)(2). A mark "shall be deemed 'abandoned' if . . . its use has been discontinued with intent not to resume such use" and "[n]onuse for 3 consecutive years shall be prima facie evidence of abandonment." 15 U.S.C. § 1127. Indeed, courts have cancelled incontestable registrations when (as here) an invalid assignment failed to transfer rights to the assignee, and the assignor ceased use of the mark for a prolonged period. *See, e.g.*, *interState*, 348 F. Supp. 2d at 352 (granting summary judgment on federal trademark infringement claim and finding cancellation of incontestable registration appropriate after invalid assignment resulted in reversion of trademark rights back to the assignor, and the assignor had ceased use of the mark for a period longer than three years); *Kleven v. Hereford*, No. CV 13-02783-AB (AGRx), 2015 WL 4977185, at *22-23 (C.D. Cal. Aug. 21, 2015) (ordering cancellation of registration where assignee acquired only the naked trademark registration and did not acquire any goodwill in the assignor's existing business at the time of the assignment, and assignor subsequently ceased commercial use of the mark).

These legal principles directly support TCI's abandonment defense. TCI has alleged that Ecomundi, the original owner of the '058 Application, *never* used the THRIVE mark in commerce and thus its assignment of the '058 Application to Plaintiff was invalid. ECF No. 31 at 12 ¶ 12; *Oculu, LLC*, 2015 WL 3619204, at *7; *Glow Indus., Inc.*, 273 F. Supp. 2d at 1107; McCarthy § 18:17. In light of the invalid assignment, Ecomundi retained ownership of the '058 Application and ultimately became the owner of the '942 Registration. ECF No. 31 at 12 ¶ 12; *Patagonia II*,

2020 WL 8514835, at *7; *interState Net Bank*, 348 F. Supp. 2d at 349-52; McCarthy § 18:17.  Ecomundi has *never* used the THRIVE mark in connection with any ongoing or existing business, and has thus abandoned the '942 Registration.  ECF No. 31 at 12 ¶ 12; 15 U.S.C. §§ 1115(b)(2), 1127; *Warner Lambert Pharm. Co. v. Gen. Foods Corp.*, 164 U.S.P.Q. 532, 532 (T.T.A.B. 1970) ("In view of the foregoing, it is clear that the assignment upon which applicant relies involved a mere transfer in gross of the mark 'NUTRIDENT' amounting to an abandonment thereof by its assignor and conveying nothing to applicant.").  Accordingly, TCI's abandonment defense is legally sufficient.

### B. Plaintiff's Arguments Are Meritless.

Plaintiff's arguments to the contrary are without merit.  First, Plaintiff repeatedly invokes that the '942 Registration has purportedly become incontestable, and appears to assert that incontestability is somehow inconsistent with or preclusive of TCI's abandonment defense.  Not so.  As explained above, even incontestable registrations are subject to cancellation if the mark is abandoned.  *See, e.g.*, 15 U.S.C. § 1115(b)(2); *interState*, 348 F. Supp. 2d at 352 ("The Lanham Act provides that a trademark registration, even an incontestable registration, may be cancelled at any time if the registered mark has been abandoned."); *Kleven*, 2015 WL 4977185, at *22-23.

The primary authority upon which Plaintiff relies is the Supreme Court's decision in *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189 (1985), which it cites no less than ten times in a nine-page brief.  But *Park 'N Fly* is entirely inapposite.  While *Park 'N Fly* does address incontestability, *it is not an abandonment case*.  Instead, the issue in *Park 'N Fly* was whether a defendant could challenge as *merely descriptive* a mark that was the subject of an incontestable registration, an issue that is irrelevant to the issue raised here.  *Id.* at 193.  Indeed, to the extent the Supreme Court's decision in *Park 'N Fly* is relevant here, that decision actually supports *TCI*, as the Court specifically noted that section 15 of the Lanham Act

"allows cancellation of an incontestable mark at any time if it has been abandoned," *id.* at 195 – precisely the defense that TCI has pled.

