Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THRIVE CAUSEMETICS, INC.,<br><br>Defendant. | Case No. 2:20-cv-9091-PA-AS<br><br>**DEFENDANT THRIVE CAUSEMETICS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Local Rule 79-5.2.2(a)-(b), Defendant Thrive Causemetics, Inc. ("Defendant") hereby files this Application for Leave to File Under Seal certain documents filed in connection with Defendant's Opposition to Plaintiff Thrive Natural Care, Inc.'s ("Plaintiff") Motion for Partial Summary Judgment ("Opposition"). As described in the concurrently filed Declaration of Lauren M. De Lilly in Support of Defendant's Application for Leave to File Under Seal ("De Lilly Sealing Decl."), all of the documents at issue consist of documents and information produced and designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Defendant or by Plaintiff pursuant to the Amended Protective Order Concerning Confidential Information ("Amended Protective Order") (ECF No. 25).

The documents subject to Defendant's Application are:

1. Defendant's Memorandum of Points and Authorities in Support of Its Opposition to Plaintiff's Motion for Partial Summary Judgment (the "Opposition Memorandum");

2. Defendant's Statement of Genuine Disputes of Material Fact and Additional Material Facts ("SGD");

3. The Declaration of Ned A. Menninger in Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment ("Menninger MSJ Opp. Declaration");

4. The Declaration of Karl J. Schulze in Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment ("Schulze Decl."), and Exhibit A thereto, which is the Rebuttal Expert Report of Karl J. Schulze;

5. **Exhibit 4** to the Declaration of Lauren M. De Lilly in Support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment ("De Lilly MSJ Opp. Decl."), a true and correct copy of excerpts of a document produced by Plaintiff and Bates numbered TNC00391-TNC00399.

6. **Exhibit 5** to the De Lilly MSJ Opp. Decl., a true and correct copy of a document produced by Plaintiff and Bates numbered TNC00556-TNC00597.

1    7.    **Exhibit 9** to the De Lilly MSJ Opp. Decl., a true and correct copy of a document produced by Plaintiff and Bates numbered TNC01282-TNC01299 270867326.

8.    **Exhibit 17** to the De Lilly MSJ Opp. Decl., a true and correct copy of a document produced by Plaintiff and Bates numbered TNC00831.

9.    **Exhibit 18** to the De Lilly MSJ Opp. Decl., a true and correct copy of a document produced by Plaintiff and Bates numbered TNC00819.

10.   **Exhibit 19** to the De Lilly MSJ Opp. Decl., a true and correct copy of a document produced by Plaintiff and Bates numbered TNC00830.

11.   **Exhibit 44** to the De Lilly MSJ Opp. Decl., a true and correct copy of a document produced by Plaintiff and Bates numbered TNC00822.

Before filing this Application, counsel for the parties met and conferred on August 20, 2021 regarding the treatment of documents and information the parties designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Amended Protective Order, including whether redactions could address any of the parties' confidentiality concerns to obviate the need for an under-seal filing. De Lilly Sealing Decl. ¶ 2. Given the nature of the documents and information involved, which reflects the parties' respective non-public and detailed financial information, and given that the confidential information is central to the issues presented by the Opposition, redaction would not obviate the need for an under-seal filing; accordingly, the parties agreed to file under seal any documents that have been designated by the parties as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. Counsel for Plaintiff informed counsel for Defendant that Plaintiff does not oppose Defendant's Application. *Id.*

With respect to the documents and information designated by Defendant as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, Defendant seeks to seal by redaction: (1) certain information appearing on pages 1, 2, 10, 22, and 25 of the Opposition Memorandum; (2) certain information appearing on pages 6,

1  16, 21, 32, 33, 35, 38, 41, and 42 of the SGD; (3) certain information appearing in
2  paragraph 2 of the Menninger MSJ Opp. Declaration; (4) certain information
3  appearing in paragraphs 8, 10, and 15 of the Schulze Declaration; and (5) certain
4  information appearing in Exhibit A to the Schulze Declaration.

5    Although the Ninth Circuit has recognized a strong presumption of access to
6  court filings, particularly with respect to dispositive motions, courts may properly seal
7  materials filed in connection with dispositive motions upon a showing of compelling
8  reasons to do so.  *Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2015 WL
9  13673842, at *1 (N.D. Cal. Aug. 4, 2015) (citing *Kamakana v. City and Cnty. of*
10 *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  In connection with dispositive
11 motions, courts have sealed non-public, detailed financial information – such as that
12 Defendant seeks to seal here – because disclosure of such information could work a
13 competitive disadvantage to the litigant.  *See, e.g.*, *Fulton v. Ulta Beauty*, No. 18-cv-
14 00889-AJB-WVG, 2020 WL 5095494, at *6 (S.D. Cal. Aug. 27, 2020) (granting
15 motion to seal documents containing financial information pertaining to defendant's
16 business, including the dollar amounts of profits and losses, upon defendant's showing
17 that disclosure of such information would likely provide competitors with insight into
18 defendant's business operations, and collecting cases reflecting courts' protection of
19 confidential business information); *Rodman*, 2015 WL 13673842, at *2 (granting
20 motion to seal internal, non-public information discussing defendant's pricing
21 strategy, business decision-making, customer research, and financial records because
22 of the risk of exposure to competitive harm if disclosed); *In re ConAgra Foods, Inc.*,
23 No. CV 11-05379-MMM (AGRx), 2014 WL 12577132, at *4 (C.D. Cal. July 11,
24 2014) (granting motion to seal internal financial information because such information
25 could be used by business competitors to the company's detriment); *Bauer Bros. LLC*
26 *v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24,
27 2012) (granting application to seal financial documents containing Nike's non-public,
28 highly confidential financial data because it could be used for improper purposes by

competitors).

