1  Rollin Ransom (State Bar No. 196126)
   rransom@sidley.com
2  Lauren M. De Lilly (State Bar No. 301503)
   ldelilly@sidley.com
3  Paula Salazar (State Bar No. 327349)
   psalazar@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street
5  Los Angeles, CA 90013
   Telephone:  (213) 896-6000
6  Facsimile:  (213) 896-6600

7  *Attorneys for Defendant Thrive*
   *Causemetics, Inc.*

8

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13  THRIVE NATURAL CARE, INC.          Case No. 2:20-cv-9091-PA-AS

14            Plaintiff,               **DECLARATION OF NED A.
                                       MENNINGER IN SUPPORT OF**
15       v.                            **DEFENDANT THRIVE
                                       CAUSEMETICS, INC.'S**
16  THRIVE CAUSEMETICS, INC.,          **OPPOSITION TO PLAINTIFF'S
                                       MOTION FOR PARTIAL**
17            Defendant.               **SUMMARY JUDGMENT**

18

19

20

21

22

23

24

25

26

27

28

---

## DECLARATION OF NED A. MENNINGER

I, Ned A. Menninger, declare and state as follows:

1.     I am the Chief Financial Officer of Thrive Causemetics, Inc. ("TCI"), the Defendant in the above-captioned action.  I make this declaration in support of TCI's Opposition to Plaintiff Thrive Natural Care, Inc.'s ("Plaintiff") Motion for Partial Summary Judgment ("Motion") (ECF No. 40).  I have personal knowledge of the facts stated in this declaration, and I would and could testify as to them if called as a witness in this action.

2.     TCI has achieved a total of $██████ in revenues from 2018 through February 2021, including $██████ attributable to the sale of skincare products, and $██████ attributable to the sale of color cosmetics, as follows:

    a.     In 2018, TCI achieved a total of $██████ in revenues, including $██████ attributable to the sale of skincare products, and $██████ attributable to the sale of color cosmetics;

    b.     In 2019, TCI achieved a total of $██████ in revenues, including $██████ attributable to the sale of skincare products, and $██████ attributable to the sale of color cosmetics;

    c.     In 2020, TCI achieved a total of $██████ in revenues, including $██████ attributable to the sale of skincare products, and $██████ attributable to the sale of color cosmetics;

    d.     In 2021, through the month of February, TCI achieved a total of $██████ in revenues, including $██████ attributable to the sale of skincare products, and $██████ attributable to the sale of color cosmetics.

3.     These sales have been supported and driven in part by TCI's advertising expenditures, which have totaled millions of dollars in each of these years.  TCI invests a significant amount of its revenue on advertising in order to ensure that the business remains profitable.

4.     TCI sells its products directly to consumers through its website,

-2-

1  thrivecausemetics.com.  Although unauthorized third parties resell TCI products

2  online through other websites, the occurrence of such unauthorized resales is

3  infrequent.

4      5.    I understand that Plaintiff's Motion states that TCI's overhead costs are

5  indirect and do not actually contribute to the sale or production of TCI's skincare

6  products.  That is incorrect.

7      6.    TCI prepared summary spreadsheets reflecting its overhead costs per

8  year apportioned on a per-product basis for both color cosmetics and skincare

9  products.  TCI apportioned its overhead costs by calculating the proportion of units

10  sold of each skincare product (*i.e.*, units of a skincare product sold divided by total

11  product units sold) and applying that percentage to the company's total overhead costs

12  for each year.

13     7.    TCI's overhead expenses consist of several types of costs, each of which

14  is directly related to the production and/or sale of TCI's skincare products, including:

15         a.    Employee salaries and benefits – TCI employs a workforce of

16  nearly one hundred employees that facilitate the development, advertising, marketing,

17  and sale of TCI's products, including skincare, and to whom TCI pays reasonable

18  salaries and provides benefits;

19         b.    Travel, entertainment, and public relations – TCI employees incur

20  costs associated with travel, entertainment, and public relations for the purpose of

21  marketing and promoting TCI's products, including skincare;

22         c.    Income tax – TCI is required by law to pay income tax, which is

23  calculated from TCI's revenues from the sale of its products, including skincare;

24         d.    Charitable donations – TCI's charitable giving mission is a core

25  part of its business model and driver of sales, including sales of its skincare products;

26         e.    Legal fees – TCI engages legal counsel for a variety of issues

27  related to its skincare and other products, including regulatory compliance;

28         f.    Non-legal professional fees – TCI incurs business costs for non-

-3-

1 | legal professional services such as tax preparation and banking that are necessary to
2 | the company's ongoing business operations, which obviously includes the sale of
3 | skincare products; and

4 |          g.      Rent – TCI maintains two office locations (one in Bellevue,
5 | Washington and another in Los Angeles, California) for business operations,
6 | including those related to skincare.

7 |      8.     I understand that Plaintiff's Motion suggests that "[a]s of July 2020," TCI
8 | was working with Goldman Sachs "to assess an IPO or a sale to a larger company."
9 | This is also incorrect. Although TCI had discussions with Goldman Sachs respecting
10 | various strategic issues relating to the company, including the prospect of a potential
11 | acquisition of or for the company, TCI's discussions with Goldman Sachs ended in
12 | the first quarter of 2020, at the start of the COVID-19 global pandemic.

13 |      I declare under penalty of perjury under the laws of the United States that the
14 | above facts are true and correct.

15 |      Executed this 23rd day of August, 2021, in Sammamish, Washington.

16 |
17 |
18 |                                Ned A. Menninger
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

DECLARATION OF NED A. MENNINGER IN SUPPORT OF DEFENDANT THRIVE CAUSEMETICS,
INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT