Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THRIVE NATURAL CARE, INC., | Case No. 2:20-cv-9091-PA-AS |
|---|---|
| Plaintiff, | Hon. Percy Anderson |
| v. | **DEFENDANT THRIVE CAUSEMETICS, INC.'S MEMORANDUM IN SUPPORT OF EVIDENTIARY OBJECTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| THRIVE CAUSEMETICS, INC., | |
| Defendant. | |
| | Date: September 13, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 9A |

Pursuant to § II.A.5 of the Civil Trial Scheduling Order in this action (ECF No. 19) (the "CTS Order"), Defendant Thrive Causemetics, Inc. ("TCI") respectfully submits this memorandum in support of TCI's evidentiary objections to the evidence submitted by Plaintiff Thrive Natural Care, Inc. ("TNC") in support of TNC's motion for partial summary judgment (ECF No. 40). As required by the CTS Order, this memorandum tracks the paragraph numbers of TNC's Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Partial Summary Judgment (Dkt. No. 34-8) ("Separate Statement").

Separate Statement Paragraph 5:

Objection to Exhibits J and K to the Declaration of Alex McIntosh and Exhibit B to the Declaration of Rob Wallace on the grounds that neither declarant has laid an adequate foundation for or established the authenticity of the exhibits. *See* Fed. R. Evid. 602, 901. For example, Google advises that its search results are influenced by and based on, among other things, the user's "past Search history." *See* https://www.google.com/search/howsearchworks/ algorithms/ (last visited Aug. 15, 2021) ("we may also personalize your results using information about your recent Search activity"). Mr. McIntosh and Mr. Wallace have failed to lay an adequate (indeed, *any*) foundation as to how they conducted the referenced searches, including whether their prior search history included searches targeting TCI or its founder, or whether such search history is representative of any/every member of the public. Other foundational and authenticating information, such as date and time, is also lacking. *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).

Objection to paragraphs 41 and 42 in the Declaration of Alex McIntosh on the ground that the best evidence of any authenticated search results for which a proper foundation could be laid are the results themselves; Mr. McIntosh's characterizations

-2-

of search results (even if the search results were otherwise admissible, which they are not) violates the best evidence rule. *See* Fed. R. Evid. 1002.

Objection to paragraph 43 in the Declaration of Alex McIntosh on foundation, authenticity, and best evidence grounds to the extent he relies on Exhibits J and K and paragraphs 41 and 42 for the reasons set forth above. *See* Fed. R. Evid. 602, 901, 1002. Further objection to paragraph 43 in the Declaration of Alex McIntosh on foundation grounds in that he lacks foundation to speculate about what may happen "[i]f someone hears from a friend" about TNC, about what the "chances are" that a person may use a particular search engine or employ a particular search strategy, or about any search results that would be returned in his hypothetical scenario. *See* Fed. R. Evid. 602.

Objection to paragraph 10 in the Declaration of Rob Wallace on foundation, authenticity, and best evidence grounds to the extent he relies on Exhibit B for the reasons set forth above (including the "Examples" from Exhibit B depicted in paragraph 10). *See* Fed. R. Evid. 602, 901, 1002. Further objection to paragraph 10 in the Declaration of Rob Wallace on foundation grounds in that he lacks foundation to testify as to what is "almost certain" a consumer conducting a hypothetical search is "likely" to see. *See* Fed. R. Evid. 602.

Separate Statement Paragraph 7:

Objection to paragraph 7 in the Declaration of Alex McIntosh on the ground that the best evidence of TNC's packaging is the packaging itself; Mr. McIntosh's (mis)characterization of that packaging violates the best evidence rule. *See* Fed. R. Evid. 1002. Notably, the examples he depicts in paragraph 7 do *not* support his claim that the products include "additional references to THRIVE on the bottle or package," other than the single reference on the package front.

Separate Statement Paragraph 8:

Objection to paragraph 8 in the Declaration of Alex McIntosh on the ground that the best evidence of TNC's "marketing and advertising" is the marketing and

-3-

advertising itself; Mr. McIntosh's characterization of those materials violates the best evidence rule. *See* Fed. R. Evid. 1002.

