# EXHIBIT 45

```
Stephen McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
The McArthur Law Firm, PC
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455
```

*Attorneys for Plaintiff Thrive Natural Care, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THRIVE CAUSEMETICS, INC., <br><br> Defendant. | Case No. 2:20-cv-9091-PA-AS <br><br> **PLAINTIFF THRIVE NATURAL CARE, INC.'S SUPPLEMENTAL RESPONSES TO DEFENDANT THRIVE CAUSEMETICS, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY: Thrive Causemetics, Inc.

RESPONDING PARTY: Thrive Natural Care, Inc.

SET NO.: One

Plaintiff Thrive Natural Care, Inc. ("Thrive") provides these supplemental responses to the First Set of Interrogatories ("interrogatories") Nos 1-8 and 10-17. served by Defendant Thrive Causemetics, Inc. ("TCI" or "Defendant"), which supplement the original responses served March 15, 2021.

**PRELIMINARY STATEMENT**

Thrive's responses to these interrogatories are based upon information presently known to Thrive. Reponses relate only to information that is within Thrive's possession, custody, or control. These responses are given without

1

marks; and (d) TCI erroneously receiving credit for, and recognition from, Thrive's sustainability work which occurred due to confusion between Thrive and TCI; (e) TCI suffocating Thrive's digital marketing efforts by flooding social and search with millions of dollars per month in advertising, particularly marketing products (such as facial moisturizer) that are in Thrive's mark registrations.

Thrive reserves the right to modify or supplement its response to this contention interrogatory, which seeks information on damages that is part of expert discovery in this case. The fact discovery period has just begun, and the parties have not yet exchanged expert reports, which will be relevant to this interrogatory.

**INTERROGATORY NO. 15**

State all facts supporting TNC's contention that THRIVE CAUSEMETICS' actions "have created and will continue to create . . . a likelihood of confusion" as alleged in paragraph 101 of the COMPLAINT.

**RESPONSE:** Objection. This interrogatory calls for a legal conclusion regarding likelihood of confusion under the Lanham Act.

Subject to this objection, Thrive refers to its Complaint, which contains a detailed explanation of how TCI's actions have created a likelihood of confusion between TCI and Thrive. Thrive further responds that instances of actual confusion support that there is a likelihood of confusion caused by TCI's use of the THRIVE marks, which includes: (a) consumers being confused between Thrive's products and TCI's products due to TCI using the THRIVE marks to promote and sell its products; (b) investors and promotional partners, such as the Ertzs and Volition Capital, confusing Thrive and TCI due to TCI's use of the THRIVE marks; and (c) retailers such as Walmart being confused and listing Thrive products as TCI's products.

Further, pursuant to Rule 33(d), Thrive has produced documents responsive to this interrogatory, particularly documentation of confusion and material likely to cause confusion (Bates Nos. TNC00002-08, TNC00904-32), and the burden of

deriving or ascertaining the answer will be substantially the same for Defendant as for Thrive.

Thrive reserves the right to modify or supplement its response to this contention interrogatory, which seeks information on infringement liability that is part of expert discovery in this case. The fact discovery period has just begun, and the parties have not yet exchanged expert reports, which will be relevant to this interrogatory.

**SUPPLEMENTAL RESPONSE:** Thrive's trademarks are arbitrary with relation to skincare products and have been in continuous use since 2013. TCI is using an almost identical mark to sell virtually identical skincare products. TCI's mark incorporates Thrive's entire mark, and TCI also frequently refers to itself as "Thrive" alone without "Causemetics". TCI's infringing use of the THRIVE marks caused a customer to comment on an Amazon page for Thrive's moisturizer that "Thrive is an up and comer in the cosmetics field. Their mascara is phenomenal." As Thrive does not sell mascara but TCI does, this comment is clearly demonstrating confusion between Thrive and TCI. Walmart listed Thrive's products on its online sales portal under the "Thrive Causemetics" brand, such that all of Thrive's products appeared together with Thrive Causemetics' name on the Walmart website. An individual selling Thrive products on Poshmark listed them as originating from TCI, indicating actual confusion. Lisa Ertz demonstrated actual confusion between Thrive and TCI by email to Mr. McIntosh and in a subsequent telephone conversation. Another consumer wrote in their Amazon review of one of Thrive's products, "Well done, Thrive Causemetics" (Bates Nos. TNC01554-1558).

Thrive's customer base is comprised of a majority of female consumers. Those consumers—seeking natural, toxin-free skincare products—are identical between Thrive and TCI. The products are either identical in nature or related. The parties each advertise online and on social media and sell through their online stores and their retail partners Amazon and Walmart.com. The parties' brands are centered

on the same name—THRIVE. Further, the skincare products at issue here are inexpensive, ranging between $10 and $50 indicating a lower degree of consumer care. When TCI began selling skincare products in or about 2018, it explicitly knew of Thrive and Thrive's registered trademarks based on TCI's multiple requests for permission to use the mark. Thrive has concrete plans to expand its offerings in the personal grooming market and TCI has been similarly expanding its skincare product line. The parties are and will continue to be in direct competition throughout their product ranges.

Thrive will further supplement this response in accordance with the expert discovery schedule.

**INTERROGATORY NO. 16**

Separately as to each product identified in TNC's U.S. Trademark Reg. No. 4,467,942, state all facts supporting TNC's claimed date of first use of September 5, 2013.

**RESPONSE:** Objection. This interrogatory assumes Thrive is required to prove that each product identified in the cited trademark registration was in use as of September 5, 2013, when that is not required by law or the USPTO in order to obtain and maintain a trademark registration. Rather, Thrive need only show the first use date was applicable to any one of the listed products, and that all of the products were on sale as of the date the statement of use was filed.

Subject to that objection, Thrive responds with the following dates of first use of the registered mark on the claimed products:

| Product | Date of First Use |
|---|---|
| Body and non-medicated soaps and skin cleansing gels | August 2013 |
| non-medicated skin care preparations, namely, facial lotions, cleansers and creams, oils for cosmetic use, skin moisturizers | August 2013 |

| | |
|---|---|
| pre-shaving preparations | August 2013 |
| after shave lotions and creams | August 2013 |

Further, pursuant to Rule 33(d), Thrive has produced documents responsive to this interrogatory, particularly documentation of its trademark application filings and initial use in commerce (Bates Nos. TNC01019-27, TNC01164-1207), and the burden of deriving or ascertaining the answer will be substantially the same for Defendant as for Thrive.

**SUPPLEMENTAL RESPONSE:** Thrive's first three products were Face Balm, Face Wash, and Shave Oil. Thrive's Face Balm was designed as a moisturizer and also to be used to provide relief after shaving. As a lotion and cream, it falls into the category of "after shave lotions and creams," as well as "facial lotions . . . and creams . . . [and] skin moisturizers." Thrive's Face Wash is a non-medicated soap and skin cleanser with a gel-like consistency. It therefore falls into the categories of "[b]ody and non-medicated soaps and skin cleansing gels" and "non-medicated skin care preparations, namely, . . . cleansers[.]" Thrive's Shave Oil was designed and intended for use as an oil to assist with shaving face and body, as well as an oil to moisturize the skin. It therefore falls into the categories of "non-medicated skin care preparations, namely . . . oils for cosmetic use" and "pre-shaving preparations."

On or about August 21, 2013, Thrive shipped its three initial products, Face Balm, Face Wash, and Shave Oil, to a representative for Whole Foods in Emeryville, California, along with a printed description and photographs of the products. This package was delivered on or about August 23, 2013. See Bates Nos. TNC01019-27 for documentation regarding this shipment. Shortly before September 5, 2013, Thrive made a sale of its three initial products for $35 and shipped those products to an out of state address. These two shipments were the basis for Alex McIntosh's good faith belief that each of the goods listed in the '942

trademark registration were in use in commerce as of the filing date of the Statement of Use on October 4, 2013.

Thrive subsequently sent additional samples of these products to Pharmaca in October 2013. On or about November 14, 2013, after its annual planning cycle had completed for skincare, Whole Foods sent an email stating Thrive products would be going into Whole Foods stores in January 2014. On or about January 17, 2014, Pharmaca ordered Thrive products for 26 stores, requesting delivery dates of January 27-30, 2014. Pharmaca confirmed on February 17, 2014, that all Thrive products were on its shelves by that date. On February 21, 2014, Thrive received its first complete purchase orders from Whole Foods for the three initial products, which were shipped interstate from Thrive's shipment company, Tagg Logistics in Utah, to California and Nevada.

In late February 2014, the "Add to Cart" function on Thrive's website went live to accept direct e-commerce orders. On February 26, 2013, Thrive received the first e-commerce purchase from its website and shipped its first order.

**INTERROGATORY NO. 17**

Separately as to each product identified in TNC's U.S. Trademark Reg. No. 6,164,303, state all facts supporting TNC's claimed date of first use of September 5, 2013.

**RESPONSE:** Objection. This interrogatory assumes Thrive is required to prove that each product identified in the cited trademark registration was in use as of September 5, 2013, when that is not required by law or the USPTO in order to obtain and maintain a trademark registration. Rather, Thrive need only show the first use date was applicable to any one of the listed products, and that all of the products were on sale as of the date the statement of use was filed.

Subject to that objection, Thrive responds with the following dates of first use of the registered mark on the claimed products:

Emeryville, California, along with a printed description and photographs of the products. This package was delivered on or about August 23, 2013. See Bates Nos. TNC01019-27 for documentation regarding this shipment. Shortly before September 5, 2013, Thrive made a sale of its three initial products for $35 and shipped those products to an out of state address. These two shipments were the basis for Alex McIntosh's good faith belief that each of the goods listed in the '942 trademark registration were in use in commerce as of the filing date of the Statement of Use on October 4, 2013.

Thrive also mailed these products in interstate commerce to Pharmaca in October 2013. On or about November 14, 2013, after its annual planning cycle had completed for skincare, Whole Foods sent an email stating Thrive products would be going into Whole Foods stores in January 2014. On or about January 17, 2014, Pharmaca ordered Thrive products for 26 stores, requesting delivery dates of January 27-30, 2014. Pharmaca confirmed on February 17, 2014, that all Thrive products were on its shelves by that date. On February 21, 2014, Thrive received its first complete purchase orders from Whole Foods for the three initial products, which were shipped interstate from Thrive's shipment company, Tagg Logistics in Utah, to California and Nevada.

In late February 2014, the "Add to Cart" function on Thrive's website went live to accept direct e-commerce orders. On February 26, 2013, Thrive received the first e-commerce purchase from its website and shipped its first order.

Thrive began selling "cosmetic sun care preparations and sunscreens" at least as early as May 30, 2019 (TNC01605), when it shipped its Daily Defense Sunscreen Balm to Amazon, and also on June 1, 2019, when it first shipped it to a customer named Andrew Worley (*see* TNC01598).

Dated: June 28, 2021

As to objections,
THE MCARTHUR LAW FIRM, PC

By: */s/Stephen McArthur*  
　　STEPHEN MCARTHUR

Attorney for Plaintiff Thrive Natural Care, Inc.

## Verification

I, Alex McIntosh, state that I am the CEO of Thrive Natural Care, Inc. ("Thrive") and am authorized to make this verification for and on behalf of Thrive. I have read Thrive's Supplemental Responses to Defendant's First Set of Interrogatories and am familiar with the contents thereof. I declare under penalty of perjury of the laws of the United States of America that Thrive's answers are true to the best of my knowledge, information, and belief, as I have been informed by others, limited records, and information available with respect to the subject matters at issue.

Dated: June 28, 2021     By: *Alex McIntosh*
                              ALEX MCINTOSH

# **CERTIFICATE OF SERVICE**

Case Name: *Thrive Natural Care, Inc. v. Thrive Causemetics, Inc.*
Case No.: 2:20-cv-9091-PA-AS

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**PLAINTIFF THRIVE NATURAL CARE, INC.'S SUPPLEMENTEAL RESPONSES TO DEFENDANT THRIVE CAUSEMETICS, INC.'S FIRST SET OF INTERROGATORIES**

on the following parties via email on June 28, 2021.

Rollin Ransom (SBN 196126)　　　　*Attorneys for Defendant*
rransom@sidley.com
Ryan Stasell (SBN 307431)
rstasell@sidley.com
Paula Salazar (SBN 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth St., Ste. 4000
Los Angeles, CA 90013

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date:　6/28/2021　　　　　　By:　*/s/ Stephen McArthur*
　　　　　　　　　　　　　　　　　Stephen McArthur