1  Rollin A. Ransom (State Bar No. 196126)
   rransom@sidley.com
2  Lauren M. De Lilly (State Bar No. 301503)
   ldelilly@sidley.com
3  Paula C. Salazar (State Bar No. 327349)
   psalazar@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street, Suite 4000
5  Los Angeles, CA 90013
   Telephone: (213) 896-6000
6  Facsimile: (213) 896-6600

7  *Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THRIVE NATURAL CARE, INC., | Case No. 2:20-cv-9091-PA-AS |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT THRIVE CAUSEMETICS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| THRIVE CAUSEMETICS, INC., | |
| Defendant. | |

Pursuant to Local Rule 79-5.2.2(a)-(b), Defendant Thrive Causemetics, Inc. ("Defendant") hereby files this Application for Leave to File Under Seal certain documents filed in connection with Defendant's Reply in support of its Motion for Summary Judgment (ECF No. 36) ("Motion"). As described in the concurrently filed Declaration of Lauren M. De Lilly in Support of Defendant's Application for Leave to File Under Seal ("De Lilly Reply Sealing Decl."), all of the documents at issue consist of documents and information produced and designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Defendant or by Plaintiff Thrive Natural Care, Inc. ("Plaintiff") pursuant to the Amended Protective Order Concerning Confidential Information ("Amended Protective Order") (ECF No. 25).

The documents subject to Defendant's Application are:

1. Defendant's Reply to Plaintiff's Statement of Additional Facts, in support of Defendant's Motion for Summary Judgment ("Reply Stmt.");

2. **Exhibit E** to the Declaration of Lauren M. De Lilly in support of Defendant Thrive Causemetics, Inc.'s Reply in support of Its Motion for Summary Judgment ("De Lilly Reply Decl."), which is a true and correct copy of excerpts of a document produced by Plaintiff and Bates numbered TNC00001-TNC00004.

3. **Exhibit G** to the De Lilly Reply Decl., which is a true and correct copy of excerpts from the certified reporter's transcript of the deposition of David Drews taken on August 19, 2021.

Before filing this Application, the parties met and conferred on August 26, 2021 regarding the treatment of documents and information the parties designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the Amended Protective Order, including whether redactions could address any of the parties' confidentiality concerns to obviate the need for an under-seal filing. De Lilly Reply Sealing Decl. ¶ 2. Given the nature of the documents and information involved, which reflects the parties' respective non-public and detailed financial information,

1  and given that the confidential information is central to the issues presented by the
2  Motion, redaction would not obviate the need for an under-seal filing; accordingly, the
3  parties agreed to file under seal any documents that have been designated by the
4  parties as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.
5  Counsel for Plaintiff informed counsel for Defendant that Plaintiff does not oppose
6  Defendant's Application. *Id.*

7        With respect to the documents and information designated by Defendant as
8  CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, Defendant
9  seeks to seal by redaction:  (1) certain information appearing on pages 19, 20, 28, 29,
10  and 30 of the Reply Stmt.; and (2) certain information appearing on page 79 of Exhibit
11  G to the De Lilly Reply Decl.

12        Although the Ninth Circuit has recognized a strong presumption of access to
13  court filings, particularly with respect to dispositive motions, courts may properly seal
14  materials filed in connection with dispositive motions upon a showing of compelling
15  reasons to do so. *Rodman v. Safeway, Inc.*, No. 11-cv-03003-JST, 2015 WL
16  13673842, at *1 (N.D. Cal. Aug. 4, 2015) (citing *Kamakana v. City and Cnty. of*
17  *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  In connection with dispositive
18  motions, courts have sealed non-public, detailed financial information – such as that
19  Defendant seeks to seal here – because disclosure of such information could work a
20  competitive disadvantage to the litigant. *See, e.g.*, *Fulton v. Ulta Beauty*, No. 18-cv-
21  00889-AJB-WVG, 2020 WL 5095494, at *6 (S.D. Cal. Aug. 27, 2020) (granting
22  motion to seal documents containing financial information pertaining to defendant's
23  business, including the dollar amounts of profits and losses, upon defendant's showing
24  that disclosure of such information would likely provide competitors with insight into
25  defendant's business operations, and collecting cases reflecting courts' protection of
26  confidential business information); *Rodman*, 2015 WL 13673842, at *2 (granting
27  motion to seal internal, non-public information discussing defendant's pricing
28

1  strategy, business decision-making, customer research, and financial records because
2  of the risk of exposure to competitive harm if disclosed); *In re ConAgra Foods, Inc.*,
3  No. CV 11-05379-MMM (AGRx), 2014 WL 12577132, at *4 (C.D. Cal. July 11,
4  2014) (granting motion to seal internal financial information because such information
5  could be used by business competitors to the company's detriment); *Bauer Bros. LLC
6  v. Nike, Inc.*, No. 09cv500–WQH–BGS, 2012 WL 1899838, at *4 (S.D. Cal. May 24,
7  2012) (granting application to seal financial documents containing Nike's non-public,
8  highly confidential financial data because it could be used for improper purposes by
9  competitors).
10      Here, compelling reasons exist to seal by redaction the information identified
11 by Defendant on pages 19, 20, 28, 29, and 30 of the Reply Stmt. and page 79 of
12 Exhibit G to the De Lilly Reply Decl.  These pages contain Defendant's non-public
13 and detailed financial information, including Defendant's annual revenue and
14 advertising expenditures for its skincare products, in dollar amounts and percentages,
15 and figures calculated by Plaintiff's expert Mr. Drews extrapolating from Defendant's
16 non-public financial information, which could be used by Defendant's competitors for
17 improper purposes and provide such competitors with unfair insight into Defendant's
18 business operations.  *See* Declaration of Ned A. Menninger in support of Defendant's
19 Application to Seal ¶¶ 3-4.  Moreover, Defendant's proposed redactions to the Reply
20 Stmt. and Exhibit G to the De Lilly Reply Decl. are narrowly tailored to sealing only
21 those portions that disclose Defendant's non-public and detailed financial information,
22 such that the public's general right to access, inspect, and copy public records and
23 documents is not unduly hampered.  For these reasons, Defendant respectfully
24 requests that the Court grant its Application as to the Reply Stmt. and Exhibit G to the
25 De Lilly Reply Decl.
26     With respect to the documents and information designated by Plaintiff as
27 CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, specifically
28

the information appearing on pages 8, 11, and 25 of the Reply Stmt. and the document Bates numbered TNC-000001-TNC000004 (attached to the De Lilly Reply Decl. as Exhibit E), Defendant understands that Plaintiff believes this information should be sealed in its entirety.  Defendant takes no position as to whether the information on pages 8, 11, and 25 of the Reply Stmt. or Exhibit E satisfies the standard for sealing in whole or in part in connection with a dispositive motion.  Although Defendant is obligated to apply for leave to seal this information pursuant to Local Rule 79-5.2.2(b) to preclude the public's access to these documents, Plaintiff bears the burden of demonstrating that "compelling reasons," supported by specific facts, outweigh the strong presumption of public access in civil cases.  L.R. 79-5.2.2(b)(i) (requiring the Designating Party to "file a declaration establishing that all or part of the designated material is sealable"); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-98 (9th Cir. 2016) (stating that applications to seal documents attached to a motion for summary judgment are subject to the "compelling reasons" standard).

      For the foregoing reasons, and those detailed in the De Lilly Reply Sealing Decl., Defendant respectfully submits this Application to accept the unredacted versions of the Reply Stmt., and Exhibits E and G to the De Lilly Reply Decl. under seal until such time as the Court rules upon Defendant's Application, and Plaintiff has an opportunity to demonstrate that the information on pages 8, 11, and 25 of the Reply Stmt. and Exhibit E should remain under seal or agree to remove the confidentiality designations.

DATED: August 30, 2021          SIDLEY AUSTIN, LLP

By: */s/ Rollin A. Ransom*
      Rollin A. Ransom

*Attorneys for Defendant*
*Thrive Causemetics, Inc.*

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) SS
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Los Angeles, CA 90013.

On August 30, 2021, I served the document(s) described as **(1) DEFENDANT THRIVE CAUSEMETICS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT; (2) DECLARATION OF LAUREN M. DE LILLY IN SUPPORT OF DEFENDANT THRIVE CAUSEMETICS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT; (3) [PROPOSED] ORDER GRANTING DEFENDANT THRIVE CAUSEMETICS, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF ITS REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** on all interested parties in this action as follows:

Stephen Charles McArthur                *Attorneys for Plaintiff Thrive Natural*
Thomas E. Dietrich                      *Care, Inc.*
McArthur Law Firm PC
9465 Wilshire Boulevard Suite 300
Beverly Hills, CA 90212
stephen@smcarthurlaw.com
tom@smcarthurlaw.com

☒ (VIA E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 30, 2021 in Buckeye, Arizona.

*/s/ Lauren M. De Lilly*
Lauren M. De Lilly