1  Rollin A. Ransom (State Bar No. 196126)
   rransom@sidley.com
2  Lauren M. De Lilly (State Bar No. 301503)
   ldelilly@sidley.com
3  Paula C. Salazar (State Bar No. 327349)
   psalazar@sidley.com
4  SIDLEY AUSTIN LLP
   555 West Fifth Street
5  Los Angeles, CA 90013
   Telephone:  (213) 896-6000
6  Facsimile: (213) 896-6600

7  *Attorneys for Defendant Thrive
   Causemetics, Inc.*

8

                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11 | THRIVE NATURAL CARE, INC.,        | Case No. 2:20-cv-9091-PA-AS

12 |            Plaintiff,              | Hon. Percy Anderson

13 |     v.                            | **DEFENDANT THRIVE
                                         CAUSEMETICS, INC.'S REPLY TO
14 | THRIVE CAUSEMETICS, INC.,         | PLAINTIFF'S STATEMENT OF
                                         ADDITIONAL FACTS, IN SUPPORT
15 |            Defendant.             | OF DEFENDANT'S MOTION FOR
                                         SUMMARY JUDGMENT (ECF NO.
16                                       36)**

17                                       Date:   September 13, 2021
                                         Time:   1:30 p.m.
18                                       Place:  Courtroom 9A

19                                       **REDACTED VERSION OF
                                         DOCUMENT PROPOSED TO BE
20                                       FILED UNDER SEAL**

21

22

23

24

25

26

27

28

Pursuant to Local Rule 7 and § II.A.3 of the Civil Trial Scheduling Order in this action (ECF No. 19) ("CTS Order"), Defendant Thrive Causemetics, Inc. ("TCI" or "Defendant") respectfully submits this Reply to Plaintiff Thrive Natural Care, Inc.'s ("TNC" or "Plaintiff") Statement of Genuine Disputes in Opposition to Defendant's Motion for Summary Judgment (ECF No. 54-2) ("PSGD").

Defendant generally objects to the PSGD and the substantial arguments set forth by Plaintiff therein, on the ground that the PSGD violates § II.A.3 of the CTS Order in multiple respects, including:  (1) it fails to comply with the formatting required by the CTS Order;[1] and (2) more fundamentally, it includes substantial argument, both in the right-hand column of the PSGD and in the "Conclusions of Law" included in Section III.  The CTS order clearly states, in bold and underlined text, that "**[n]o argument should be set forth in**" a party's statement of genuine issues.  Defendant respectfully requests that the Court strike or otherwise decline to consider the PSGD and/or Plaintiff's improper arguments included therein.

Subject to and without waiving the foregoing objection, TCI replies to the additional alleged facts in the PSGD below.  Consistent with § II.A.3, 5 of the CTS Order, if TCI disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection is stated below, and further addressed in TCI's Memorandum in Support of Evidentiary Objections to Evidence Cited in Plaintiff's Statement of Genuine Disputes, filed concurrently herewith.  To the extent TCI identifies controverting evidence to any of Plaintiff's allegedly undisputed additional material facts, such controverting evidence is proffered subject to TCI's evidentiary objections (*i.e.*, TCI's citation to evidence that is the subject of an evidentiary objection is not intended to waive the objection, and is instead provided in the event TCI's evidentiary objection is overruled and the Court considers the challenged evidence).

---

[1] "Where the opposing party is disputing the fact in whole or part, *the opposing party must, in the right hand column, label and restate the moving party's evidence in support of the fact*, followed by the opposing party's evidence controverting the fact."  CTS Order § II.A.3 (emphasis added).

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 22. Thrive sells lotions, creams, cleansers, moisturizers, and sunscreens (the "Thrive Products") under the THRIVE Mark, and it has used the THRIVE Mark on skincare products continuously since 2013. | Disputed that the list of product types (*e.g.*, "lotions" "creams," and "moisturizers") actually represents different products. <br><br> Pl.'s Cited Evidence: <br> McIntosh Opp. Decl. ¶ 3. <br><br> Def.'s Controverting Evidence: <br> Declaration of Lauren M. De Lilly in support of Def.'s Opp. to Pl.'s Mot. for Partial Summ. J. ("De Lilly Opp. Decl.") (ECF No. 63), Ex. 1 (ECF No. 63-1) at 64:8-65:4, 67:24-68:3 (using "lotion," "cream," "face balm," and "moisturizer" interchangeably for same product). |
| 23. Thrive sells its products online at its website, www.thrivecare.co, and through retail partnerships with Amazon and Walmart.com, and at physical Whole Foods stores. Thrive sells and advertises its Thrive Products nationally and has done so for many years. Most Thrive Products are sold online through e-commerce sites. | Undisputed. |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 24. Plaintiff Thrive's skincare products and Defendant TCI's skincare products both prominently feature the THRIVE Mark on the packaging. One example is below.<br><br> | Disputed that TCI's products feature the "THRIVE Mark."<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶¶ 7, 33.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602); Authentication (Fed. R. Evid. 901); Best Evidence Rule (Fed. R. Evid. 1002); Opinion Testimony by Lay Witness (Fed. R. Evid. 701).<br><br>Def.'s Controverting Evidence<br>Declaration of Karissa Bodnar in support of Def.'s Opp. to Pl.'s Motion for Partial Summ. J. ("Bodnar Opp. Decl.") (ECF No. 64) ¶¶ 3-4. |

| 25. Both parties' skincare products are shown together in online search results extremely frequently. This includes not only searches on the most popular search engines and searches, but also searches on e-commerce sites for shopping specifically tailored to seek information on Thrive and the Thrive Products, such as "thrive natural care," "mens thrive natural care," and "amazon thrive natural care". An example is below.<br><br><br><br>In the search results, as seen above, TCI's products are described as "Thrive [product name]" just like Thrive's products. The primary product names of TCI's products often do not include the word "Causemetics" and often, as shown, do not even spell out the word "Causemetics" entirely in the link and image. | Disputed.<br><br><u>Pl.'s Cited Evidence</u>:<br>McIntosh Opp. Decl. ¶¶ 39-42, Ex. H J; Wallace Opp. Decl. ¶¶ 8-11, Ex. A.<br><br><u>Def.'s Evidentiary Objections</u>:<br>Foundation (Fed. R. Evid. 602); Authentication (Fed. R. Evid. 901); Best Evidence Rule (Fed. R. Evid. 1002).<br><br><u>Def.'s Controverting Evidence</u><br>Declaration of Itamar Simonson in support of Def.'s Reply in support of Motion for Summ. J. ("Simonson Reply Decl.") ¶ 8; Declaration of Lauren M. De Lilly in support of Def.'s Reply in support of Motion for Summ. J. (De Lilly Reply Decl."), Exs. A-C (Amazon.com search results for "thrive," "thrive skincare," and "thrive lotion" in "All Departments" reflecting no TCI skincare products in the results). |

DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY TO PLAINTIFF'S STATEMENT OF
ADDITIONAL FACTS, IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
|  The above search results for "Thrive" on Amazon.com duplicates exactly how a consumer would search for Thrive's skincare product on the website that constitutes the majority of Thrive's sales: Amazon.com. TCI's THRIVE branded skincare "Buildable Blur CC Cream" is shown side-by-side for sale with Plaintiff Thrive's THRIVE-branded skincare products. | |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 26. Both Thrive's and TCI's skincare products are inexpensive, ranging between approximately $10 and $60. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶ 9; McArthur Opp. Decl., Ex. A at 87:13-23, Depo. Ex. 16.<br><br>Def.'s Controverting Evidence:<br>Bodnar Opp. Decl. (ECF No. 64) ¶ 12 (TCI's individual skincare products range in price from $18 to $68). |

| | |
|---|---|
| 27. Thrive targets both men and women for its Thrive Products. Thrive targets female customers for items like sunscreen, cleansers, lotions, and moisturizers, and male customers for items like beard oil. Women proved to be the earliest adopters of Thrive Products and have always formed a sizable part, and in recent years the majority, of Thrive's customer base. More than 60 percent of Thrive's purchasers on Amazon are women. That ratio is similar in brick-and-mortar stores such as Whole Foods. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶ 10.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 802).<br><br>Def.'s Controverting Evidence:<br>De Lilly Opp. Decl., Ex. 2 (ECF No. 63-2) ("We think guys can do better than the stuff that dominates the market for men's grooming."), Ex. 3 (ECF No. 63-3) at 136:1-137:3, 155:24-156:14, Ex. 4 (ECF No. 61-5) at TNC00399 ( ▮▮▮▮ ), Ex. 5 (ECF No. 61-6) at TNC00570, TNC00586 (" ▮▮▮▮ ), Ex. 6 (ECF No. 63-4) ("BRAND NEW LINE – MEN'S FACIAL CARE"), Ex. 7 (ECF No. 63-5) ("The company's experienced team has created its inaugural line of three distinctive natural care products for men" and "Thrive's first product line fills a significant market gap by offering men uniquely modern, authentic shave/facial grooming products . . . in tastefully masculine packaging"), Ex. 8 (ECF No. 63-6) at TNC01399 ("Thrive will sell a lot more product for WFM, particularly as a new brand, if it is placed in your Men's Bodycare or Shave sections such as indicated in your |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
| --- | --- |
| | planograms."), Ex. 3 (ECF No. 63-3) at 107:20-108:17, 120:6-121:1, 126:23-127:16, 145:18-146:19, 151:20-152:9, 158:5-22 (Plaintiff's deposition testimony authenticating Exs. 2, 4-8), Exs. 31-33 (ECF Nos. 63-25–63-27); Declaration of Alex McIntosh in Support of Pl.'s Mot. for Partial Summ. J. (ECF No. 41) ("McIntosh MSJ Decl.") ¶ 10 (no reference to ratio of women purchasers "in brick-and-mortar stores such as Whole Foods"). |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 28. Thrive has gained a reputation for being on the leading edge of healthy, natural skincare, and the media and Thrive's partners have recognized and promoted Thrive's skincare products. Amazon recently featured Thrive in a marketing video that was shared with Amazon's 700,000-plus employees and 100 million customers. In December 2020, Amazon chose Thrive from among thousands of businesses as one of two recipients of the first Amazon Launchpad Innovation Grant for most innovative products and business model. Several times, Whole Foods has featured Thrive as a "favorite" brand for its customers. Thrive's products and business have generated over 1.5 billion media impressions in recent months alone, with coverage in publications such as *USA Today, Vogue, Forbes, MarketWatch, Real Simple, People, Beauty News, The Zoe Report, Hollywood Reporter, Instyle, Runners World, Whole Foods Magazine,* and *Natural Solutions Magazine.* | Disputed as to Plaintiff's alleged reputation, following, and extent of media coverage.<br><br>Pl.'s Cited Evidence: McIntosh Opp. Decl. ¶¶ 11-15.<br><br>Def.'s Evidentiary Objections: Foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002); Authentication (Fed. R. Evid. 901).<br><br>Def.'s Controverting Evidence De Lilly Opp. Decl., Ex. 23 (ECF No. 63-17) (reflecting Plaintiff's 2,725 Facebook followers), Ex. 24 (ECF No. 63-18) (reflecting Plaintiff's 7,237 Instagram followers), Ex. 9 (ECF No. 61-7) (Plaintiff's sales and marketing expenditures), Ex. 3 (ECF No. 63-3) at 196:4-197:4 (Plaintiff's deposition testimony authenticating Ex. 9). |

DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY TO PLAINTIFF'S STATEMENT OF
ADDITIONAL FACTS, IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 29. Thrive is a successful Public Benefit Corporation with a loyal customer base and significantly increased growth, revenue, and social and environmental impact each year. Thrive achieved over $1 million sales in 2020. As of August 22, 2021, Thrive's sales had equaled all of 2020, and are on track to double 2020 revenue by the end of this year. In addition, per the company's Public Benefit charter, Thrive's regenerative business model is successfully restoring hundreds of acres of degraded lands and boosting the livelihoods of hundreds of farmers and community members in rural areas. | Disputed as to "significantly increased growth, revenue, and social and environmental impact each year," "Thrive achieved over $1 million sales in 2020," and "[a]s of August 22, 2021, Thrive's sales had equaled all of 2020, and are on track to double 2020 revenue by the end of this year.<br><br>Pl.'s Cited Evidence: McIntosh Opp. Decl. ¶ 6.<br><br>Def.'s Evidentiary Objections: Foundation (Fed. R. Evid. 602); Hearsay (Fed. R. Evid. 802); Best Evidence Rule (Fed. R. Evid. 1002).<br><br>Def.'s Controverting Evidence De Lilly Reply Decl., Ex. D at 201:6-203:4 (explaining that "gross retail sales" in Plaintiff's financial records means "the retail price of a product times the number of units sold" and that "net revenue" means the dollar amount Plaintiff actually sees on account of any given sale); De Lilly MSJ Decl. (ECF No. 39), Ex. B (ECF No. 38-3) (reflecting Plaintiff's 2020 net revenue of $▮▮▮▮), Ex. A (ECF No. 39-1) at 196:4-197:7 (authenticating Ex. B); De Lilly MSJ Opp. Decl., Exs. 23-24 (ECF Nos. 63-17–63-18) (reflecting Plaintiff's social media following). |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 30. Over the past three years, Thrive has spent over $660,000 advertising its Thrive Products. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶ 11.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602)<br><br>Def's Controverting Evidence<br>De Lilly MSJ Decl., Ex. B (ECF No. ECF No. 38-3) (reflecting Plaintiff's operating expenses for "sales and marketing," not solely advertising), Ex. A (ECF No. 39-1) at 196:4-197:7 (authenticating Ex. B); De Lilly Reply Decl., Ex. E (Plaintiff's "sales and marketing" expense summary), Ex. F at 39:17-40:9 (authenticating Ex. E), Ex. F at 40:18-43:9 (admitting that employee payments are included in Plaintiff's "sales and marketing" expenses and that Mr. McIntosh "can't say for certain everything that's in there"). |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 31. Thrive owns all right, title, and interest in and to U.S. Trademark Registration No. 4,467,942 (the "'942 Registration"), which was registered January 14, 2014, for the word mark "THRIVE" in relation to the following goods in International Class 003: "Non-medicated skin care preparations, namely, facial lotions, cleansers and creams, creams and oils for cosmetic use, skin moisturizers; preshaving preparations; after shave lotions and creams." The application which matured into the '942 Registration was filed September 11, 2012. On March 7, 2020, the PTO deemed the '942 Registration to be incontestable. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶ 17, Ex. B.<br><br>Def.'s Controverting Evidence<br>McIntosh MSJ Decl. Exs. A, B; De Lilly Opp. Decl., Exs. 10-12 (ECF Nos. 63-7–63-9, Ex. 13 (ECF No. 63-10) at 46:15-17, 49:23-25; 51:15-52:5, 59:18-60:12; Ex. 1 (ECF No. 63-1) at 59:19-60:10 (Alex McIntosh's deposition testimony authenticating Ex. 10), Ex. 13 (ECF No. 10) at 19:3-17, 40:10-41:4 (Ecomundi's deposition testimony authenticating Exs. 11-12), Ex. 14 (ECF No. 63-11), Ex. 16 (ECF No. 63-13). |
| 32. Thrive owns all right, title, and interest in and to U.S. Trademark Registration 6,164,303 (the "'303 Registration," and, together with the '942 Registration, the "THRIVE Registrations"), which was registered September 29, 2020, for the word mark "THRIVE" in relation to the following goods in International Class 003: "Body and non-medicated soaps and skin cleansing gels; non-medicated skin care preparations, namely, facial lotions, cleansers and creams, oils for cosmetic use, skin moisturizers; cosmetic sun care preparations and sunscreens; shaving creams and gels; preshaving preparations; after shave lotions and creams." The application which matured into the '303 Registration was filed May 2, 2016. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶ 18, Ex. B.<br><br>Def.'s Controverting Evidence<br>See supra Defendant's Response and controverting evidence to No. 31. |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 33. The Merriam Webster dictionary definition of "thrive" is "to grow vigorously; to gain in wealth or possessions; to progress toward or realize a goal despite or because of circumstances." Other dictionary definitions are similar, and none use "thrive" in a way that would define a particular quality about skincare products. Thrive did not choose its name because it described any quality directly relating to skincare products. | Undisputed as to the Merriam Webster dictionary definition of "thrive," and disputed as to the remainder.<br><br>Pl.'s Cited Evidence:<br>McArthur Opp. Decl., Ex. K; McIntosh Opp. Decl. ¶ 16.<br><br>Def.'s Controverting Evidence<br>De Lilly Opp. Decl., Ex. 15 (ECF No. 63-12), Ex. 20 (ECF No. 63-14), Ex. 25 (ECF No. 63-19), Ex. 3 (ECF No. 63-3) at 54:7-16, 55:8-10, 51:12-54:6, Ex. 3 (ECF No. 63-3) at 98:15-99:9 (Plaintiff's deposition testimony authenticating Ex. 20); Declaration of Itamar Simonson in support of Def.'s Opp. to Pl.'s Mot. for Partial Sum. J. ("Simonson Opp. Decl.") (ECF No. 65) ¶¶ 22-25; Declaration of Stephen McArthur in Support of Pl.'s Mot. for Partial Summ. J. (ECF No. 33-2) ("McArthur MSJ Decl."), Ex. L (including definitions of "thrive" as "to become . . . healthy" and to "flourish"). |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 34. Thrive has enforced its rights to the THRIVE Mark in relation to skincare products by sending numerous cease-and-desist letters and pursuing litigation for trademark infringement. These efforts have been successful. Thrive is the only entity that owns a registration for the mark "THRIVE", either standing alone or as the first word in the trademark, in relation to skincare and grooming products. Other registrations or applications that were similar have been refused by the PTO, canceled, or abandoned. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶¶ 20-22.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602); Best Evidence Rule (Fed. R. Evid. 1002).<br><br>Def.'s Controverting Evidence<br>De Lilly Opp. Decl. (ECF No. 63) ¶ 28, Exs. 34-43 (ECF Nos. 63-28–63-37), Exs. 17-19, 44 (ECF Nos. 63-23–63-19, 61-11), Ex. 1 (ECF No. 63-1) at 44:10-45:3, 47:3-20, 49:6-50:5, 54:21-55:10 (Alex McIntosh's deposition testimony authenticating Exs. 17-19, 44); Simonson Opp. Decl. (ECF No. 65) ¶ 23; Bodnar Opp. Decl. (ECF No. 64) ¶¶ 15-18; McIntosh Opp. Decl. ¶¶ 23-29, Exs. D, E. F. |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 35. On June 30, 2021, an Amazon customer left a review of Thrive's sunscreen on Thrive's Amazon.com page, which stated: "I like Thrive products and have bought eye liner and mascara from them as well as moisteurizer [sic]." Because Thrive does not sell eyeliner or mascara, this indicates the consumer purchased those items from TCI and believed them to originate from Thrive. | Disputed.<br><br>Pl.'s Cited Evidence: McIntosh Opp. Decl. ¶ 37, Ex. F.<br><br>Def.'s Evidentiary Objections: Foundation (Fed. R. Evid. 602); Authentication (Fed. R. Evid. 901); Best Evidence Rule (Fed. R. Evid. 1002).<br><br>Def.'s Controverting Evidence McIntosh Opp. Decl., Ex. F (reflecting consumer belief that Plaintiff was affiliated with TCI (which sells eyeliner and mascara) and that Plaintiff's product originated from TCI) |
| 36. Karissa Bodnar founded TCI in 2014, after Thrive launched its skincare products. TCI first sold false eyelashes and later color cosmetics (makeup) under the "THRIVE causemetics" brand. TCI did not begin selling skincare products until 2018, four years later. | Disputed that "THRIVE causemetics" (as formatted with Plaintiff's capitalization) is TCI's mark (*see infra* n. 2), and undisputed as to the remainder.<br><br>Def.'s Controverting Evidence McArthur Opp. Decl., Depo. Ex. 11 (displaying TCI's mark in all lower case letters) |

---

[2] Defendant generally objects to Plaintiff's unilateral characterization and styling of Defendant's mark as "THRIVE causemetics" as unsupported and incorrect representation. It is indisputable that Defendant's mark is (and always has been) displayed in all lower case font (*i.e.*, "thrive causemetics"). By failing to object to Plaintiff's use of the term "THRIVE causemetics" time it appears herein, Defendant does not intend to waive this objection; instead, Defendant incorporates this objection and Defendant's cited evidence in response to Plaintiff's improper and unsupported characterization of Defendant's mark.

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 37. TCI emphasizes the "THRIVE" portion of its brand name, which is presented in much larger font in TCI's logo than "causemetics," which is presented in small, non-bold font. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McArthur Opp. Decl., Ex. A at 27:15-28:16, Depo. Ex. 11<br><br>Def.'s Controverting Evidence<br>McArthur Opp. Decl., Depo. Ex. 11 (reflecting that no part of TCI's mark is in bold font); Bodnar Opp. Decl. (ECF No. 64) ¶¶ 3-4. |
| 38. In 2018, TCI launched its first skincare products, which were advertised and sold under the "THRIVE causemetics" brand. TCI quietly sold three skincare products through 2019 and then dramatically expanded its skincare line in 2020, releasing more than a dozen new skincare products. | Disputed that any products were "quietly sold."<br><br>Pl.'s Cited Evidence:<br>McArthur Opp. Decl., Ex. A at 45:10-47:11, 91:10-16, Depo. Ex. 16.<br><br>Def.'s Controverting Evidence<br>Declaration of Ned A. Menninger in support of Def.'s Opp. to Pl.'s Mot. for Partial Summ. J. ("Menninger Opp. Decl.") (ECF No. 61-3) ¶¶ 2-3 (TCI's skincare revenue and advertising expenditures for 2018 and 2019). |

DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY TO PLAINTIFF'S STATEMENT OF
ADDITIONAL FACTS, IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

39. TCI now sells many skincare products under the "THRIVE causewics." brand. These include face and body cleansers, lotions, creams, moisturizers, sunscreen, lip balm, hand sanitizer, and face oils, all of which are within the scope of Thrive's THRIVE Registrations (collectively, "Infringing Skincare Products"). The Infringing Skincare Products consists of TCI's entire skincare line, including the following products: Overnight Sensation Brightening Sleep Mask; Liquid Balm Lip Treatment; Gravity Defying Transforming Moisturizer; Bright Balance 3-in-1 Cleanser; Defying Gravity Eye Lifting Cream; Liquid Light Therapy All-in-One Face Serum; Moisture Flash Active Nutrient Toner; Deluxe Travel Defying Gravity Transforming Moisturizer; Defying Gravity Transforming Moisturizer; Deluxe Travel Bright Balance 3-in-1 Cleanser; Moisture-Enriched Hand Sanitizer; Overnight Sensation Gentle Resurfacing Peel; Pumpkin Spice Latte Liquid Lip Balm Treatment; Smart Microdermabrasion 2-in-1 Instant Facial; Defying Gravity Nourishing Hand + Nail Cream; Smart Microdermabrasion 2-in-1 Instant Facial; Buildable Blur CC Cream; Filtered Effects Blurring Primer; all travel sized versions of these products; and all "sets" that include any of these products as part of the set. These products include at least the following SKU numbers: TCC001-TCC019; TP001; TSC002; TSC003; TSC004; TSC005; TSC006; TSC007; TSC008;

Disputed that all of the listed products are "skincare" products, that all of the listed products are within the scope of the "THRIVE Registrations," that Plaintiff owns the "THRIVE Registrations," in light of Defendant's abandonment defense, that any of the products are "[i]nfringing," and as to the characterization "Infringing Skincare Products" (*see supra* n. 1).

Pl.'s Cited Evidence:
McIntosh Opp. Decl. ¶¶ 31-32; McArthur Opp. Decl., Ex. A at 94:1-97:23, Depo. Ex. 16; Ex. C, Depo. Ex. 38.

Def.'s Evidentiary Objections:
Foundation (Fed. R. Evid. 602); Opinion Testimony by Lay Witness (Fed. R. Evid. 701); Authentication (Fed. R. Evid. 901).

Def.'s Controverting Evidence
Bodnar Opp. Decl. (ECF No. 64) ¶ 9 (Buildable Blur CC Cream and Filtered Effects Blurring Primer are makeup products, not included in "Skincare" section of TCI website); Declaration of David Drews in support of Pl.'s Opp. to Def's Mot. for Summ. J. (ECF No. 54-3) ("Drews Opp. Decl.") ¶ 6, Ex. B at DREWS OPP. 31 (acknowledging that Buildable Blur CC Cream and Filtered Effects Blurring Primer may be excluded from infringing products); McIntosh MSJ Decl., Exs. A, C (scope of "THRIVE Registrations" does not extend to sleep masks, lip balms, hand sanitizers, peels, concealing creams, or

-18-

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| TSS002; TSS003; TSS004; TVG007; TVG070; TVG133; TVG134; TVG136; TVG137; TVG138; TVG141; TVG142. | blurring primers); *see also supra* Defendant's Response and controverting evidence to Nos. 31 and 32 as to the "THRIVE Registrations." |
| 40. TCI offers for sale, displays, and sells all of the Infringing Skincare Products online through its website, www.thrivecausemetics.com. | Undisputed except as to the phrase "Infringing Skincare Products" (*see supra* n. 1). |
| 41. Like Thrive, the majority of TCI's customers are female, but TCI also sells a significant amount of its products to men. | Disputed.<br><br>Plaintiff's Evidence:<br>McArthur Opp. Decl. Ex. A at 142:1-145:24, Depo. Ex. 20.<br><br>Def.'s Controverting Evidence<br>McArthur MSJ Decl., Depo. Ex. 20 (ECF No. 34-1 at 144) at MACARTHUR 147 (sales to men is less than 10% of those to women); McIntosh MSJ Decl. ¶ 35 (recognizing that TCI's products appear to be a "women's line," while TNC's products appear to be a "men's line"); Menninger Opp. Decl. (ECF No. 61-3) ¶ 2 (TCI's skincare revenue for 2019 was $███ and for 2020 was $███); De Lilly Opp. Decl. Exs. 31-33 (ECF Nos. 63-25–63-27). |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 42. Plaintiff Thrive's marketing and advertising often uses the term "Thrive skincare" to refer to Thrive Products, as well as terms that include the word "thrive" and words describing the product, such as "Thrive moisturizer," "Thrive cleanser," and "Thrive sunscreen." | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶ 8.<br><br>Def.'s Evidentiary Objections:<br>Best Evidence Rule (Fed. R. Evid. 1002).<br><br>Def.'s Controverting Evidence<br>De Lilly Opp. Decl., Ex. 2 (ECF No. 63-2), Ex. 3 (ECF No. 63-3) at 107:20-108:17 (Plaintiff's deposition testimony authenticating Ex. 2). |
| 43. TCI advertises heavily online, spending approximately ███% of its revenue from sales of its Infringing Skincare Products on advertising for those products. Part of TCI's advertising includes purchasing Google advertising keywords ("AdWords") for terms including "Thrive," "Thrive cleanser," and "Thrive moisturizer"— none of which contain any reference to "causemetics"—causing ads for TCI's skincare products to appear together with Thrive's skincare products in online search results. TCI has purchased many Google AdWords for terms that included the word "thrive" but did not include the word "causemetics," including "thrive" (used repeatedly by TCI), "thrive cleanser," "thrive moisturizer," "+thrive +lip +balm," "thrive liquid balm," "thrive promo code," "+thrive +holiday +set," and "thrive lip treatment," among others. | Disputed as to percentage of skincare revenue spent on advertising, that TCI's use of keywords "caus[es] ads for TCI's skincare products to appear together with Thrive's skincare products in online search results" and as to the phrase "Infringing Skincare Products" (see supra n. 1).<br><br>Pl.'s Cited Evidence:<br>McArthur Opp. Decl., Ex. B at 56:14-20, 68:5-7, 97:8-113:23, Depo. Ex. 45; Ex. C at 41:3-42:13, Depo. Ex. 38.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602).<br><br>Def.'s Controverting Evidence<br>McArthur Opp. Decl., Depo Ex. 38 (reflecting advertising expenditures less than ██% of TCI skincare revenue); McArthur Opp. Decl., Ex. B at 101:7-105:16. |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 44. A consumer searching online for Thrive or the Thrive Products is highly likely to be presented with images of and links to TCI's Infringing Skincare Products together with Thrive Products. Consumers are likely to seek out Plaintiff's products via an online search for terms such as "Thrive skincare" and "Thrive Natural Care". When TCI's products, also referred to as "Thrive" products in search results are shown together with the Thrive Products, it is highly likely a consumer would be confused and click on links to TCI's products believing them to originate from or be affiliated with Thrive. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶¶ 39-41, Exs. H, I; Wallace Opp. Decl. ¶¶ 8-13, Ex. A.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602); Authentication (Fed. R. Evid. 901); Best Evidence Rule (Fed. R. Evid. 1002).<br><br>Def.'s Controverting Evidence<br>Simonson Reply Decl. ¶¶ 6-8; De Lilly Reply Decl., Ex. H at 184:22-185:15 (reflecting Plaintiff's survey expert's admission that the survey he conducted does not test the direction of confusion). |
| 45. Thrive's Thrive Products and TCI's Infringing Skincare Products also appear together in searches on online marketplaces, including Amazon, Walmart.com, eBay, and Mercari. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶ 42, Ex. J.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602); Authentication (Fed. R. Evid. 901).<br><br>Def.'s Controverting Evidence<br>Bodnar Opp. Decl. (ECF No. 64) ¶¶ 6-7; McArthur Opp. Decl., Ex. A at 79:10-85:11; De Lilly Reply Decl., Exs. A-C. |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 46. Both Thrive and TCI advertise their skincare products on social media, including Facebook and Instagram. | Undisputed. |
| 47. There is evidence of actual confusion between Thrive and TCI. Consumers have been confused and believed that the parties' products originated from the same source or connected or affiliated sources. That includes an Amazon review on Thrive's sunscreen product page from a customer who erroneously believed that TCI's eyeliner, mascara, and moisturizer products originated from Thrive. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶¶ 37-38, Exs. F, G.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602); Authentication (Fed. R. Evid. 901); Best Evidence Rule (Fed. R. Evid. 1002).<br><br>Def.'s Controverting Evidence<br>McIntosh Opp. Decl., Ex. F (reflecting consumer belief that Plaintiff was affiliated with TCI (which sells eyeliner and mascara) and that Plaintiff's product originated from TCI) |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 48. Thrive's marketing expert conducted two 600-person surveys comparing skincare products by Thrive to products by TCI and control products from third parties. The survey that tested Thrive's newest packaging design found a net 54.5% rate of confusion between Thrive's product and TCI's skincare product. The survey that tested Thrive's older packaging design found a net 56.6% rate of confusion between Thrive's product and TCI's skincare product. Survey respondents indicated confusion because both skincare lines were named "Thrive". | Disputed. <br><br> Pl.'s Cited Evidence: <br> Wallace Decl. Opp. ¶ 15, Ex. B. <br><br> Def.'s Evidentiary Objections: <br> Foundation (Fed. R. Evid. 602). <br><br> Def.'s Controverting Evidence <br> Simonson Opp. Decl. (ECF No. 65) ¶¶ 10-21, 26-33, Ex. A at 029-038, 043-047. |
| 49. In August 2015, TCI became aware of Thrive and Thrive's '942 Registration, when TCI received a trademark search report identifying Thrive's '942 Registration as a potential conflict with TCI's THRIVE CAUSEMETICS mark. | Disputed as to "potential conflict with TCI's THRIVE CAUSEMETICS mark." <br><br> Pl.'s Cited Evidence: <br> McArthur Opp. Decl., Ex. A at 183:16-187:13, Depo. Ex. 27. <br><br> Def.'s Controverting Evidence <br> McArthur Opp. Decl., Depo. Ex. 27 at MCARTHUR OPP. 45 ("Chart of Tagged Records"; no reference to "potential conflict"). |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 50. In November 2015, the PTO rejected TCI's application to register the THRIVE CAUSEMETICS mark, citing a likelihood of confusion with Thrive's senior '942 Registration. TCI overcame that PTO rejection by arguing in part that TCI's color cosmetics were "distinctly different types of consumer goods" than Thrive's skincare products. | Disputed both generally and as to claim that Plaintiff owns the '942 Registration, in light of Defendant's abandonment defense.<br><br>Pl.'s Cited Evidence:<br>McArthur Opp. Decl., Ex. D at 4, Ex. Ex. E at 12, Ex. Ex. F at 2.<br><br>Def.'s Evidentiary Objections:<br>Hearsay (Fed. R. Evid. 802).<br><br>Def.'s Controverting Evidence<br>*See supra* Defendant's Response and controverting evidence to Nos. 31 and 32. |
| 51. Before TCI responded to the PTO's 2015 Office Action, on April 22, 2016, Ms. Bodnar of TCI contacted Thrive via email and asked for permission to use the THRIVE Mark as part of TCI's brand name. Ms. Bodnar identified TCI as "a color cosmetics brand with a mission to help women going through cancer treatment look and feel better during their time of need." She promised "[w]e will never use the word 'Thrive' without the word 'Causemetics'. . . ." Thrive's cofounder, Alex McIntosh, denied Ms. Bodnar's request. | Disputed that request referred to "THRIVE Mark" (as opposed to merely "the word Thrive"), that statement regarding use of "Thrive" and "Causemetics" extended beyond description of Defendant's "brand name" or that it was phrased as a promise.<br><br>Pl.'s Cited Evidence:<br>McArthur Opp. Decl., Ex. A at 196:7-202:2, Depo. Ex. 30; McIntosh Opp. Decl. ¶ 23.<br><br>Def.'s Controverting Evidence<br>McArthur Opp. Decl., Depo. Ex. 30. |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 52. Thrive sent a cease-and-desist letter to TCI on March 3, 2017, in response to TCI beginning to de-emphasize the term "Causemetics" in TCI's branding. TCI rejected the demand to stop using the name THRIVE on its color cosmetics products and argued again that there would be no consumer confusion between the parties' products because they sold "different product lines" (color cosmetics and skincare products). Thrive relied on the statement by TCI that its makeup products were entirely different "product lines" from Thrive's skincare products, with no overlap, and chose not to pursue the matter further. | Disputed as to reason for Plaintiff's cease and desist letter, the extent of and arguments in Defendant's response to Plaintiff's cease and desist letter, and Plaintiff's claimed "reliance" on that response.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶ 24, Exs. D, E.<br><br>Def.'s Controverting Evidence<br>McIntosh Decl. Ex. E (no reference to "TCI beginning to de-emphasize the term 'Causemetics'"), Ex. F; De Lilly Opp. Decl., Ex. 19 (ECF No. 61-10) at TNC00830.00001 ("███████████ ███████████████████████████ ██████████████████████████ ██████████████"), Ex. 17 (ECF No. 61-8) at TNC00831.00001 ("███████ ████████"), Ex. 18 (ECF No. 61-9) ("████████████████████"), Ex. 1 (ECF No. 63-1) at  44:10-45:3, 47:3-20, 49:6-50:5 (Alex McIntosh's deposition testimony authenticating Exs. 17-19). |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 53. In April 2018, TCI made a second attempt to register its THRIVE CAUSEMETICS mark. On August 28, 2018, the PTO issued an Office Action rejecting TCI's application, citing a likelihood of confusion with Thrive's '942 Registration and Thrive's then-pending second application for the THRIVE Mark, which matured as the '303 Registration. The PTO also stated "CAUSEMETICS" is a misspelling of "cosmetics" and as such, is merely descriptive and must be disclaimed. | Disputed both generally and as to claim that Plaintiff owns the '942 Registration and application that matured as the '303 Registration, in light of Defendant's abandonment defense.<br><br>Pl.'s Cited Evidence:<br>McArthur Opp. Decl., Ex. G at 2-4.<br><br>Def.'s Evidentiary Objections:<br>Hearsay (Fed. R. Evid. 802).<br><br>Def.'s Controverting Evidence<br>*See supra* Defendant's Response and controverting evidence to Nos. 31 and 32. |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 54. In TCI's response to the PTO's 2018 Office Action, TCI argued again that its cosmetics products and Thrive's skincare products were "found in different aisles or departments than standard make-up cosmetics, such as eyeliner, and are distinctly different types of consumer goods." TCI further argued that TCI's "Goods and Services are marketed toward and used to help women, whereas [Thrive's] Cited Goods are marketed toward men." The PTO disagreed with TCI's arguments and suspended TCI's second application, maintaining the refusal to register the THRIVE CAUSEMETICS mark due to a likelihood of confusion with Thrive's '942 Registration and then pending application that matured as the '303 Registration. | Disputed as to the extent of and arguments in Defendant's response to the 2018 Office Action.  Disputed both generally and as to claim that Plaintiff owns the '942 Registration and application that matured as the '303 Registration, in light of Defendant's abandonment defense.<br><br>Pl.'s Cited Evidence: McArthur Opp. Decl., Ex. H at 7-8, Ex. I.<br><br>Def.'s Evidentiary Objections: Hearsay (Fed. R. Evid. 802).<br><br>Def.'s Controverting Evidence McArthur MSJ Decl., Ex. I (ECF No. 33-2 at 71) at MACARTHUR 366-67 (citing inclusion of term "CAUSEMETICS" in mark Plaintiff was seeking to register as basis for distinction), 368-70 (citing weakness of "THRIVE" element of mark). *See supra* Defendant's Response and controverting evidence to Nos. 31 and 32 as to the '942 Registration and '303 Registration, respectively. |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 55. Recently, on July 28, 2021, the PTO un-suspended TCI's second application for THRIVE CAUSEMETICS and issued an Office Action maintaining the refusal to register due to a likelihood of confusion with both THRIVE Registrations. | Disputed both generally and as to claim that Plaintiff owns the "THRIVE Registrations," in light of Defendant's abandonment defense.<br><br>Pl.'s Cited Evidence:<br>McArthur Opp. Decl., Ex. J.<br><br>Def.'s Evidentiary Objections:<br>Hearsay (Fed. R. Evid. 802).<br><br>Def.'s Controverting Evidence<br>*See supra* Defendant's Response and controverting evidence to Nos. 31 and 32 as to the "THRIVE Registrations." |
| 56. TCI's total profits from sales of all Infringing Skincare Products from 2018 through May 2021 are $▮▮▮▮▮. Total profits are calculated by subtracting TCI's cost of goods sold and direct expenses from gross revenue. | Disputed.<br><br>Pl.'s Cited Evidence:<br>Drews Opp. Decl. ¶ 5, Ex. A at 1; Ex. B at 29.<br><br>Def.'s Controverting Evidence<br>Declaration of Karl Schulze in support of Def's Opp. to Pl.'s Mot. for Summ. J. ("Schulze Opp. Decl.") (ECF No. 61-4) ¶¶ 8-9, Ex. A at 6; Menninger Opp. Decl. (ECF No. 61-3) ¶¶ 5-7; Bodnar Opp. Decl. (ECF No. 64) ¶ 9 (Buildable Blur CC Cream and Filtered Effects Blurring Primer are makeup products, not included in "Skincare" section of TCI website); Drews Opp. Decl. ¶ 6, Ex. B at DREWS OPP. 31 (acknowledging that Buildable Blur CC Cream and Filtered Effects Blurring Primer may be excluded from skincare products). |

DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS, IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 57. Reasonable royalty damages, as calculated by Thrive's damages expert, total $██████. Thrive's expert considered the facts of the case, other similar license agreements, and the other *Georgia-Pacific* factors in drawing his conclusions regarding a reasonable royalty. | Disputed.<br><br>Pl.'s Cited Evidence:<br>Drews Opp. Decl. ¶ 5, Ex. A at 1, 4; Ex. B at 11-21.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602, 702).<br><br>Def.'s Controverting Evidence<br> Declaration of Ned A. Menninger in support of Def.'s Motion for Summ. J. ("Menninger MSJ Decl.") (ECF No. 38-6 ¶¶ 4-5; Declaration of Karl Schulze in support of Def.'s Reply in support of Def.'s Mot. for Summ. J. ("Schulze Reply Decl.") ¶¶ 7-10; Drews Opp. Decl., Ex. B at DREWS OPP. 20 ("I understand that Defendant has not produced any license agreements in this litigation, including any in which they are the licensee. Based on the evidence, Defendant has not been involved in any trademark licenses."); *id.* at DREWS OPP 21 ("Defendant similarly has no established policy or experience with negotiating license agreements[.]"). |

DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY TO PLAINTIFF'S STATEMENT OF
ADDITIONAL FACTS, IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 58. Corrective advertising damages, as calculated by Thrive's damages expert, total $▮▮▮▮. That amount was determined by taking 25% of TCI's stated advertising budget for the Infringing Skincare Products. It does not include any calculation of TCI's ad spend that is not related to its skincare products. | Disputed.<br><br>Pl.'s Cited Evidence:<br>Drews Opp. Decl. ¶ 6, Ex. A at 1, 3.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602, 702).<br><br>Def.'s Controverting Evidence<br>Schulze Opp. Decl. (ECF No. 61-4) ¶¶ 14-15; Drews Opp. Decl. ¶ 6 (no opinion on value or devaluation of Plaintiff's mark), Ex. B at DREWS OPP. 11 (no opinion on value or devaluation of Plaintiff's mark), DREWS OPP. 31 (acknowledging that Buildable Blur CC Cream and Filtered Effects Blurring Primer may be excluded from skincare products); Bodnar Decl. (ECF No. 64) ¶ 9 (Buildable Blur CC Cream and Filtered Effects Blurring Primer are makeup products, not included in "Skincare" section of TCI website); De Lilly Opp. Decl. (ECF No. 63), Ex. 1 (ECF No. 63-1) at 15:19-21, 20:16-21:9; De Lilly Reply Decl., Ex. G at 148:22-25, 151:14-152:21 (reflecting that Plaintiff's damages expert did not perform calculations to determine the actual cost of an advertising campaign to correct any alleged misimpressions caused by TCI in this case). |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 59. TCI's bidding on advertising keywords containing the word "thrive" drives up the price of those keywords for anyone else attempting to bid on them. That would cause Thrive would have to pay far more to secure advertising keywords for its own registered trademark. Those high costs would be significant to Thrive, which is a small business without hundreds of millions of dollars in revenue. In addition, Thrive is also harmed by loss of cross-selling opportunities when TCI siphons away customers who became interested in Thrive via Amazon or through social media or media articles. | Undisputed that Plaintiff "is a small business without hundreds of millions of dollars in revenue"; disputed as to the remainder.<br><br>Pl.'s Cited Evidence:<br>McIntosh Opp. Decl. ¶¶ 47, 47.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602).<br><br>Def.'s Controverting Evidence<br>Schulze Opp. Decl. (ECF No. 61-4) ¶¶ 14-15; De Lilly MSJ Decl. (ECF No. 39), Ex. A (ECF No. 39-1) at 194:23-195:16 (admitting that aside from its expert in this matter, Plaintiff has not conducted a study or evaluation of the value of the THRIVE mark); Drews Opp. Decl., Ex. B at DREWS OPP 11 (offering no opinion as to the value of Plaintiff's mark, of the alleged harm to the value of Plaintiff's mark, or of any lost or diverted sales); De Lilly Reply Decl. Ex. G at 13:15-16:2 (reflecting that Plaintiff's damages expert did not perform calculations as to the value of Plaintiff's business, trademark, goodwill, or lost or diverted sales as a result of TCI's alleged infringement). |

| Plaintiff's Alleged Additional Material Fact | Defendant's Response |
|---|---|
| 60. Spending money on corrective advertising would be effective when TCI is enjoined from flooding the market with its own ads linking "THRIVE" to TCI. At the present time, TCI's far larger advertising budget and advertising practices have dramatically increased the cost to Thrive to attempt to undertake advertising to correct the misimpressions created by TCI. | Disputed.<br><br>Pl.'s Cited Evidence:<br>McIntosh Decl. ¶¶ 46-48.<br><br>Def.'s Evidentiary Objections:<br>Foundation (Fed. R. Evid. 602); Opinion Testimony by Lay Witness (Fed. R. Evid. 701).<br><br>Def.'s Controverting Evidence<br>Schulze Opp. Decl. (ECF No. 61-4) ¶¶ 14-15; De Lilly MSJ Decl., Ex. A (ECF No. 39-1) at 269:3-270:4 (admitting that Plaintiff has not undertaken any corrective advertising concerning TCI and that doing so "is not a good investment"); De Lilly Reply Decl. Ex. G at 148:22-25, 151:14-152:21 (reflecting that Plaintiff's damages expert did not perform calculations to determine the cost of an advertising campaign to correct to correct any alleged misimpressions caused by TCI in this case); Simonson MSJ Opp. Decl. (ECF No. 65) ¶¶ 26-33, Ex. A at 043-047 (explaining survey results of no consumer confusion). |

DATED:  August 30, 2021          SIDLEY AUSTIN LLP


By: _/s/ Rollin A. Ransom_____
Rollin A. Ransom

*Attorneys for Defendant*
*Thrive Causemetics, Inc.*

DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS, IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT