# EXHIBIT D

Page 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

THRIVE NATURAL CARE, INC.,           )
                                     )
               Plaintiff,            )
                                     )
     VS.                             ) CASE NO.:
                                     ) 2:20-cv-9091-PA-AS
                                     )
THRIVE CAUSEMETICS, INC.,            )
                                     )
               Defendants.           )
_____)

VIDEOTAPED REMOTE DEPOSITION OF RULE 30(b)(6) THRIVE
NATURAL CARE, ALEX MCINTOSH
Irvine, California
Friday, July 23, 2021
MAGNA LEGAL SERVICES
(866) 624-6221
www.MagnaLS.com




Job No.: 733131
Reported by:
Shirley R. Lynn, C.S.R. NO. 13784



Page 2

```
 1                UNITED STATES DISTRICT COURT
 2                CENTRAL DISTRICT OF CALIFORNIA
 3
 4    THRIVE NATURAL CARE, INC.,          )
                                          )
 5                   Plaintiff,           )
                                          )
 6         VS.                            ) CASE NO.:
                                          ) 2:20-cv-9091-PA-AS
 7                                        )
      THRIVE CAUSEMETICS, INC.,           )
 8                                        )
                     Defendants.          )
 9   _____)
10
11          REMOTE VIDEOTAPED DEPOSITION OF ALEX MCINTOSH,
12   RULE 30(b)(6) THRIVE NATURAL CARE, taken on behalf of the
13   Defendant, at Irvine, California, commencing at 9:34 a.m.,
14   Friday, July 23, 2021, before Shirley R. Lynn, Certified
15   Shorthand Reporter, License No. 13784, for the State of
16   California, pursuant to Notice.
17
18
19
20
21
22
23
24
25
```

```
                                                              Page 3
 1   APPEARANCES (All parties appearing remotely):
 2
 3   For the Plaintiff:
 4        THE MCARTHUR LAW FIRM, P.C.
          BY:  STEPHEN MCARTHUR, ESQ.
 5        9465 Wilshire Boulevard, Suite 300
          Beverly Hills, California 90212
 6        Phone:  (323) 639-4455
          E-mail:  stephen@smcarthurlaw.com
 7
     For the Defendants:
 8
          SIDLEY AUSTIN LLP
 9        BY:  ROLLIN A. RANSOM, ESQ.
          555 West Fifth Street, Suite 4000
10        Los Angeles, California 90013
          Phone:  (213) 896-6000
11        E-mail:  rransom@sidley.com
12   Also Present:
13        Lucio di Pace/Videographer
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 8

1        IRVINE, CALIFORNIA; FRIDAY, JULY 23, 2021
2                    AT 9:34 A.M.
3                       -oOo-
4                        ***
5
6           THE VIDEOGRAPHER:  All right.  Good
7    morning.  We are now on record.  This begins the
8    Videotape No. 1 deposition of Alex McIntosh in the
9    matter of Thrive Natural Care, Incorporated, vs.
10   Thrive Causemetics, Incorporated, in the United
11   States District Court of Central District of
12   California, Case No. 2:20-cv-9091-PA-AS.
13           Today is Friday, July 23rd, 2021, and the time
14   is 9:34 a.m.  This deposition is being taken by remotely
15   at the request of Sidley Austin, LLP.
16           The videographer is Lucio di Pace of Magna
17   Legal Services.  And the court reporter is Shirley Lynn
18   of Magna Legal Services.
19           Will the counsel and all parties present state
20   their appearance and whom they represent, which then the
21   court reporter will swear in the witness.
22           You may proceed.
23           MR. RANSOM:  Rollin Ransom on behalf of
24   Defendant Thrive Causemetics, Inc.
25           MR. MCARTHUR:  Steven McArthur on behalf of



Plaintiffs Thrive Natural Care.

ALEXANDER MCINTOSH,

having first been duly sworn, was examined and testified as follows:

THE WITNESS: I do.

EXAMINATION

BY MR. RANSOM:

Q Could you, please, state your full name.

A Alexander McIntosh.

Q And, Mr. McIntosh, where are you physically located for today's deposition?

A San Francisco.

Q Have you ever been deposed before?

A I have not.

Q I am going to take a moment. I suspect you've spoken with your counsel about the process, but I'd like to take a minute to tell you how I expect today to proceed and make sure we have a common understanding of what we're doing.

I am going to ask you a series of questions and your responsibility is, subject to any instructions by your counsel not to answer, is to answer those questions to the best of your ability.

Do you understand that?

Page 201

```
 1   to, Mr. Rollin?
 2           MR. RANSOM:  I'm on the -- I'm on the first
 3   page.
 4           MR. MCARTHUR:  Okay.
 5    BY MR. RANSOM:
 6       Q   The first line is "Gross Retail Sales";
 7   correct?
 8       A   In Document 70; correct?
 9       Q   Yes; correct?
10       A   Yes.  Yes, that's the -- that's the first
11   line.
12       Q   Okay.  And what does "Gross Retail Sales"
13   refer to?
14       A   The retail price of a product times the
15   number of units sold.
16       Q   The next row is identified as "Net
17   Revenue"; correct?
18       A   Correct.
19       Q   How is net revenue calculated?
20       A   Net revenue is calculated as gross retail
21   sales minus any margin, minus any promotions or
22   discounts.
23       Q   When you say "minus any margin," what does
24   that mean?
25       A   What the retailer takes for selling.
```

```
 1      Q    Okay.  With respect to your sales -- sorry,
 2   with respect to TNC's sales through ThriveCare.co,
 3   is there a margin where is the retail price also the
 4   net revenue for those sales?
 5      A    Can you repeat the question one more time,
 6   Mr. Ransom?
 7      Q    Sure.
 8           TNC sells some products through its own
 9   website; correct?
10      A    Correct.
11      Q    Is there a margin on those sales?
12      A    I don't believe there's a margin, but there
13   is a cost, depending on the platform.  It would be
14   the same -- the cost of -- of, say, for example, if
15   -- if the business is on Shopify or whatever
16   platform it is, there's usually some cost for that
17   transaction.
18           It probably would not be considered an
19   accounting margin, but I'm not -- I'm not sure.  It's a
20   bit -- a bit outside of my accounting scope.
21      Q    Would that cost, for example, the Shopify
22   cost be factored in in the difference between the
23   gross retail sales and the net revenue figure?
24      A    I don't know.
25      Q    Okay.  But in all events, is it correct
```



De Lilly Reply Decl. Ex. D

Page 203

```
 1   that the net revenue figure is the dollar amount
 2   that Thrive Natural Care actually sees on account of
 3   any given sale?
 4       A    I believe so, yes.
 5       Q    Okay.  The next line is "Cost of Sales."
 6            Do you see that?
 7       A    I do.
 8       Q    How is cost of sales calculated?
 9       A    Cost of sales is inclusive of the raw
10   materials to make the product and package it,
11   shipping fulfillment.  I think those are the main
12   categories.
13       Q    Okay.  The next bolded line is "Operating
14   Expenses"; correct?
15       A    Correct.
16       Q    Okay.  And the first sub-item there is
17   "Sales & Marketing"; correct?
18       A    Correct.
19       Q    Okay.  Now, you've testified it's a --
20   certain consultants have been retained by Thrive
21   Natural Care over its history; correct?
22       A    Correct.
23       Q    So you testified or identified, for
24   example, Celery Design as one such consultant;
25   correct?
```

Page 286

```
 1                    CERTIFICATE
 2                        OF
 3                 SHORTHAND REPORTER
 4                    *   *   *   *
 5
 6          I, Shirley Lynn, CSR No. 13784, a Certified
 7   Shorthand Reporter in and for the State of California,
 8   do hereby certify:
 9          That prior to being examined, the witness
10   named in the foregoing proceedings declared under
11   penalty of perjury to testify to the truth, the whole
12   truth, and nothing but the truth;
13          That said proceedings were taken by me in
14   shorthand at the time and place herein named and were
15   thereafter transcribed into typewriting under my
16   direction, said transcript being a true and correct
17   transcription of my shorthand notes;
18          Pursuant to Federal Rule 30(e), transcript
19   review was requested;
20          I further certify that I have no interest in
21   the outcome of this action.
22
23                              _____
24                              SHIRLEY LYNN
                                CSR NO. 13784
25
```