# EXHIBIT H

```
⬆ 00001          ROUGH DRAFT
            1          UNITED STATES DISTRICT COURT
                       CENTRAL DISTRICT OF CALIFORNIA
            2
                                                    Case No.
            3                                   2:20-cv-9091-PA-AS
            4   THRIVE NATURAL CARE, INC.,      :    VIRTUAL
                                                :   DEPOSITION OF:
            5              Plaintiff,           :
                                                :   ROBERT WALLACE
            6         vs.                       :
                                                :
            7   THRIVE CAUSEMETICS, INC.,       :
                                                :
            8              Defendants.          :
                ------------------------------  X
            9
                              ROUGH DRAFT
           10
           11      TRANSCRIPT of virtual deposition taken by and
           12   before ROBYN PULZONE, a Certified Court Reporter
           13   of the State of New Jersey, in New Jersey on
           14   Friday, August 27, 2021 commencing at 12:33 P.M.,
           15   pursuant to Notice.
           16
           17
           18
           19
           20
           21
           22
                              MAGNA LEGAL SERVICES
           23           1635 Market Street - 8th Floor
                             Philadelphia, PA 19103
           24               Phone: 215-207-9460
                              Fax: 215-207-9461
           25
⬆ 00002          ROUGH DRAFT
            1   A P P E A R A N C E S:
            2      THE McARTHUR LAW FIRM, P.C.
                   9465 Wilshire Boulevard, Suite 300
            3      Beverly Hills, California 90212
                   BY:  STEPHEN McARTHUR, ESQ.
            4      Attorneys for Plaintiff
            5      SIDLEY AUSTIN, LLP
                   555 West 5th Street
            6      Los Angeles, California 90013
                   BY:  ROLLIN RANSOM, ESQ.
            7      Attorneys for Defendant
            8
```

De Lilly Reply Decl. Ex. H

```
                           9
                          10
                          11
                          12
                          13
                          14
                          15
                          16
                          17
                          18
                          19
                          20
                          21
                          22
                          23
                          24
                          25
 ⬆ 00003                       ROUGH DRAFT
                           1                I N D E X
                           2   WITNESS           DIRECT CROSS REDIRECT RECROSS
                           3   ROBERT WALLACE
                           4      BY:  Mr. Ransom
                           5
                           6                E X H I B I T S
                           7   NO.            DESCRIPTION                PAGE
                           8
                           9
                          10
                          11
                          12
                          13
                          14
                          15
                          16
                          17
                          18
                          19
                          20
                          21
                          22
                          23
                          24
                          25
 ⬆ 00004                       ROUGH DRAFT
                           1            THE VIDEOGRAPHER:  We are now on
                           2   the record.  This begins Videotape No. 1 in the
                           3   videotape deposition of Rob Wallace in the matter
                           4   of Thrive Natural Care, Inc. versus Thrive
                           5   Causemetics, Inc., United States District Court
                           6   from the Central District of California.
```

```
         7              Today is August 27th, 2021.  The
         8    time is 12:33 p.m..  This deposition is being
         9    taken by Zoom conference at the request of Sidley
        10    Austin, LLC.  The videographer is Michael King.
        11    The court reporter is Robyn Pulzone of Magna Legal
        12    Services.
        13              Will counsel and all party present
        14    state their appearance and whom they represent.
        15    After which, the court reporter will swear in the
        16    witness.
        17              MR. RANSOM:  Rollin Ransom on
        18    behalf of the defendant, Thrive Causemetics, Inc.
        19    Also present is Dr. Itamar Simonson who is an
        20    expert designated by Thrive Causemetics.
        21              THE REPORTER:  I couldn't hear Mr.
        22    McArthur.
        23              MR. McARTHUR:  Stephen McArthur for
        24    plaintiff, Thrive Natural Care.
        25
⬆ 00005       ROUGH DRAFT
         1    R O B E R T   G R I F F I N   W A L L A C E, JR,
         2    669 Oradell Avenue, Oradell, New Jersey 07649,
         3    is sworn.
         4
         5    DIRECT EXAMINATION BY MR. RANSOM:
         6         Q.   Mr. Wallace, have you been deposed
         7    before?
         8         A.   I have.
         9         Q.   How many times?
        10         A.   Approximately 40 times.
        11         Q.   So it sounds like you probably have
        12    a pretty good understanding of the process.  I
        13    will, therefore, spare you the traditional
        14    admonitions.  All I would ask is that if you do
        15    not understand my question, you please advise me
        16    and I'll go my best to restate them.  Okay?
        17         A.   Yes.
        18         Q.   Are you currently employed?
        19         A.   Yes.
        20         Q.   Where are you employed?
        21         A.   I have two companies, Best of Breed
        22    Branding Consortium and Rob Wallace Expert.
        23         Q.   What is your position at Best of
        24    Breed?
        25         A.   I am the managing partner.
⬆ 00006       ROUGH DRAFT
         1         Q.   What is the business of Best of
         2    Breed?
         3         A.   We are a brand communications and
         4    identity consultancy.
```

```
 3    me if I'm switching these around, but in this case
 4    it would be TCI being perceived as being -- coming
 5    from TNC.
 6                  Reverse confusion, it's the
 7    opposite.  It's the senior level's product being
 8    associated with the defendant's product.  In this
 9    case, TNC's product being associated and assumed
10    to be the same as TCI's product.
11                  Now, it's late in the afternoon for
12    me.  It's 6:00 New York time.  I may have switched
13    those out.  Can you help me confirm that that's
14    accurate?
15         Q.   So when I talk about reverse
16    confusion, it's a scenario where consumers believe
17    that the senior user's product actually originates
18    from or is associated with the junior user.
19         A.   I believe that's what I tried to
20    state accurately.
21         Q.   Can you tell whether your survey or
22    the confusion that you believe is reflected in
23    your survey is forward confusion or reverse
24    confusion or are you unable to tell?
25         A.   My survey was determining that the
```

↑ 00184

```
      ROUGH DRAFT
 1    senior user's product is associated with the
 2    junior user's product.  So on my understanding,
 3    and again, this is not my level of expertise, but
 4    I believe that my survey, as well as a number of
 5    elements of actual confusion suggest that there's
 6    a reverse confusion in this case.
 7         Q.   Do you believe that your survey --
 8    and set aside the other evidence for a moment;
 9    just focusing on the survey.  Does it reflect
10    forward confusion at all?
11         A.   I think it reflects both.  I'm not
12    sure --  I know that there's an association being
13    these coming from the same organization.  I'm not
14    sure if they believe that organization to be the
15    senior user or the junior user's mark, whether
16    it's defendant's or the plaintiff's mark.  So I
17    believe that it incorporates both, but again, I've
18    seen evidence of actual confusion that
19    specifically states reverse confusion as well as
20    forward confusion.  I've outlined those in the
21    report.
22         Q.   We'll get to that in a minute.
23    Your point about your surveys is what I really was
24    trying to get to.  Your survey -- in your survey,
25    consumers indicate whether they think two products
```

↑ 00185   ROUGH DRAFT

De Lilly Reply Decl. Ex. H

```
 1    come from the same source essentially, correct, or
 2    are affiliated?
 3         A.    That's correct.
 4         Q.    But you can't tell from the survey
 5    which product they think is the senior user and
 6    which product they think is the junior user.
 7    Isn't that also correct?
 8         A.    Yes, that's correct to my
 9    knowledge.
10         Q.    Right. So just the survey, as far
11    as it goes, may tell you whether there's
12    confusion, but it won't tell you which direction.
13    Is that a fair statement?
14         A.    I believe so.
15         Q.    And you talked about other evidence
16    you have seen, and indeed, your report does refer
17    to --  does refer to what you characterize as
18    actual confusion.  So let's go to that for one
19    moment.  If you turn to Page 40 and look at
20    Paragraph 87.
21         A.    Yes.
22         Q.    And 88 and 89, and if you need to
23    take a moment and review those, please feel free.
24         A.    Yeah, if you don't mind. Thank you.
25         Q.    And if I may, my question for is
```

⬆ 00186        ROUGH DRAFT

```
 1    going to be are all of the instances that you
 2    describe here, to your understanding, evidence of
 3    reverse confusion?
 4         A.    Just to quickly confirm,
 5    Mr. Ransom, we're referring to Exhibit 109, right?
 6         Q.    Correct, Paragraphs 87 through 89.
 7         A.    Yes, I outline elements of forward
 8    and reverse confusion in these paragraphs.
 9         Q.    Can you point to me --  point me to
10    where you see evidence of forward confusion in
11    these paragraphs?
12         A.    Those consumers who believe that
13    the plaintiff's product is part of the defendant's
14    product.  So those first series of elements of
15    actual confusion earlier in the paragraph
16    indicating that the plaintiff's product has great
17    mascara, the mascara is phenomenal, assuming that
18    the plaintiff's product is the defendant's
19    product.
20         Q.    And as you note in the second to
21    last sentence of that paragraph, that is evidence
22    of reverse confusion, correct, that people believe
23    that the plaintiff's products originate from the
24    defendant's, that is that the plaintiff product
```