1 | Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
2 | Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
3 | Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
4 | SIDLEY AUSTIN LLP
555 West Fifth Street
5 | Los Angeles, CA 90013
Telephone: (213) 896-6000
6 | Facsimile: (213) 896-6600

7 | *Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., | Case No. 2:20-cv-9091-PA-AS |
| Plaintiff, | Hon. Percy Anderson |
| v. | **DEFENDANT THRIVE CAUSEMETICS, INC.'S MEMORANDUM IN SUPPORT OF EVIDENTIARY OBJECTIONS TO EVIDENCE CITED IN PLAINTIFF'S STATEMENT OF GENUINE DISPUTES** |
| THRIVE CAUSEMETICS, INC., | |
| Defendant. | |
| | Date: September 13, 2021
Time: 1:30 p.m.
Place: Courtroom 9A |

1  Pursuant to § II.A.5 of the Civil Trial Scheduling Order in this action (ECF No. 19) (the "CTS Order"), Defendant Thrive Causemetics, Inc. ("TCI") respectfully submits this memorandum in support of TCI's evidentiary objections to the evidence submitted by Plaintiff Thrive Natural Care, Inc. ("TNC" or "Plaintiff") in support of TNC's opposition to TCI's motion for summary judgment (ECF No. 54-1).  As required by the CTS Order, this memorandum tracks the paragraph numbers of the "additional material facts" listed in TNC's Statement of Genuine Disputes (Dkt. No. 54-2) ("Pl.'s Additional Material Fact(s)").

Pl.'s Additional Material Fact No. 24:

Objection to paragraphs 7 and 33 in the Declaration of Alex McIntosh on the ground that the best evidence of TNC's packaging is the packaging itself; Mr. McIntosh's (mis)characterization of that packaging violates the best evidence rule. *See* Fed. R. Evid. 1002.  Further objection to paragraph 33 in the Declaration of Alex McIntosh on the ground that he has not laid any foundation for his testimony regarding the "similarity" of the products of TNC and TCI (he does not claim to have used the latter), much less for his speculation as to what "consumers would believe" or what "consumers may be likely to believe," *see* Fed. R. Evid. 602, 901, and his declaration therefore reflects impermissible opinion testimony from a lay witness, including because it is not rationally based on Mr. McIntosh's own perception, *see* Fed. R. Evid. 701.

Pl.'s Additional Material Fact No. 25:

Objection to Exs. H and J to the Declaration of Alex McIntosh and Ex. A to the Declaration of Rob Wallace on the grounds that neither declarant has laid an adequate foundation for or established the authenticity of the exhibits.  *See* Fed. R. Evid. 602, 901.  For example, Google advises that its search results are influenced by and based on, among other things, the user's "past Search history."  *See* https://www.google.com/search/howsearchworks/ algorithms/ (last visited Aug. 15, 2021) ("we may also personalize your results using information about your recent

Search activity"). Mr. McIntosh and Mr. Wallace have failed to lay an adequate (indeed, *any*) foundation as to how they conducted the referenced searches, including whether their prior search history included searches targeting TCI or its founder, or whether such search history is representative of any/every member of the public. Indeed, when Defense counsel attempted to recreate a simple search for "thrive" or similar terms on the Amazon homepage, no TCI skincare products were included in the initial results; it was only through the application of multiple filters that Defense counsel was able to return a similar result as in Ex. J. Other foundational and authenticating information, such as date and time, is also lacking. *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).

Objection to paragraphs 39 and 40 in the Declaration of Alex McIntosh on the ground that the best evidence of any authenticated search results for which a proper foundation could be laid are the results themselves; Mr. McIntosh's characterizations of search results (even if the search results were otherwise admissible, which they are not) violates the best evidence rule. *See* Fed. R. Evid. 1002.

Objection to paragraph 39 in the Declaration of Alex McIntosh on foundation, authenticity, and best evidence grounds to the extent he relies on Ex. H and paragraphs 40 and 42 for the reasons set forth above, including, for paragraph 42, to the extent he relies on Ex. J. *See* Fed. R. Evid. 602, 901, 1002. Further objection to paragraph 41 in the Declaration of Alex McIntosh on foundation grounds in that he lacks foundation to speculate about what may happen "[i]f someone hears from a friend" about TNC, about what the "chances are" that a person may use a particular search engine or employ a particular search strategy, or about any search results that would be returned in his hypothetical scenario. *See* Fed. R. Evid. 602.

Objection to paragraph 8 in the Declaration of Rob Wallace on foundation, authenticity, and best evidence grounds to the extent he relies on Ex. A for the reasons set forth above (including the "Examples" from Ex. A depicted in paragraph 8). *See* Fed. R. Evid. 602, 901, 1002. Further objection to paragraph 8 – 10 in the Declaration of Rob Wallace on foundation grounds in that he lacks foundation to testify as to what is "almost certain" a consumer conducting a hypothetical search is "likely" to see. *See* Fed. R. Evid. 602.

Pl.'s Additional Material Fact No. 27:

Objection to paragraph 10 in the Declaration of Alex McIntosh on the ground that he has not laid any foundation – no study, no source data, no reporting mechanism, no basis whatsoever – for his statement that women form a sizable part or majority of TNC's customer base, for the percentage of purchasers on Amazon who are women, for the assertion that female employees were the "earliest adopters" of TNC's products, or for the ratio of purchases by gender at brick-and-mortar stores such as Whole Foods. *See* Fed. R. Evid. 602, 901. Moreover, to the extent Mr. McIntosh's statement is based on information that provided to him by others, it is inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Pl.'s Additional Material Fact No. 28:

Objection to paragraph 11 in the Declaration of Alex McIntosh on the ground that he has not laid an adequate foundation for his testimony regarding the amount of money TNC spent on advertising between 2018 and 2020. *See* Fed. R. Evid. 602. Mr. McIntosh does not provide any source data, reporting mechanism, or even annual breakdown, to show how he came to calculate the figure cited.

Objection to paragraphs 12 and 13 in the Declaration of Alex McIntosh on the ground that the best evidence of third-party "coverage" relating to TNC are the videos, "features," and articles themselves; Mr. McIntosh's characterization of those materials violates the best evidence rule. *See* Fed. R. Evid. 1002. Further objection to paragraph 12 and 14 in the Declaration of Alex McIntosh on the ground that he has

not laid any foundation for his claim as to the number of Amazon employees or customers with whom Amazon shared a marketing video, or as to the number of "media impressions" generated by TNC. *See* Fed. R. Evid. 602, 901. Moreover, to the extent Mr. McIntosh's statement is based on information that was provided to him by others, it is inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Pl.'s Additional Material Fact No. 29:

Objection to paragraph 6 in the Declaration of Alex McIntosh on the ground that he has not laid an adequate foundation for his testimony regarding TNC's "increased growth, revenue, and social and environmental impact." *See* Fed. R. Evid. 602. Mr. McIntosh does not provide any source data such as revenue charts and/or impact reports. Further objection to paragraph 6 in the Declaration of Alex McIntosh on the ground that the best evidence of TNC's Public Benefit charter is the charter itself; Mr. McIntosh's characterization of those materials violates the best evidence rule. *See* Fed. R. Evid. 1002. And, to the extent Mr. McIntosh's statement is based on information that was provided to him by others, it is inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

Pl.'s Additional Material Fact No. 30:

Objection to paragraph 11 in the Declaration of Alex McIntosh on the ground that he has not laid an adequate foundation for his testimony the amount of money TNC spent on advertising between 2018 and 2020. *See* Fed. R. Evid. 602. Mr. McIntosh does not provide any source data, reporting mechanism, or even annual breakdown, to show how he came to calculate the figure cited.

Pl.'s Additional Material Fact No. 34:

Objection to paragraph 20 in the Declaration of Alex McIntosh on the ground that he lacks foundation to testify as to resolution of TNC's alleged challenges to third parties with respect to use of "THRIVE," as he testified in his deposition that he was generally unaware of the terms of resulting settlement agreements because "[TNC's]

counsel has handled both the communications as well as the negotiations" Declaration of Lauren M. De Lilly in support of Def.'s Opp. to Pl.'s Mot. for Summ. J., Ex. 1 (ECF No. 63-1) at 58:11-23, and Mr. McIntosh has in no event laid a foundation as to whether any of those third parties have discontinued sales of any products or use of any particular trademarks. *See* Fed. R. Evid. 602. Moreover, the settlement agreements are in all events the best evidence of their contents. *See* Fed. R. Evid. 1002.

Objection to paragraph 21 in the Declaration of Alex McIntosh on the ground that he lacks foundation to testify as to the results of a search of United States Patent and Trademark Office ("PTO") records, including because Mr. McIntosh does not state that *he* conducted the search or when the search was conducted, or that he is qualified to search or analyze PTO records. *See* Fed. R. Evid. 602.

Pl.'s Additional Material Fact No. 35:

Objection to Ex. F to the Declaration of Alex McIntosh on the ground that Mr. McIntosh has not laid an adequate foundation for or established the authenticity of the exhibit. *See* Fed. R. Evid. 602, 901. Indeed, Mr. McIntosh does not even state that *he* accessed and printed the relevant webpages and, in fact, the exhibit reflects a user named "Thomas" with delivery set to "Flagstaff 86001." Counsel for Defendant understands that Plaintiff's counsel, Thomas Dietrich, is currently located in Flagstaff, Arizona. Mr. McIntosh's declaration does not explain that TNC's counsel captured the relevant webpages or the basis of Mr. McIntosh's knowledge as to how his counsel captured the relevant webpages. Moreover, when counsel for Defendant attempted to recreate a simple search for "thrive" or similar terms on the Amazon homepage, no TCI skincare products were included in the initial results. *See* Declaration of Lauren M. De Lilly in support of Def.'s reply in support of its Mot. Summ. J. (De Lilly Reply Decl.), Exs. A-C (Amazon.com search results for "thrive," "thrive skincare," and "thrive lotion" in "All Departments" reflecting no TCI skincare products in the results). Mr. McIntosh does not explain in his declaration which filters

1. he applied to arrive at the search results reflected in Ex. F.  Other foundational and authenticating information, such as date and time on which the pages were accessed (and in the case of the first page, at MCINTOSH 26, any web address), is also lacking.  *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).  In any event, it is clear that Mr. McIntosh did not conduct these searches, and his declaration lays no foundation as to how these searches were performed.

Objection to paragraph 37 in the Declaration of Alex McIntosh on foundation and authenticity grounds to the extent he relies on Ex. F for the reasons set forth above.  *See* Fed. R. Evid. 602, 901.  Further objection to paragraph 37 in the Declaration of Alex McIntosh on the ground that the best evidence of a webpage for which a proper foundation could be laid is the webpage itself; Mr. McIntosh's testimony as to the contents of the webpages (even if the webpages were otherwise admissible, which they are not) violates the best evidence rule.  *See* Fed. R. Evid. 1002.

Pl.'s Additional Material Fact No. 39:

Objection to paragraph 31 in the Declaration of Alex McIntosh on the ground that he has not laid any foundation for his testimony regarding the products of TCI (among other things, he does not claim to have ever purchased or used – or even seen – any of them).  *See* Fed. R. Evid. 602, 901.  Further objection to paragraphs 31 and 32 as his testimony that the products are "Infringing Skincare Products" reflects impermissible opinion testimony from a lay witness, including because it is not rationally based on Mr. McIntosh's own perception.  *See* Fed. R. Evid. 701.

Pl.'s Additional Material Fact No. 42:

Objection to paragraph 8 in the Declaration of Alex McIntosh on the basis that the best evidence of TNC's marketing and advertising is the marketing and advertising

itself; Mr. McIntosh's characterization of TNC's marketing and advertising violates the best evidence rule. *See* Fed. R. Evid. 1002.

Pl.'s Additional Material Fact No. 43:

Objection to the cited portions of Ex. B to the Declaration of Stephen McArthur on the grounds that an adequate foundation has not been laid for the deponent's testimony regarding TCI's advertising or the mechanics underlying Google advertising keywords or search results, including what mechanism causes certain advertisements or search results to appear together. *See* Fed. R. Evid. 602. Accordingly, there is no foundation for the cited deposition testimony in Ex. B to support that TCI's adwords "caus[e] ads for TCI's skincare products to appear together with [TNC]'s skincare products in online search results."

Pl.'s Additional Material Fact No. 44:

Objection to Exs. H and I to the Declaration of Alex McIntosh and Ex. A to the Declaration of Rob Wallace on the grounds that neither declarant has laid an adequate foundation for or established the authenticity of the exhibits. *See* Fed. R. Evid. 602, 901. For example, Google advises that its search results are influenced based on, among other things, the user's "past Search history." *See* https://www.google.com/search/howsearchworks/ algorithms/ (last visited Aug. 15, 2021) ("we may also personalize your results using information about your recent Search activity"). Mr. McIntosh and Mr. Wallace have failed to lay an adequate (indeed, *any*) foundation as they conducted the referenced searches, including whether their prior search history included searches targeting Thrive Causemetics, Inc. or its founder, or whether such search history is representative of any/every member of the public. Other foundational and authenticating information, such as date and time, is also lacking. *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation and authenticity grounds when proponent failed to provide information regarding circumstances of printing, including dates).

1    Objection to paragraphs 39 and 40 in the Declaration of Alex McIntosh and
2 paragraphs 8 – 10 in the Declaration of Rob Wallace on foundation, authenticity, and
3 best evidence grounds to the extent they rely on Exs. H and I (in the case of Mr.
4 McIntosh) and Ex. A (in the case of Mr. Wallace, including the "Examples" from Ex.
5 A depicted in paragraph 8) for the reasons set forth above.  *See* Fed. R. Evid. 602,
6 901.  Further objection to the same paragraphs on the ground that the best evidence of
7 any authenticated search results for which a proper foundation could be laid are the
8 results themselves; Mr. McIntosh's and Mr. Wallace's respective characterizations of
9 search results (even if the search results were otherwise admissible, which they are
10 not) violates the best evidence rule.  *See* Fed. R. Evid. 1002.
11    Objection to paragraph 41 in the Declaration of Alex McIntosh and to
12 paragraphs 9, 10, and 13 in the Declaration of Rob Wallace on the grounds that they
13 have failed to lay any foundation as to why "most consumers are likely to seek out"
14 (Wallace paragraph 13) Plaintiff's products with the specified terms, or why it is
15 "almost certain" (Wallace paragraph 9) that there is an "extremely high likelihood"
16 (McIntosh paragraph 41, Wallace paragraph 10) that consumers conducting a
17 hypothetical search would be presented with images of both parties' products together.
18 *See* Fed. R. Evid. 602.
19    Objection to Paragraph 10 in the Declaration of Rob Wallace to the extent it
20 purports to offer an opinion that "it is highly likely that a consumer would be
21 confused" by the search results he depicts; Mr. Wallace's survey did not purport to
22 test consumer confusion based on search engine results (it was instead based on point-
23 of-sale stimuli at the parties' respective websites, *see* Wallace Decl. Ex. B), and
24 therefore lacks *any* foundation.  *See* Fed. R. Evid. 602, 702; *Daubert v. Merrell Dow*
25 *Pharms.*, 509 U.S. 579, 593-94 (1993).  Notably, several courts have excluded Mr.
26 Wallace from offering opinions on the ground that he has failed to meet the minimum
27 standards required of an expert under *Daubert*.  *See, e.g.*, *Pinnacle Advertising & Mkt.*
28 *Grp., Inc. v. Pinnacle Advertising & Mkt. Grp. Inc.,* 2019 WL 7376782, at * 7 (S.D.

1  Fla. Sept. 26, 2019) (excluding Wallace testimony: "I conclude that Wallace's survey
2  is so unreliable that it must be excluded.  It also appears that the majority of remaining
3  opinions are unsupported and conclusory, without any apparent foundation."); *Akiro*
4  *LLC v. House of Cheatham, Inc.*, 946 F. Supp. 2d 324, 332 (S.D.N.Y. 2013)
5  (excluding Wallace report on the ground that it "simply dresses up [his client's] view
6  of the underlying factual evidence in expert garb"); *Patsy's Italian Restaurant, Inc. v.*
7  *Banas*, 531 F. Supp. 2d 483, 486 (E.D.N.Y. 2008) (excluding Wallace opinion that
8  was "based on his own personal knowledge and expertise" rather than consumer
9  survey as "unreliable on the issue of likelihood of confusion").

10  <u>Pl.'s Additional Material Fact No. 45</u>:

11  Objection to Ex. J to the Declaration of Alex McIntosh (and to paragraph 42 in
12  that declaration, which relies exclusively on Ex. J) on the ground that Mr. McIntosh
13  has not laid an adequate foundation for or established the authenticity of the exhibit.
14  *See* Fed. R. Evid. 602, 901.  For example, Amazon advises that its search results are
15  influenced by and based on, among other things, the user's "personal information,"
16  which includes all past search history.  *See* https://www.amazon.com/gp/help/
17  customer/display.html?nodeId=GX7NJQ4ZB8MHFRNJ (last visited Aug. 28, 2021)
18  ("We use your personal information to recommend features, products, and services
19  that might be of interest to you, identify your preferences, and personalize your
20  experience with Amazon Services.").  Mr. McIntosh has failed to lay an adequate
21  (indeed, *any*) foundation as to the referenced searches, including whether the prior
22  search history on the device that was used included searches targeting TCI or its
23  founder, or whether such search history is representative of any/every member of the
24  public.  Mr. McIntosh does not explain how a consumer would get to that search or
25  the steps he took when he ran the search to get those results.  Indeed, Mr. McIntosh
26  does not even state that *he* conducted the searches.  When Defense counsel attempted
27  to recreate a simple search for "thrive" or similar terms on the Amazon homepage, no
28  TCI skincare products were included in the initial results; it was only through the

1 application of multiple filters that Defense counsel was able to return a similar result
2 as in Ex. J.  Other foundational and authenticating information, such as date and time,
3 is also lacking.  *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL
4 4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation
5 and authenticity grounds when proponent failed to provide information regarding
6 circumstances of printing, including dates).

   Pl.'s Additional Material Fact No. 47:

   Objection to Exs. F and G to the Declaration of Alex McIntosh on the grounds
that Mr. McIntosh has not laid an adequate foundation for or established the
authenticity of the exhibits.  *See* Fed. R. Evid. 602, 901.  Indeed, Mr. McIntosh does
not even state that *he* accessed and printed the relevant webpages.  Ex. F reflects a
user named "Thomas" with delivery set to "Flagstaff 86001." Counsel for Defendant
understands that Plaintiff's counsel, Thomas Dietrich, is currently located in Flagstaff,
Arizona.  Mr. McIntosh's declaration does not explain that TNC's counsel captured
the relevant webpages or the basis of Mr. McIntosh's knowledge as to how his
counsel captured the relevant webpages.  Moreover, when counsel for Defendant
attempted to recreate a simple search for "thrive" or similar terms on the Amazon
homepage, no TCI skincare products were included in the initial results.  *See*
Declaration of Lauren M. De Lilly in support of Def.'s reply in support of its Mot.
Summ. J. (De Lilly Reply Decl.), Exs. A-C (Amazon.com search results for "thrive,"
"thrive skincare," and "thrive lotion" in "All Departments" reflecting no TCI skincare
products in the results).  Mr. McIntosh does not explain in his declaration which filters
he applied to arrive at the search results reflected in Exs. F and G.  Other foundational
and authenticating information, such as date and time on which the pages were
accessed (and in the case of the first page, at MCINTOSH 26, any web address), is
also lacking.  *See, e.g.*, *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL
4381618, at *4 (C.D. Cal. Sept. 25, 2008) (excluding internet printouts on foundation
and authenticity grounds when proponent failed to provide information regarding

DEFENDANT THRIVE CAUSEMETICS, INC.'S MEMORANDUM IN SUPPORT OF EVIDENTIARY
OBJECTIONS TO EVIDENCE CITED IN PLAINTIFF'S STATEMENT OF GENUINE DISPUTES

circumstances of printing, including dates).  In any event, it is clear that Mr. McIntosh did not conduct these searches, at least as to Ex. F, and his declaration lays no foundation as to how these searches were performed.

Objection to paragraphs 37 and 38 in the Declaration of Alex McIntosh on foundation and authenticity grounds to the extent he relies on Exs. F and G for the reasons set forth above.  *See* Fed. R. Evid. 602, 901.  Further objection to paragraphs 37 and 38 in the Declaration of Alex McIntosh on the ground that the best evidence of a webpage for which a proper foundation could be laid is the webpage itself; Mr. McIntosh's testimony as to the contents of the webpages (even if the webpages were otherwise admissible, which they are not) violates the best evidence rule.  *See* Fed. R. Evid. 1002.

Pl.'s Additional Material Fact No. 48:

Objection to paragraph 15 in the Declaration of Rob Wallace and Ex. B to the Declaration of Rob Wallace on the ground that the survey described in that paragraph and exhibit fails to meet the foundational requirements for a proper consumer survey.  *See* Fed. R. Evid. 602; *see also* J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 32:181 (5th ed.) (identifying foundational requirements for survey evidence).  As set forth more fully in the Declaration of Itamar Simonson filed in support of Def.'s Opp. to Pl.'s Mot. for Summ. J. ("Simonson Opp. Decl.") (ECF No. 65), critical flaws in the survey design and questions asked by Mr. Wallace demonstrate that the survey was not conducted in accordance with accepted principles of survey research, and thus lacks foundation.  *See* Simonson Opp. Decl. ¶¶ 10-21, Ex. A.

Pl.'s Additional Material Fact No. 50:

Objection to Ex. F to the Declaration of Stephen McArthur, to the extent it is offered for the truth of the statements or conclusions made therein by the Examining Attorney at the PTO, on the grounds that the exhibit constitutes inadmissible hearsay and no exception is applicable.  *See* Fed. R. Evid. 802.

<u>Pl.'s Additional Material Fact No. 53</u>:

Objection to Ex. G to the Declaration of Stephen McArthur, to the extent it is offered for the truth of the statements or conclusions made therein by the Examining Attorney at the PTO, on the grounds that the exhibit constitutes inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

<u>Pl.'s Additional Material Fact No. 54</u>:

Objection to Exs. H and I to the Declaration of Stephen McArthur, to the extent it is offered for the truth of the statements or conclusions made therein by the Examining Attorney at the PTO, on the grounds that the exhibit constitutes inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

<u>Pl.'s Additional Material Fact No. 55</u>:

Objection to Ex. J. to the Declaration of Stephen McArthur, to the extent it is offered for the truth of the statements or conclusions made therein by the Examining Attorney at the PTO, on the grounds that the exhibit constitutes inadmissible hearsay and no exception is applicable. *See* Fed. R. Evid. 802.

<u>Pl.'s Additional Material Fact No. 57</u>:

Objection to paragraph 5 in the Declaration of David Drews and Exs. A and B to the Declaration of David Drews on the grounds that he lacks foundation for his calculation of "[r]easonable royalty damages," Fed. R. Evid. 602, 702; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-94 (1993), given the absence of a prior licensing history between the parties or with third parties, or any other legitimate basis on which to calculate a royalty. *See* Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J. (ECF No. 37-1). Indeed, another court has excluded as "impermissibly speculative" Mr. Drews' prior effort to offer such an opinion on facts comparable to those presented here. *See Marketquest Grp., Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1300-01, n.34 (S.D. Cal. 2018).

Pl.'s Additional Material Fact No. 58:

Objection to paragraph 6 in the Declaration of David Drews and Ex. A to the Declaration of David Drews on the grounds that he lacks foundation for his calculation of "[c]orrective advertising damages," which he states is based solely on taking 25% of TCI's advertising expenditures. *See* Fed. R. Evid. 602, 702; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 593-94 (1993). An adequate foundation for corrective advertising damages requires, at a minimum, evidence of amounts spent by TNC on putative corrective advertising (there is none) and/or evidence respecting the value and alleged devaluation of TNC's mark (there is none). *See* Def.'s Mem. in Supp. of Def.'s Mot. for Summ. J. (ECF No. 37-1) at 11:15-14:3; De Lilly Reply Decl., Ex. G at 148:22-25, 151:14-152:21 (reflecting that Plaintiff's damages expert did not perform calculations to determine the actual cost of an advertising campaign to correct any alleged misimpressions caused by TCI in this case).

Pl.'s Additional Material Fact No. 59:

Objection to paragraph 47 in the Declaration of Alex McIntosh on the grounds that Mr. McIntosh has not laid an adequate foundation for his testimony regarding TCI's advertising strategy. *See* Fed. R. Evid. 602. Mr. McIntosh's statements in paragraph 47 are phrased as hypotheticals and are thus entirely speculative. This demonstrates that he has no actual knowledge of this hypothetical outcome and thus his statements lack foundation.

Pl.'s Additional Material Fact No. 60:

Objection to paragraph 46 in the Declaration of Alex McIntosh on the grounds that he has not laid an adequate foundation for his testimony regarding TCI's advertising budget. *See* Fed. R. Evid. 602. Mr. McIntosh has not explained any basis for his knowledge of TCI's advertising budget, nor for his testimony that TCI is "out-spending [TNC] 1,000 to 1" with regard to its advertising. Further, Mr. McIntosh does not adequately lay a foundation as to what corrective advertising would entail and why it would be "difficult" to conduct any such campaign at this time.

Objection to paragraph 47 in the Declaration of Alex McIntosh on the grounds that Mr. McIntosh has not laid an adequate foundation for his testimony regarding TCI's advertising strategy. *See* Fed. R. Evid. 602. Mr. McIntosh's statements in paragraph 47 are phrased as hypotheticals and are thus entirely speculative. This demonstrates that he has no actual knowledge of this hypothetical outcome and thus his statements lack foundation.

Further objection to paragraphs 46 and 48 in the Declaration of Alex McIntosh on the grounds that he is offering opinion testimony by a lay witness as to the alleged "effectiveness" of corrective advertising in this case. *See* Fed. R. Evid. 701.

DATED: August 30, 2021  SIDLEY AUSTIN LLP

By: */s/ Rollin A. Ransom*
Rollin A. Ransom

*Attorneys for Defendant Thrive Causemetics, Inc.*