Rollin Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THRIVE NATURAL CARE, INC. | Case No. 2:20-cv-9091-PA-AS |
|---|---|
| Plaintiff, | **DECLARATION OF KARL J. SCHULZE IN SUPPORT OF DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| THRIVE CAUSEMETICS, INC., | |
| Defendant. | |

# DECLARATION OF KARL J. SCHULZE

I, Karl J. Schulze, declare and state as follows:

1. I have been retained as an expert by counsel for Thrive Causemetics, Inc. ("TCI"), the Defendant in the above-captioned action. I make this declaration in support of TCI's Motion for Summary Judgment (ECF No. 36), and in reply to Plaintiff Thrive Natural Care, Inc.'s ("Plaintiff") Opposition to Defendant's Motion for Summary Judgment (ECF No. 54-1) ("Opposition"). I have personal knowledge of the facts stated in this declaration, and I would and could testify as to them if called as a witness in this action.

2. I am a Certified Public Accountant (CPA), holding active licensee status in both California and Florida, a Certified Fraud Examiner (CFE), Certified Valuation Analyst (CVA) and hold the Certified in Financial Forensics credential (CFF) from the American Institute of CPAs. I have over 45 years of financial, executive management, entrepreneurial and advisory experience across a broad base of industries, including serving as a financial executive for both public and privately owned companies. I am experienced and certified in corporate governance and directorship. I hold a Certificate in Corporate Governance from Tulane University School of Law, as well as a Certificate in Corporate Directorship from UCLA. I am certified in corporate directorship by Institutional Shareholder Services (ISS). I have consulted and testified on many matters in complex business disputes, economic damages and lost profits claims, and intellectual property infringement, among others, and have served as an expert on matters related to a variety of businesses and industries. I have been designated as an expert in over 600 matters, and have testified over 200 times at trials, depositions and arbitration proceedings. I have qualified in numerous Courts. A true and correct copy of my curriculum vitae is included as Exhibit 1 to the Rebuttal Report of Karl J. Schulze, which was previously filed in this action as Exhibit A to ECF No. 60-4.

3. I was asked by counsel for TCI to provide an opinion regarding damages claimed in this matter by Plaintiff, as quantified and opined on by David Drews in his report dated July 5, 2021 ("Drews Report"). In particular, I was asked to consider whether the damage calculations and opinions regarding same offered by Mr. Drews: (a) utilize appropriate methodologies and assumptions; (b) are adequately supported by the facts and circumstances, as well as materials relied on by Mr. Drews in performing his analysis; and (c) arrive at monetary damage conclusions that are reasonable and supportable in light of available data, historical information, and other facts and circumstances relative to the parties and their businesses.

4. I understand that the Drews Report has been submitted in support of Plaintiff's Opposition as an exhibit to Mr. Drews' declaration (ECF No. 54-3). I also reviewed Mr. Drews' declaration, which updates the calculations set forth in the Drews Report.

5. I reviewed the Drews Report and set forth the results of my evaluation as well as my own analysis in a rebuttal report. My opinions were based on my analysis and review as described herein, calculations and preparation of analyses as needed, independent research as deemed appropriate, as well as my over 45 years' experience as a Certified Public Accountant, financial forensics expert, business and financial executive, entrepreneur, consultant and analyst. As previously mentioned, a true and correct copy of the rebuttal report that I prepared on behalf of TCI was previously filed in this action as Exhibit A to ECF No. 60-4.

6. The Drews Report purports to analyze various legal documents related to the above-captioned action, relevant websites, deposition transcripts, financial information for the parties, and, generally, the skincare industry and licensing and other royalty-based agreements related to similar products in order to provide an opinion as to the measure and amount of damages in this action, in the form of disgorgement of TCI's profits, a reasonable royalty, and corrective advertising. Mr.

Drews' declaration follows the same methodology as the Drews Report.

7. To my knowledge and based on the analysis and opinions expressed in the Drews Report, Plaintiff has not asserted, nor has it demonstrated in any way, that it has experienced actual direct losses as a result of any alleged acts by TCI.

8. I understand that a reasonable royalty calculation, done in the absence of any direct, measurable losses by the plaintiff, would represent an alternative, rather than additive, measure of damages. I also understand that courts in trademark cases may not permit an award of a reasonable royalty in the absence of a prior history of licensing by the plaintiff or defendant, or other legitimate basis on which to calculate a royalty.

9. Based upon my review of the materials provided to me, I do not see any evidence of a prior history of licensing by either Plaintiff or TCI or any evidence of meaningful negotiations of such a licensing arrangement between the parties sufficient to support a legitimate basis on which to calculate a royalty. I also note that Mr. Drews, in his declaration and report, agrees that the parties do not have a prior licensing history and that neither Plaintiff nor TCI has ever licensed their respective marks to third parties. Although I understand that the parties had a single, preliminary conversation in June of 2019 during which Mr. Alex McIntosh, co-founder and CEO of Plaintiff, made a vague reference to licensing or a royalty, I understand that the parties did not negotiate any specific licensing terms. Indeed, based on my review of the Drews Report and the materials upon which Mr. Drews relies, during the parties' 2019 conversation, Mr. McIntosh did not propose a royalty amount and did not even have a suggestion as to what such an amount should be – except to state what it would *not* be (*i.e.*, that it would not be a particular amount that he specified) – and the parties had no further communication. For these reasons, I do not see a legitimate basis on which to calculate a royalty.

10. In the event the court concludes that a reasonable royalty is available, I

nonetheless believe that Mr. Drews' analysis is fatally flawed.  Mr. Drews asserts that a reasonable royalty in this case could be evaluated based on the factors listed in *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970), *modified sub nom. Georgia-Pac. Corp. v. U.S. Plywood-Champion Papers, Inc.*, 446 F.2d 295 (2d Cir. 1971).  It is important to note that these factors were intended for application in patent licensing situations (for which I understand a reasonable royalty is a statutorily-authorized measure of damages), and their applicability to trademark cases is less certain.  My understanding is that a *Georgia-Pacific* analysis is neither suitable nor useful where there is no prior licensing history by either party, which, for the reasons explained above, is the case here.  Even if a *Georgia-Pacific* analysis was applicable in the trademark context, as discussed in detail in my rebuttal report, a number of the *Georgia-Pacific* factors work against this measure of damages as being appropriate, and as to Mr. Drews' conclusion as to an applicable rate.  *See* ECF No. 60-4, Ex. A at 17-21.

      11.    For these reasons and those set forth in my rebuttal report, there is no basis under the law as I understand it or the facts in this case to support a reasonable royalty.

      I declare under penalty of perjury under the laws of the United States that the above facts are true and correct.

      Executed this 30th day of August, 2021, at Los Angeles, California.

_____
Karl J. Schulze

-5-
DECLARATION OF KARL J. SCHULZE IN SUPPORT OF DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT