Rollin Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC.<br><br>Plaintiff,<br><br>v.<br><br>THRIVE CAUSEMETICS, INC.,<br><br>Defendant. | Case No. 2:20-cv-9091-PA-AS<br><br>**DECLARATION OF ITAMAR SIMONSON IN SUPPORT OF DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |

# DECLARATION OF ITAMAR SIMONSON

I, Itamar Simonson, declare and state as follows:

1. I have been retained as an expert by counsel for Thrive Causemetics, Inc. ("TCI"), the Defendant in the above-captioned action. I make this declaration in support of TCI's Motion for Summary Judgment (ECF No. 36) ("Motion"), and in reply to Plaintiff Thrive Natural Care, Inc.'s ("Plaintiff") Opposition to Defendant's Motion for Summary Judgment (ECF No. 54-1) ("Opposition"). I have personal knowledge of the facts stated in this declaration, and I would and could testify as to them if called as a witness in this action.

2. I hold a Ph.D. in Marketing from the Duke University Fuqua School of Business, a Master's degree in Business Administration (MBA) from the UCLA Graduate School of Management, and a Bachelor's degree with majors in Economics and Political Science from The Hebrew University. I have served as the Sebastian S. Kresge Professor of Marketing at the Graduate School of Business, Stanford University, from 1993 through 2020. Since the beginning of 2021, I am the Sebastian S. Kresge Emeritus Professor of Marketing. I have conducted, supervised, or evaluated well over 2,000 marketing research studies dealing with various aspects of consumer behavior, covering topics such as branding, pricing, product configurations, marketing strategies, and advertising-related issues. I have also served as an expert in well over 200 prior litigations involving various marketing and buyer behavior issues (including consumer surveys), technology marketing, the impact of product features, class actions, trademark-related matters, false advertising, branding, survey methods, and other issues. A true and correct copy of my curriculum vitae is included as Exhibit A to the Rebuttal Report of Dr. Itamar Simonson, which was previously filed in this action as Exhibit A to ECF No. 65 (excluding certain documents produced in native format).

3. I was asked by counsel for TCI to (a) evaluate the report, including the

survey, prepared by Mr. Rob Wallace ("Wallace Report") on behalf of Plaintiff (which I understand has been submitted in support of Plaintiff's Opposition as an exhibit to Mr. Wallace's declaration (ECF No. 58)), and (b) conduct a likelihood of confusion survey that follows basic likelihood of confusion survey principles.

4. I reviewed the Wallace Report and survey, and set forth the results of my evaluation as well as an explanation of the survey I conducted, its results, and my conclusions in a rebuttal report. As mentioned, a true and correct copy of the rebuttal report that I prepared on behalf of TCI in this case was previously filed in this action as Exhibit A to ECF No. 65 (excluding certain documents produced in native format).

5. The Wallace Report and survey purport to examine whether consumers who shop online for skin care products would be confused between "Thrive" branded skin care products manufactured by Plaintiff (in both its original and its new package design) and "Thrive Causemetics" branded skin care products manufactured by TCI.

6. I understand that in its First Amended Complaint, Plaintiff alleges that "TCI's multi-million dollar per year growth has enabled it to flood the market with advertising for its own skincare products such that consumers have now come to believe that Plaintiff is related to or affiliated with defendant TCI and that Thrive's goods originate from TCI." ECF No. 28 ¶ 4; *see also id.* ¶ 75. In my experience, such allegations are consistent with a reverse confusion theory of trademark infringement, because they reflect circumstances in which a junior user (in this case, TCI) allegedly saturated the market with its trademark and overwhelmed the senior user (in this case, Plaintiff).

7. The Wallace survey employed a *Squirt* methodology from *SquirtCo v. Seven-Up Co.*, 628 F.2d 1086 (8th Cir. 1980). However, notwithstanding Plaintiff's allegations of TCI "flood[ing]" the market such that consumers believe that Plaintiff's "goods originate from TCI," the Wallace Report does not specify whether Mr. Wallace believes that his survey was designed to test (or capable of testing) likelihood

of *forward* or *reverse* confusion. In fact, although the *Squirt* methodology can be used to assess likelihood of confusion in an appropriate case (although I do not believe it is appropriate here, for reasons I explain in detail in my report), as used by Mr. Wallace, it completely ignored the *direction* of confusion (*i.e.*, whether such confusion is forward or reverse).

8. Mr. Wallace's declaration submitted in opposition to TCI's Motion purports to offer opinions concerning the likelihood that consumers utilizing search engines like Google or Bing or running searches on Amazon.com will be confused by search results that include both TCI's and Plaintiff's respective products, ostensibly caused by TCI's keyword bidding strategy that Plaintiff contends causes the parties' respective products to appear in the same search results. From my review of the Wallace Report and survey, Mr. Wallace's survey was not designed to test, and did not test, likelihood of confusion stemming from either keyword bidding or search engine results. He did not use either search engine results or "online marketplace" (*e.g.*, Amazon.com) imagery in his survey, instead showing point-of-sale images from the parties' respective websites (neither of which features the products of the other party).

I declare under penalty of perjury under the laws of the United States that the above facts are true and correct.

Executed this 28 day of August, 2021, in Seattle, Washington.

*I. Simonson*
Itamar Simonson

-4-
DECLARATION OF ITAMAR SIMONSON IN SUPPORT OF DEFENDANT THRIVE CAUSEMETICS, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT