UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9091 PA (ASx) | Date | September 16, 2021 |
|---|---|---|---|
| Title | Thrive Natural Care, Inc. v. Thrive Causemetics, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**  IN CHAMBERS – COURT ORDER

    The Court has before it Defendant Thrive Causemetics, Inc. Application for Leave to File Under Seal certain documents filed in support of Defendant's Motion for Summary Judgment ("Motion") (Docket No. 37.)  The documents to be sealed consist of documents and information produced and designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Defendant or by Plaintiff Thrive Natural Care, Inc. pursuant to the Amended Protective Order Concerning Confidential Information.  Specifically, Defendant seeks to seal by redaction: certain information appearing on pages 1, 3, and 10 of the Memorandum of Points and Authorities in support of its Motion; (2) certain information appearing on pages 2 and 3 of Defendant's Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion; (3) certain information appearing in paragraph 2 of the Declaration of Ned A. Menninger; (4) certain information appearing on page 2 of the Proposed Order granting the Motion; (5) Exhibit B to the Declaration of Lauren M. De Lilly; (6) Exhibit G to the Declaration of Lauren M. De Lilly; and (7) Exhibit I to the Declaration of Lauren M. De Lilly.

    Defendant has also filed an Application For Leave to File Under Seal Documents in support of Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment.  (Docket No. 60.).  The documents sought to be sealed are pages from the Opposition Memorandum, Statement of Genuine Disputes of Material Fact and Additional Material Facts, the Declaration of Ned A. Menninger, the Declaration of Karl Schulze, Exhibit A to the Schulze Declaration, and Exhibits 4, 5, 9, 17, 18, 19, and 44 to the Lauren M. De Lilly Declaration.

    Defendant asserts that the parties agreed to file under seal any documents that have been designated by the parties as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. With respect to the documents and information designated by Defendant as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, Defendant seeks to seal by redaction: (1) certain information appearing on pages 1, 2, 10, 22, and 25 of the Opposition Memorandum; (2) certain information appearing on pages 6, 16, 21, 32, 33, 35, 38, 41, and 42 of the SGD; (3) certain information appearing in paragraph 2 of the Menninger MSJ Opp. Declaration; (4) certain information appearing in paragraphs 8, 10, and 15 of the Schulze Declaration; and (5) certain information appearing in Exhibit A to the Schulze Declaration.  Defendant takes no position whether the documents designated by Plaintiff as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, specifically whether Exhibits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9091 PA (ASx) | Date | September 16, 2021 |
|---|---|---|---|
| Title | Thrive Natural Care, Inc. v. Thrive Causemetics, Inc. | | |

4, 5, 9, 17, 18, 19, and 44 satisfy the standard for sealing in whole or in part in connection with a dispositive motion.

      Finally, Defendant has filed an Application for Leave to File Under Seal Documents in Support of its Reply in Support of its Motion for Summary Judgment. (Docket No. 79.) Defendant seeks to have sealed its Reply to Plaintiff's Statement of Additional Facts in support of Defendant's Motion for Summary Judgment, Exhibit E to the Declaration of Lauren M. De Lilly, and Exhibit G to the Declaration of Lauren M. De Lilly. Specifically, Defendant seeks to seal by redaction information appearing at pages 19, 20, 28, 29 and 30 of the Reply Statement and page 79 of Exhibit G.

      Defendant contends that these pages contain Defendant's non-public and detailed financial information, including Defendant's annual revenue and advertising expenditures for its skincare products, in dollar amounts and percentages and figures calculated by Plaintiff's expert which its claims could be used by Defendant's competitors for improper purposes and provide these competitors with unfair insight into Defendant's business operations. Defendant again takes no position whether the documents designated by Plaintiff as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, specifically on pages 8, 11, and 25 of the Reply Statement, Exhibit E satisfy the standard for sealing.

      It is Defendant's burden to overcome the presumption of the public's right of access sufficient to permit sealing. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006). There is a "strong presumption in favor of access." Id. To overcome this strong presumption, "[a] party seeking to seal a judicial record . . . bears the burden of satisfying the "compelling reasons" standard." Id. To satisfy this standard, "the party must 'articulate[ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" Id.

      To satisfy the "compelling reasons" standard, Defendant must set forth specific facts explaining how the public filing of each document would work some specific harm. See Healey v. I-Flow, L.L.C., 282 F.R.D. 211, 215 (D. Minn. 2012) (recognizing that "to overcome the presumptive right to public records, the party seeking to seal information . . . must show compelling reasons to keep the information secret-i.e., that it is likely that public disclosure of the information will harm the party."); Pall Corp. v. 3B Purification Inc., 764 F. Supp. 2d 478, 479-80 (E.D.N.Y. 2011) (recognizing that although the documents sought to be filed under seal would have been protected by the attorney-client privilege and/or work product doctrine, these privileges were waived when plaintiff asserted claims that put the documents at issue and thus, could "not remain under seal absent the most compelling reasons.") (quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982); DeFazio v. Hollister, Inc., No. CIV S-04-1358 WBS GGH, 2009 WL 1514416, *2 (E.D. Cal. 2009) (noting that "[f]ederal litigation is a public affair, unless and until compelling reasons are shown. A document otherwise privileged whose privilege has been waived should be not a 'secret' document."); Pichler v. UNITE, 238 F.R.D. 405, 408 (E.D. Pa. 2006) ("[The party seeking secrecy] cannot satisfy its burden with '[b]road allegations of harm, bereft of specific examples or articulated reasoning.' . . . Instead it must show with 'specificity' that the portion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9091 PA (ASx) | Date | September 16, 2021 |
|---|---|---|---|
| Title | Thrive Natural Care, Inc. v. Thrive Causemetics, Inc. | | |

the record it seeks to keep from the public contains the type of information courts protect and that its 'disclosure will work a clearly defined and serious injury to [it].'") (quoting In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001); Contratto v. Ethicon, Inc., 227 F.R.D. 304, 309-12 (N.D. Cal. 2005) (rejecting defendants' confidentiality designations for materials . . . because defendants failed to identify any 'specific secret or otherwise show the specific harm that will result from disclosure of each document.").

      Having reviewed the Application and the declarations filed in support thereof, the Court finds that Defendant has failed to set forth specific facts explaining how the public filing of the documents that it seeks to seal creates a specific harm.  Instead, Defendant has put forth only "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," which fails to satisfy the "compelling reasons" standard.  See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).  Defendant's wholly conclusory allegations of prospective competitive harm which may or could result from the public filing of the documents is not the type of particularized showing of harm necessary to support a finding that compelling reasons exist to justify sealing.  Finally, to the extent Defendant or Plaintiff contends that the parties' decision to enter into a confidentiality agreement which was in the nature of a protective order satisfies the compelling reasons standard, that argument is rejected.  See Holtz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document."); LR 79-5.2.2(a).  Accordingly, the Court concludes that Defendant has failed to make the required showing to justify sealing portions of documents, and its Application is therefore denied.

      Pursuant to Local Rule 79-5.2.2 and the Court's denial of the Defendant's Application to Seal, the documents that Defendant sought to have filed under seal that were not designated by Plaintiff as confidential will not be considered by the Court in connection with the pending motions, unless Defendant files an unredacted version of the documents by September 21, 2021.  Those documents that Defendant sought to have filed under seal that were designated by Plaintiff as confidential, Defendant may file the documents in the public case file by September 21, 2021.

      IT IS SO ORDERED.