UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9091 PA (ASx) | Date | September 16, 2021 |
|---|---|---|---|
| Title | Thrive Natural Care, Inc. v. Thrive Causemetics, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | | Not Reported | N/A |
| Deputy Clerk | | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

On August 23, 2021, Plaintiff Thrive Natural Care, Inc. filed an Application For Leave to File Under Seal certain documents filed in connection with Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (Docket No. 54.) The documents sought to be sealed are pages from the Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Plaintiff's Statement of Genuine Disputes in support of its Opposition, The Declaration of David Drews in support of Plaintiff's Opposition, and Exhibits A-C to the Declaration of Stephen McArthur in support of Plaintiff's Opposition.

On August 27, 2021, Defendant Thrive Causemetics, filed the Declaration of Ned A. Menninger in support of Plaintiff's Application to file under seal Plaintiff's Opposition Brief, Plaintiff's Statement of Genuine Disputes, the Declaration of David Drews, and Exhibits A-C to McArthur Declaration in Opposition to Defendant's Motion for Summary Judgment. (Docket No. 74.).

The Court having considered Plaintiff's Application and the Declarations in support thereof, the Court grants the Application in part and denies the Application in part. Plaintiff's Application to seal page 2, lines 8-25 of the Drews Declaration; Schedule 3 of Exhibit A to the Drews Declaration, and Schedules 2 and 3 of the Schedules attached to the Expert Report of David Drews is granted.[1] The Court also grants the Application to seal page 70:lines 8, 13, 16; page 71:line 10; page 74:lines 12, and 15, page 75:lines 3, 12, and 21; and page 86: line 9 of Exhibit 4 to the De Lilly Declaration and page 2:lines 7-25 and page 8:lines 39 and 40 of Exhibit 5 to the De Lilly Declaration.[2] The remainder of the documents that Plaintiff's Application seeks to have sealed is denied.

Plaintiff asserts that the parties agreed to file under seal any documents that have been designated by the parties as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. Plaintiff

---

[1] On August 10, 2021, Defendant Thrive Causemetics, Inc. filed the Declaration of Lauren M. De Lilly in Support of Plaintiff Thrive Natural Care, Inc.'s Application to File Documents Under Seal. (Docket No. 44.)

[2] Except as otherwise noted, lines refers to the redacted words appearing on those lines, rather than the entire line of the document.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9091 PA (ASx) | Date | September 16, 2021 |
|---|---|---|---|
| Title | Thrive Natural Care, Inc. v. Thrive Causemetics, Inc. | | |

contends that the documents and information reflect the parties' non-public and detailed financial information and that the information is central to the issues presented by Defendant's motion and that redaction would not obviate the need for an under seal filing, the parties agreed to file under seal any documents there were designated by the parties as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY.

It is Plaintiff's burden to overcome the presumption of the public's right of access sufficient to permit sealing. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006). There is a "strong presumption in favor of access." Id. To overcome this strong presumption, "[a] party seeking to seal a judicial record . . . bears the burden of satisfying the "compelling reasons" standard." Id. To satisfy this standard, "the party must 'articulate[ ] compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the 'public interest in understanding the judicial process.'" Id.

To satisfy the "compelling reasons" standard, Plaintiff must set forth specific facts explaining how the public filing of each document would work some specific harm. See Healey v. I-Flow, L.L.C., 282 F.R.D. 211, 215 (D. Minn. 2012) (recognizing that "to overcome the presumptive right to public records, the party seeking to seal information . . . must show compelling reasons to keep the information secret-i.e., that it is likely that public disclosure of the information will harm the party."); Pall Corp. v. 3B Purification Inc., 764 F. Supp. 2d 478, 479-80 (E.D.N.Y. 2011) (recognizing that although the documents sought to be filed under seal would have been protected by the attorney-client privilege and/or work product doctrine, these privileges were waived when plaintiff asserted claims that put the documents at issue and thus, could "not remain under seal absent the most compelling reasons.") (quoting Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982); DeFazio v. Hollister, Inc., No. CIV S-04-1358 WBS GGH, 2009 WL 1514416, at *2 (E.D. Cal. 2009) (noting that "[f]ederal litigation is a public affair, unless and until compelling reasons are shown. A document otherwise privileged whose privilege has been waived should be not a 'secret' document."); Pichler v. UNITE, 238 F.R.D. 405, 408 (E.D. Pa. 2006) ("[The party seeking secrecy] cannot satisfy its burden with '[b]road allegations of harm, bereft of specific examples or articulated reasoning.' . . . Instead it must show with 'specificity' that the portion of the record it seeks to keep from the public contains the type of information courts protect and that its 'disclosure will work a clearly defined and serious injury to [it].'") (quoting In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001); Contratto v. Ethicon, Inc., 227 F.R.D. 304, 309-12 (N.D. Cal. 2005) (rejecting defendants' confidentiality designations for materials . . . because defendants failed to identify any 'specific secret or otherwise show the specific harm that will result from disclosure of each document.").

Having reviewed the Application and the declarations filed in support thereof, the Court finds that other than the information that the Court has sealed, Plaintiff has, for all of the remaining information and documents, failed to set forth specific facts explaining how the public filing of the documents that it seeks to seal creates a specific harm. Instead, Plaintiff has put forth only "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," which fails to satisfy the "compelling reasons" standard. See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992). Defendant's wholly conclusory allegations of prospective competitive harm which may or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9091 PA (ASx) | Date | September 16, 2021 |
|---|---|---|---|
| Title | Thrive Natural Care, Inc. v. Thrive Causemetics, Inc. | | |

could result from the public filing of the documents is not the type of particularized showing of harm necessary to support a finding that compelling reasons exist to justify sealing.  Finally, to the extent Defendant or Plaintiff contends that the parties' decision to enter into a confidentiality agreement which was in the nature of a protective order satisfies the compelling reasons standard, that argument is rejected.  See Holtz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1133 (9th Cir. 2003) ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document."); LR 79-5.2.2(a).  Accordingly, the Court concludes that Plaintiff has failed to make the required showing to justify sealing, and its Application is therefore denied.

Pursuant to Local Rule 79-5.2.2 and the Court's denial of the Plaintiff's Application to Seal, the documents that Plaintiff sought to have filed under seal that were not designated by Defendant as confidential will not be considered by the Court in connection with the pending motions, unless Plaintiff files an unredacted version of the documents by September 21, 2021.  Those documents that Plaintiff sought to have filed under seal that were designated by Defendant as confidential, Plaintiff may file the documents in the public case file by September 21, 2021.

IT IS SO ORDERED.