Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant
THRIVE CAUSEMETICS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THRIVE NATURAL CARE, INC.,

Plaintiff,

v.

THRIVE CAUSEMETICS, INC.,

Defendant.

Case No. 2:20-cv-9091-PA-AS

Hon. Percy Anderson

**DEFENDANT THRIVE CAUSEMETICS, INC.'S PROPOSED SPECIAL VERDICT FORM; PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED SPECIAL VERDICT FORM**

Trial Date: November 9, 2021
Time: 9:00 a.m.
Place: Courtroom 9A

**INSTRUCTIONS FOR SPECIAL VERDICT FORM**

Ladies and Gentlemen of the Jury:

Your verdict in this case will consist of answers to the questions stated below. All of you must agree on each question and be able to state when you return to the courtroom that your vote is expressed in the answer to each question on this Special Verdict Form.

As soon as all of you agree upon each answer as required by the directions, the jury foreperson must sign and date this Special Verdict Form on the last page and notify the Court clerk, who will arrange for you to return to the courtroom.

For the purposes of this Special Verdict Form:

"Thrive Natural Care" refers to the plaintiff in this action, Thrive Natural Care, Inc.

"Thrive Causemetics" refers to the defendant in this action, Thrive Causemetics, Inc.

## SPECIAL VERDICT FORM

We, the jury impaneled in this case, answer the questions submitted to us as follows:

**I. <u>FEDERAL TRADEMARK INFRINGEMENT OF A REGISTERED MARK (15 U.S.C. § 1114)</u>**

**1. Did Thrive Natural Care prove by a preponderance of the evidence that the THRIVE mark as reflected in U.S. Trademark Reg. No. 6,164,303 is valid and protectable?**

______ Yes ______ No

*Please continue to Question 2.*

**2. Did Thrive Natural Care prove by a preponderance of the evidence that it obtained ownership of the THRIVE mark as reflected in U.S. Trademark Reg. No. 4,467,942 through a valid assignment?**

______ Yes ______ No

*If you answered "No," please continue to Question 3.*

*If you answered "Yes" to Question 1 and "Yes" to Question 2, please skip Question 3, and continue to Question 4.*

**3. Did Thrive Causemetics prove by a preponderance of the evidence that the owner of U.S. Trademark Reg. No. 4,467,942 abandoned the mark?**

______ Yes ______ No

*If you answered "Yes" to Question 1, please continue to Question 4.*

*If you answered "No" to Question 1 and "No" to Question 3, please continue to Question 4.*

*If you answered "No" to Question 1 and "Yes" to Question 3, please skip Questions 4 through 6, and continue to Question 7 in Section II .*

**4. Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics infringed any of Thrive Natural Care's federally registered trademarks for the THRIVE mark by way of forward confusion?**

______ Yes ______ No

*Please continue to Question 5.*

**5. Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics infringed any of Thrive Natural Care's federally registered trademarks for the THRIVE mark by way of reverse confusion?**

______ Yes ______ No

*If you answered "Yes" to Questions 4 and/or 5, please continue to Question 6.*

*If you answered "No" to both Questions 4 and 5, please skip Question 6 and continue to Question 7 in Section II .*

**6. Was Thrive Causemetics' infringement willful?**

______ Yes ______ No

*Please continue to Section II.*

**II. FEDERAL FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

**7. Did Thrive Natural Care prove by a preponderance of the evidence that THRIVE is a valid and protectable trademark?**

______ Yes ______ No

*If you answered "Yes," please continue to Question 8.*

*If you answered "No," please skip Questions 8 through 11, and proceed to Question 12 at the beginning of Section III.*

**8. Did Thrive Natural Care prove by a preponderance of the evidence that it owns the mark THRIVE?**

______ Yes ______ No

*If you answered "Yes," please continue to Question 9.*

*If you answered "No," please skip Questions 9 through 11, and proceed to Question 12 at the beginning of Section III.*

**9. Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics committed unfair competition in violation of federal law by way of forward confusion?**

______ Yes ______ No

*Please continue to Question 10.*

**10. Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics committed unfair competition in violation of federal law by way of reverse confusion?**

______ Yes ______ No

*If you answered "Yes" to Questions 9 and/or 10, please proceed to Question 11.*

*If you answered "No" to both Questions 9 and 10, please skip Question 11 and continue to Question 12 at the beginning of Section III.*

**11. Was Thrive Causemetics' false designation of origin willful?**

______ Yes ______ No

*Please continue to Section III.*

4

DEFENDANT THRIVE CAUSEMETICS, INC.'S PROPOSED SPECIAL VERDICT FORM; PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

## III. COMMON LAW TRADEMARK INFRINGEMENT/UNFAIR COMPETITION

**12. Did Thrive Natural Care prove by a preponderance of the evidence that THRIVE is a valid and protectable trademark?**

______ Yes ______ No

*If you answered "Yes," please continue to Question 13.*

*If you answered "No," please skip Questions 13 through 15, and proceed to Question 16 at the beginning of Section IV.*

**13. Did Thrive Natural Care prove by a preponderance of the evidence that it owns the mark THRIVE?**

______ Yes ______ No

*If you answered "Yes," please continue to Question 14.*

*If you answered "No," please skip Questions 14 and 15, and proceed to Question 16 at the beginning of Section IV.*

**14. Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics engaged in trademark infringement in violation of California common law?**

______ Yes ______ No

*Please continue to Question 15.*

**15. Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics engaged in unfair competition in violation of California common law?**

______ Yes ______ No

*Please continue to Section IV.*

*If you answered "No" to or were required to skip all of Questions 4, 5, 9, 10, 14, and 15, please skip Section IV and proceed to Section V on the last page.*

*If you answered "Yes" to any one or more of Questions 4, 5, 9, 10, 14, and 15, please continue to Section IV.*

6

DEFENDANT THRIVE CAUSEMETICS, INC.'S PROPOSED SPECIAL VERDICT FORM; PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED SPECIAL VERDICT FORM

**IV. DAMAGES**

**16. Did Thrive Natural Care prove by a preponderance of the evidence a sufficiently reliable basis on which to calculate a reasonable royalty?**

______ Yes ______ No

*If you answered "Yes," please continue to Question 17.*

*If you answered "No," please skip Question 17 and continue to Question 18.*

**17. What amount, if any, did Thrive Natural Care prove by a preponderance of the evidence that it is entitled to recover in the form of a reasonable royalty?**

$___________________________

*Please continue to Question 18.*

**18. Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics' conduct caused damage to the value of Thrive Natural Care's mark and the amount of that damage?**

______ Yes ______ No

*If you answered "Yes," please continue to Question 19.*

*If you answered "No," please skip Questions 19 and 20, and continue to Section V on the last page.*

**19. Did Thrive Natural Care prove by a preponderance of the evidence the cost of future corrective advertising reasonably required to restore the damage to the value of Thrive Natural Care's mark?**

______ Yes ______ No

*If you answered "Yes," please continue to Question 20.*

*If you answered "No," please skip Question 20, and continue to Section VI on the last page.*

**20. What amount, if any, did Thrive Natural Care prove by a preponderance of the evidence that it must spend on corrective advertising to restore the damage to the value of Thrive Natural Care's mark?**

$___________________________

*Please continue to Section V.*

## V. CONCLUSION

You have now reached the end of the Special Verdict Form and should review it to ensure that it accurately reflects your unanimous determinations. Please have the jury foreperson sign and date the verdict below, and inform the Court clerk that you have reached a verdict.

Signed: ______________________________
Jury Foreperson

Dated: ______________________________

DATED: October 1, 2021

SIDLEY AUSTIN, LLP

By: */s/ Rollin A. Ransom*
Rollin A. Ransom

Attorneys for Defendant
THRIVE CAUSEMETICS, INC.

**THRIVE NATURAL CARE'S OBJECTIONS TO**
**THRIVE CAUSEMETICS' PROPOSED SPECIAL VERDICT FORM**

Thrive Natural Care objects to the special verdict form from Thrive Causemetics on the following grounds:

1. As an overall objection, Thrive Causemetics' proposed special verdict form, at 20 questions, is significantly more complex and lengthier than the proposed verdict form offered by Thrive Natural Care, at 12 questions. Thrive Causemetics' verdict form breaks up inquiries on liability and damages into multiple sub-parts, which is unnecessary and only serves to add more complexity and be more likely to confuse the jury.

2. Question 2 misplaces the burden of proof regarding the validity of the assignment on Thrive Natural Care. It is Thrive Causemetics' burden to prove the assignment was invalid, as that allegation is the basis for Thrive Causemetics' affirmative defense of abandonment that the assignment was not proper under 15 U.S.C. § 1060(a)(1). The '942 Registration itself, which has been deemed incontestable, must be taken as conclusive evidence of ownership and validity of the mark. *See* 15 U.S.C. § 1115(b). It is Thrive Causemetics' burden to prove that the registration is not incontestable and has been abandoned.

3. Question 3 applies the wrong standard for a defendant to prove abandonment of a registered trademark. Abandonment must be proven by clear and convincing evidence, not a preponderance of the evidence. *See eMachines, Inc. v. Ready Access Memory, Inc.*, No. EDCV00-00374-VAP-EEX, 2001 WL 456404, at *5 (C.D. Cal. Mar. 5, 2001) ("Because a trademark owner's certificate of registration is prima facie evidence of the registration and continued use of the mark, the burden of proof is on the party seeking to show abandonment, and *abandonment must be shown by clear and convincing evidence*."); *Partners for Health & Home, L.P. v. Seung Wee Yang*, No. CV-09-07849-CBM-RZX, 2010

WL 11549564, at *3 (C.D. Cal. Sept. 13, 2010) ("The burden of proof is on the party seeking to show abandonment, which must be shown by clear and convincing evidence."). *See also Prudential Ins. Co. of America v. Gibraltar Fin. Corp. of Calif.*, 694 F.2d 1150, 1156 (9th Cir.1982) (holding abandonment must be "strictly proved"); 3 McCarthy on Trademarks and Unfair Competition § 17:12 (5th ed.) ("The majority of courts have interpreted the 'strictly proved' rule to mean that evidence of the elements of abandonment must be clear and convincing."); *Cash Processing Servs. v. Ambient Entm't, Inc.*, 418 F.Supp.2d 1227, 1231-1232 (D. Nev. 2006) ( "While the Ninth Circuit has not defined 'strictly proved' further, the majority of courts applying that standard have found that evidence of abandonment must be clear and convincing."); *Winnebago Indus., Inc.*, 207 USPQ ¶ 335 (TTAB June 30, 1980) ("[I]t is also well settled that insofar as the question of abandonment of a mark is concerned, the burden is on petitioner to establish as a fact by clear and convincing proofs the abandonment of such mark by respondent.").

4. With regard to Questions 4, 5, 9, and 10, Thrive Natural Care believes there is not a basis to separately ask the jury to determine whether infringement or unfair competition was based on forward or reverse confusion. Rather, the inquiry should simply be whether Thrive Causemetics has infringed or has unfairly competed. There is no longer a requirement to prove willfulness to obtain an award of disgorgement of profits, which under now-overturned case law would have been the only reason to separate out the jury's answers. *See Romag Fasteners, Inc v. Fossil, Inc.*, 140 S. Ct. 1492, 1497 (2020).

5. With regard to Questions 16-20 on damages, Thrive Natural Care believes there is no need to ask separate questions regarding each underlying element of damages followed by another question as to the amount of damages. Rather, as in Thrive Natural Care's proposed special verdict form, the inquiry

should simply ask the jury whether it awards the particular form of damages requested and allow an amount written in, if any.

DATED: October 1, 2021

Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Stephen McArthur*
Stephen McArthur
Thomas Dietrich
*Attorneys for Plaintiff Thrive Natural Care, Inc.*

**SIGNATURE ATTESTATION**

I am the CM/ECF filer whose identification and password are being used to file the foregoing Defendant Thrive Causemetics, Inc.'s Proposed Special Verdict Form; Plaintiff's Objections to Defendant's Proposed Special Verdict Form. In compliance with Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that every signatory has concurred in this filing.

DATED: October 1, 2021

By: */s/ Rollin A. Ransom*
Rollin A. Ransom

12

DEFENDANT THRIVE CAUSEMETICS, INC.'S PROPOSED SPECIAL VERDICT FORM; PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED SPECIAL VERDICT FORM