1  Stephen McArthur (SBN 277712)
   stephen@smcarthurlaw.com
2  Thomas Dietrich (SBN 254282)
   tom@smcarthurlaw.com
3  THE MCARTHUR LAW FIRM, P.C.
   9465 Wilshire Blvd., Ste. 300
4  Beverly Hills, CA 90212
   Telephone: (323) 639-4455
5
   *Attorneys for Plaintiff*
6  *Thrive Natural Care, Inc.*

7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  THRIVE NATURAL CARE, INC.,          Case No. 2:20-CV-9091-PA-AS

13              Plaintiff,              **PLAINTIFF THRIVE NATURAL
                                        CARE, INC.'S PROPOSED
14       v.                            SPECIAL VERDICT FORM;
                                        DEFENDANT'S OBJECTIONS TO
15  THRIVE CAUSEMETICS, INC.,           PLAINTIFF'S PROPOSED
                                        SPECIAL VERDICT FORM**
16              Defendant.
                                        Hon. Percy Anderson
17                                      United States District Court Judge
                                        **Trial Date**: November 9, 2021
18                                      **Final Pretrial Conf.:** October 15,
                                        2021
19                                      **Courtroom**: 9A, 350 W. 1st Street,
                                        Los Angeles, CA 90012
20

21

22

23

24

25

26

27

28

We, the jury, find the following on the questions submitted to us:

1.    Did Thrive Natural Care, Inc. ("Thrive Natural Care") prove by a preponderance of the evidence that Thrive Causemetics, Inc. ("Thrive Causemetics") infringed Thrive Natural Care's federally registered trademark, U.S. Trademark Registration No. 4,467,942, for the mark "Thrive"?

Yes (for Thrive Natural Care) _____        No (for Thrive Causemetics) _____

2.    Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics infringed Thrive Natural Care's federally registered trademark, U.S. Trademark Registration No. 6,164,303, for the mark "Thrive"?

Yes (for Thrive Natural Care) _____        No (for Thrive Causemetics) _____

3.    If you answered "Yes" to Questions 1 or 2, did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics' infringement was willful?

Yes (for Thrive Natural Care) _____        No (for Thrive Causemetics) _____

4.    Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics committed unfair competition in violation of federal law?

Yes (for Thrive Natural Care) _____        No (for Thrive Causemetics) _____

PLAINTIFF'S PROPOSED
SPECIAL VERDICT FORM
CASE NO. 2:20-CV-09091-PA-AS

5.      If you answered "Yes" to Question 4, did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics' unfair competition was willful?

Yes (for Thrive Natural Care) _____          No (for Thrive Causemetics) _____

6.      If you answered "Yes" to Question 1, did Thrive Causemetics prove by clear and convincing evidence that Thrive Natural Care abandoned its rights to U.S. Trademark Registration No. 4,467,942?

Yes (for Thrive Causemetics) _____          No (for Thrive Natural Care) _____

*Instruction*: *Please skip to Question 9 if you answered "No" to all of Questions 1, 2, and 4, or if you answered "Yes" to Question 6 and "No" to both Questions 2 and 4.*
*Otherwise, move directly to Question 7 below.*

7.      What amount, if any, should Thrive Causemetics pay in damages for the cost of future corrective advertising required to correct any confusion?

$ _____

8.      What amount, if any, should Thrive Causemetics pay in damages for royalties that Thrive Natural Care would have earned if Thrive Causemetics had taken a license before beginning to infringe or unfairly compete?

$ _____

9.     Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics engaged in trademark infringement in violation of California common law?

Yes (for Thrive Natural Care) _____          No (for Thrive Causemetics) _____

10.     Did Thrive Natural Care prove by a preponderance of the evidence that Thrive Causemetics engaged in unfair competition in violation of California common law?

Yes (for Thrive Natural Care) _____          No (for Thrive Causemetics) _____

*Instruction*: *Please skip to the end of the Verdict Form if you answered "No" to both Question 9 and Question 10.*
*Otherwise, move directly to Question 11 below.*

11.     Did Thrive Natural Care proven by a preponderance of the evidence that it is entitled to any compensation for Thrive Causemetics' common law trademark infringement or unfair competition beyond the amount, if any, awarded above in Questions 7 and 8?

Yes (for Thrive Natural Care) _____          No (for Thrive Causemetics) _____

12.     What amount should Thrive Causemetics pay as compensation to Thrive Natural Care for common law trademark infringement or unfair competition beyond the amount, if any, awarded above in Questions 7 and 8?

$ _____

1        You have now reached the end of the verdict form and should review it to

2    ensure it accurately reflects your unanimous determinations. The Presiding Juror

3    should then sign and date the verdict form in the spaces below and notify the Court

4    personnel that you have reached a verdict. The Presiding Juror should retain

5    possession of the verdict form and bring it when the jury is brought back into the

6    courtroom.

7

8

9    DATED: _____, 2021        Signature: _____

10

11                                        Name: _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    DATED:  October 1, 2021                Respectfully submitted,

2                                           THE MCARTHUR LAW FIRM, PC

3
                                            By: */s/ Stephen McArthur*
4                                               Stephen McArthur
                                                Thomas Dietrich
5                                               *Attorneys for Plaintiff Thrive*
                                                *Natural Care*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S PROPOSED
SPECIAL VERDICT FORM
CASE NO. 2:20-CV-09091-PA-AS

1  **OBJECTIONS TO PLAINTIFF'S PROPOSED SPECIAL VERDICT FORM**

2          Defendant Thrive Causemetics, Inc. ("TCI") submits the following

3  objections to Plaintiff Thrive Natural Care, Inc.'s Proposed Special Verdict Form:

4  **OBJECTION NO. 1:**

5          TCI objects to Plaintiff's Proposed Special Verdict Form on the ground that

6  it improperly seeks a determination from the jury on the issues of federal trademark

7  infringement and unfair competition (*i.e.*, Questions 1, 2, and 4) prior to the jury's

8  determination of TCI's abandonment defense (*i.e.,* Question 6), and fails entirely to

9  seek a determination from the jury as to the purported validity of U.S. Trademark

10 Reg. No. 6,164,303 (the "'303 Registration").  The jury must resolve whether

11 Plaintiff owns a valid and protectable trademark *before* the jury considers whether

12 TCI infringed that claimed mark.  *See Surfvivor Media, Inc. v. Survivor Prods.*, 406

13 F.3d 625, 630 (9th Cir. 2005); *Moose Creek, Inc. v. Abercrombie & Fitch Co.*, 331

14 F. Supp. 2d 1214, 1221-23 (C.D. Cal. 2004), *aff'd,* 114 F. App'x 921 (9th Cir.

15 2004); *Oculu, LLC v. Oculus VR, Inc.*, 2015 WL 3619204, at *5, 9 (C.D. Cal. June

16 8, 2015) ("To prevail on its trademark infringement claim under the Lanham Act, a

17 plaintiff must show that: (1) it holds a valid, protectable trademark . . . .").

18          As to the '942 Registration, TCI contends that Plaintiff did not succeed to

19 any rights in Ecomundi Ventures, LLC's App. Serial No. 85726058 for the mark

20 THRIVE ("'058 Application"), because Ecomundi's purported assignment of that

21 application to Plaintiff was invalid as there was no goodwill in the mark.  As such,

22 Ecomundi remained the owner of all rights in the '058 Application, including the

23 rights to the '942 Registration into which the '058 Application eventually matured.

24 Ecomundi never used the THRIVE mark in commerce or in connection with any

25 ongoing business and has abandoned it; thus, the '942 Registration is invalid.  *See,*

26 *e.g.,* 15 U.S.C. § 1115(b)(2); *id.* § 1127; *Patagonia, Inc. v. Anheuser-Busch, LLC*,

27 No. 2:19-cv-02702-CAP-JEMx, 2020 WL 8514835, at *7 (C.D. Cal. Sept. 3, 2020);

28 *Oculu, LLC v. Oculus VR, Inc.*, 2015 WL 3619204, at *7 (C.D. Cal. June 8, 2015);

PLAINTIFF'S PROPOSED
SPECIAL VERDICT FORM
CASE NO. 2:20-CV-09091-PA-AS

1    *Kleven v. Hereford*, No. CV 13-02783-AB (AGRx), 2015 WL 4977185, at \*22-23

2    (C.D. Cal. Aug. 21, 2015); *Glow Indus., Inc. v. Lopez*, 273 F. Supp. 2d 1095, 1107-

3    08 (C.D. Cal. 2003); *interState Net Bank v. NetB@nk Inc.*, 348 F. Supp. 2d 340,

4    349-52 (D.N.J. 2004); J. Thomas McCarthy, Trademarks and Unfair Competition

5    ("McCarthy") § 18:17 (5th ed. 2021).

6         With respect to the '303 Registration, although the registration affords

7    Plaintiff a *presumption* of validity, TCI is entitled to, and will, rebut that

8    presumption by offering evidence that the term THRIVE used in connection with

9    Plaintiff's goods is merely descriptive and the mark has not acquired secondary

10   meaning, and thus, is invalid.  *See Tie Tech, Inc. v. Kinedyne Corp.*, 296 F.3d 778,

11   783 (9th Cir. 2002) ("Validity . . . is a threshold issue. On this point, the plaintiff in

12   an infringement action with a registered mark is given the prima facie or

13   presumptive advantage on the issue of validity, thus shifting the burden of

14   production to the defendant to prove otherwise . . . Or, to put it as we did in

15   Vuitton, the defendant then bears the burden with respect to invalidity. Once the

16   presumption of validity is overcome, however, the mark's registration is merely

17   evidence 'of registration,' nothing more. This approach can be characterized as

18   rebutting the prima facie case or 'piercing the presumption.'").

19        For the reasons set forth above, the jury must resolve the disputed issues of

20   validity before turning to the question of liability for infringement or unfair

21   competition.

22   **OBJECTION NO. 2:**

23        TCI objects to Plaintiff's Proposed Special Verdict Form on the ground that

24   it fails to address or account for the direction of confusion (*i.e.*, forward confusion

25   or reverse confusion).  *See Surfvivor Media, Inc. v. Survivor Productions,* 406 F.3d

26   625, 630 (9th Cir. 2005); *Marketquest Group, Inc. v. BIC Corp.*, 862 F.3d 927, 932,

27   937 (9th Cir. 2017); *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 994 F.3d 1107 (2021);

28   McCarthy § 23.10.  The direction of confusion impacts the relief available.  *See*

PLAINTIFF'S PROPOSED
SPECIAL VERDICT FORM
CASE NO. 2:20-CV-09091-PA-AS

1  *Novadaq Technologies, Inc. v. Karl Storz GmbH & Co. K.G.*, No. 14-cv-04853-
2  PSG, 2015 WL 9028123, at *2 (N.D. Cal. Dec. 16, 2015) ("[T]his court's
3  interpretation generally shields defendants in reverse confusion cases from having
4  to disgorge their profits."); *Scat Enter., Inc. v. FCA US LLC*, No. CV 14-7995-R,
5  2017 WL 5896182, at *2 (C.D. Cal. June 8, 2017) ("Plaintiff is barred as a matter
6  of law from seeking disgorgement of Defendant's profits under its reverse
7  confusion theory. . . . even if the defendant was willfully blind to the possibility of
8  infringement.'"); McCarthy § 23:10 ("Because in a reverse confusion case the
9  infringer is not seeking to take away the plaintiff's customers through confusion,
10  awarding the plaintiff the profits of the infringer is not a proper basis for
11  recovery.").  Accordingly, a jury determination regarding the direction of confusion
12  is necessary.

13  **<u>OBJECTION NO. 3:</u>**

14       TCI objects to Question 6 of Plaintiff's Proposed Special Verdict Form on
15  the ground that it improperly states the burden of proof for an abandonment defense
16  as clear and convincing evidence.  The appropriate burden of proof for an
17  abandonment defense is preponderance of the evidence.  *See Hallmark Hardwoods,*
18  *Inc. v. Omni Wood Product, LLC*, 2011 WL 13176098, at *6 (C.D. Cal. 2011) ("In
19  light of . . . the absence of language in the statute expressly raising the burden of
20  proof "beyond the traditional preponderance of the evidence standard applicable in
21  civil matters," the Court concludes that Defendants must prove abandonment by a
22  preponderance of the evidence."); *Societe De Developments Et D'Innovations Des*
23  *Marches Agricoles Et Alimentaires-Sodima-Union De Cooperatives Agricoles v.*
24  *Int'l Yogurt Co.*, 662 F. Supp. 839, 845 (D. Or. 1987) (explaining that "the
25  defendants are required to prove by a preponderance of evidence that plaintiffs
26  intended not to use" the mark at issue); *see also Grocery Outlet Inc. v. Albertson's*
27  *Inc.*, 497 F.3d 949, 953-54 (9th Cir. 2007) (J. McKeown, concurring) (finding no
28  evidence in the legislative history of the Lanham Act that justifies raising the

1  standard for an abandonment defense above the typical standard of a preponderance

2  of the evidence applicable in civil matters).

3  **OBJECTION NO. 4:**

4          TCI objects to Questions 7, 8, 11, and 12 of Plaintiff's Proposed Special

5  Verdict Form because they fail to account for the requirement that Plaintiff must

6  establish any claim for damages to a reasonable degree of certainty, and separately

7  because Questions 11 and 12 improperly suggest that Plaintiff may recover

8  damages under California common law separate and apart from damages under the

9  Lanham Act for the same trademark infringement and unfair competition claims,

10  and these questions are therefore prejudicial to TCI.  *See* 15 U.S.C. § 1117(a);

11  *Lindy Pen Co., Inc. v. Bic Ben Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993)

12  (explaining that a Lanham Act plaintiff must prove both the fact and amount of

13  damages; "Trademark remedies are guided by tort law principles. . . . As a general

14  rule, damages which result from a tort must be established with reasonable

15  certainty."); *M2 Software Inc. v. Viacom Inc.*, 223 F. App'x 653, 655 (9th Cir. Feb.

16  27, 2007) (an award of reasonable royalty damages available only where there is a

17  sufficiently reliable basis on which to calculate it); *Marketquest Group, Inc. v. BIC*

18  *Corp.*, 316 F. Supp. 3d 1234 at 1300 (S.D. Cal. 2018) (denying reasonable royalty

19  damages as "impermissibly speculative" given the absence of a prior licensing

20  agreement, evidence of licensing negotiations between the parties, or evidence

21  otherwise showing either side's intent to license); McCarthy § 30:89 ("Where a

22  plaintiff is successful in proving trademark infringement or false advertising in

23  violation of both federal and state law, a double award based on the same loss

24  would be an excessive recovery.")

25  **OBJECTION NO. 5:**

26          TCI objects to Question 7 of Plaintiff's Proposed Special Verdict Form on

27  the ground that it fails to account for the requirement that Plaintiff must establish

28  the foundational facts of both the existence and amount of damage to the value of

PLAINTIFF'S PROPOSED
SPECIAL VERDICT FORM
CASE NO. 2:20-CV-09091-PA-AS

the THRIVE mark to obtain an award of corrective advertising. *See Adray v. Adray-Mart, Inc.*, 76 F.3d 984, 989 (9th Cir. 1995) (award of corrective advertising available "only to the extent that the amount of money needed for corrective advertising does not exceed the damage to the value of the mark); *Quia Corp. v. Mattel, Inc.*, 2011 WL 2749576, at \*5 (N.D. Cal. July 14, 2011) (to recover corrective advertising, the plaintiff bears "the burden of presenting evidence as to the foundational fact that its mark lost value at all" and "must present non-speculative evidence that goodwill and reputation—that is, the value of its mark—was damaged in some way"); *Lindy Pen Co., Inc. v. Bic Ben Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993) (explaining that a Lanham Act plaintiff must prove both the fact and amount of damages).

Dated:      October 1, 2021                    SIDLEY AUSTIN LLP


                                               By: */s/ Rollin A. Ransom*
                                               Rollin A. Ransom

                                               Attorneys for Defendant
                                               THRIVE CAUSEMETICS, INC.


### SIGNATURE ATTESTATION

        I am the CM/ECF filer whose identification and password are being used to file the foregoing Plaintiff Thrive Natural Care, Inc.'s Proposed Special Verdict Form; Defendant's Objections to Plaintiff's Proposed Special Verdict Form. In compliance with Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that every signatory has concurred in this filing.

Date:   10/1/2021                    By: */s/ Thomas Dietrich*
                                         Thomas Dietrich