Stephen McArthur (SBN 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (SBN 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorneys for Plaintiff Thrive
Natural Care, Inc.*

Rollin Ransom (SBN 196126)
rransom@sidley.com
Lauren De Lilly (SBN 301503)
ldelilly@sidley.com
Paula Salazar (SBN 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth St., Ste. 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000

*Attorneys for Defendant Thrive
Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THRIVE CAUSEMETICS, INC., <br><br> Defendant. | Case No. 2:20-CV-9091-PA-AS <br><br> **[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER** <br><br> Hon. Percy Anderson <br> United States District Court Judge <br> **Pretrial Conf. Date**: Oct. 15, 2021, 1:30 p.m. <br> **Trial Date**: Nov. 9, 2021, 9:00 a.m. <br> **Courtroom**: 9A, 350 W. 1st Street, 9th Floor, Los Angeles, California 90012 |

# TABLE OF CONTENTS

1.  **PARTIES AND PLEADINGS** ........................................................................ 1
2.  **JURISDICTION** ......................................................................................... 1
3.  **TRIAL LENGTH** ....................................................................................... 1
4.  **JURY OR NON-JURY TRIAL** ...................................................................... 1
5.  **ADMITTED FACTS** .................................................................................... 2
6.  **STIPULATED FACTS** ................................................................................. 4
7.  **CLAIMS AND DEFENSES** ........................................................................... 4
8.  **ISSUES REMAINING TO BE TRIED** ............................................................ 25
9.  **DISCOVERY** ............................................................................................ 25
10. **DISCLOSURES** ......................................................................................... 26
11. **WITNESS LIST** ........................................................................................ 26
12. **LAW AND MOTION** .................................................................................. 27
13. **BIFURCATION** ........................................................................................ 27
14. **CONCLUSION** .......................................................................................... 28

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16-7, IT IS SO ORDERED:

## 1.    PARTIES AND PLEADINGS

The parties are Plaintiff Thrive Natural Care, Inc. ("Thrive Natural Care") and Defendant Thrive Causemetics, Inc. ("Thrive Causemetics"). The parties have been served and have appeared. There are no parties named in the pleadings that are not identified here. The pleadings which raise the issues are Thrive Natural Care's First Amended Complaint, Dkt. 28, and Thrive Causemetics' Answer to First Amended Complaint, Dkt. 31.

Thrive Natural Care has not dismissed or abandoned any claims that it pled in the First Amended Complaint.

Thrive Causemetics will not be pursuing the following affirmative defenses: unclean hands, fair use, or fraud on the U.S. Patent & Trademark Office ("USPTO"). Thrive Causemetics will not pursue the affirmative defenses of waiver, estoppel, or failure to mitigate independent of its affirmative defense of laches, which Thrive Causemetics will pursue. Thrive Causemetics will not pursue the affirmative defense of statute of limitations on ground that Thrive Natural Care is not seeking monetary relief from a period earlier than four years before the filing of the complaint on October 2, 2020.

## 2.    JURISDICTION

The parties do not contest federal jurisdiction or venue. The bases for the Court's jurisdiction over this case are 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1367. The bases for venue are 28 U.S.C. §§ 1391(b) and (c).

## 3.    TRIAL LENGTH

The trial is estimated to take about ten trial days.

## 4.    JURY OR NON-JURY TRIAL

The trial is to be a jury trial on the claims and defenses triable to the jury. Thrive Natural Care's claim for statutory unfair competition pursuant to California

Business & Professions Code § 17200 *et seq.*, disgorgement of Defendant's profits or adjustment of same, enhancement of damages, attorneys' fees and costs, pre- and post-judgment interest, and Thrive Causemetics' affirmative defense of laches are equitable and should be tried to the Court. Proposed jury instructions and voir dire questions will be filed pursuant to the Court's Civil Trial Scheduling Order, Dkt. 19.

5.     **ADMITTED FACTS**

The following facts are admitted and require no proof:

1.     Thrive Natural Care is a corporation organized and existing under the laws of Delaware with its principal place of business at 42 Darrell Place, San Francisco, CA 94133.

2.     Thrive Causemetics is a corporation organized and existing under the laws of Delaware. Its headquarters are located at 10900 NE 4th St., Suite 2300, Bellevue, WA 98004, and it maintains an office at 6100 Center Dr., Suite 900, Los Angeles, CA 90045.

3.     Ecomundi Ventures, LLC did not use the mark THRIVE after May 23, 2013.

4.     Thrive Natural Care was selling skincare products under the "Thrive" brand name at least as early as March 2014 and has used the Thrive mark continuously from then through the present date.

5.     Thrive Causemetics sold its first products of false eyelashes and eyelash adhesive using the "Thrive Causemetics" brand name in September 2014. It began selling color cosmetics, specifically eyeliner and brow liner, in 2015.

6.     Thrive Causemetics received a trademark search report not later than August 2015. A true and correct copy of this search report is designated as Exhibit No. 27 (TCI_00027988-98).

/ / /

7.    Thrive Causemetics knew of Thrive Natural Care's '942 Registration as of August 2015.

8.    In April 2016, the parties exchanged emails regarding Thrive Causemetics' use of the term "thrive" as part of its brand name, a true and correct copy of which is designated as Exhibit No. 30 (TCI_00019117-18).

9.    Thrive Natural Care first learned of Thrive Causemetics' use of the brand name "Thrive Causemetics" on makeup products no later than April 23, 2016.

10.   On March 3, 2017, Thrive Natural Care sent a cease-and-desist letter to Thrive Causemetics, a true and correct copy of which is designated as Exhibit No. 31 (TNC00902-03).

11.   On April 12, 2017, Thrive Causemetics sent a letter to Thrive Natural Care in response to Thrive Natural Care's cease-and-desist letter, a true and correct copy of which is designated as Exhibit No. 208 (TNC00899-900).

12.   Thrive Causemetics sold its first skincare product in October 2018.

13.   In June 2019, Karissa Bodnar, CEO of Thrive Causemetics, called Alex McIntosh, CEO of Thrive Natural Care, to discuss the parties' respective marks.

14.   Thrive Causemetics includes the following products in its skincare line: Overnight Sensation Brightening Sleep Mask; Liquid Balm Lip Treatment; Defying Gravity Transforming Moisturizer; Bright Balance 3-in-1 Cleanser; Defying Gravity Eye Lifting Cream; Liquid Light Therapy All-in-One Face Serum; Moisture Flash Active Nutrient Toner; Deluxe Travel Defying Gravity Transforming Moisturizer; Deluxe Travel Bright Balance 3-in-1 Cleanser; Moisture-Enriched Hand Sanitizer; Overnight Sensation Gentle Resurfacing Peel;

1    Pumpkin Spice Latte Liquid Lip Balm Treatment; Smart

2    Microdermabrasion 2-in-1 Instant Facial; Defying Gravity Nourishing

3    Hand + Nail Cream; and Timeless Ambition.

4    6.    **STIPULATED FACTS**

5    The following facts, though stipulated, shall be without prejudice to any

6    evidentiary objection: none.

7    7.    **CLAIMS AND DEFENSES**

8    ***Plaintiff***:

9    (a)    Thrive Natural Care plans to pursue the following claims against

10   Thrive Causemetics:

11   •    Claim 1: Federal trademark infringement of the '942 Registration

12        and/or the '303 Registration.

13   •    Claim 2: Federal unfair competition in violation of 15 U.S.C. §

14        1125(a).

15   •    Claim 3: Common law trademark infringement of the "Thrive" mark.

16   •    Claim 4: Common law unfair competition.

17   •    Claim 5: Statutory unfair competition in violation of Cal. Bus. & Prof.

18        Code § 17200.

19   (b)    The elements required to establish Thrive Natural Care's claims are:

20   **Claim 1: Federal Trademark Infringement**

21   •    For infringement of either of the Thrive Registrations, Thrive Natural

22        Care must prove by a preponderance of the evidence: (a) the term

23        "Thrive" is a valid, protectable trademark for skincare products; (b)

24        Thrive Natural Care owns the "Thrive" trademark for skincare

25        products; and (c) Thrive Causemetics use of the term "Thrive

26        Causemetics" on skincare products is likely to cause confusion among

27        ordinary consumers as to the source, sponsorship, affiliation, or

28        approval of the goods. *See* Ninth Circuit Manual of Model Civil Jury

- 4 -

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

1      Instructions ("9th Cir. CJI) No. 15.6.

2      **Claim 2: Federal Unfair Competition**

3      •      For federal unfair competition, Thrive Natural Care must prove by a

4             preponderance of the evidence: (a) the term "Thrive" is a valid,

5             protectable trademark for skincare products; (b) Thrive Natural Care

6             owns the "Thrive" trademark for skincare products; and (c) Thrive

7             Causemetics use of the term "Thrive Causemetics" on skincare

8             products is likely to cause confusion among ordinary consumers as to

9             the source, sponsorship, affiliation, or approval of the goods. *See* 15

10            U.S.C. § 1125(a)(1)(A); *S. California Darts Ass'n v. Zaffina*, 762 F.3d

11            921, 929 (9th Cir. 2014).

12     **Claim 3: Common Law Trademark Infringement**

13     •      <u>Thrive Natural Care's Statement:</u>  For common law trademark

14            infringement, Thrive Natural Care must prove by a preponderance of

15            the evidence: (a) Thrive Natural Care began using the "Thrive" mark

16            on skincare products before Thrive Causemetics began using the

17            "Thrive Causemetics" mark on skincare products; and (b) there is a

18            likelihood that the "Thrive Causemetics" mark would be confused with

19            Thrive Natural Care's "Thrive" mark. *See Juan Pollo Fran., Inc. v. B*

20            *& K Pollo Enterprises, Inc*., ED-CV-13-2010J-GBSPX, 2015 WL

21            10695881, at *2 (C.D. Cal. Aug. 6, 2015) ("To state a claim of

22            trademark infringement under California common law, a plaintiff need

23            allege only 1) their prior use of the trademark and 2) the likelihood of

24            the infringing mark being confused with their mark."); *Kelley Blue*

25            *Book v. Car-Smarts, Inc*., 802 F. Supp. 278, 289 (C.D. Cal. 1992)

26            (same); *Cities Realty, Inc. v. Brunet*, No. B241999, 2013 WL 4017121,

27            at *4 (Cal. Ct. App. Aug. 6, 2013) ("To prove liability for [common

28            law] trademark infringement, plaintiff need only prove defendants

1    used the mark plaintiff used first and continuously.").

2    •    <u>Thrive Causemetics' Statement:</u>    To prevail on a California common
3         law trademark infringement claim, Thrive Natural Care must make the
4         same showing as with its federal trademark infringement claim.  *See*
5         15 U.S.C. § 1114; *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d
6         1190, 1221 (9th Cir. 2012) ("It is undisputed that Appellants' state law
7         trademark infringement claim (as well as their claim under the UCL to
8         the extent it is based on infringement grounds) is subject to the same
9         legal standards as their Lanham Act trademark claim."); *Green Crush*
10        *LLC v. Paradise Splash I, Inc.*, 2018 WL 4940825, at * 6 (C.D. Cal.
11        May 3, 2018) (failure to prove protectability of trade dress required
12        dismissal of both federal and common law trademark infringement
13        claim); *Robinson v. Hunger Free America, Inc.*, 2018 WL 2563809, at
14        * 3 (E.D. Cal. June 4, 2018) ("To state a claim for trademark
15        infringement under either the Lanham Act or for common law
16        trademark infringement, a plaintiff must allege that (1) he has a valid,
17        protectable trademark right; (2) that was used by defendant; (3) in a
18        way that is likely to cause consumer confusion and thus infringe upon
19        the trademark right."); *CG Roxane LLC v. Fiji Water Co. LLC*, 569 F.
20        Supp. 2d 1019, 1034 (N.D. Cal. 2008) ("State and federal trademark
21        infringement, unfair competition and dilution claims follow essentially
22        the same test. . . . Simply put, plaintiff must prove that it has a valid
23        mark. . . ."); *DeLuna v. Navarro*, 2019 WL 6139920, at * 5 (C.D. Cal.
24        Sept. 6, 2019) ("Courts analyze claims for trademark-related unfair
25        competition, federal trademark infringement, and state common-law
26        trademark infringement using the same test.  To prevail on these
27        claims, a plaintiff must show that: (1) he has a protectable ownership
28        interest in a valid mark, and (2) the defendant's use of the mark is

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

likely to cause consumer confusion.") (internal citations omitted); *Credit One Corp. v. Credit One Fin., Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009) ("In order to prevail on a Lanham Act false designation claim or a common law trademark infringement claim, a plaintiff must show that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception.").

**Claim 4: Common Law Unfair Competition**

- For common law unfair competition, Thrive Natural Care must prove by a preponderance of the evidence that Thrive Causemetics committed either federal trademark infringement or federal unfair competition. *Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*, 772 F. Supp. 2d 1155, 1167 (C.D. Cal. 2009); *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007); *New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979).

**Claim 5: Violation of Cal. Bus. & Prof. § 17200**

- Statutory unfair competition in violation of Cal. Bus. & Prof. § 17200 is equitable in nature and should be decided by the Court, not the jury. Thrive Natural Care must prove by a preponderance of the evidence that Thrive Causemetics committed either federal trademark infringement or federal unfair competition. *See Moroccanoil, Inc. v. Groupon, Inc.*, 278 F. Supp. 3d 1157, 1161 (C.D. Cal. 2017); *Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994).

**Willful Infringement**

- <u>Thrive Natural Care's statement:</u>  Thrive Natural Care must prove by a preponderance of evidence that Thrive Causemetics knowingly or recklessly disregarded Thrive Natural Care's trademark rights. This can be shown by demonstrating that Thrive Causemetics acted with an

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

indifference to Thrive Natural Care's rights—in other words, that Thrive Causemetics willfully blinded itself to facts that would put it on notice that it was infringing Thrive Natural Care's trademarks, having cause to suspect it. *See Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1219 (9th Cir. 2003); *Coach, Inc. v. Celco Customs Servs. Co.*, No. CV-1110787-MMM-FMOX, 2012 WL 12883972, at *6 (C.D. Cal. Oct. 31, 2012); *Hydramedia Corp. v. Hydra Media Grp., Inc.*, No. CV-06-05293-DDP-JTLX, 2008 WL 11336118, at *3 (C.D. Cal. Dec. 29, 2008), aff'd, 392 F. App'x 522 (9th Cir. 2010).

- Thrive Causemetics' statement:  For willful infringement, Thrive Natural Care must prove by a preponderance of the evidence that Thrive Causemetics acted with a deliberate intent to exploit the advantage of the THRIVE mark or to capitalize on any goodwill Thrive Natural care may have.  *See Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir. 1993), *abrogated on other grounds in SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016); *Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180, 1196 (N.D. Cal. 2015); *Move Press, LLC v. Peloton Interactive, Inc.*, 2019 WL 4570018, at *7-8 (C.D. Cal. Sept. 5, 2019).

## **Reasonable Royalty Damages**

- Thrive Natural Care must prove by a preponderance of evidence "a legitimate proposed basis on which to calculate a royalty . . . ." *M2 Software Inc. v. Viacom Inc*., 223 F. App'x 653, 655 (9th Cir. 2007); *see also Marketquest Group, Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1300 (S.D. Cal. 2018) ("In the absence of a prior licensing agreement between the parties, courts will permit reasonable royalty damages only if the evidence provides a sufficiently reliable basis to calculate such damages.").

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

**Corrective Advertising Damages**

- <u>Thrive Natural Care's statement:</u>  Thrive Natural Care must prove by a preponderance of evidence (a) that Thrive Causemetics knowingly used Thrive Natural Care's marks in a manner that saturated the market with a false impression of association and damages are appropriate to counteract Thrive Causemetics' infringing advertising campaigns; and (b) the amount of Thrive Causemetics' advertising budget for infringing products, as damages should be 25% of that amount. *See Marketquest Grp., Inc. v. BIC Corp.*, No. 11-CV-618-BAS (JLB), 2018 WL 1756117, at *5 (S.D. Cal. Apr. 12, 2018); *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1375-76 (10th Cir. 1977) (approving corrective advertising damages in the amount of 25% of defendant's advertising budget); *Adray v. Adry-Mart, Inc.*, 76 F.3d 984, 988-89 (9th Cir. 1995) (approving of 25% rule from *Big O Tire*).

- <u>Thrive Causemetics' statement:</u>  Thrive Natural Care must prove by a preponderance of the evidence (1) that the THRIVE mark lost value, (2) the amount of damage to the value of the THRIVE mark with reasonable certainty, and (3) the cost of future advertising reasonably required to correct any public confusion caused by the infringement, but not to exceed the amount of damage to the mark.  *Adray v. Adray-Mart, Inc.*, 76 F.3d 984, 989 (9th Cir. 1995); *Quia Corp. v. Mattel, Inc.*, 2011 WL 2749576, at *5 (N.D. Cal. July 14, 2011) ("Plaintiff still has the burden of presenting evidence as to the foundational fact that its mark lost value at all."); *Lindy Pen Co. Inc. v. Bic Pen Corp.,* 982 F. 2d 1400, 1407 (9th Cir. 1993) ("As a general rule, damages which result from a tort must be established with reasonable certainty.").

**Disgorgement of Thrive Causemetics' Profits** (which the parties agree is

1    equitable in nature and should be decided by the Court)

2    •    <u>Thrive Natural Care's statement:</u>  Thrive Natural Care must prove

3         Thrive Causemetics' gross revenues from infringing sales by a

4         preponderance of evidence. *See* 15 U.S.C. § 1117(a). Thrive Natural

5         Care is not required to prove willful infringement to obtain

6         disgorgement of profits. *See Romag Fasteners, Inc v. Fossil, Inc*., 140

7         S. Ct. 1492, 1497 (2020). Thrive Causemetics has the burden of

8         proving any deductible costs, which must have been "of actual

9         assistance" in the production, distribution, or sale of the infringing

10        product. *Kamar Int'l, Inc. v. Russ Berrie & Co*., 752 F.2d 1326, 1332

11        (9th Cir. 1984).

12   •    <u>Thrive Causemetics' statement:</u>  The sole theory of trademark

13        infringement plausible on Thrive Natural Care's allegations is reverse

14        confusion.  Disgorgement of profits is unavailable as a matter of law in

15        reverse confusion cases because a reverse confusion theory is

16        inconsistent with the notion that Thrive Causemetics was unjustly

17        enriched through the infringement, *i.e.*, that Thrive Causemetics traded

18        on or gained the value of Thrive Natural Care's mark or goodwill.  *See*

19        *Novadaq Technologies, Inc. v. Karl Storz GmbH & Co. K.G.*, No. 14-

20        cv-04853-PSG, 2015 WL 9028123, at *2 (N.D. Cal. Dec. 16, 2015)

21        ("An intent to exploit an existing mark 'is necessarily absent in a

22        reverse confusion case.'"); *Scat Enter., Inc. v. FCA US LLC*, 2017 WL

23        5896182, at *2 (C.D. Cal. June 8, 2017); (same); J. Thomas McCarthy,

24        Trademarks and Unfair Competition § 23:10 (5th ed. 2021) ("Because

25        in a reverse confusion case the infringer is not seeking to take away the

26        plaintiff's customers through confusion, awarding the plaintiff the

27        profits of the infringer is not a proper basis for recovery.").  To the

28        extent Thrive Natural Care prevails on a forward confusion theory,

1    Thrive Natural Care must prove Thrive Causemetics' gross revenues

2    from infringing sales by a preponderance of evidence.  *See* 15 U.S.C. §

3    1117(a).  Thrive Causemetics has the burden of proving any deductible

4    costs, including overhead expenses, that are of actual assistance in the

5    production, distribution, or sale of the infringing products.  *See*

6    *Winterland Concessions Co. v. Fenton*, 835 F. Supp. 529, 533 (N.D.

7    Cal. 1993).  An adjustment of an award of profits pursuant to 15

8    U.S.C. § 1117(a) is equitable in nature and should be decided by the

9    Court, not the jury; in all events, any award of profits "shall constitute

10   compensation and not a penalty."  15 U.S.C. § 1117(a).

11   **Permanent Injunction** (which the parties agree is equitable in nature and

12   should be decided by the Court).

13   •    Thrive Natural Care must prove by a preponderance of evidence "(1)

14        actual success on the merits; (2) a likelihood of irreparable injury if

15        injunctive relief is not granted; (3) a balance of hardships favoring

16        Plaintiff; and (4) that an injunction will advance the public interest."

17        *Wecosign, Inc. v. IFG Holdings, Inc*., 845 F.Supp.2d 1072, 1084 (C.D.

18        Cal. 2012).

19   **Enhanced Damages Pursuant to 15 U.S.C. § 1117(a)** (which the parties

20   agree is equitable in nature and should be decided by the Court).

21   •    Thrive Natural Care's statement:  To obtain an award of enhanced

22        damages, Thrive Natural Care must prove by a preponderance of

23        evidence that an enhancement provides proper redress where Thrive

24        Natural Care was otherwise undercompensated by awarded damages,

25        such as where there is a potential harm from lingering misimpressions

26        that is unlikely to be fully captured by lost profits, or where enhancing

27        damages would advance the cause of deterring the defendant and

28        others similarly situated from repeating the type of unfair and

1   deceptive behavior. *See Binder v. Disability Group, Inc*., 772 F.Supp.

2   2d 1172, 1182-83 (C.D. Cal. 2011); *Taco Cabana Int., Inc. v. Two*

3   *Pesos, Inc*., 932 F.2d 1113, 1127 (5th Cir. 1991); *Playboy Enters., Inc.*

4   *v. Baccarat Clothing Co., Inc*., 692 F.2d 1272, 1274-75 (9th Cir.

5   1982); *PepsiCo v. Triunfo-Mex, Inc*., 189 F.R.D. 431, 432 (C.D. Cal.

6   1999).

7   •   <u>Thrive Causemetics' statement:</u>  If Thrive Natural Care proves by a

8   preponderance of the evidence that Thrive Causemetics engaged in

9   willful infringement, the Court may exercise its discretion to award up

10   to treble damages in appropriate circumstances.  *See* 15 U.S.C. §

11   1117(a); *Binder v. Disability Group, Inc.*, 772 F. Supp. 2d 1172, 1182-

12   83 (C.D. Cal. 2011).  However, an enhancement of damages must be

13   consistent with the Lanham Act's compensatory goals and cannot be

14   punitive.  *See* 15 U.S.C. § 1117(a); *Taco Cabana Int'l Inc. v. Two*

15   *Pesos, Inc.*, 932 F.2d 1113, 1127 (5th Cir. 1991) ("An enhancement of

16   damages may be based on a finding of willful infringement, but cannot

17   be punitive.").

18   **Award of Attorneys' Fees and Costs Pursuant to 15 U.S.C. § 1117(a)**

19   (which the parties agree is equitable in nature and should be decided by the

20   Court).

21   •   To obtain an award of fees and costs, Thrive Natural Care must prove

22   by preponderance of evidence that this is an "exceptional case,"

23   meaning "one that stands out from others with respect to the

24   substantive strength of a party's litigating position (considering both

25   the governing law and the facts of the case) or the unreasonable

26   manner in which the case was litigated." *Octane Fitness, LLC v. ICON*

27   *Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014); *SunEarth, Inc. v.*

28   *Sun Earth Solar Power Co., Ltd*., 839 F.3d 1179, 1180-81 (9th Cir.

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

2016).

**<u>Award of Pre- and Post-Judgment Interest On Monetary Awards</u>** (which the parties agree is equitable in nature and should be decided by the Court).

- Under 28 U.S.C. § 1961, the award of post judgment interest on a district court judgment is mandatory. *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013). With regard to prejudgment interest, Thrive Natural Care has the burden of proving by a preponderance of the evidence that the balance of the equities favors awarding prejudgment interest. *See id.*; *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F. 3d 948, 963 (9th Cir. 2018).

(c)    In brief, the key evidence Thrive Natural Care relies on for each of the claims is:

**<u>Claim 1</u>**

(a) the term "Thrive" is a valid, protectable trademark for skincare products.

- Evidence, including emails, correspondence, documents, and testimony demonstrating the process in creating the Thrive brand name and relation of Thrive name to skincare products.
- Trademark applications and registration certificates for each of the Thrive Registrations and the statement concerning incontestability of the '942 Registration from the USPTO.

(b) Thrive Natural Care owns the "Thrive" trademark for skincare products

- Evidence listed under (a) above.
- Evidence, including emails, correspondence, documents, and testimony demonstrating the history of Thrive Natural Care and its Thrive-branded skincare products, including but not limited to the historical and current sales, marketing and sales channels,

and customers of Thrive Natural Care.

- Evidence, including emails, correspondence, documents, and testimony showing Thrive Natural Care has marketed and sold its Thrive skincare products under the Thrive trademark continuously since 2013.

- Evidence, including emails, correspondence, documents, and testimony demonstrating that Thrive Natural Care applied for and received two federal trademark registrations for the Thrive mark.

- Trademark applications and registration certificates for each of the Thrive Registrations and the statement concerning incontestability of the '942 Registration from the USPTO.

- Evidence, including emails, correspondence, documents, and testimony demonstrating that Ecomundi Ventures, LLC undertook substantial planning activities relating to the Thrive products and Thrive mark through 2012 and into 2013, and that Ecomundi transferred all goodwill and the entire business relating to the Thrive mark to Thrive Natural Care in a May 2013 assignment.

- Evidence, including emails, correspondence, documents, and testimony demonstrating the value of the Thrive mark.

(c) Thrive Causemetics use of the term "Thrive Causemetics" on skincare products is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods.

- Samples and photographs of both parties' skincare products.

- Evidence, including emails, correspondence, documents, and testimony showing there is significant overlap between the

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

parties' marketing channels.

- Evidence, including emails, correspondence, documents, and testimony showing Thrive Natural Care regularly acquires customers through its website and online advertising, both parties advertise on the same online and social media sources, both parties' products are appear together online on the same sites and are depicted together on the same search engine results, and both parties' products are purchased primarily online through websites with URLS that both begin with the word "Thrive".

- Evidence, including emails, correspondence, documents, and testimony showing that both parties target the same types of consumers.

- Evidence, including emails, correspondence, documents, and testimony showing that both parties' products are priced similarly and fall in mid-market range, not in the high-end luxury skincare market or low-end value market.

- Evidence, including emails, correspondence, documents, and testimony demonstrating Thrive Causemetics' prior knowledge of Thrive Natural Care, the Thrive products, and the Thrive trademark registration before Thrive Causemetics began selling the infringing skincare products, including but not limited to that Thrive Causemetics was in possession of a trademark clearance report identifying the Thrive '942 Registration in 2015, Thrive Causemetics contacted Thrive Natural Care for permission to use the Thrive mark in 2016, which request was rejected, subsequent cease-and-desist communications between the parties, and a call between the parties' CEOs in 2019 during

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

which a reasonable royalty was discussed.

- Evidence, including emails, correspondence, documents, and testimony demonstrating the nature and extent of Thrive Causemetics' advertising and marketing of its Thrive Causemetics skincare products, including but not limited to search engine optimization and search engine marketing and other online marketing and advertising.

- Evidence, including emails, correspondence, documents, and testimony demonstrating the strength of the parties' marks and the strength of the association between "Thrive" and each of the parties.

- Evidence, including emails, correspondence, documents, and testimony concerning instances of actual confusion between Thrive Natural Care's "Thrive" mark and Thrive Causemetics' "Thrive Causemetics" mark or confusion as to the origin of the parties' products.

- Evidence, including emails, correspondence, documents, and testimony showing that Thrive Causemetics' use of the Thrive Causemetics mark has damaged the value of Thrive Natural Care's Thrive mark.

- Rob Wallace's expert report, rebuttal report, and testimony that consumer survey respondents demonstrated a high level of confusion between the parties' skincare products, the online presence of the parties' products and advertising, and the exposure of Thrive Causemetics' products and advertising to consumers searching online for "Thrive" and related terms in connection with skincare products.

- David Drews' expert report and testimony concerning the

reasonable royalty amount, amount of disgorged profits, and corrective advertising damages required to compensate Thrive Natural Care for the injury caused by Thrive Causemetics' actions.

**Claim 2**

- The key evidence that Thrive Natural Care will introduce in support of Claim 2 is the same as the evidence it will introduce in support of Claim 1.

**Claim 3**

- The key evidence that Thrive Natural Care will introduce in support of Claim 3 is the same as the evidence it will introduce in support of Claim 1.

**Claim 4**

- The key evidence that Thrive Natural Care will introduce in support of Claim 4 is the same as the evidence it will introduce in support of Claim 1.

**Claim 5**

- The key evidence that Thrive Natural Care will introduce in support of Claim 5 is the same as the evidence it will introduce in support of Claim 1.

**Finding of Willful Infringement**

- The key evidence that Thrive Natural Care will introduce in support of its allegation that Thrive Causemetics' infringement was willful is the same as the evidence it will introduce in support of Claim 1, and in particular evidence demonstrating Thrive Causemetics' prior knowledge of the Thrive trademark registrations via a trademark clearance report, USPTO office actions, cease-and-desist letter, and party-to-party

communications.

**Relief: Reasonable Royalty**

- Evidence, including emails, correspondence, documents, and testimony concerning Thrive Natural Care's intent to license the Thrive mark to Thrive Causemetics, communication between the parties regarding licensing, and Thrive Natural Care's communications with third parties regarding licensing the Thrive mark.

- David Drews' expert report and testimony concerning the reasonable royalty rate, royalty base, and total reasonable royalty damages, including analysis of *Georgia-Pacific* factors relevant to reasonable royalty and comparable license agreements.

- Evidence, including emails, correspondence, documents, and testimony, and expert testimony concerning Thrive Causemetics' revenues and profits on sales of infringing skincare products.

**Relief: Corrective Advertising Damages**

(a) that Thrive Causemetics knowingly used Thrive Natural Care's marks in a manner that saturated the market with a false impression of association and damages are appropriate to counteract Thrive Causemetics' infringing advertising campaigns;

- Evidence, including emails, correspondence, documents, and testimony showing Thrive Causemetics' use of the Thrive Causemetics mark and widespread saturation of online advertising space, and commensurate damage to the value of Thrive Natural Care's Thrive mark.

(b) the amount of Thrive Causemetics' advertising budget for

infringing products.

- Evidence, including emails, correspondence, documents, and testimony concerning Thrive Causemetics' advertising budget for infringing skincare products.

- David Drews' expert report and testimony concerning corrective advertising damages factors and calculations, along with Thrive Causemetics' advertising budget and expenditures for skincare products.

**Relief: Disgorgement of Profits**

- Evidence, including emails, correspondence, documents, and testimony, and expert testimony concerning Thrive Causemetics' revenues and profits on sales of infringing skincare products.

- Evidence, including emails, correspondence, documents, and testimony, and expert testimony concerning Thrive Causemetics' claimed deductible expenses demonstrating they are not tied directly to production or sale of any infringing product.

- David Drews' expert report and testimony concerning revenue and profit figures for Thrive Causemetics and the amount of disgorged profits.

**Relief: Permanent Injunction**

- The key evidence that Thrive Natural Care will introduce in support of issuance of a permanent injunction is the same as the evidence it will introduce in support of Claim 1 with the addition of the evidence identified below.

- Evidence, including emails, correspondence, documents, and testimony showing that Thrive Natural Care has suffered

irreparable harm in the loss of control over its brand, goodwill, and reputation.

**Relief: Enhanced Damages**

- The key evidence that Thrive Natural Care will introduce in support an award of enhanced damages is the same as the evidence it will introduce in support of Claim 1 and willful infringement.

**Relief: Attorneys' Fees and Costs**

- The key evidence that Thrive Natural Care will introduce in support an award of attorneys' fees and costs is the same as the evidence it will introduce in support of Claim 1 and willful infringement.

**Relief: Pre- and Post-Judgment Interest**

- The key evidence that Thrive Natural Care will introduce in support an award of pre-judgment interest is the same as the evidence it will introduce in support of Claim 1 and its damages requests. An award of post-judgment interest is mandatory.

***Defendant Thrive Causemetics' Statement***

(a)     Thrive Causemetics plans to pursue the following affirmative defenses:

- Laches
- Abandonment

(b)     The elements required to establish Thrive Causemetics' affirmative defenses are:

**Affirmative Defense:  Laches**

- <u>Thrive Causemetics' statement:</u> Thrive Causemetics must prove by a preponderance of the evidence (1) unreasonable delay by Thrive Natural Care in bringing the instant lawsuit; and (2) prejudice to

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

Thrive Causemetics.  *See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006).

- Thrive Natural Care's statement: To show unreasonable delay, Thrive Causemetics must prove by a preponderance of evidence that Thrive Natural Care knew or should have known it had a provable infringement claim against Thrive Causemetics and delayed filing suit for more than four years. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006); *Tillamook Country Smoker, Inc. v. Tillamook Cty. Creamery Ass'n*, 465 F.3d 1102, 1108 (9th Cir. 2006).

**Affirmative Defense:  Abandonment**

- Thrive Causemetics' statement: Thrive Causemetics must prove by a preponderance of the evidence that (1) Ecomundi Ventures, LLC ("Ecomundi") is the owner of Application Serial No. 85726058 (the "'058 Application"), and consequently, U.S. Trademark Reg. No. 4,467,942 (the "'942 Registration") for the mark THRIVE, as a result of an invalid assignment in gross to Thrive Natural Care; and (2) that Ecomundi discontinued its use of the THRIVE mark in the ordinary course of trade, intending not to resume using it.  *See Mister Donut of Am., Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842 (9th Cir. 1969); *Hallmark Hardwoods, Inc. v. Omni Wood Product, LLC*, 2011 WL 13176098, at *6 (C.D. Cal. 2011); *Societe De Developments Et D'Innovations Des Marches Agricoles Et Alimentaires-Sodima-Union De Cooperatives Agricoles v. Int'l Yogurt Co.*, 662 F. Supp. 839, 845 (D. Or. 1987) J. Thomas McCarthy, Trademarks and Unfair Competition ("McCarthy") §§ 2:15, 2:16 (5th ed. 2021); *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.5; *id.*, Inst. No. 15.22.

- Thrive Natural Care's statement: Thrive Causemetics must prove

abandonment by *clear and convincing evidence*, including that the assignment from Ecomundi to Thrive Natural Care failed to include any goodwill in the Thrive mark and that Thrive Natural Care was not the successor to Ecomundi's ongoing and existing business as related to the Thrive mark. *See* 15 U.S.C. § 1060(a)(1); *eMachines, Inc. v. Ready Access Memory, Inc.*, No. EDCV00-00374-VAP-EEX, 2001 WL 456404, at *5 (C.D. Cal. Mar. 5, 2001) ("Because a trademark owner's certificate of registration is prima facie evidence of the registration and continued use of the mark, the burden of proof is on the party seeking to show abandonment, and *abandonment must be shown by clear and convincing evidence*."); *Partners for Health & Home, L.P. v. Seung Wee Yang*, No. CV-09-07849-CBM-RZX, 2010 WL 11549564, at *3 (C.D. Cal. Sept. 13, 2010) ("The burden of proof is on the party seeking to show abandonment, which must be shown by clear and convincing evidence."). *See also Prudential Ins. Co. of America v. Gibraltar Fin. Corp. of Calif.*, 694 F.2d 1150, 1156 (9th Cir.1982) (holding abandonment must be "strictly proved"); 3 McCarthy on Trademarks and Unfair Competition § 17:12 (5th ed.) ("The majority of courts have interpreted the 'strictly proved' rule to mean that evidence of the elements of abandonment must be clear and convincing."); *Cash Processing Servs. v. Ambient Entm't, Inc.*, 418 F.Supp.2d 1227, 1231-1232 (D. Nev. 2006) ( "While the Ninth Circuit has not defined 'strictly proved' further, the majority of courts applying that standard have found that evidence of abandonment must be clear and convincing."); *Winnebago Indus., Inc.*, 207 USPQ ¶ 335 (TTAB June 30, 1980) ("[I]t is also well settled that insofar as the question of abandonment of a mark is concerned, the burden is on petitioner to establish as a fact by clear and convincing proofs the

abandonment of such mark by respondent.").

(c)     In brief, the key evidence Thrive Causemetics relies on for its affirmative defenses is:

### Affirmative Defense:  Laches

(1) Unreasonable delay by Thrive Natural Care in bringing the instant lawsuit;

- Documents and communications regarding Thrive Natural Care's origins, selection and adoption of the THRIVE mark, sustainability mission and business model, and Costa Rican plant ingredients for its products;

- Documents and communications regarding Thrive Natural Care's first sales and initial product offerings in men's skincare and grooming;

- Documents and communications regarding Thrive Causemetics' origins, and selection and adoption of the THRIVE CAUSEMETICS mark, charitable giving mission supporting women empowerment, and direct-to-consumer business model;

- Documents and communications regarding Thrive Causemetics' first sales and product offerings in color cosmetics and high-end luxury skincare;

- Documents and communications between the parties in April 2016, March 2017, April 2017, and June 2019 regarding Thrive Natural Care's infringement claim and the parties' continued coexistence;

- Documents and communications between Thrive Natural Care and third parties reflecting Thrive Natural Care's belief that Thrive Causemetics' use of the mark THRIVE CAUSEMETICS infringed Thrive Natural Care's purported rights in the mark THRIVE;

[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

- Documents and communications regarding the reasons Thrive Natural Care delayed in filing the instant lawsuit;
- Thrive Natural Care's Complaint, filed in this action on October 2, 2020; and
- Testimony of Thrive Causemetics' and Thrive Natural Care's respective percipient witnesses.

(2) Prejudice to Thrive Causemetics.

- Documents regarding Thrive Causemetics' substantial investment in development of its brand identity during Thrive Natural Care's delay in filing the instant lawsuit;
- Thrive Causemetics' financial information, including expenses attributable to the production and sale of Thrive Causemetics' skincare products and advertising expenditures from 2014 through mid-2021; and
- Testimony of Thrive Causemetics' and Thrive Natural Care's respective percipient witnesses.

**Affirmative Defense:  Abandonment**

(1) Ecomundi is the owner of the '058 Application, and consequently, the '942 Registration for the mark THRIVE, as a result of an invalid assignment in gross to Thrive Natural Care;

- Ecomundi's '058 Application for the mark THRIVE;
- Documents regarding Ecomundi's ownership and purported assignment of the '058 Application to Thrive Natural Care, including the Nunc Pro Tunc Trademark Assignment dated Sept. 27, 2013 and Restricted Stock Purchase Agreement dated May 23, 2013;
- Records from the United States Patent and Trademark Office and other documents regarding the '058 Application and its eventual

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

maturity into the '942 Registration for the THRIVE mark;

- The '942 Registration; and
- Testimony of Thrive Natural Care's percipient witnesses

(2) that Ecomundi discontinued its use of the THRIVE mark in the ordinary course of trade, intending not to resume using it.

- Documents and communications regarding Ecomundi's business activities and purported use of the THRIVE mark prior to purportedly assigning the '058 Application to Thrive Natural Care;
- Documents regarding Thrive Natural Care's use of the THRIVE mark and Ecomundi's discontinued use after the purported assignment of the '058 Application to Thrive Natural Care; and
- Testimony of Plaintiff's percipient witnesses.

## 8.   ISSUES REMAINING TO BE TRIED

The following issues remain to be tried to the jury: (1) federal trademark infringement; (2) federal false designation of origin; (3) willfulness, if infringement or unfair competition is found; (4) common law trademark infringement; (5) common law unfair competition; and (6) reasonable royalty and corrective advertising damages, if infringement or unfair competition is found.

The following issues remain to be decided by the Court: (1) the affirmative defense of laches; (2) unfair competition in violation of Cal. Bus. & Prof. Code § 17200; (3) disgorgement of profits if infringement or unfair competition is found; (4) a permanent injunction, if infringement or unfair competition is found; (5) enhanced damages under the Lanham Act; (6) whether this is an "exceptional case" warranting an award of attorneys' fees and costs; and (7) an award of pre- and post-judgment interest.

## 9.   DISCOVERY

Thrive Natural Care's statement: Thrive Causemetics is obligated to provide updated revenue data relating to the alleged infringing products sold prior to trial.

This must include updated data for existing products subsequent to the end date of the last data set provided, May 31, 2021. It must also include data concerning new skincare products which Thrive Causemetics has introduced, such as Thrive Causemetics' Timeless Ambition moisturizer and skin serum, both of which were recently released and which Thrive Causemetics explicitly describes as "skincare products" on its website.

Thrive Causemetics' statement:  Pursuant to the Court's Civil Trial Scheduling Order, the discovery cut-off, including expert discovery and the resolution of any discovery motions before the magistrate judge, was August 30, 2021.  ECF No. 19 ¶ I.A.  Discovery is closed and there is no basis for any further discovery.

## 10.    DISCLOSURES

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made. The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. The parties' objections to exhibits and grounds therefore are included in the joint exhibit list.

## 11.    WITNESS LIST

The joint witness list of the parties has been filed herewith in accordance with the Court's Scheduling Order. Only the witnesses identified in the joint witness list will be permitted to testify (other than solely for impeachment).

Each party intends to call expert witnesses at trial as follows:

Thrive Natural Care's Expert Witnesses:

- Rob Wallace (retained)
- David Drews (retained)

Thrive Causemetics' Expert Witnesses:

- Itamar Simonson (retained)
- Karl Schulze (retained)

Each party intending to present evidence by way of deposition testimony has

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

| Witness | Date |
|---|---|
| Ned Menninger (as 30(b)(6) designee of Thrive Causemetics) | 5/27/2021 |
| Karissa Bodnar (as 30(b)(6) designee of Thrive Causemetics) | 6/3/2021 |
| Ned Menninger (personal) | 7/13/2021 |
| Brendan Gardner-Young (personal) | 7/20/2021 |
| Karissa Bodnar (personal) | 7/28/2021 |

Pursuant to L.R. 32-1, the parties have submitted specific objections to deposition testimony herewith.

Subject to the specific objections submitted herewith, neither party objects to the presentation of testimony by deposition of the aforementioned witnesses.

**12.   LAW AND MOTION**

The following law and motion matters and motions in limine, and no others are, pending or contemplated:

1. Thrive Natural Care's Motion to Strike Fourteenth Affirmative Defense (Dkt. 32)
2. Thrive Natural Care's Motion for Partial Summary Judgment (Dkt. 40)
3. Thrive Causemetics' Motion for Summary Judgment (Dkt. 36)
4. Thrive Natural Care's Motions in Limine Nos. 1-4 (not yet filed)
5. Thrive Causemetics' Motions in Limine Nos. 1-4 (not yet filed)

**13.   BIFURCATION**

Neither party has requested bifurcation except with respect to the issues triable to the Court, *see supra* No. 8.

/ / /

[PROPOSED] FINAL PRETRIAL
CONFERENCE ORDER
CASE NO. 2:20-CV-09091-PA-AS

## 14.   <u>CONCLUSION</u>

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of these causes, unless modified to prevent manifest injustice or otherwise noted herein.

Dated: _____, 2021

_____
Hon. Percy Anderson
UNITED STATES DISTRICT JUDGE