JOINT TRIAL WITNESS ESTIMATE FORM

CASE: 2:20-cv-09091-PA-AS                                   TRIAL DATE: November 9, 2021, 9:00 a.m.

|   | WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|---|
| 1 | Alex McIntosh (in person) | Plaintiff (6 hours) | 4 hours | Plaintiff's summary: Testimony concerning: Thrive Natural Care's founding and business operations; selection and meaning of the "Thrive" mark; early operations under Ecomundi Ventures, LLC and assignment of all goodwill and business operations to Thrive Natural Care; sale of goods branded with Thrive marks; application for and prosecution of federal trademark applications for Thrive marks; communications with representatives from Thrive Causemetics; Thrive's trademark enforcement efforts; Thrive Causemetics' use of "Thrive" brand and actual confusion between the parties or the products of each; damages to Thrive Natural Care from Thrive Causemetics' infringement; marketing channels and customers for Thrive Natural Care products; degree of consumer care in skincare market; Thrive Natural Care's marketing and advertising and effect on same by Thrive Causemetics' marketing and advertising. | |

| 2 | Rob Wallace (in person) | Plaintiff (4 hours) | 3 hours | Plaintiff's summary: Testimony concerning: construction and provision of consumer surveys for confusion between parties' skincare products; meaning of responses to surveys and level of confusion between the parties' products; additional findings relevant to likelihood of confusion analysis; the online presence of the parties' products and advertising; the exposure of Thrive Causemetics' products and advertising to consumers searching online for "Thrive" and related terms in connection with skincare products. | Subject of in limine motion |
| 3 | David Drews (in person) | Plaintiff (4 hours) | 3 hours | Plaintiff's summary: Testimony concerning: Thrive Natural Care's damages and basis for calculation of such damages, including the appropriate reasonable royalty and analysis of *Georgia-Pacific* reasonable royalty factors; amount of disgorged profits and Thrive Causemetics' revenues and profits from infringing sales; corrective advertising damages required to compensate Thrive Natural Care for the injury caused by Thrive Causemetics' actions and Thrive Causemetics' advertising budget. | Subject of in limine motion |
| 4 | Karissa Bodnar (by deposition or in person, as adverse witness) | Plaintiff (2 hours) | 1 hour (on cross-examination in plaintiff's case) | Plaintiff's summary: Testimony concerning: Thrive Causemetics' founding; expansion into skincare market and sale of goods branded with infringing marks; knowledge of Thrive Natural Care, Thrive marks, | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Thrive Natural Care trademark registrations; application for and prosecution of federal trademark applications for Thrive Causemetics' marks containing "Thrive" term; communications with Thrive Natural Care representatives; Thrive Causemetics' use of "Thrive Causemetics" brand on skincare products; marketing channels and customers for Thrive Causemetics' products; Thrive Causemetics' marketing and advertising of infringing skincare products; Thrive Causemetics' business operations. | |
| 5 | Ned Menninger (by deposition or in person, as adverse witness) | Plaintiff (1 hour) | 1 hour (on cross-examination in plaintiff's case) | <u>Plaintiff's summary</u>:  Testimony concerning: Thrive Causemetics' revenue, profits, and claimed expenses relating to sales of infringing skincare products; Thrive Causemetics' business operations and financials; Thrive Causemetics' marketing and advertising of infringing skincare products. | |
| 6 | Brendan Gardner-Young (by deposition, as adverse witness) | Plaintiff (1 hour) | .25 hours | <u>Plaintiff's summary</u>:  Testimony concerning: Thrive Causemetics' marketing and advertising of infringing skincare products; purchase and use of advertising keywords; Thrive Causemetics' business operations. | |
| 7 | Karissa Bodnar (in person) | Defendant (on direct/rebuttal in defendant's case) (4 hours) | 2 hours | <u>Defendant's summary</u>:  Testimony concerning: Thrive Causemetics' origins, mission, selection of the Thrive Causemetics mark, channels of commerce, Thrive Causemetics target consumer and customer base; | |

| | | | | | |
|---|---|---|---|---|---|
| | | | | communications between Thrive Causemetics and Plaintiff; lack of Thrive Causemetics knowledge of actual consumer confusion. | |
| 8 | Ned Menninger (in person) | Defendant (on direct/rebuttal in defendant's case) (1 hour) | 1.5 hours | <u>Defendant's summary</u>:  Testimony concerning: Thrive Causemetics' financial information from 2018 to 2021 including revenues, advertising expenditures, and overhead expenses related to the production and sale of skincare products; no licensing of the Thrive Causemetics mark or Thrive Causemetics license of any third party mark. | |
| 9 | Itamar Simonson (in person) | Defendant (3 hours) | 1.5 hours | <u>Defendant's summary</u>:  Testimony concerning: expertise in consumer purchasing behavior; design and analysis of consumer survey showing no likelihood of confusion; rebuttal testimony as to the design and conclusions of survey offered by Thrive Natural Care. | Subject of in limine motion |
| 10 | Karl Schulze (in person) | Defendant (2.5 hours) | 1.5 hours | <u>Defendant's summary</u>:  Testimony concerning: expertise as to economic damages and lost profits claimed in trademark infringement cases; rebuttal testimony as to the damages calculations offered by Thrive Natural Care. | Subject of in limine motion |
| 11 | Lisa Ertz (in person) | Defendant (.5 hours) | .5 hours | <u>Defendant's summary</u>:  Testimony concerning: communications with Thrive Natural Care regarding potential partnership. | Subject of in limine motion |
| 12 | Alex McIntosh (in person) | Defendant (on direct/rebuttal as adverse witness in defendant's case) (1 hour) | 1 hour (on cross-examination in defendant's case) | <u>Defendant's summary</u> (to the extent not covered in cross-examination in plaintiff's case):  Testimony concerning: origin of Thrive Natural | |

| | | | | |
|---|---|---|---|---|
| | | | Care, sustainability mission, selection of the Thrive mark; invalidity of assignment from Ecomundi Ventures; Thrive Natural Care financial performance including sales, revenues, and advertising expenditures; valuations of company and Thrive mark; third party licensing efforts; target consumers and channels of commerce. | |