      The authority that *is* relevant are the decisions in *interState* and *Kleven* cited above. While Plaintiff attempts to avoid this negative authority on the ground that the assignment in those cases occurred after registration, that timing was immaterial to the outcome. On the contrary, both *interState* and *Kleven* raise the same issue presented here – abandonment of an incontestable registration following an invalid assignment – and those courts cancelled the registrations at issue without regard to whether the assignment occurred pre- or post-registration. *interState*, 348 F. Supp. 2d at 349-52; *Kleven*, 2015 WL 4977185, at *21-23. Judge Carter rightly rejected Plaintiff's effort to distinguish *interState* and *Kleven* on this basis as "arbitrar[y]," *Thrive Natural Care*, 2021 WL 2548687, at *4, and this Court should as well.

      Second, Plaintiff argues that it is the "original" and current registrant of the mark, and the only party that could have abandoned it. However, for purposes of Plaintiff's Motion, the Court must accept as true TCI's allegation that Ecomundi never used the mark in commerce prior to assigning the '058 Application to Plaintiff, and that the assignment was therefore invalid and Ecomundi retained ownership of all rights in the mark and ultimately, all rights in the '942 Registration as well. *See* ECF No. 31 at 12 ¶ 12; *Patagonia II*, 2020 WL 8514835, at *7; *interState Net Bank*, 348 F. Supp. 2d at 349-52; McCarthy § 18:17. That Plaintiff subsequently registered and is currently using the THRIVE mark has no bearing on the issue, because TCI's theory and allegations are that Plaintiff *never succeeded to Ecomundi's rights in the '058 Application in the first instance*, and that Ecomundi is and always has been the owner and registrant of the '942 Registration and abandoned the mark through nonuse.

      Notably, in the LBL Action, Judge Carter rejected this argument as well (*i.e.,* that only Plaintiff, as the currently listed "registrant," can abandon the '942 Registration):

-8-
DEFENDANT THRIVE CAUSEMETICS, INC.'S OPPOSITION TO PLAINTIFF THRIVE NATURAL CARE, INC.'S MOTION TO STRIKE AFFIRMATIVE DEFENSE

> Ecomundi violated § 1060 by improperly assigning the '058 Application to TNC prior to actual use of the mark. As LBL argues in opposition, "only after a valid assignment of trademarks does the assignee succeed to the rights of the assignor." *Patagonia II*, 2020 WL 8514835, at *7; *see also* 3 J. Thomas McCarthy, *McCarthy on Unfair Competition* § 18:17 (5th ed. 2021). Thus, LBL has successfully rebutted the presumption that TNC owns the THRIVE mark by showing that TNC had not established valid ownership rights in the mark at the time of registration. *See Sengoku Works Ltd. v. RMC Intern., Ltd.*, 96 F.3d 1217 (9th Cir. 1996), *as modified*, 97 F.3d 1460 (9th Cir. 1996). Since Ecomundi possessed all the rights of mark ownership, it follows that Ecomundi also became the true "registrant" and had abandoned the mark through prolonged nonuse.

*Id.* at *3. In reaching this conclusion, Judge Carter noted that, while § 1115(b) authorizes a defense when a "registrant" has abandoned an incontestable mark, the Lanham Act's interchangeable use of the terms "registrant" and "owner" in other sections "confirm that 'registrant' status is equivalent with ownership for the purposes of the abandonment defense.'" *Id.* And as the true "owner" of the mark, Ecomundi could – and did – abandon it.

Plaintiff's failure to even mention Judge Carter's decision speaks volumes – Plaintiff has no credible response or basis to undermine that Court's ruling. TCI's allegations in support of its abandonment defense rely on identical facts and the identical theory underlying LBL's counterclaim – that in light of the invalid assignment to Plaintiff, Ecomundi was and always has been the owner of the '942 Registration and abandoned the THRIVE mark through nonuse. ECF No. 31 at 12 ¶ 12. Just as Judge Carter found that LBL stated a plausible abandonment claim, so too should this Court find that TCI's abandonment defense is legally sufficient.

V. **CONCLUSION**

For the foregoing reasons, TCI respectfully requests that the Court deny Plaintiff's Motion.

DATED: August 9, 2021

SIDLEY AUSTIN, LLP

By: */s/ Rollin A. Ransom*
    Rollin A. Ransom

*Attorneys for Defendant*
*Thrive Causemetics, Inc.*