Here, compelling reasons exist to seal by redaction the information identified by Defendant in the Opposition Memorandum, SGD, Menninger MSJ Opp. Declaration, Schulze Declaration, Exhibits to the Schulze Declaration, and Exhibits to the De Lilly MSJ Opp. Declaration.  The exhibits contain Defendant's non-public and detailed financial information, including Defendant's annual revenue (totals, and by product or product category), costs, operating expenses, and net income from 2018 through May of 2021, calculations performed by Plaintiff's expert Mr. Drews extrapolating from Defendant's non-public financial information, and analyses performed by Mr. Schulze concerning Mr. Drews' calculations, which could be used by Defendant's competitors for improper purposes and provide such competitors with unfair insight into Defendant's business operations.  *See* Declaration of Ned A. Menninger in support of Defendant's Application to Seal ¶¶ 3-4.  Moreover, Defendant's proposed redactions to the Opposition Memorandum, SGD, Menninger MSJ Opp. Declaration, Schulze Declaration, Exhibits to the Schulze Declaration, and Exhibits to the De Lilly MSJ Opp. Declaration are narrowly tailored to sealing only those portions that disclose Defendant's non-public and detailed financial information, such that the public's general right to access, inspect, and copy public records and documents is not unduly hampered.  For these reasons, Defendant respectfully requests that the Court grant its Application as to the Opposition Memorandum, SGD, Menninger MSJ Opp. Declaration, Schulze Declaration, and Exhibit A to the Schulze Declaration.

With respect to the documents and information designated by Plaintiff as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, specifically the documents produced by Plaintiff and Bates numbered TNC00391-TNC00399, TNC00556-TNC00597, TNC01282-TNC01299, TNC00831, TNC00819, TNC00830, and TNC00822, (attached to the De Lilly MSJ Opp. Decl. as Exhibits 4, 5, 9, 17, 18, 19, and 44, respectively), Defendant understands that Plaintiff believes these

documents should be sealed in their entirety.  Defendant takes no position as to whether Exhibits 4, 5, 9, 17, 18, 19, and 44 satisfy the standard for sealing in whole or in part in connection with a dispositive motion.  Although Defendant is obligated to apply for leave to seal these exhibits pursuant to Local Rule 79-5.2.2(b) to preclude the public's access to these documents, Plaintiff bears the burden of demonstrating that "compelling reasons," supported by specific facts, outweigh the strong presumption of public access in civil cases.  L.R. 79-5.2.2(b)(i) (requiring the Designating Party to "file a declaration establishing that all or part of the designated material is sealable"); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-98 (9th Cir. 2016) (stating that applications to seal documents attached to a motion for summary judgment are subject to the "compelling reasons" standard).

      For the foregoing reasons, and those detailed in the De Lilly Declaration, Defendant respectfully submits this Application to accept the unredacted versions of the Opposition Memorandum, SGD, Menninger MSJ Opp. Declaration, Schulze Declaration, and Exhibit A to the Schulze Declaration under seal until such time as the Court rules upon Defendant's Application, and Plaintiff has an opportunity to demonstrate that Exhibits 4, 5, 9, 17, 18, 19, and 44, to the De Lilly MSJ Opp. Declaration should remain under seal or agree to remove a confidentiality designation.

DATED: August 23, 2021                SIDLEY AUSTIN, LLP

                                            By: */s/ Rollin A. Ransom*
                                                   Rollin A. Ransom

                                            *Attorneys for Defendant*
                                            *Thrive Causemetics, Inc.*

DEFENDANT THRIVE CAUSEMETICS, INC.'S APPLICATION
FOR LEAVE TO FILE UNDER SEAL

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) SS
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Los Angeles, CA 90013.

On August 23, 2021, I served the document(s) described as **DEFENDANT THRIVE CAUSEMETICS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF LAUREN M. DE LILLY IN SUPPORT OF DEFENDANT THRIVE CAUSEMETICS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; AND [PROPOSED] ORDER GRANTING DEFENDANT THRIVE CAUSEMETICS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL** on all interested parties in this action as follows:

| | |
|---|---|
| Stephen Charles McArthur<br>Thomas E. Dietrich<br>McArthur Law Firm PC<br>9465 Wilshire Boulevard Suite 300<br>Beverly Hills, CA 90212<br>stephen@smcarthurlaw.com<br>tom@smcarthurlaw.com | *Attorneys for Plaintiff Thrive Natural Care, Inc.* |

☒ (VIA E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 23, 2021 in Los Angeles, California.

*/s/ Lauren M. De Lilly*
Lauren M. De Lilly