Separate Statement Paragraph 10:

Objection to paragraph 10 in the Declaration of Alex McIntosh on the ground that he has not laid any foundation – no study, no source data, no reporting mechanism, no basis whatsoever – for his statement that women form a sizable part or majority of TNC's customer base, for the percentage of purchasers on Amazon who are women, or that "early adopters of and advocates for" TNC at Whole Foods were women. *See* Fed. R. Evid. 602, 901. Moreover, to the extent Mr. McIntosh's statement is based on information that provided to him by others, it is inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Separate Statement Paragraph 11:

Objection to paragraph 14 in the Declaration of Alex McIntosh on the ground that he has provided no foundation (again, no study, no source data, no survey results, no basis whatsoever) as to his statements respecting what is "key" to TNC's customers or which customers are "interested" in TNC's products or why. *See* Fed. R. Evid. 602, 901.

Objection to paragraphs 16 and 17 in the Declaration of Alex McIntosh on the ground that the best evidence of third-party "coverage" relating to TNC are the videos, "features," and articles themselves; Mr. McIntosh's characterization of those materials violates the best evidence rule. *See* Fed. R. Evid. 1002. Further objection to paragraph 16 and 17 in the Declaration of Alex McIntosh on the ground that he has not laid any foundation for his claim as to the number of Amazon employees or customers with whom Amazon shared a marketing video, or as to the number of "media impressions" generated by TNC. *See* Fed. R. Evid. 602, 901. Moreover, to the extent Mr. McIntosh's statement is based on information that provided to him by others, it is inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Separate Statement Paragraph 12:

Objection to paragraph 14 in the Declaration of Alex McIntosh on the ground that he has provided no foundation (again, no study, no source data, no survey results, no basis whatsoever) as to his statements respecting what is "key" to TNC's customers or which customers are "interested" in TNC's products or why. *See* Fed. R. Evid. 602, 901.

Separate Statement Paragraph 13:

Objection to paragraphs 16 and 17 in the Declaration of Alex McIntosh on the ground that the best evidence of third-party "coverage" relating to TNC are the videos, "features," and articles themselves; Mr. McIntosh's characterization of those materials violates the best evidence rule. *See* Fed. R. Evid. 1002. Further objection to paragraph 16 and 17 in the declaration of Alex McIntosh on the ground that he has not laid any foundation for his claim as to the number of Amazon employees or customers with whom Amazon shared a marketing video, or as to the number of "media impressions" generated by TNC. *See* Fed. R. Evid. 602, 901. Moreover, to the extent Mr. McIntosh's statement is based on information that provided to him by others, it is inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Separate Statement Paragraph 18:

Objection to paragraph 23 in the Declaration of Alex McIntosh on the ground that he lacks foundation to testify as to resolution of TNC's alleged challenges to third parties with respect to use of "THRIVE," as he testified in his deposition that he was generally unaware of the terms of resulting settlement agreements because "[TNC's] counsel has handled both the communications as well as the negotiations" Declaration of Lauren M. De Lilly in support of Def.'s Opp. to Pl.'s Mot. for Summ. J., Ex. 1 at 58:11-23, and Mr. McIntosh has in no event laid a foundation as to whether any of those third parties have discontinued sales of any products or use of any particular trademarks. *See* Fed. R. Evid. 602, 901. Moreover, the settlement

agreements are in all events the best evidence of their contents. *See* Fed. R. Evid. 1002.

Objection to paragraph 24 in the Declaration of Alex McIntosh on the ground that he lacks foundation to testify as to the results of a search of United States Patent and Trademark Office ("PTO") records, including because Mr. McIntosh does not state that *he* conducted the search or when the search was conducted, or that he is qualified to search or analyze PTO records. *See* Fed. R. Evid. 602, 901.

Separate Statement Paragraph 22:

Objection to Exhibit E to the Declaration of Stephen McArthur, to the extent it is offered for the truth of the statements or conclusions made therein by the Examining Attorney at the PTO, on the grounds that the exhibit constitutes inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Separate Statement Paragraph 27:

Objection to paragraph 25 in the Declaration of Alex McIntosh on the ground that the best evidence of the contents of Ms. Bodnar's e-mail is the e-mail itself; Mr. McIntosh's (mis)characterization of that e-mail violates the best evidence rule. *See* Fed. R. Evid. 1002.

Separate Statement Paragraph 31:

Objection to Exhibit H to the Declaration of Stephen McArthur, to the extent it is offered for the truth of the statements or conclusions made therein by the Examining Attorney at the PTO, on the grounds that the exhibit constitutes inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Separate Statement Paragraph 32:

Objection to Exhibit H to the Declaration of Stephen McArthur, to the extent it is offered for the truth of the statements or conclusions made therein by the Examining Attorney at the PTO, on the grounds that the exhibit constitutes inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Separate Statement Paragraph 32:

Objection to Exhibit J to the Declaration of Stephen McArthur, to the extent it is offered for the truth of the statements or conclusions made therein by the Examining Attorney at the PTO, on the grounds that the exhibit constitutes inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Separate Statement Paragraph 33:

Objection to Exhibit K to the Declaration of Stephen McArthur, to the extent it is offered for the truth of the statements or conclusions made therein by the Examining Attorney at the PTO, on the grounds that the exhibit constitutes inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Separate Statement Paragraph 40:

Objection to paragraph 29 in the Declaration of Alex McIntosh and to statements attributed to Mr. McIntosh in Exhibit A, Depo. Ex. 33 to the Declaration of Stephen McArthur, to the extent offered for the truth of the statements made by Mr. McIntosh in his discussion with Ms. Bodnar, on the grounds that the declaration testimony and exhibit constitute inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Separate Statement Paragraph 43:

Objection to paragraph 32 in the Declaration of Alex McIntosh on the ground that he has not laid any foundation for his testimony regarding the products of TCI (among other things, he does not claim to have ever purchased or used – or even seen – any of them). *See* Fed. R. Evid. 602, 901. Moreover, his testimony that the products are "Infringing Skincare Products" reflects impermissible opinion testimony from a lay witness, including because it is not rationally based on Mr. McIntosh's own perception. *See* Fed. R. Evid. 701.

Separate Statement Paragraph 44:

Objection to the second and third sentences in paragraph 29 in the Declaration of Alex McIntosh and to Exhibit N to the Declaration of Alex McIntosh on the

grounds that recitation of goods in TNC's pending trademark application is being offered for the truth of that out-of-court statement, and therefore constitutes inadmissible hearsay to which no exception is applicable.  *See* Fed. R. Evid. 802.

Separate Statement Paragraph 47:

Objection to paragraph 34 in the Declaration of Alex McIntosh on the ground that the best evidence of TNC's packaging is the packaging itself; Mr. McIntosh's (mis)characterization of that packaging violates the best evidence rule.  *See* Fed. R. Evid. 1002.  Objection to paragraph 35 in the Declaration of Alex McIntosh on the ground that he has not laid any foundation for his testimony regarding the "similarity" of the products of TNC and TCI (he does not claim to have used the latter), much less for his speculation as to what "consumers would believe" or what "consumers may be likely to believe," *see* Fed. R. Evid. 602, 901, and his declaration therefore reflects impermissible opinion testimony from a lay witness, including because it is not rationally based on Mr. McIntosh's own perception, *see* Fed. R. Evid. 701.

Separate Statement Paragraph 48:

Objection to Exhibits J and K to the Declaration of Alex McIntosh and Exhibit B to the Declaration of Rob Wallace on the grounds that neither declarant has laid an adequate foundation for or established the authenticity of the exhibits.  *See* Fed. R. Evid. 602, 901.  For example, Google advises that its search results are influenced based on, among other things, the user's "past Search history."  *See* https://www.google.com/search/howsearchworks/ algorithms/ (last visited Aug. 15, 2021) ("we may also personalize your results using information about your recent Search activity").  Mr. McIntosh and Mr. Wallace have failed to lay an adequate (indeed, *any*) foundation as they conducted the referenced searches, including whether their prior search history included searches targeting Thrive Causemetics, Inc. or its founder, or whether such search history is representative of any/every member of the public.  Other foundational and authenticating information, such as date and time, is also lacking.  *See, e.g., Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL

-8-

1  4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).

Objection to paragraphs 41 and 42 in the declaration of Alex McIntosh and paragraphs 10 and 11 in the declaration of Rob Wallace on foundation, authenticity, and best evidence grounds to the extent they rely on Exhibits J and K (in the case of Mr. McIntosh) and Exhibit B (in the case of Mr. Wallace, including the "Examples" from Exhibit B depicted in paragraph 10) for the reasons set forth above.  *See* Fed. R. Evid. 602, 901.  Further objection to the same paragraphs on the ground that the best evidence of any authenticated search results for which a proper foundation could be laid are the results themselves; Mr. McIntosh's and Mr. Wallace's respective characterizations of search results (even if the search results were otherwise admissible, which they are not) violates the best evidence rule.  *See* Fed. R. Evid. 1002.

Objection to paragraphs 10 and 11 in the declaration of Rob Wallace on the grounds that he has failed to lay any foundation as to what it is "almost certain" a consumer conducting a hypothetical search is "likely" to see (paragraph 10) or what a consumer "would almost certainly be presented with" or "would be likely to be presented with" (paragraph 11).  *See* Fed. R. Evid. 602.

<u>Separate Statement Paragraph 50</u>:

Objection to Exhibits J and K to the declaration of Alex McIntosh and Exhibit B to the declaration of Rob Wallace on the grounds that neither declarant has laid an adequate foundation for or established the authenticity of the exhibits.  *See* Fed. R. Evid. 602, 901.  For example, Google advises that its search results are influenced by and based on, among other things, the user's "past Search history."  *See* https://www.google.com/search/howsearchworks/ algorithms/ (last visited Aug. 15, 2021) ("we may also personalize your results using information about your recent Search activity").  Mr. McIntosh and Mr. Wallace have failed to lay an adequate

-9-

(indeed, *any*) foundation as they conducted the referenced searches, including whether their prior search history included searches targeting TCI or its founder, or whether such search history is representative of any/every member of the public. Other foundational and authenticating information, such as date and time, is also lacking. *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4(C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).

Objection to paragraphs 41 and 42 in the Declaration of Alex McIntosh on the ground that the best evidence of any authenticated search results for which a proper foundation could be laid are the results themselves; Mr. McIntosh's characterizations of search results (even if the search results were otherwise admissible, which they are not) violates the best evidence rule. *See* Fed. R. Evid. 1002.

Objection to paragraph 43 in the Declaration of Alex McIntosh on foundation, authenticity, and best evidence grounds to the extent he relies on Exhibits J and K and paragraphs 41 and 42 for the reasons set forth above. *See* Fed. R. Evid. 602, 901, 1002. Further objection to paragraph 43 in the declaration of Alex McIntosh on foundation grounds in that he lacks foundation to speculate about what may happen "[i]f someone hears from a friend" about TNC, about what the "chances are" that a person may use a particular search engine or employ a particular search strategy, or about any search results that would be returned in his hypothetical scenario. *See* Fed. R. Evid. 602.

Objection to paragraph 10 in the Declaration of Rob Wallace on foundation, authenticity, and best evidence grounds to the extent he relies on Exhibit B for the reasons set forth above (including the "Examples" from Exhibit B depicted in paragraph 10). *See* Fed. R. Evid. 602, 901, 1002. Further objection to paragraph 10 in the Declaration of Rob Wallace on foundation grounds in that he lacks foundation

to testify as to what is "almost certain" a consumer conducting a hypothetical search is "likely" to see. *See* Fed. R. Evid. 602.

Separate Statement Paragraph 52:

Objection to Exhibit L to the Declaration of Alex McIntosh (and to paragraph 44 in that declaration, which relies exclusively on Exhibit L) on the ground that Mr. McIntosh has not laid an adequate foundation for or established the authenticity of the exhibit. *See* Fed. R. Evid. 602, 901. For example, Amazon advises that its search results are influenced by and based on, among other things, the user's "personal information," which includes all past search history. *See* https://www.amazon.com/gp/help/customer/display.html?nodeId=GX7NJQ4ZB8MHFRNJ (last visited Aug. 15, 2021) ("We use your personal information to recommend features, products, and services that might be of interest to you, identify your preferences, and personalize your experience with Amazon Services."). Mr. McIntosh has failed to lay an adequate (indeed, *any*) foundation as to the referenced searches, including whether the prior search history on the device that was used included searches targeting TCI or its founder, or whether such search history is representative of any/every member of the public. Indeed, Mr. McIntosh does not even state that *he* conducted the searches. Other foundational and authenticating information, such as date and time, is also lacking. *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).

Separate Statement Paragraph 55:

Objection to Exhibit G to the Declaration of Alex McIntosh on the grounds that Mr. McIntosh has not laid an adequate foundation for or established the authenticity of the exhibit. *See* Fed. R. Evid. 602, 901. Indeed, Mr. McIntosh does not even state that *he* accessed and printed the relevant webpages, and other foundational and

-11-

1  authenticating information, such as date and time on which the pages were accessed
2  (and in the case of the first page, at MCINTOSH 28, any web address), is also lacking.
3  *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4
4  (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity
5  grounds when proponent failed to provide information regarding circumstances of
6  printing, including dates).

7       Objection to paragraph 38 in the Declaration of Alex McIntosh on foundation
8  and authenticity grounds to the extent he relies on Exhibit G for the reasons set forth
9  above.  *See* Fed. R. Evid. 602, 901.  Further objection to paragraph 38 in the
10 Declaration of Alex McIntosh on the ground that the best evidence of a webpage for
11 which a proper foundation could be laid is the webpage itself; Mr. McIntosh's
12 testimony as to the contents of the webpages (even if the webpages were otherwise
13 admissible, which they are not) violates the best evidence rule.  *See* Fed. R. Evid.
14 1002.

15      <u>Separate Statement Paragraph 56</u>:

16      Objection to Exhibit H to the Declaration of Alex McIntosh on the grounds that
17 Mr. McIntosh has not laid an adequate foundation for or established the authenticity of
18 the exhibit, or for the assertion that Walmart was responsible for the allegedly
19 erroneous listing.  *See* Fed. R. Evid. 602, 901.  Indeed, Mr. McIntosh does not even
20 state that *he* accessed and printed the relevant webpage, and other foundational and
21 authenticating information, such as date and time on which the page was accessed and
22 any web address, is also lacking.  *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP
23 (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet
24 printouts on foundation and authenticity grounds when proponent failed to provide
25 information regarding circumstances of printing, including dates).

26      Objection to paragraph 39 in the Declaration of Alex McIntosh on foundation
27 and authenticity grounds to the extent he relies on Exhibit H for the reasons set forth
28 above.  *See* Fed. R. Evid. 602, 901.  Further objection to paragraph 39 in the

DEFENDANT THRIVE CAUSEMETICS, INC.'S MEMORANDUM IN SUPPORT OF EVIDENTIARY
OBJECTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Declaration of Alex McIntosh on the ground that the best evidence of a webpage for which a proper foundation could be laid is the webpage itself; Mr. McIntosh's testimony as to the contents of the webpage (even if the webpage were otherwise admissible, which it is not) violates the best evidence rule. See Fed. R. Evid. 1002.

Separate Statement Paragraph 57:

Objection to Exhibit I to the Declaration of Alex McIntosh on the grounds that Mr. McIntosh has not laid an adequate foundation for or established the authenticity of the exhibit. See Fed. R. Evid. 602, 901. Indeed, Mr. McIntosh does not even state that *he* accessed and printed the relevant webpage, and other foundational and authenticating information, such as date and time on which the page was accessed and any web address, is also lacking. See, e.g., Smets v. Winter, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).

Objection to paragraph 40 in the Declaration of Alex McIntosh on foundation and authenticity grounds to the extent he relies on Exhibit I for the reasons set forth above. See Fed. R. Evid. 602, 901. Further objection to paragraph 40 in the declaration of Alex McIntosh on the ground that the best evidence of a webpage for which a proper foundation could be laid is the webpage itself; Mr. McIntosh's testimony as to the contents of the webpage (even if the webpage were otherwise admissible, which it is not) violates the best evidence rule. See Fed. R. Evid. 1002.

Separate Statement Paragraph 58:

Objection to paragraph 45 in the Declaration of Alex McIntosh on foundation and authenticity grounds to the extent Mr. McIntosh purports to testify as to whether Ms. Ertz was "confused" and what she "believed." See Fed. R. Evid. 602, 901. Further objection to paragraph 45 in the Declaration of Alex McIntosh on the ground that the best evidence of Ms. Ertz's e-mail is the e-mail itself; Mr. McIntosh's

1  testimony as to the contents of the e-mail violates the best evidence rule. *See* Fed. R.
2  Evid. 1002.
3       Objection to paragraph 46 in the Declaration of Alex McIntosh as to the basis
4  that a proposed partnership with the Ertzes was "nixed." Mr. McIntosh has not laid
5  any foundation for his declaration testimony in that regard, *see* Fed. R. Evid. 602, and
6  to the extent it is based on a statement that was made to him by Ms. Ertz or the Ertz's
7  agent (*i.e.*, that Ms. Ertz or the Ertz's agent told Mr. McIntosh that they would not
8  enter into a partnership with TNC due to "confusion and the complications it might
9  create"), it is inadmissible hearsay and no exception is applicable, *see* Fed. R. Evid.
10 802.
11     <u>Separate Statement Paragraph 59</u>:
12      Objection to paragraph 9 in the Declaration of Rob Wallace and Exhibit A to
13 the Declaration of Rob Wallace on the ground that the survey described in that
14 paragraph and exhibit fails to meet the foundational requirements for a proper
15 consumer survey. *See* Fed. R. Evid. 602; *see also* J. Thomas McCarthy, *McCarthy on*
16 *Trademarks and Unfair Competition*, § 32:181 (5th ed.) (identifying foundational
17 requirements for survey evidence). As set forth more fully in the Declaration of
18 Itamar Simoson filed concurrently herewith, critical flaws in the survey design and
19 questions asked by Mr. Wallace demonstrate that the survey was not conducted in
20 accordance with accepted principles of survey research, and thus lacks foundation.
21 *See* Declaration of Itamar Simonson ¶¶ 10-21, Ex. A.
22     <u>Separate Statement Paragraph 61</u>:
23      Objection to Exhibits J and K to the Declaration of Alex McIntosh and Exhibit
24 B to the Declaration of Rob Wallace on the grounds that neither declarant has laid an
25 adequate foundation for or established the authenticity of the exhibits. *See* Fed. R.
26 Evid. 602, 901. For example, Google advises that its search results are influenced by
27 and based on, among other things, the user's "past Search history." *See*
28 https://www.google.com/search/howsearchworks/ algorithms/ (last visited Aug. 15,

-14-

2021) ("we may also personalize your results using information about your recent Search activity"). Mr. McIntosh and Mr. Wallace have failed to lay an adequate (indeed, *any*) foundation as they conducted the referenced searches, including whether their prior search history included searches targeting TCI or its founder, or whether such search history is representative of any/every member of the public. Other foundational and authenticating information, such as date and time, is also lacking. *See, e.g., Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).

Separate Statement Paragraph 62:

Objection to paragraph 19 in the Declaration of Alex McIntosh on the ground that the best evidence of TNC's alleged use of the term "Thrive Tribe" in its brand messaging and advertising – "extensively" or otherwise – is the brand messaging and advertising itself; Mr. McIntosh's characterization of those materials violates the best evidence rule. *See* Fed. R. Evid. 1002.

Separate Statement Paragraph 71:

Objection to paragraph 6 in the Declaration of David Drews and Exhibit A to the Declaration of David Drews on the grounds that he lacks foundation for his calculation of "[c]orrective advertising damages," which he states is based solely on taking 25% of TCI's advertising expenditures. *See* Fed. R. Evid. 602. An adequate foundation for corrective advertising damages requires, at a minimum, evidence of amounts spent by TNC on putative corrective advertising (there is none) and/or evidence respecting the value and alleged devaluation of TNC's mark (there is none). *See* Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J. (ECF No. 37-1) at 11:15-14:3.

Separate Statement Paragraph 72:

Objection to paragraph 6 in the Declaration of David Drews and Exhibit A to the Declaration of David Drews on the grounds that he lacks foundation for his

DEFENDANT THRIVE CAUSEMETICS, INC.'S MEMORANDUM IN SUPPORT OF EVIDENTIARY OBJECTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1  calculation of "[c]orrective advertising damages," which he states is based solely on
2  taking 25% of TCI's advertising expenditures. *See* Fed. R. Evid. 602. An adequate
3  foundation for corrective advertising damages requires, at a minimum, evidence of
4  amounts spent by TNC on putative corrective advertising (there is none) and/or
5  evidence respecting the value and alleged devaluation of TNC's mark (there is none).
6  *See* Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J. (ECF No. 37-1) at 11:15-14:3.

   Separate Statement Paragraph 73:

8  Objection to paragraph 49 in the Declaration of Alex McIntosh on the grounds
9  that Mr. McIntosh lacks foundation for any of the conclusory and argumentative
10 statements in that paragraph (including the phrases "continue to compete," "same
11 market," and "same types of goods," and "exacerbate the consumer confusion
12 problem"), *see* Fed. R. Evid. 602, and his prediction regarding consumer confusion
13 constitutes impermissible opinion testimony from a lay witness, including because it
14 is not rationally based on Mr. McIntosh's own perception, *see* Fed. R. Evid. 701.

 DATED: August 23, 2021           SIDLEY AUSTIN LLP

                                  By: */s/ Rollin A. Ransom*
                                       Rollin A. Ransom

                                  *Attorneys for Defendant*
                                  *Thrive Causemetics, Inc.*

DEFENDANT THRIVE CAUSEMETICS, INC.'S MEMORANDUM IN SUPPORT OF EVIDENTIARY
OBJECTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT