Stephen McArthur (SBN 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (SBN 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorneys for Plaintiff Thrive Natural Care, Inc.*

Rollin Ransom (SBN 196126)
rransom@sidley.com
Lauren De Lilly (SBN 301503)
ldelilly@sidley.com
Paula Salazar (SBN 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth St., Ste. 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000

*Attorneys for Defendant Thrive Causemetics, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THRIVE CAUSEMETICS, INC.,<br><br>Defendant. | Case No. 2:20-cv-9091-PA-AS<br><br>Hon. Percy Anderson<br><br>**JOINT TRIAL EXHIBIT LIST**<br><br>Trial Date: November 9, 2021<br>Time:       9:00 a.m.<br>Place:      Courtroom 9A |

Pursuant to Federal Rule of Civil Procedure 26(a)(3(A)(iii), Plaintiff Thrive Natural Care, Inc. ("Plaintiff" or "TNC") and Defendant Thrive Causemetics, Inc. ("Defendant" or "TCI") hereby submits this list of exhibits they presently intend to offer at trial.  Identification of a document on this list does not constitute an admission as to authenticity or admissibility, and each party reserves the right to object to any document on this list to the extent offered by the other party. Each party further reserves the right to supplement and/or add to this list those exhibits that may be disclosed in continuing discovery, exhibits that were inadvertently omitted, or exhibits that will be used in rebuttal or impeachment to evidence and testimony introduced at trial.

**PLAINTIFF'S EXHIBITS:**

| Ex. No. | Description | Bates / ECF No. | Objections | Response to Objections |
|---------|-------------|-----------------|------------|------------------------|
| 2. | Deposition Exhibit | Ex. 2 | None | |
| 3. | Deposition Exhibit | Ex. 3 | None | |
| 4. | Deposition Exhibit | Ex. 4 | None | |
| 5. | Deposition Exhibit | Ex. 5 | Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | This is relevant and not prejudicial under Fed. R. Evid. 401, 402, and 403 because it is probative of the origin of TCI's trademark and probative of the value of TCI's trademark.  It directly rebuts TCI's claim that they invented and coined the term "Causemetics". |
| 10. | Deposition Exhibit | Ex. 10 | None | |

JOINT TRIAL EXHIBIT LIST

| 11. | Deposition Exhibit | Ex. 11 | None | |
|---|---|---|---|---|
| 12. | Deposition Exhibit | Ex. 12 | None | |
| 13. | Deposition Exhibit | Ex. 13 | None | |
| 14. | Deposition Exhibit | Ex. 14 | None | |
| 15. | Deposition Exhibit | Ex. 15 | Irrelevant (FRE 402) | This is relevant because it goes to how TCI changed their logo and presentation of the term "Thrive Causemetics" after the original 2016 email exchange, which directly led to the 2017 trademark correspondence between TNC and TCI. This context is necessary to show why TNC sent the new trademark letter to TCI in 2017. |
| 16. | Deposition Exhibit | Ex. 16 | None | |
| 17. | Deposition Exhibit | Ex. 17 | None | |
| 18. | Deposition Exhibit | Ex. 18 | None | |
| 19. | Deposition Exhibit | Ex. 19 | None | |
| 20. | Deposition Exhibit | Ex. 20 | Foundation (FRE 602)<br><br>Hearsay (FRE 802) | Alex Mcintosh, the CEO of TNC, has testified and will testify as to the business record origin of this document. It is necessary to rebut TCI's argument that women do not make up TNC's consumer base. |

JOINT TRIAL EXHIBIT LIST

| 21. | Deposition Exhibit | Ex. 21 | Foundation (FRE 602)<br><br>Authentication (FRE 901) | Alex Mcintosh, the CEO of TNC, will testify as to what the document is and to the origin of this document. |
|---|---|---|---|---|
| 22. | Deposition Exhibit | Ex. 22 | None | |
| 23. | Deposition Exhibit | Ex. 23 | None | |
| 24. | Deposition Exhibit | Ex. 24 | None | |
| 25. | Deposition Exhibit | Ex. 25 | None | |
| 26. | Deposition Exhibit | Ex. 26 | None | |
| 27. | Deposition Exhibit | Ex. 27 | None | |
| 28. | Deposition Exhibit | Ex. 28 | Hearsay (FRE 802) (as to the e-mails between Margo Hays and Alex McIntosh) | The exhibit is not hearsay because it is not being offered for the truth of the matters asserted therein |
| 29. | Deposition Exhibit | Ex. 29 | Irrelevant (FRE 402) | (Exhibit Withdrawn). |
| 30. | Deposition Exhibit | Ex. 30 | None | |
| 31. | Deposition Exhibit | Ex. 31 | None | |
| 32. | Deposition Exhibit | Ex. 32 | None | |
| 34. | Deposition Exhibit | Ex. 34 | None | |
| 35. | Deposition Exhibit | Ex. 35 | None | |
| 36. | Deposition Exhibit | Ex. 36 | None | |
| 38. | Deposition Exhibit | Ex. 38 | None | |
| 39. | Deposition Exhibit | Ex. 39 | None | |
| 40. | Deposition Exhibit | Ex. 40 | Foundation (FRE 602)<br><br>Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | Thrive CEO, Alex McIntosh, will testify as to the origin of the document. Not irrelevant or prejudicial since it goes to TCI's motivation for blatantly infringing a trademark. It is |

JOINT TRIAL EXHIBIT LIST

| | | | | more concerned with growing short term revenues for its valuation than it is with the long-term consequences from infringing a competitor's trademark. |
|---|---|---|---|---|
| 41. | Deposition Exhibit | Ex. 41 | None | |
| 44. | Gardner-Young Deposition Exhibit | Ex. 44 | None | |
| 45. | Gardner-Young Deposition Exhibit | Ex. 45 | None | |
| 48. | Gardner-Young Deposition Exhibit | Ex. 48 | Irrelevant (FRE 402) | This document is relevant because it goes to Defendant using the term "Thrive Lab" to refer to its product offerings and consumers, which increased consumer confusion with Plaintiff Thrive. |
| 81. | Bodnar Deposition Exhibit | Ex. 81 | Irrelevant (FRE 402) | This is relevant because it is probative of the origin of TCI's trademark and probative of the value of TCI's trademark. It directly rebuts TCI's claim that they invented and coined the term "Causemetics". |
| 82. | Bodnar Deposition | Ex. 82 | None | |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Exhibit | | | |
| 83. | Bodnar Deposition Exhibit | Ex. 83 | None | |
| 84. | Bodnar Deposition Exhibit | Ex. 84 | None | |
| 85. | Bodnar Deposition Exhibit | Ex. 85 | None | |
| 86. | Bodnar Deposition Exhibit | Ex. 86 | None | |
| 94. | McIntosh Deposition Exhibit | Ex. 94 | Irrelevant (FRE 402) | (Exhibit Withdrawn) |
| 95. | Deposition Exhibit | Ex. 95 | None | |
| 113. | 8.27.2021 Deposition of Robert Wallace. Ex. 113 | Ex. 113 | None | |
| 114. | 8.27.2021 Deposition of Robert Wallace. Ex. 114 | Ex. 114 | Prejudice (FRE 403) | This exhibit is not prejudicial under 403 since it reflects how consumers encounter the parties' Thrive marks when shopping online, and is directly relevant to proving TNC's claims of confusion and damages, and disproving TCI's claims that the products are not seen side by side. |
| 115. | 8.27.2021 Deposition of Robert Wallace. Ex. 115 | Ex. 115 | Prejudice (FRE 403) | This exhibit is not prejudicial under 403 since it reflects how consumers encounter the parties' Thrive marks when shopping online, |

JOINT TRIAL EXHIBIT LIST

| | | | | | and is directly relevant to proving TNC's claims of confusion and damages, and disproving TCI's claims that the products are not seen side by side. |
|---|---|---|---|---|---|
| 116. | 8.27.2021 Deposition of Robert Wallace.  Ex. 116 | Ex. 116 | Prejudice (FRE 403) | | This exhibit is not prejudicial under 403 since it reflects how consumers encounter the parties' Thrive marks when shopping online, and is directly relevant to proving TNC's claims of confusion and damages, and disproving TCI's claims that the products are not seen side by side. |
| 117. | Ex. A to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment.<br><br>942 Registration certificate. | 41 | None | | |
| 118. | Ex. B to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment. | 41 | None | | |

-7-

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Thrive's Combined Decl. of Use and Incontestability and the PTO's acceptance of this Decl. | | | |
| 119. | Ex. C to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment.<br><br>303 Registration certificate | 41 | None | |
| 120. | Ex. G to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment.<br><br>Consumers Reviews left on Thrive's Amazon product page. | 41 | Irrelevant (FRE 401; 402)<br><br>Prejudice (FRE 403)<br><br>Foundation (FRE 602)<br><br>Authentication (FRE 901) (to the extent the exhibit reflects highlighting or other modifications made by Plaintiff) | Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin, nature, and providence of this document. It is relevant to consumer confusion, goes towards evidence of actual consumer confusion between Plaintiff and Defendant, and not unfairly prejudicial. |
| 121. | Ex. H to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment. S<br><br>Screenshot of | 41 | Foundation (FRE 602)<br><br>Authentication (FRE 901) (to the extent the exhibit reflects | Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin, nature, and providence of this document. It is |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Walmart.com's listing for Thrive Products which Walmart erroneously listed as originating from TCI. | | highlighting or other modifications made by Plaintiff) | relevant to consumer confusion, goes towards evidence of actual consumer confusion between Plaintiff and Defendant. |
| 122. | Ex. I to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment.<br><br>Online product listing for Thrive's products on the Poshmark website, which states Thrive's products originate from TCI. | 41 | Foundation (FRE 602)<br><br>Authentication (FRE 901) | Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin, nature, and providence of this document. It is relevant to consumer confusion, goes towards evidence of actual consumer confusion between Plaintiff and Defendant. |
| 123. | Ex. J to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment. Screenshots taken by McIntosh of Google and Google Shopping search results. | 41 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin, nature, and providence of this document. It is relevant to consumer confusion, goes towards evidence of actual consumer confusion between Plaintiff and Defendant, and not unfairly prejudicial. |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| 124. | Ex. K to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment. Screenshots taken by McIntosh of Bing and Bing Shopping search results. | 41 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin, nature, and providence of this document. It is relevant to consumer confusion, goes towards evidence of actual consumer confusion between Plaintiff and Defendant, and not unfairly prejudicial. |
| 125. | Ex. L to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment.<br><br>Screenshots of websites showing both parties' products. | 41 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin, nature, and providence of this document. It is relevant to consumer confusion, goes towards evidence of actual consumer confusion between Plaintiff and Defendant, and not unfairly prejudicial. |
| 126. | Ex. M to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment.<br><br>Lisa Ertz email. | 41 | Irrelevant (FRE 401; 402)<br><br>Prejudice (FRE 403) | This email is relevant to consumer confusion, goes towards evidence of actual consumer confusion between |

JOINT TRIAL EXHIBIT LIST

| | | | | Plaintiff and Defendant, and not unfairly prejudicial. |
|---|---|---|---|---|
| 127. | Ex. O to Decl. of Alex Mcintosh in support of plaintiff's motion for partial summary judgment | 41 | Foundation (FRE 602) | Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin, nature, and providence of this document. |
| 128. | Ex. A to Decl. of Rob Wallace in support of plaintiff's motion for partial summary judgment.<br><br>Filtered Effects Blurring Primer | 42 | Foundation (FRE 602; 702)<br><br>*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)<br><br>Hearsay (FRE 802) | Rob Wallace will testify as to the origin, nature, and providence of this document. Not hearsay because it is an admission of party opponent. |
| 129. | Ex. B to Decl. of Rob Wallace in support of plaintiff's motion for partial summary judgment.<br>Product Side by side marketplace screenshots. | 42 | Foundation (FRE 602; 702)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Rob Wallace will testify as to the origin, nature, and providence of this document. The screenshots are relevant to consumer confusion, go towards evidence of actual consumer confusion between Plaintiff and Defendant, and not unfairly prejudicial. |
| 130. | Excerpts of the transcript from the Rule | | Fails to comply with the CTSO | (Plaintiff will rely on submitted |

-11-

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | 30(b)(6) deposition of TCI's designee, Karissa Bodnar. | | requirements for designations of deposition testimony for use at trial (CTSO at 17-18)<br><br>TCI also expressly reserves the right to object to and counter designate any designations of deposition testimony made by Plaintiff, and will make such objections in accordance with the timing and format set forth in the CTSO. | Deposition Designations) |
| 131. | Excerpts of the transcript from the deposition of Brendan Gardner-Young, TCI's Head of Technology. | | Fails to comply with the CTSO requirements for designations of deposition testimony for use at trial (CTSO at 17-18)<br><br>TCI also expressly reserves the right to object to and counter designate any designations of deposition testimony made by Plaintiff, and | (Plaintiff will rely on submitted Deposition Designations) |

-12-
JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | | will make such objections in accordance with the timing and format set forth in the CTSO. | |
| 132. | Excerpts of the transcript from the Rule 30(b)(6) deposition of TCI's designee, Ned Menninger. | | Fails to comply with the CTSO requirements for designations of deposition testimony for use at trial (CTSO at 17-18)<br><br>TCI also expressly reserves the right to object to and counter designate any designations of deposition testimony made by Plaintiff, and will make such objections in accordance with the timing and format set forth in the CTSO. | (Plaintiff will rely on submitted Deposition Designations) |
| 133. | Excerpts of the transcript from the deposition of Ned Menninger, TCI's Chief Financial Officer. | | Fails to comply with the CTSO requirements for designations of deposition testimony for use at trial (CTSO at 17-18) | (Plaintiff will rely on submitted Deposition Designations) |

JOINT TRIAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | | | TCI also expressly reserves the right to object to and counter designate any designations of deposition testimony made by Plaintiff, and will make such objections in accordance with the timing and format set forth in the CTSO. | |
| 134. | Ex. E to Decl. of Stephen McArthur in support of plaintiff's motion for partial summary judgment. 2015 Office Action rejecting TCI Application. | 33-2 | Hearsay (FRE 802)  Prejudice (FRE 403) | This is a business record and an official USPTO document limiting the scope of TCI's trademark rights. It is not unfairly prejudicial. | |
| 135. | Ex. F to Decl. of Stephen McArthur in support of plaintiff's motion for partial summary judgment. TCI's response to the 2015 Office Action dated May 26, 2016. | 33-2 | Prejudice (FRE 403) | This is a document created and filed by TCI regarding its own trademark rights, and is not unfairly prejudicial because it goes directly to the scope of TCI's trademark rights. | |
| 136. | Ex. G to Decl. of Stephen McArthur in support of plaintiff's motion for partial summary judgment. PTO's June 22, 2016 | 33-2 | Hearsay (FRE 802)  Prejudice (FRE 403) | This is a business record and an official USPTO document limiting the scope of TCI's trademark rights. It | |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | reply to TCI's response to 2015 Office Action. | | | is not unfairly prejudicial. |
| 137. | Ex. H to Decl. of Stephen McArthur in support of plaintiff's motion for partial summary judgment. Office Action issued by the PTO against TCI on August 28, 2018 | 33-2 | Hearsay (FRE 802)<br><br>Prejudice (FRE 403) | This is a business record and an official USPTO document limiting the scope of TCI's trademark rights. It is not unfairly prejudicial. |
| 138. | Ex. I to Decl. of Stephen McArthur in support of plaintiff's motion for partial summary judgment. TCI's response to the 2018 Office Action | 33-2 | Prejudice (FRE 403) | This is a document created and filed by TCI regarding its own trademark rights, and is not unfairly prejudicial because it goes directly to the scope of TCI's trademark rights. |
| 139. | Ex. J to Decl. of Stephen McArthur in support of plaintiff's motion for partial summary judgment. PTO's Suspension Letter issued on TCI's application on November 23, 2018 | 33-2 | Hearsay (FRE 802)<br><br>Prejudice (FRE 403) | This is a business record and an official USPTO document limiting the scope of TCI's trademark rights. It is not unfairly prejudicial. |
| 140. | Ex. K to Decl. of Stephen McArthur in support of plaintiff's motion for partial summary judgment. TO's Office Action dated July 28, 2021. | 33-2 | Hearsay (FRE 802)<br><br>Prejudice (FRE 403) | This is a business record and an official USPTO document limiting the scope of TCI's trademark rights. It is not unfairly prejudicial. |
| 141. | Ex. L to Decl. of Stephen McArthur in support of plaintiff's | 33-2 | None | |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | motion for partial summary judgment. Dictionary definitions of the word "thrive". | | | |
| 142. | Ex. M to Decl. of Stephen McArthur in support of plaintiff's motion for partial summary judgment. Media coverage of TCI | 33-2 | Hearsay (FRE 802) (as to pages MCARTHUR421-424 of the exhibit)

Foundation (FRE 602) (as to pages MCARTHUR421-424 of the exhibit) | Not hearsay because not offered for the truth of the matter asserted. Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 143. | "Thrive Regenerative Impact Milestones" | TNC03 377 | Hearsay (FRE 802) | Not hearsay because it's a business record. Alex McIntosh will testify as to the providence, nature, and origin of the document. |
| 144. | "Thrive Face Balm Reviews 2021 - www.influenster.com" | TNC03 333 | Foundation (FRE 602)

Authentication (FRE 901) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 145. | "Full Ingredients List Daily Defense Sunscreen Balm Mineral SPF 30 Thr_ - www.skincarisma.com" | TNC03 332 | Foundation (FRE 602)

Authentication (FRE 901) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 146. | "Amazon.com _ THRIVE Natural Moisturizing Mineral Face Sunscreen SPF 3_ - www.amazon.com" | TNC03 331 | Foundation (FRE 602)

Authentication (FRE 901) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 147. | CEO of Thrive Natural | TNC03 | Hearsay (FRE | Not hearsay |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Care Makes Case for Business Beyond Sustainabil_ - www.prnewswire.com | 330-TNC03330 | 802) | because not offered for the truth of the matter asserted. |
| 148. | CSRWire - Thrive Natural Care Achieves 'Beyond Sustainable' Milestone_ - www.csrwire.com | TNC03329-TNC03329 | Hearsay (FRE 802) | Not hearsay because not offered for the truth of the matter asserted. |
| 149. | Apteo Blog – The Guide to Google Shopping Optimization for Ecommerce Stores | TNC03317-TNC03328 | Foundation (FRE 602)  Hearsay (FRE 802)  Improper Opinion Testimony (FRE 701) | Rob Wallace will testify as to the providence, nature, and origin of these documents.  The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual exception to the prohibition against hearsay in Fed. R. Evid. 807. |
| 150. | AMAZON~3 | TNC03303-TNC03316 | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 151. | Amazon.com_ Customer reviews_ Thrive Natural Body Mineral Sunscreen SPF 50, 4 Ounces - Water Resistant Reef Safe Sunscreen with Broad Spectrum Clear Zinc Oxide Sun Block - Vegan, Plant Based | TNC03300-TNC03302 | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |

-17-

| | | | | |
|---|---|---|---|---|
| | Tube & Made in USA | | | |
| 152. | all products – Omcali Sacred Skincare | TNC03 229-TNC03 233 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Hearsay (FRE 802)<br><br>Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. Not hearsay because not being offered for the truth of the matter asserted. The exhibit is necessary to give context to and rebut TCI's use of a settlement agreement with OMCALI for its damages analysis, so is not unfairly prejudicial. |
| 153. | 404 Not Found – Omcali Sacred Skincare | TNC03 227-TNC03 228 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Hearsay (FRE 802)<br><br>Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. Not hearsay because not being offered for the truth of the matter asserted. The exhibit is necessary to give context to and rebut TCI's use of a settlement agreement with OMCALI for its damages analysis, so is not unfairly prejudicial. |
| 154. | Screen Shot 2021-08-02 | TNC03 | Foundation (FRE | Alex McIntosh will |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | at 11.22.49 PM | 216-TNC03216 | 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 155. | Screen Shot 2021-08-02 at 11.22.38 PM | TNC03215-TNC03215 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so |

JOINT TRIAL EXHIBIT LIST

| | | | | is not unfairly prejudicial. |
|---|---|---|---|---|
| 156. | Screen Shot 2021-08-02 at 11.22.20 PM | TNC03214-TNC03214 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 157. | Screen Shot 2021-08-02 at 11.22.08 PM | TNC03213-TNC03213 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the |

| | | | | |
|---|---|---|---|---|
| | | | | companies' products do not appear together, so is not unfairly prejudicial. |
| 158. | Screen Shot 2021-08-02 at 11.21.55 PM | TNC03 212-TNC03 212 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 159. | Screen Shot 2021-08-02 at 11.21.42 PM | TNC03 211-TNC03 211 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to |

-21-

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | | | directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 160. | Screen Shot 2021-08-02 at 11.21.32 PM | TNC03210-TNC03210 | Foundation (FRE 602) Authentication (FRE 901) Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 161. | Screen Shot 2021-08-02 at 11.19.54 PM | TNC03209-TNC03209 | Foundation (FRE 602) Authentication (FRE 901) Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products |

JOINT TRIAL EXHIBIT LIST

| | | | | when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
|---|---|---|---|---|
| 162. | Screen Shot 2021-08-02 at 11.19.38 PM | TNC03208-TNC03208 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 163. | Screen Shot 2021-08-02 at 11.19.26 PM | TNC03207-TNC03207 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers |

| | | | | | will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
|---|---|---|---|---|---|
| 164. | Screen Shot 2021-08-02 at 11.19.13 PM | TNC03206-TNC03206 | Foundation (FRE 602) Authentication (FRE 901) Prejudice (FRE 403) | | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 165. | Screen Shot 2021-08-02 at 11.18.45 PM | TNC03205-TNC03205 | Foundation (FRE 602) Authentication (FRE 901) | | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The |

| | | | | |
|---|---|---|---|---|
| | | | | Prejudice (FRE 403) | document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 166. | Screen Shot 2021-08-02 at 11.17.38 PM | TNC03204-TNC03204 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 167. | Screen Shot 2021-08-02 at 11.17.00 PM | TNC03203- | Foundation (FRE 602) | Alex McIntosh will testify as to the |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | TNC03203 | Authentication (FRE 901)<br><br>Prejudice (FRE 403) | providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 168. | Screen Shot 2021-08-02 at 11.16.50 PM | TNC03202-TNC03202 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly |

-26-

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | | | prejudicial. |
| 169. | Screen Shot 2021-08-02 at 11.16.42 PM | TNC03 201-TNC03 201 | Foundation (FRE 602)\n\nAuthentication (FRE 901)\n\nPrejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 170. | Screen Shot 2021-08-02 at 11.16.08 PM | TNC03 200-TNC03 200 | Foundation (FRE 602)\n\nAuthentication (FRE 901)\n\nPrejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' |

JOINT TRIAL EXHIBIT LIST

| | | | | products do not appear together, so is not unfairly prejudicial. |
|---|---|---|---|---|
| 171. | Screen Shot 2021-08-02 at 11.15.45 PM | TNC03 199-TNC03 199 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 172. | Screen Shot 2021-08-02 at 11.15.26 PM | TNC03 198-TNC03 198 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut |

| | | | | |
|---|---|---|---|---|
| | | | | Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 173. | Screen Shot 2021-08-02 at 11.15.08 PM | TNC03 197-TNC03 197 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 174. | Screen Shot 2021-08-02 at 11.13.37 PM | TNC03 196-TNC03 196 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping |

JOINT TRIAL EXHIBIT LIST

| | | | | online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
|---|---|---|---|---|
| 175. | Screen Shot 2021-08-02 at 11.11.26 PM | TNC03195-TNC03195 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 176. | Screen Shot 2021-08-02 at 11.11.10 PM | TNC03194-TNC03194 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | | | Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 177. | Screen Shot 2021-08-02 at 11.10.56 PM | TNC03 193-TNC03 193 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 178. | Screen Shot 2021-08-02 at 11.10.09 PM | TNC03 192-TNC03 192 | Foundation (FRE 602)<br><br>Authentication (FRE 901) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is |

JOINT TRIAL EXHIBIT LIST

| | | | | Prejudice (FRE 403) | necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
|---|---|---|---|---|---|
| 179. | Screen Shot 2021-08-02 at 11.09.43 PM | TNC03 191-TNC03 191 | | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 180. | Screen Shot 2021-08-02 at 11.09.27 PM | TNC03 190-TNC03 | | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, |

-32-

| | | | 190 | Authentication (FRE 901)<br><br>Prejudice (FRE 403) | and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 181. | Screen Shot 2021-08-02 at 11.09.02 PM | TNC03189-TNC03189 | | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |

-33-
JOINT TRIAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| 182. | Screen Shot 2021-08-02 at 11.08.45 PM | TNC03 188-TNC03 188 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 183. | Screen Shot 2021-08-02 at 11.08.27 PM | TNC03 187-TNC03 187 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | | | appear together, so is not unfairly prejudicial. |
| 184. | Screen Shot 2021-08-02 at 11.07.52 PM | TNC03 186-TNC03 186 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 185. | Screen Shot 2021-08-02 at 11.05.52 PM | TNC03 185-TNC03 185 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's |

-35-

| | | | | |
|---|---|---|---|---|
| | | | | arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 186. | Screen Shot 2021-08-02 at 11.05.34 PM | TNC03 184-TNC03 184 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 187. | Screen Shot 2021-08-02 at 11.05.07 PM | TNC03 183-TNC03 183 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. It is |

| | | | | | necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
|---|---|---|---|---|---|
| 188. | THRIVE _ definition in the Cambridge English Dictionary | TNC03 104-TNC03 110 | None | | |
| 189. | THRIVE (verb) American English definition and synonyms _ Macmillan Dictionary | TNC03 101-TNC03 103 | None | | |
| 190. | Merriam webster thrive definition 7.28.2021 | TNC03 085-TNC03 094 | None | | |
| 191. | Dictionary definition of Thrive 7.28.2021 | TNC03 073-TNC03 078 | None | | |
| 192. | Thrive Natural Light Mineral Face Sunsc... SPF 30 w_ Antioxiants, - Walmart | TNC02 051-TNC02 059 | Hearsay (FRE 802) | Not hearsay because business records, not being offered for the truth of the matter asserted. | |
| 193. | THRIVE Natural Face Wash Gel for Men & ...en & Mens Face Wash_ Amazon | TNC02 043-TNC02 050 | Hearsay (FRE 802) | Not hearsay because business records, not being offered for the truth of the matter asserted. | |
| 194. | screencapture-thrivecausemetics- | TNC02 037- | Foundation (FRE 602) | Alex McIntosh will testify as to the | |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | products-filtered-effects-blurring-primer-2021-06-29-15_13_44 | TNC02 041 | | providence, nature, and origin of these documents. |
| 195. | screencapture-facebook-thrivecausemetics-videos-294882584969829-2021-06-29-09_52_04 | TNC02 036-TNC02 036 | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 196. | screencapture-facebook-thrivecausemetics-videos-294882584969829-2021-06-29-09_51_33 | TNC02 035-TNC02 035 | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 197. | Screenshot Filtered Effects Blurring Primer | TNC02 030-TNC02 030 | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 198. | How a small, sustainable skin care brand became a best-selling Amazon partner | TNC02 026-TNC02 029 | Hearsay (FRE 802) | Not hearsay because not being offered for the truth of the matter asserted. |
| 199. | Best Natural Face Moisturizer Lotion & After Shave Balm - Plant-Based_ - thrivecare.co | TNC02 025-TNC02 025 | Hearsay (FRE 802) | Not hearsay because not being offered for the truth of the matter asserted. |
| 200. | Capture 048 - Filtered Effects Blurring Face Primer – Thrive Causemetics_ - thrivecausemetics.com | TNC02 023-TNC02 023 | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 201. | Brilliant Face Brightener Illuminating Primer™ _ Thrive Causemetics | TNC02 002-TNC02 019 | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 202. | Brilliant Face Brightener Illuminating | TNC02 001- | Foundation (FRE 602) | Alex McIntosh will testify as to the |

JOINT TRIAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | Primer2 6.30.2021 | TNC02 001 | | providence, nature, and origin of these documents. |
| 203. | | 17 LGBTQ+ Owned Beauty Brands to Support During Pride and Beyond | TNC01 972-TNC01 997 | Hearsay (FRE 802)<br><br>Irrelevant (FRE 402) | Not hearsay because not being offered for the truth of the matter asserted. Goes to strength of Plaintiff's mark and general media attention given to the brand. |
| 204. | | Thrive Tribe  Blog | TNC01 211-TNC01 212 | Hearsay (FRE 802)<br><br>Prejudice (FRE 403) | Not hearsay because not being offered for the truth of the matter asserted. Not unfairly prejudicial because goes to likelihood of confusion. |
| 205. | | Thrive Earth Month Giveaway Entry | TNC01 210-TNC01 210 | Hearsay (FRE 802)<br><br>Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | Not hearsay because not being offered for the truth of the matter asserted. Goes to strength of Plaintiff's mark and general media attention given to the brand and is not unfairly prejudicial. |
| 206. | | screencapture-web-archive-org-web-20200812173652-https-thrivecare-co-2020-10-27-12_03_03 | TNC01 209-TNC01 209 | Hearsay (FRE 802)<br><br>Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. Not hearsay because |

| | | | | not going to the truth of the matter asserted. |
|---|---|---|---|---|
| 207. | screencapture-thrivecare-co-pages-our-skin-health-philosophy-2020-11-05-15_10_44 (Thrive Tribe use) | TNC01208-TNC01208 | None | |
| 208. | Causemetics Letter re Thrive Natural Care 4.12.17 | TNC00899-TNC00900 | None | |
| 209. | (Log 19) 12.4.18 email from Karissa Bodnar to Delali Kpodzo | TCI_00031448 | Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| 210. | (Log 18) 5.14.18 email from Kate McDonald to Shehab Heddaya | TCI_00031440 | Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of Plaintiff Thrive and |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | | | its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| 211. | (Log 17) 10.16.2019 email from Shehab Heddaya to Nicole Benjamin | TCI_00 031438 -39 | Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| 212. | (Log 16) 6.24.2019 email from Karissa Bodnar to Shehab Heddaya | TCI_00 031437 | Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of |

-41-

| | | | | Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| 213. | (Log 15) 6.12.2019 email from Nicole Benjamin to Shehab Heddaya | TCI_00 031436 | Irrelevant (FRE 402) Prejudice (FRE 403) | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| 214. | (Log 13) 6.25.2019 email from Karissa Bodnar to Nicole Benjamin | TCI_00 031432 | Irrelevant (FRE 402) Prejudice (FRE | Not irrelevant or unfairly prejudicial. It goes towards TCI's |

| | | | | 403) | knowledge of Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| --- | --- | --- | --- | --- | --- |
| 215. | (Log 6) 5.18.2016 email from Mary Baker Anderson to Karissa Bodnar | TCI_00 031420 - 25 | Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| 216. | (Log 5) 5.17.2016 email from Karissa Bodnar to Mary Baker Anderson | TCI_00 031392- 419 | Irrelevant (FRE 402) | | Not irrelevant or unfairly prejudicial. It goes |

| | | | | Prejudice (FRE 403) | towards TCI's knowledge of Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
|---|---|---|---|---|---|
| 217. | (Log 4) 2.19.2019 email form Shehab Heddaya to Kayla Goldberg | TCI_00 031391 | | Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| 218. | Revenue Spreadsheet | TCI_00 031132 | | Objection as duplicate of Dep. | There is no duplicate. |

JOINT TRIAL EXHIBIT LIST

| | | | Ex. No. 39 | |
|---|---|---|---|---|
| 219. | Revenue Spreadsheet | TCI_00 030182-84 (AEO) | Objection as duplicate of Dep. Ex. No. 37 | There is no duplicate. |
| 220. | Brilliant Face Brightener Illuminating Primer™ _ Thrive Causemetics | TNC02 002-TNC02 019 | Foundation (FRE 602)<br><br>Objection as duplicate. | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 221. | Brilliant Face Brightener Illuminating Primer2 6.30.2021 | TNC02 001-TNC02 001 | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 222. | Brilliant Face Brightener Illuminating Primer 6.30.2021 | TNC02 002-TNC02 019 | Foundation (FRE 602)<br><br>Objection as duplicate. | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 223. | screencapture-poshmark-listing-Thrive-Natural-Mens-Skin-Care-Gift-Set-3-Piece-5e6826a97a8173abbda2fa0e-2020-12-18-12_20_37 | TNC00 914-TNC00 914 | Foundation (FRE 602)<br><br>Authentication (FRE 901) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 224. | Amazon.com_ Customer reviews_ Thrive Natural Care | TNC01 554-TNC01 558 | Foundation (FRE 602) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. |
| 225. | | TNC00 902-TNC00 903 | Objection as duplicate of Dep. Ex. No. 31. | (Exhibit Withdrawn) |
| 226. | –2016 Emails between Thrive and Thrive | TNC00 901- | None | |

JOINT TRIAL EXHIBIT LIST

| | | Causemetics | TNC00 901 | | |
|---|---|---|---|---|---|
| | 227. | CONFIDENTIAL_Thrive PROJ financials to 2025 | TNC01 240-TNC01 260 | Hearsay (FRE 802)<br><br>Irrelevant (FRE 402) | Not hearsay because it's a business record. Relevant to damages. |
| | 228. | Thrive AMZ Keywords & Female+Lotion evidence_v5-13-21 | TNC01 427.000 01-TNC01 427.001 16 | Hearsay (FRE 802) | Not hearsay because it's a business record. |
| | 229. | screencapture-thrivecare-co-collections-all-2021-03-05-12_02_33 | TNC01 160-TNC01 161 | None | |
| | 230. | Unit + $ Sales by SKU by Quarter: 1Q17 – 1Q21 | TNC02 042-TNC02 042 | None | |
| | 231. | Ex. B to McIntosh Opp. Decl.<br>Certificates for Trademark Reg. Nos. 4,467,942 and 6,164,303 | 57 | None | |
| | 232. | Ex. C to McIntosh Opp. Decl.<br>Thrive Licensing-Related Communications | 57 | Objection to the description of the exhibit as inaccurate.<br><br>Irrelevant (FRE 402) | The description fairly summarizes the documents since they are licensing related communications. These are directly relevant to damages and to examples of Plaintiff's willingness to license its mark |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| 233. | Ex. F to McIntosh Opp. Decl.<br>June 30, 2021, Amazon Review for Thrive Sunscreen | 57 | Foundation (FRE 602)<br><br>Authentication (FRE 901) (including to the extent the exhibit reflects highlighting or other modifications made by Plaintiff) | Alex McIntosh will testify as to the origin, providence, and nature of this document. |
| 234. | Ex. G to McIntosh Opp. Decl.<br>Amazon Review of Thrive | 57 | Irrelevant (FRE 401; 402)<br><br>Prejudice (FRE 403)<br><br>Foundation (FRE 602)<br><br>Authentication (FRE 901) (including to the extent the exhibit reflects highlighting or other modifications made by Plaintiff)<br><br>Objection as duplicate of Pl.'s Ex. No. 4 *supra* | Alex McIntosh will testify as to the origin, providence, and nature of this document. This document is highly relevant and not unfairly prejudicial because it goes directly to evidence of actual consumer confusion. |
| 235. | Ex. H to McIntosh Opp. Decl.<br>Google Searches | 57 | Foundation (FRE 602) | Alex McIntosh will testify as to the origin, providence, |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Showing Products Side-by-Side | | Authentication (FRE 901)<br><br>Prejudice (FRE 403) | and nature of this document. This document is highly relevant and not unfairly prejudicial because it goes directly to evidence of actual consumer confusion and how the Plaintiff's and Defendant's products are encountered by consumers online. |
| 236. | Ex. I to McIntosh Opp. Decl.<br>Bing Searches Showing Products Side-by-Side | 57 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the origin, providence, and nature of this document. This document is highly relevant and not unfairly prejudicial because it goes directly to evidence of actual consumer confusion and how the Plaintiff's and Defendant's products are encountered by consumers online. |
| 237. | Ex. J to McIntosh Opp. Decl.<br>Online Marketplace Images Showing Products Side-by-Side | 57 | Foundation (FRE 602)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the origin, providence, and nature of this document. This document is highly relevant and not unfairly prejudicial because it goes directly to evidence |

JOINT TRIAL EXHIBIT LIST

| | | | | of actual consumer confusion and how the Plaintiff's and Defendant's products are encountered by consumers online. |
|---|---|---|---|---|
| 238. | Ex. A to Wallace Opp. Decl. Screenshots of Parties' Products Appearing in Online Searches | 58 | Foundation (FRE 602; 702)<br><br>Authentication (FRE 901)<br><br>Prejudice (403) | Rob Wallace will testify as to the origin, providence, and nature of this document. This document is highly relevant and not unfairly prejudicial because it goes directly to evidence of actual consumer confusion and how the Plaintiff's and Defendant's products are encountered by consumers online. |
| 239. | Ex. B to Wallace Opp. Decl. Expert Report of Rob Wallace and Attachments | 58 | Foundation (FRE 602; 702)<br><br>*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)<br><br>Hearsay (FRE 802)<br><br>Objection as duplicate | Rob Wallace will testify as to the origin, providence, and nature of this document. |
| 240. | Ex. A. to Drews Opp. | 55-3 | Hearsay (FRE | Drews will testify |

JOINT TRIAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | Decl.<br>Supplemental Schedules of Damages | | | 802) | as to the origin, providence, and nature of this document. |
| 241. | Ex. B. to Drews Opp. Decl.<br>Expert Report of David Drews and Attachments | 55-3 | | Hearsay (FRE 802)<br><br>*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) | Drews will testify as to the origin, providence, and nature of this document. |
| 242. | Ex. A to McArthur Decl.<br>Exhibits to TCI 30(b)(6) Deposition of Karissa Bodnar ("Depo. Ex.") 11, 16, 20, 30 | 55-4 | | Fails to comply with the CTSO requirements for designations of deposition testimony for use at trial (CTSO at 17-18)<br><br>TCI also expressly reserves the right to object to and counter designate any designations of deposition testimony made by Plaintiff, and will make such objections in accordance with the timing and format set forth in the CTSO.<br><br>Dep. Ex. 11 – None | (Plaintiff will rely on submitted Deposition Designations) |

JOINT TRIAL EXHIBIT LIST

| | | | | Dep. Ex. 16 – None |  |
| | | | | Dep. Ex. 20 – Foundation (FRE 602); Hearsay (FRE 802) | |
| | | | | Dep. Ex 27 – None | |
| | | | | Dep. Ex. 30 – None | |
| 243. | Ex. B to McArthur Decl. Excerpts of Deposition of Brendan Gardner-Young and Depo. Ex. 45 | 55-4 | Fails to comply with the CTSO requirements for designations of deposition testimony for use at trial (CTSO at 17-18)  TCI also expressly reserves the right to object to and counter designate any designations of deposition testimony made by Plaintiff, and will make such objections in accordance with the timing and format set forth in the CTSO.  Dep. Ex. 45 – None | (Plaintiff will rely on submitted Deposition Designations) |
| 244. | Ex. C to McArthur | 55-4 | Fails to comply | (Plaintiff will rely |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Decl. Excerpts of Deposition of Ned Menninger and Depo. Ex. 38 | | with the CTSO requirements for designations of deposition testimony for use at trial (CTSO at 17-18)<br><br>TCI also expressly reserves the right to object to and counter designate any designations of deposition testimony made by Plaintiff, and will make such objections in accordance with the timing and format set forth in the CTSO.<br><br>Dep. Ex. 38 – None | on submitted Deposition Designations) |
| 245. | 4.12.2017 email from Karissa Bodnar to Angy Merola. | TCI_00 031375 | Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | (Exhibit Withdrawn) |
| 246. | 7.13.2017 email from Angy Merola to Ned Menninger | TCI_00 031376 | Irrelevant (FRE 402)<br><br>Prejudice (FRE 403) | (Exhibit Withdrawn) |
| 247. | 4.19.2019 email from Shehab Heddaya to | TCI_00 031377 | Irrelevant (FRE 402) | (Exhibit Withdrawn) |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | Brendan Gardner-Young | – TCI_00 31390 | Prejudice (FRE 403) | |
| 248. | 6.27.2019 email from Nicole Benjamin to Karissa Bodnar | TCI_00 031426 | Irrelevant (FRE 402) <br><br> Prejudice (FRE 403) | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| 249. | 4.25.2018 email from Kate McDonald to Brendan Gardner-Young | TCI_00 031427 | Irrelevant (FRE 402) | (Exhibit Withdrawn) |
| 250. | 5.2.2018 email from Karissa Bodnar to Kate McDonald | TCI_00 031428 | Irrelevant (FRE 402) | (Exhibit Withdrawn) |
| 251. | 5.6.2019 email from Nicole Benjamin to Kate McDonald | TCI_00 031429 - TCI_00 031431 | Irrelevant (FRE 402) | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of Plaintiff Thrive and its trademarks, as well as its |

JOINT TRIAL EXHIBIT LIST

| | | | | | motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
|---|---|---|---|---|---|
| 252. | 7.8.2019 email from Karissa Bodnar to Nicole Benjamin | TCI_00 031433 – TCI_00 031435 | Irrelevant (FRE 402) | | Not irrelevant or unfairly prejudicial. It goes towards TCI's knowledge of Plaintiff Thrive and its trademarks, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| 253. | Thrive Lab – Thrive Causemetics (taken 2020.09.16 by TD) | TNC01 149- TNC01 153 | Irrelevant (FRE 402) | | (Exhibit Withdrawn) |
| 254. | TCI "Try Thrive" ad 7-23-20 | TNC00 912- | Foundation (FRE 602) | | Alex McIntosh will testify as to the |

| | | TNC00912 | Authentication (FRE 901) | origin, nature, and providence of this document. |
|---|---|---|---|---|
| 255. | TCI_00027717 – TCI_00027719 | TCI_00027687 – TCI_00027719 | None | |
| 256. | Settlement Agreement re: CAUSE-METICS | TCI_00030137 – TCI_00030144 | Irrelevant (FRE 402) Prejudice (FRE 403) | Relevant because goes to damages and to origin of Thrive Causemetics name and whether they coined the term. Not unduly prejudicial. |
| 257. | 11.4.2015 Letter to Karissa Bodnar from Feldman, Kramer & Monaco, P.C. | TCI_00028231 | Foundation (FRE 602) Irrelevant (FRE 402) Hearsay (FRE 802) Prejudice (FRE 402) | Relevant because goes to damages and to origin of Thrive Causemetics name and whether they coined the term. Not unduly prejudicial. Not hearsay because not going to the truth of the matter asserted. Will use Bodnar to establish foundation. Also foundation is established as it is a business record provided to us by TCI. |
| 258. | 3.22.16 Email from | TCI_00 | Irrelevant (FRE | (Exhibit |

| | | Karissa Bodnar to aschultz | 027652 | 402) | Withdrawn) |
|---|---|---|---|---|---|
| | 259. | 10.16.2019 email from Nicole Benjamin to Shehab Heddaya | TCI_00 022698 | Irrelevant (FRE 402) | Not irrelevant because it goes towards TCI's knowledge of Plaintiff Thrive and its trademarks, willfulness, as well as its motivations for using the Thrive brand name on its own skincare products, and to TCI's motivation and the purpose of setting up the 2019 phone call regarding trademark rights between Bodnar and McIntosh. |
| | 260. | 12.22.2017 email from Karissa Bodnar to Kate McDonald | TCI_00 019229 - TCI_00 019231 | Hearsay (FRE 702) (as to the e-mails between Margo Hays and Alex McIntosh) | Not hearsay because not offered for the truth of the matter asserted. |
| | 261. | 12.19.2017 email from Karissa Bodnar to Kate McDonald | TCI_00 019222 – TCI_00 019228 | Hearsay (FRE 702) (as to the e-mails between Margo Hays and Alex McIntosh) | Not hearsay because not offered for the truth of the matter asserted. |
| | 262. | Thrive Causemetics 9.14.2016 Instagram post | TCI_00 017865 | Irrelevant (FRE 402) | Relevant because goes to Thrive Causemetics use of the term "Thrive" standing alone to brand their products. |
| | 263. | Thrive Causemetics | TCI_00 | Irrelevant (FRE | Relevant because |

JOINT TRIAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | 7.4.2019 Instagram Post | 016423 | 402) | goes to Thrive Causemetics use of the term "Thrive Tribe" to brand their products, which is confusing with Plaintiff's use of the same term. |
| 264. | | Thrive Causemetics 12.30.2019 Instagram Post | TCI_00 014426 | None | |
| 265. | | "Search keyword" Spreadsheet | TCI_00 024093 - TCI_00 026949 | Objection to the description of the document in that the Bates number is incorrect. TCI cannot locate the referenced document with the description provided. TCI therefore expressly reserves the right to object to this document once Plaintiff identifies it. | The title is the same as the name of the first column of the spreadsheet, so correctly identified the document. We believe the Bates range has been corrected to identify the document. |
| 266. | | All Physical Thrive and TCI products exchanged by the parties pursuant to Thrive's requests for production. | (Physic al Exhibits ) | None | |
| 267. | | TCI's Buildable Blur CC Cream | (Physic al Exhibit) | None | |
| 268. | | TCI's Bright Balance 3-in-1 Cleanser | (Physic al Exhibit) | None | |
| 269. | | TCI's Moisture Flash | (Physic | None | |

| | | | | |
|---|---|---|---|---|
| | Active Nutrient Toner | al Exhibit) | | |
| 270. | TCI's Liquid Light Therapy All-In-One Face Serum | (Physical Exhibit) | None | |
| 271. | TCI's Filtered Effects Blurring Primer | (Physical Exhibit) | None | |
| 272. | Thrive Natural Care Face Balm | (Physical Exhibit) | None | |
| 273. | Thrive Natural Care Daily Defense Sunscreen Balm | (Physical Exhibit) | None | |
| 274. | Thrive Natural Care Face Wash | (Physical Exhibit) | None | |
| 275. | August 23, 2013, Whole Foods Shipment | Bates Nos. TNC01 019-27 | Foundation (FRE 602)<br><br>Hearsay (FRE 802) | Alex McIntosh will testify as to the origin, providence, and nature of this document. Not hearsay because it is a business record. |
| 276. | Thrive 2014 Whole Foods Vendor Show | TNC00 114-U-116-U | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 277. | THRIVE WHOLE FOODS INVOICE_Coddington 3_26_14_initial order | TNC01 759-TNC01 759 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 278. | THRIVE WHOLE FOODS INVOICE_Coddington 3_26_14_initial order-1 | TNC01 760-TNC01 760 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 279. | THRIVE WHOLE FOODS INVOICE_Novato | TNC01 761- | Hearsay (FRE 802) | Not hearsay because it is a business record. |

JOINT TRIAL EXHIBIT LIST

| | | 3_26_14_initial order | TNC01 761 | | |
|---|---|---|---|---|---|
| | 280. | THRIVE WHOLE FOODS INVOICE_San Rafael 3_26_14_initial order | TNC01 762-TNC01 762 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| | 281. | THRIVE WHOLE FOODS INVOICE_Stevens Creek 3_26_14_initial order | TNC01 763-TNC01 763 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| | 282. | THRIVE_NAT_CARE _Promo_(JUNE_2017).xl sm" | TNC01 764-TNC01 764 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| | 283. | DOT_SAN RAMONE_5_9_2014 | TNC01 779-TNC01 780 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| | 284. | DOT_NC_May-1 | TNC01 781-TNC01 782 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| | 285. | DOT_NC_May | TNC01 783-TNC01 784 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| | 286. | DOT_NAPA_5_17_201 4 | TNC01 785-TNC01 786 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| | 287. | DOT_Invoice_NC_Aug ust B (2014)_25449 | TNC01 787-TNC01 788 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| | 288. | DOT_Invoice_NC_Aug ust A (2014)_25049 | TNC01 789-TNC01 790 | Hearsay (FRE 802) | Not hearsay because it is a business record. |

JOINT TRIAL EXHIBIT LIST

| 289. | pharmaca confirmation on shelf 2014 | TNC01 385-TNC01 386 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
|------|-------------------------------------|---------------------|-------------------|-----------------------------------------------|
| 290. | thrive first SKUs guidance 4-25-13 | TNC01 387-TNC01 393 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 291. | Thrive sell sheet 10-20-13 | TNC01 394-TNC01 395 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 292. | Thrive shipped to Pharmaca 10-30-2013 | TNC01 396-TNC01 397 | Irrelevant (FRE 401; 402)<br><br>Hearsay (FRE 802)<br><br>Prejudice (FRE 403) | Not hearsay because it is a business record. Goes directly to first use in commerce of the Thrive mark. Not unfairly prejudicial. |
| 293. | Thrive WFM proof on shelf Apr 2014 | TNC01 398-TNC01 400 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 294. | 0000217710 | TNC01 402-TNC01 403 | Foundation (FRE 602)<br><br>Hearsay (FRE 802)<br><br>Authentication (FRE 901) | Alex McIntosh will testify as to the providence, origin, and nature of the document. Not hearsay because it is a business record. Not being offered for the truth of the matter asserted. |
| 295. | 0000217710 (1) | TNC01 404-TNC01 405 | Foundation (FRE 602)<br><br>Hearsay (FRE | Alex McIntosh will testify as to the providence, origin, and nature of the |

JOINT TRIAL EXHIBIT LIST

| | | | | 802) Authentication (FRE 901) | document. Not hearsay because it is a business record. Not being offered for the truth of the matter asserted. |
|---|---|---|---|---|---|
| 296. | 0000217710 (2) | TNC01 406- TNC01 407 | | Foundation (FRE 602) Hearsay (FRE 802) Authentication (FRE 901) | Alex McIntosh will testify as to the providence, origin, and nature of the document. Not hearsay because it is a business record. Not being offered for the truth of the matter asserted. |
| 297. | Thrive RSPA signed v3. 5-22-13 (1) | TNC01 408- TNC01 422 | | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 298. | Shave Oil - Geikie purchase feedback 2013 | TNC01 423- TNC01 423 | | Irrelevant (FRE 401; 402) Hearsay (FRE 802) Prejudice (FRE 403) | Not hearsay because it is not being offered for the truth of the matter asserted. Goes directly to first use in commerce of the Thrive mark. Not unfairly prejudicial. |
| 299. | WFM products August 2013 + Oct 2013 | TNC01 424- TNC01 426 | | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 300. | Daily Defense Sunscreen Balm Shipment re: Amazon, | TNC01 605 | | Hearsay (FRE 802) | Not hearsay because it is a business record. |

JOINT TRIAL EXHIBIT LIST

| | | | Authentication (FRE 901) | Alex McIntosh will testify as to the providence, origin, and nature of the document. |
|---|---|---|---|---|
| 301. | Sunscreen customer shipment | TNC01598 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 302. | GoDaddy Order Confirmation | TNC00855-856 | Hearsay (FRE 802) | Not hearsay because it is a business record. |
| 303. | Volition Capital | Bates No. TNC00907 | Irrelevant (FRE 401; 402)<br><br>Foundation (FRE 602)<br><br>Hearsay (FRE 802)<br><br>Prejudice (FRE 403)<br><br>Authentication (FRE 901) | Not hearsay because it is not being offered for the truth of the matter. Alex McIntosh will testify as to the providence, origin, and nature of the document. Relevant to actual confusion, and not unfairly prejudicial. |
| 304. | Certified copy of 6,164,303 trademark registration | (Physical Exhibit) | None | |
| 305. | Certified copy of 4,467,942 trademark registration | (Physical Exhibit) | None | |
| 306. | Declaration of A. McIntosh ISO Plaintiff's Response to Additional Material Facts in Defendant's Statement of Genuine Disputes, Ex. A, article posted to the Medium | 77-2 | Hearsay (FRE 802)<br><br>Prejudice (FRE 403)<br><br>Authentication (FRE 901) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. Not being offered for the truth of the matter asserted. |

JOINT TRIAL EXHIBIT LIST

| | | | | | |
|---|---|---|---|---|---|
| | | website by Thrive titled "I'm a Woman and I use Thrive Natural Care. Here's Why." | | | Shows that Thrive's products are marketed towards women, and nothing in it is unfairly prejudicial. |
| | 307. | Declaration of A. McIntosh ISO Plaintiff's Response to Additional Material Facts in Defendant's Statement of Genuine Disputes, Ex. B, a June 30, 2021, four-page article about Thrive in *USA Today* entitled "*How a small, sustainable skin care brand became a best-selling Amazon partner. Thrive Natural Care has grown by 1,300% in just four years*". | 77-2 | Hearsay (FRE 802) | Alex McIntosh will testify as to the providence, nature, and origin of this document. The document is necessary to show media coverage of Thrive and strength of Plaintiff's mark, so is not unfairly prejudicial. |
| | 308. | Declaration of A. McIntosh ISO Plaintiff's Response to Additional Material Facts in Defendant's Statement of Genuine Disputes, Ex. C, a screenshot from Bloomingdale's "Luxury Skincare" product page | 77-2 | Irrelevant (FRE 401; 402)<br><br>Foundation (FRE 602)<br><br>Hearsay (FRE 802)<br><br>Authentication (FRE 901)<br><br>Objection to the description of the exhibit as misleading and | Alex McIntosh will testify as to the providence, nature, and origin of this document. Not hearsay because not being offered for the truth of the matter asserted. The document is necessary to show what prices other company's offer their skincare products at, and nothing about the |

JOINT TRIAL EXHIBIT LIST

| | | | prejudicial | document is unfairly prejudicial. |
|---|---|---|---|---|
| 309. | Declaration of A. McIntosh ISO Plaintiff's Response to Additional Material Facts in Defendant's Statement of Genuine Disputes, Ex. D, a screenshot of Thrive's product page for Sensitive Skin Face Balm | 77-2 | Hearsay (FRE 802) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. The document goes directly to Plaintiff's damages and corrective advertising claims. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 310. | Declaration of A. McIntosh ISO Plaintiff's Response to Additional Material Facts in Defendant's Statement of Genuine Disputes, Ex. E, Amazon Customer Review | 77-2 | Irrelevant (FRE 401; 402)<br><br>Foundation (FRE 602)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products |

-64-

| | | | | when shopping online. The document goes directly to Plaintiff's damages and corrective advertising claims. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
|---|---|---|---|---|
| 311. | Declaration of A. McIntosh ISO Plaintiff's Response to Additional Material Facts in Defendant's Statement of Genuine Disputes, Ex. F, screenshots captured on August 30, 2021 | 77-2 | Foundation (FRE 602) Authentication (FRE 901) Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. The document goes directly to Plaintiff's damages and corrective advertising claims. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so |

JOINT TRIAL EXHIBIT LIST

| | | | | | is not unfairly prejudicial. |
|---|---|---|---|---|---|
| 312. | Declaration of A. McIntosh ISO Plaintiff's Response to Additional Material Facts in Defendant's Statement of Genuine Disputes, screencapture shown on page 8, paragraph 23, of a search for the word "thrive" on Amazon.com | 77-2 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping online. The document goes directly to Plaintiff's damages and corrective advertising claims. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 313. | Declaration of A. McIntosh ISO Plaintiff's Response to Additional Material Facts in Defendant's Statement of Genuine Disputes, screencapture shown on page 9, paragraph 23, of the term "thrive cream" on Amazon. | 77-2 | Foundation (FRE 602)<br><br>Authentication (FRE 901)<br><br>Prejudice (FRE 403) | Alex McIntosh will testify as to the providence, nature, and origin of these documents. The document is necessary to show how consumers will view the Defendant's and Plaintiff's products when shopping |

JOINT TRIAL EXHIBIT LIST

| | | | | |
|---|---|---|---|---|
| | | | | online. The document goes directly to Plaintiff's damages and corrective advertising claims. It is necessary to directly rebut Defendant's arguments that the companies' products do not appear together, so is not unfairly prejudicial. |
| 314. | TCI Supplemental Response to Plaintiff's Interrogatory No. 1 | | None | |
| 315. | TCI Supplemental Response to Plaintiff's Interrogatory No. 3 | | None | |
| 316. | | | | |
| 317. | | | | |
| 318. | | | | |
| 319. | | | | |
| 320. | | | | |

## DEFENDANT'S EXHIBITS:

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| 2 | TCI's Revenue Information for Color Cosmetics (2016 – 2021) TCI_00022753-TCI_00022767 (CONFIDENTIAL – ATTORNEYS EYES ONLY) | (To the extent the exhibit includes the final three irrelevant and confusing columns: Sum of Other Overhead, Sum of Total | TCI notes that Plaintiff has included this exhibit in Plaintiff's exhibit list, thereby conceding its relevance. The final three columns (Sum of Other Overhead, Sum of Total |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | Costs, and Sum of Net Income.) Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Best evidence, FRE 1002 | Costs, and Sum of Net Revenue) of the exhibit are relevant under Fed. R. Evid. 401 and 402 because they are probative of TCI's costs related to the sale and production of its products, evidence of which TCI is entitled to present to rebut Plaintiff's damages claim.  *See* 15 U.S.C. § 1117(a). For these same reasons, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibits are admissible under Fed. R. Civ. P. 1004(c) because it is a summary of TCI's financial data and Plaintiff is in possession of the original underlying date, which TCI produced to Plaintiff during discovery. |
| 3 | TCI's Revenue Information for Skincare (2018 – Feb. 2021), TCI_00014424 (CONFIDENTIAL – ATTORNEYS EYES ONLY) | (To the extent the exhibit includes the final three irrelevant and confusing columns: Sum of Other Overhead, Sum of Total Costs, and Sum of Net Income.) | TCI notes that Plaintiff has included this exhibit in Plaintiff's exhibit list, thereby conceding its relevance. The final three columns (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Revenue) of the exhibit |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
|  |  | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Best evidence, FRE 1002. | are relevant under Fed. R. Evid. 401 and 402 because they are probative of TCI's costs related to the sale and production of its products, evidence of which TCI is entitled to present to rebut Plaintiff's damages claim. *See* 15 U.S.C. § 1117(a). For these same reasons, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibits are admissible under Fed. R. Civ. P. 1004(c) because it is a summary of TCI's financial data and Plaintiff is in possession of the original underlying date, which TCI produced to Plaintiff during discovery. |
| 4 | Product List Spreadsheet, TCI_00026950-TCI_00026955 (CONFIDENTIAL – ATTORNEYS EYES ONLY) |  |  |
| 30 | Email Chain Between K. Bodnar and A. McIntosh (Apr. 23, 2016), TCI_00019117-TCI_00019118 (CONFIDENTIAL) |  |  |
| 31 | Letter From T. Manfredi to K. Bodnar (Mar. 3, 2017), |  |  |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | TNC00902- TNC00903 (CONFIDENTIAL) | | |
| 33 | Notes re: Call with A. McIntosh (June 27, 2019), TCI_00028612-TCI_00028614 | Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Lacks Foundation, FRE 602; 901; | The exhibit is not prejudicial or a waste of time under Fed. R. of Evid. 403 because it is probative of the parties' June 27, 2019 conversation, in which Plaintiff claims it expressed an intent to license the THRIVE mark.  Plaintiff expressly relies on the parties' June 27, 2019 conversation as the basis of its request for reasonable royalty damages.  Furthermore, the statement in the exhibit attributed to Alex McIntosh is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2). The document itself is a business record and thus falls within the exception of Fed. R. Evid. 803(6).  The exhibit's foundation under Fed. R. Evid. 602 and authenticity under Fed. R. Evid. 901 will be established by  TCI founder and Chief Executive Officer Karissa Bodnar, who can |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | testify as to the origin of the document. |
| 38 | TCI Revenue Information, TCI_00031132, TCI_00030183-TCI_00030184 (CONFIDENTIAL – ATTORNEYS EYES ONLY) | (To the extent the exhibit includes the final three irrelevant and confusing columns: Sum of Other Overhead, Sum of Total Costs, and Sum of Net Income.) Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Best evidence, FRE 1002 | TCI notes that Plaintiff has included this exhibit in Plaintiff's exhibit list, thereby conceding its relevance. The final three columns (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Revenue) of the exhibit are relevant under Fed. R. Evid. 401 and 402 because they are probative of TCI's costs related to the sale and production of its products, evidence of which TCI is entitled to present to rebut Plaintiff's damages claim. *See* 15 U.S.C. § 1117(a).For these same reasons, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibits are admissible under Fed. R. Civ. P. 1004(c) because it is a summary of TCI's financial data and Plaintiff is in possession of the original underlying date, which TCI produced to Plaintiff during discovery. |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| 53 | Thrive Natural Care, Inc.'s Products Webpage, TNC01160-TNC01161 | | |
| 54 | Thrive Natural Care, Inc.'s Product Offering | | |
| 55 | Plaintiff Thrive Natural Care, Inc.'s Supplemental Responses to Defendant Thrive Causemetics, Inc.'s First Set of Interrogatories (June 28, 2021) | | |
| 58 | Screenshot of Thrive Natural Care's Skin Health Philosophy Webpage, TNC01208 | | |
| 59 | Thrive Natural Care's Brochure, TNC00143-TNC00144 | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the manner in which Plaintiff's markets, namely, by marketing them as a men's grooming line. This is relevant to Plaintiff's assertion that women are part of its target consumers, and to TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, all of which bears on the proximity and relatedness of the parties' goods and commercial impression of the parties' marks. Aside from directly refuting Plaintiff's assertion, there is no |

-72-

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | undue prejudice in informing the jury that Plaintiff has represented its products in its marketing materials as targeted to male consumers.  Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403. |
| | | | The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6). |
| | | | TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 60 | Thrive Natural Care Brand DNA Slide Deck (Jan. 12, 2013), | Relevance, FRE 401; Unduly | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | TNC00391-TNC00399 (CONFIDENTIAL) | Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | probative of Plaintiff's brand identity and target male consumer. This is relevant to Plaintiff's assertion that women are part of its target consumers, and to TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, all of which bears on the proximity and relatedness of the parties' goods and commercial impression of the parties' marks. Aside from directly refuting Plaintiff's assertion, there is no undue prejudice in informing the jury that Plaintiff's internal brand identify strategy documents reflect its vision of the company as a men's grooming company targeting male consumers. Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2). The exhibit is also a business |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | record and thus falls within the exception of Fed. R. Evid. 803(6).<br><br>TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 61 | Thrive Natural Care's Marketing Deck (May 24, 2013), TNC00556-TNC00597 (CONFIDENTIAL) | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's brand identity and strategy for marketing its products to its target male consumers.  It is also probative of how third-party marketing agencies engaged by Plaintiff understood and sought to execute on Plaintiff's branding mission.  This is relevant to TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, which bears on the proximity |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
|         |             |           | and relatedness of the parties' goods and commercial impression of the parties' marks in the likelihood of confusion analysis. There is no undue prejudice in informing the jury of the brand identity strategies prepared by Plaintiff's marketing consultants. Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2). The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6). In addition, the exhibit is not hearsay because it is not being offered for the truth of the matters asserted therein; rather, it is being offered to demonstrate how Plaintiff and its agents perceived and positioned Plaintiff and its products from a marketing and branding perspective. |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 62 | Thrive Natural Care's Marketing Deck (June 7, 2013), TNC00598-TNC00634 (CONFIDENTIAL) | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's brand identity and strategy for marketing its products to its target male consumers. It is also probative of how third-party marketing agencies engaged by Plaintiff understood and sought to execute on Plaintiff's branding mission. This is relevant to TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, which bears on the proximity and relatedness of the parties' goods and commercial impression of the parties' marks in |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | the likelihood of confusion analysis. There is no undue prejudice in informing the jury of the brand identity strategies prepared by Plaintiff's marketing consultants. Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).  In addition, the exhibit is not hearsay because it is not being offered for the truth of the matters asserted therein; rather, it is being offered to demonstrate how Plaintiff and its agents perceived and positioned Plaintiff and its products from a marketing and branding perspective.<br><br>TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 63 | Thrive Natural Care's Brand DNA Deck (Dec. 14, 2013), TNC00283-U-TNC00290-U | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's brand identity and target male consumer. This is relevant to Plaintiff's assertion that women are part of its target consumers, and to TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, all of which bears on the proximity and relatedness of the parties' goods and commercial impression of the parties' marks. Aside from directly refuting Plaintiff's assertion, there is no undue prejudice in informing the jury that Plaintiff's internal brand identify strategy documents reflect its vision of the company as a men's grooming |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | company targeting male consumers.  Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).

TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 64 | Thrive Natural Care's Sell Sheet, TNC00294-U-TNC00295-U | | |
| 65 | Thrive Natural Care's Executive Overview (Oct. 9, 2013), TNC00130-U-TNC00131-U | Relevance, FRE 401; Unduly Prejudicial, FRE 403; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's marketing of its products |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | to consumers as a men's skincare line.  This is relevant to Plaintiff's assertion that women are part of its target consumers, and to TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, all of which bears on the proximity and relatedness of the parties' goods and commercial impression of the parties' marks.  Aside from directly refuting Plaintiff's assertion, there is no undue prejudice in informing the jury that Plaintiff has represented its products in its marketing materials as targeted to male consumers.  Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6). |

-81-
JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 66 | Thrive Natural Care's Video and Audio Descriptions, TNC00297-U-TNC00298-U | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's marketing of its products to consumers as a men's skincare line.  This is relevant to Plaintiff's assertion that women are part of its target consumers, and to TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, all of which bears on the proximity and relatedness of the parties' goods and commercial impression of the parties' marks. Aside from directly refuting Plaintiff's assertion, there is no undue prejudice in |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | informing the jury that Plaintiff has represented its products in its marketing materials as targeted to male consumers.  Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).<br><br>TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 67 | Email Chain Between J. Brenner and A. McIntosh (Apr. 8, 2014), TNC01398-TNC01400 | Relevance, FRE 401; Unduly Prejudicial, | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | characterizations of its products as men's skincare or shave products, as it reflects Plaintiff's request that Whole Foods place Plaintiff's products in the men's body care and shave sections. The exhibit is also probative of one of the channels in which Plaintiff offers its products for sale, namely, brick-and-mortar Whole Foods Stores.  This is relevant to Plaintiff's assertion that women are part of its target consumers, and to TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, all of which bears on the proximity and relatedness of the parties' goods, commercial impression of the parties' marks, and the parties' marketing and sales channels. Aside from directly refuting Plaintiff's assertion, there is no undue prejudice in informing the jury that Plaintiff requested that Whole Foods display its products in the men's skincare or shave |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | sections of its stores. Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403. |
| | | | The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2). The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6). |
| | | | TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 68 | Thrive Natural Care's Product Marketing Spreadsheet, TNC01427.00001-TNC01427.00116 | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because Plaintiff's sales and marketing expenditures, are probative of its size, financial performance, and commercial success, which bears on Plaintiff's |

-85-

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | theory of reverse confusion trademark infringement, the commercial strength of the THRIVE mark for the likelihood of confusion analysis, and the issue of whether the THRIVE mark has acquired secondary meaning. There is no undue prejudice in informing the jury of Plaintiff's sales and advertising expenditures, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403. Furthermore, Plaintiff has failed to object to the introduction at trial of similar financial information in Ex. 69, *infra*.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).<br><br>TCI established the exhibit's foundation under Fed. R. of Evid. |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | 602 and authenticity under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 69 | Thrive Natural Care Summary Financial Statements, TNC01282 – TNC01299 (CONFIDENTIAL – ATTORNEYS EYES ONLY) | | |
| 70 | Thrive Natural Care Summary Financial Statements (CONFIDENTIAL – ATTORNEYS EYES ONLY) | | |
| 72 | Email Chain Between A. McIntosh and K. Bodnar (Apr. 23, 2016), TNC00901 | | |
| 79 | Thrive Natural Care Digital Playbook Slide Deck, by Rokit (Oct. 28, 2016), TNC00193 – TNC00218 (CONFIDENTIAL) | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's brand identity and strategy for marketing its products to its target male consumers.  It is also probative of how third-party marketing agencies engaged by Plaintiff understood and sought to execute on Plaintiff's branding mission.  This is relevant to TCI's assertion that |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | FRE 901; Foundation, FRE 602; 901; | Plaintiff is principally a men's grooming company that targets male consumers, which bears on the proximity and relatedness of the parties' goods and commercial impression of the parties' marks in the likelihood of confusion analysis. There is no undue prejudice in informing the jury of the brand identity strategies prepared by Plaintiff's marketing consultants. Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).  In addition, the exhibit is not hearsay because it is not being offered for the truth of the matters asserted therein; rather, it is being offered to demonstrate how Plaintiff and its agents |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | perceived and positioned Plaintiff and its products from a marketing and branding perspective.

TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the Rule 30(b)(6) deposition of Plaintiff, and TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 88 | Email Chain Between A. McIntosh and E. Bruss (May 3, 2017), TNC00831 (CONFIDENTIAL) | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's knowledge of TCI's use of the THRIVE CAUSEMETICS brand name and Plaintiff's belief that TCI's use of the THRIVE CAUSEMETICS brand name constituted infringement of Plaintiff's mark.  This is relevant to TCI's affirmative defenses of laches, specifically, that Plaintiff knew of TCI and believed that TCI's use of its brand name was |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | infringement, and unreasonably delayed in filing suit. There is no undue prejudice in informing the jury of the timing and extent of Plaintiff's knowledge of TCI or belief that TCI was infringing. TCI further notes that Plaintiff has not objected to a similar exhibit in which Plaintiff expresses this same belief during a similar timeframe (*see supra* Ex. No. 31). Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2). The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).<br><br>TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the individual deposition of Alex McIntosh, who TCI |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | intends to call at trial to testify regarding the exhibit's foundation and authenticity. |
| 89 | Email Chain Between A. McIntosh and B. Boothe (Nov. 20, 2017), TNC00819 (CONFIDENTIAL) | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's knowledge of TCI's use of the THRIVE CAUSEMETICS brand name and Plaintiff's belief that TCI's use of the THRIVE CAUSEMETICS conflicted with Plaintiff's mark.  This is relevant to TCI's affirmative defenses of laches, specifically, that Plaintiff knew of TCI and believed that TCI's use of its brand name was infringement, and unreasonably delayed in filing suit.  There is no undue prejudice in informing the jury of the timing and extent of Plaintiff's knowledge of TCI or belief that TCI was infringing.  TCI further notes that Plaintiff has not objected to a similar exhibit in which Plaintiff expresses this same belief (*see supra* Ex. No. 31).  Thus, the exhibit is not prejudicial, |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | confusing, or a waste of time under Fed. R. Evid. 403. |
| | | | The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2). The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6). |
| | | | TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the individual deposition of Alex McIntosh, who TCI intends to call at trial to testify regarding the exhibit's foundation and authenticity. |
| 90 | Email Chain Between C. Kelley and A. McIntosh (May 24, 2018), TNC00830 (CONFIDENTIAL) | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's knowledge of TCI's use of the THRIVE CAUSEMETICS brand name, Plaintiff's belief that TCI's use of the THRIVE CAUSEMETICS brand name constituted infringement of |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
|  |  | Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | Plaintiff's mark, and that Plaintiff did not pursue legal action against TCI because Plaintiff lacked the necessary funds to do so.  This is relevant to TCI's affirmative defenses of laches, specifically, that Plaintiff knew of TCI and believed that TCI's use of its brand name was infringement, and unreasonably delayed in filing suit.  There is no undue prejudice in informing the jury of the timing and extent of Plaintiff's knowledge of TCI or belief that TCI was infringing.  TCI further notes that Plaintiff has not objected to a similar exhibit in which Plaintiff expresses this same belief (*see supra* Ex. No. 31).  Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.  The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
|  |  |  | within the exception of Fed. R. Evid. 803(6).<br><br>TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the individual deposition of Alex McIntosh, who TCI intends to call at trial to testify regarding the exhibit's foundation and authenticity. |
| 91 | Email Chain Between P. Segal and A. McIntosh (Sept. 17, 2019), TNC00822 (CONFIDENTIAL) | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's knowledge of TCI's use of the THRIVE CAUSEMETICS brand name, Plaintiff's belief that TCI's use of the THRIVE CAUSEMETICS brand name created trademark issues for Plaintiff, and the assessment of Plaintiff's digital media advisor that the parties' respective branding and design are distinct.  This is relevant to TCI's affirmative defenses of laches, specifically, that Plaintiff knew of TCI and believed that TCI's use of its brand name was |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
|  |  |  | infringement, and unreasonably delayed in filing suit.  This is also relevant to the issue of the commercial impression of the parties' marks for the likelihood of confusion analysis.  There is no undue prejudice in informing the jury of the timing and extent of Plaintiff's knowledge of TCI or belief that TCI was infringing, or of distinctions in the parties' respective commercial impressions.  TCI further notes that Plaintiff has not objected to a similar exhibit in which Plaintiff expresses the same belief that Plaintiff faces trademark concerns related to TCI (*see supra* Ex. No. 31).  Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | within the exception of Fed. R. Evid. 803(6).<br><br>TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the individual deposition of Alex McIntosh, who TCI intends to call at trial to testify regarding the exhibit's foundation and authenticity. |
| 92 | Trademark/Service Mark Statement of Use for Serial No. 85726058 (Oct. 4, 2013) | | |
| 95 | Trademark/Service Mark Application, Principal Register for "THRIVE" Mark, Serial No. 85726058 (Sept. 11, 2012) | | |
| 96 | Nunc Pro Tunc Trademark Assignment (Sept. 27, 2013), TNC01196-TNC01197 | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's claim of ownership of the THRIVE mark and is the assignment pursuant to which Plaintiff claims it acquired rights in the THRIVE mark. Ownership of the THRIVE mark is relevant to Plaintiff's trademark infringement claim, as well as to TCI's affirmative defense of |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | FRE 901; Foundation, FRE 602; 901; | abandonment, specifically that the assignment by which Plaintiff claims to have acquired ownership of rights in the THRIVE mark is invalid.  There is no undue prejudice in informing the jury of the manner in which Plaintiff claims to have acquired rights in the THRIVE mark.  Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).

TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the deposition of Ecomundi Ventures, LLC, and TCI intends to call Ecomundi's principal and Plaintiff's co-founder and Chief Executive |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 97 | Thrive Natural Care, Inc., Restricted Stock Purchase Agreement (May 23, 2013), TNC01408-TNC01422 | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's claim of ownership of the THRIVE mark, as this is the agreement pursuant to which Plaintiff claims to have purchased the mark from Ecomundi. Ownership of the THRIVE mark is relevant to Plaintiff's trademark infringement claim, as well as to TCI's affirmative defense of abandonment. There is no undue prejudice in informing the jury of the manner in which Plaintiff claims to have acquired rights in the THRIVE mark. Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2). The exhibit is also a business record and thus falls |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | within the exception of Fed. R. Evid. 803(6).<br><br>TCI established the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901 during the deposition of Ecomundi Ventures, LLC, and TCI intends to call Ecomundi's principal and Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation and authenticity. |
| 98 | Thrive Natural Care, Inc.'s Certificate of Incorporation (Dec. 26, 2012), Ecomundi_00075-Ecomundi_00077 | | |
| 99 | "Alex & Andrea discuss A new model for personal care business" Presentation (Nov. 20, 2012), Ecomundi_00005-Ecomundi_00024 | | |
| 113 | Amazon.com Search Results for the term "Thrive" | | |
| 350 | USPTO's Notice of Divisional Request Completed (Nov. 5, 2013) (ECF No. 63-11) | | |
| 351 | Collins English Dictionary's Definition of "thrive" (accessed Aug. 20, 2021) (ECF No. 63-12) | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the ordinary meaning of the term "thrive," which bears on |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | the conceptual strength of the THRIVE mark for the likelihood of confusion analysis.  TCI further notes that Plaintiff has included various dictionary definitions of "thrive" as an exhibit in Plaintiff's exhibit list (*i.e.*, Ex. L to Decl. of Stephen McArthur in support of plaintiff's motion for partial summary judgment. Dictionary definitions of the word "thrive" (ECF No. 33-2)), thereby conceding its relevance. There is no undue prejudice to Plaintiff in informing the jury of the dictionary definition of "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is not inadmissible hearsay because it is not being offered for the truth of the matter asserted, or that the definition of "thrive" is that contained in this specific dictionary.  Rather, the dictionary definition is significant in that it |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | exists, which supports that Plaintiff's mark has been defined in a descriptive manner and thus is descriptive for purposes of evaluating the mark's conceptual strength.  *See Hershey Co. & Hershey Chocolate & Confectionery Corp. v. Promotion in Motion, Inc.*, No. 07-CV-1601 (SDW), 2013 WL 12157828, at *7 (D.N.J. Jan. 18, 2013).  The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual exception to the prohibition against hearsay in Fed. R. Evid. 807. <br><br>The exhibit has also been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 15.  Moreover, as a printout |

-101-
JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 352 | Trademark/Service Mark Request to Divide for Serial No. 85726058 (Oct. 3, 2013) (ECF No. 63-13) | | |
| 353 | Thrive Natural Care's Facebook Webpage (accessed Aug. 19, 2021) (ECF No. 63-17) | | |
| 354 | Thrive Natural Care's Instagram Webpage (accessed Aug. 19, 2021) (ECF No. 63-18) | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602; 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's size, commercial success, and awareness among consumers, which bears on the issues of the commercial strength of Plaintiff's mark and whether it has acquired secondary meaning, the parties' respective marketing and sales channels, and Plaintiff's theory of reverse confusion trademark infringement.  There is no undue prejudice to Plaintiff in informing the jury of Plaintiff's social |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | media presence and following on Instagram (which is in any event publicly available), and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).<br><br>The exhibit has also been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 23(b). Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| 355 | Thrive Natural Care's "Superplant Skincare" Webpage (accessed Aug. 18, 2021) (ECF No. 63-19) | | |
| 356 | Thrive Natural Care's "Regenerative Mission" Webpage (accessed Aug. 18, 2021) (ECF No. 63-20) | | |
| 357 | Thrive Natural Care's Daily Defense Sunscreen Balm Product Page (accessed Aug. 18, 2021) (ECF No. 63-21) | | |
| 358 | Thrive Natural Care's Face Wash Product Page (accessed Aug. 18, 2021) (ECF No. 63-22) | | |
| 359 | Thrive Natural Care's Best Natural Exfoliating Scrub Product Page (accessed Aug. 18, 2021) (ECF No. 63-23) | | |
| 360 | Thrive Natural Care's Shaving Oil Product Page (accessed Aug. 18, 2021) (ECF No. 63-24) | | |
| 361 | San Francisco Business Times Article, "Can Amazon lift sales at this S.F. skincare business by $1 million?" (Sept. 21, 2017) (ECF No. 63-25) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of how Plaintiff has described its products as a men's grooming or skincare line to the consuming public, and that Plaintiff sells its products through Amazon. This is relevant to Plaintiff's assertion that it is a unisex brand, TCI's assertion that Plaintiff is principally a men's grooming |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | Foundation, FRE 602, 901 | company that targets male consumers, and the channels in which Plaintiff sells its products, which bear on the proximity and relatedness of the parties' goods and the parties' sales and marketing channels for the likelihood of confusion analysis.  There is no undue prejudice to Plaintiff in informing the jury of Plaintiff's own admissions concerning its products and target consumers, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403. |
| | | | The exhibit contains statements made by Alex McIntosh, which are an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to illustrate how Alex McIntosh has represented Plaintiff's |

-105-

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | products to the consuming public. The exhibit has also been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 25. Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 362 | Reuters Article, "Support the Evolution of Men's Shave and Skin Care" (Apr. 7, 2015) (ECF No. 63-26) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of how Plaintiff has described its products as a men's grooming or skincare line to the consuming public. This is relevant to Plaintiff's assertion that it is a unisex brand, and TCI's assertion that Plaintiff is |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | principally a men's grooming company that targets male consumers, both of which bear on the proximity and relatedness of the parties' goods for the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of Plaintiff's own admissions concerning its products and target consumers, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit contains statements made by Alex McIntosh, which are an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2). The exhibit is also not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to illustrate how Alex McIntosh has represented Plaintiff's products to the consuming public. |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | The exhibit has also been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 26. Moreover, as a printout from the Internet, the exhibit bears the date and the website URL is included in the supporting declaration as required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 363 | San Francisco Business Times Article, "S.F. skincare startup to get bump form Amazon" (Sept. 28, 2017) (ECF No. 63-27) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of how Plaintiff has described its products as a men's grooming or skincare line to the consuming public, and that Plaintiff sells its products through Amazon.  This is relevant to Plaintiff's assertion that it is a unisex brand, |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | 802; Authentication, FRE 901; Foundation, FRE 602, 901 | TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, and the channels in which Plaintiff sells its products, which bear on the proximity and relatedness of the parties' goods and the parties' sales and marketing channels for the likelihood of confusion analysis.  There is no undue prejudice to Plaintiff in informing the jury of Plaintiff's own admissions concerning its products and target consumers, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit contains statements made by Alex McIntosh, which are an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to illustrate |

-109-
JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | how Alex McIntosh has represented Plaintiff's products to the consuming public. |
| | | | The exhibit has also been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 27(b). Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 364 | USPTO Query Results for the Term "thrive*" (accessed Aug. 22, 2021) (ECF No. 63-28) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. |

-110-

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | There is no undue prejudice to Plaintiff in informing the jury of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to demonstrate the existence of trademark registrations and pending applications for the term "thrive" either alone or in conjunction with other terms, and that the USPTO approved certain of these registrations. The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual exception to the prohibition against hearsay in Fed. R. Evid. 807.<br><br>The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 28. Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). Furthermore, the Court may take judicial notice of the exhibit as public records of the USPTO, yet another basis for authentication.  Fed. R. Evid. 201. |
| 365 | Amazon Webpage for Third Party Ashford Point LLC's Thrive Therapeutic Cold Therapy Packs, Therapeutic Hot Therapy Packs, and First Aid Kits (accessed Aug. 23, 2021) (ECF No. 63-30) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | 802; Authentication, FRE 901; Foundation, FRE 602, 901 | third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to demonstrate the existence of third parties using "thrive" either alone or in conjunction with other terms.  The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual exception to the prohibition against hearsay in Fed. R. Evid. 807.<br><br>The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 29(b). |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 366 | Third Party Naked + Thriving LLC's Home Webpage (accessed Aug. 23, 2021) (ECF No. 63-31) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403. |
| | | | The exhibit is not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to demonstrate the existence of third parties using "thrive" either |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | alone or in conjunction with other terms.  The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual exception to the prohibition against hearsay in Fed. R. Evid. 807.<br><br>The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 29(c). Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication.  *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 367 | Third Party I25X, LLC's ithriveX Performance Collection's Webpage (accessed Aug. 23, 2021) (ECF No. 63-32) | FRE 401; Unduly Prejudicial, FRE 403; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to demonstrate the existence of third parties using "thrive" either alone or in conjunction with other terms. The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual exception to the prohibition against hearsay in Fed. R. Evid. 807.<br><br>The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 29(d). Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 368 | Third Party Surthrival LLC's Home Webpage (accessed Aug. 23, 2021) (ECF No. 63-33) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403. |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | The exhibit is not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to demonstrate the existence of third parties using "thrive" either alone or in conjunction with other terms.  The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual exception to the prohibition against hearsay in Fed. R. Evid. 807.

The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 29(e). Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication.  *See* |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | *Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 369 | Third Party Thrive Market, Inc.'s Skincare Webpage (accessed Aug. 23, 2021) (ECF No. 63-34) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to demonstrate the existence of third parties using "thrive" either alone or in conjunction with other terms.  The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | exception to the prohibition against hearsay in Fed. R. Evid. 807.<br><br>The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 29(f). Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 370 | Third Party Le-Vel Brands, LLC's Skin Products Webpage (accessed Aug. 23, 2021) (ECF No. 63-35) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | There is no undue prejudice to Plaintiff in informing the jury of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to demonstrate the existence of third parties using "thrive" either alone or in conjunction with other terms.  The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual exception to the prohibition against hearsay in Fed. R. Evid. 807.<br><br>The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | Motion for Partial Summary Judgment (ECF No. 63) ¶ 29(g). Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 371 | Third Party Simplythrive, LLC's Home Webpage (accessed Aug. 23, 2021) (ECF No. 63-36) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | to demonstrate the existence of third parties using "thrive" either alone or in conjunction with other terms.  The exhibit is also supported by sufficient guarantees of trustworthiness and comes within the residual exception to the prohibition against hearsay in Fed. R. Evid. 807.<br><br>The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 63) ¶ 29(i). Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| 372 | Amazon Search Results for the Term "thrive" (accessed on Aug. 25, 2021) (ECF No. 81-1) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the variable conditions under which consumers may encounter the parties' products in the market. This is relevant to the proximity and relatedness of the parties' goods and actual confusion for the likelihood of confusion analysis, and to TCI's Joint Motion in Limine No. 1 to exclude testimony and evidence from assertion that Plaintiff's putative expert Rob Wallace concerning likelihood of confusion stemming from online search engine results. Plaintiff's exhibit list also includes dozens of exhibits purporting to reflect online search engine results similar to those reflected in this exhibit, and thus Plaintiff concedes relevance. There is no undue prejudice to Plaintiff in informing the jury of the variability in online search engine results, and thus the exhibit is not prejudicial, confusing, or |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | a waste of time under Fed. R. Evid. 403. |
| | | | The exhibit is not hearsay because it is not being offered to prove the truth of the matters asserted therein; rather, it is being offered to demonstrate the existence of online search engine results that conflict with and undermine Plaintiff's proffered online search engine results, and the variability of such results. |
| | | | The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Reply in support of its Motion for Summary Judgment (ECF No. 81) ¶ 1. Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL |

-125-

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
|  |  |  | 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 373 | Amazon Search Results for the Term "thrive skincare" (accessed on Aug. 25, 2021) (ECF No. 81-2) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the variable conditions under which consumers may encounter the parties' products in the market. This is relevant to the proximity and relatedness of the parties' goods and actual confusion for the likelihood of confusion analysis, and to TCI's Joint Motion in Limine No. 1 to exclude testimony and evidence from assertion that Plaintiff's putative expert Rob Wallace concerning likelihood of confusion stemming from online search engine results. Plaintiff's exhibit list also includes dozens of exhibits purporting to reflect online search engine results similar to those reflected in this exhibit, and thus Plaintiff concedes relevance. There is no undue prejudice to Plaintiff in informing the jury of the variability in online search engine results, and thus the exhibit is not |

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
|  |  |  | prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibit is not hearsay because it is not being offered to prove the truth of the matters asserted therein; rather, it is being offered to demonstrate the existence of online search engine results that conflict with and undermine Plaintiff's proffered online search engine results, and the variability of such results.

The exhibit is not hearsay because it is not being offered to prove the truth of the matters asserted; rather, it is being offered to demonstrate the existence of online search engine results that dramatically conflict with Plaintiff's proffered online search engine results, and the variability of such results.

The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Reply in support of its Motion for Summary Judgment (ECF No. 81) ¶ 2. Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 374 | Amazon Search Results for the Term "thrive lotion" (accessed on Aug. 25, 2021) (ECF No. 81-3) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the variable conditions under which consumers may encounter the parties' products in the market. This is relevant to the proximity and relatedness of the parties' goods and actual confusion for the likelihood of confusion analysis, and to TCI's Joint Motion in Limine No. 1 to exclude testimony and evidence from assertion that Plaintiff's putative expert Rob Wallace concerning likelihood of confusion |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | stemming from online search engine results. There is no undue prejudice to Plaintiff in informing the jury of the variability in online search engine results, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is not hearsay because it is not being offered to prove the truth of the matters asserted therein; rather, it is being offered to demonstrate the existence of online search engine results that conflict with and undermine Plaintiff's proffered online search engine results, and the variability of such results.<br><br>Plaintiff's exhibit list also includes dozens of exhibits purporting to reflect online search engine results similar to those reflected in this exhibit, and thus Plaintiff concedes relevance.<br><br>The exhibit is not hearsay because it is not being offered to prove the truth |

-129-

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | of the matters asserted; rather, it is being offered to demonstrate the existence of online search engine results that dramatically conflict with Plaintiff's proffered online search engine results, and the variability of such results. <br><br> The exhibit has been properly authenticated under Fed. R. of Evid. 901 and an adequate foundation has been laid under Fed. R. Evid. 602 in the Declaration of Lauren M. De Lilly in support of TCI's Reply in support of its Motion for Summary Judgment (ECF No. 81) ¶ 3. Moreover, as a printout from the Internet, the exhibit bears both the date and website URL required for authentication. *See Smets v. Winter*, No. CV 05-06461 DDP (FMOx), 2008 WL 4381618, at *4 (C.D. Cal. Sept. 25, 2008). |
| 375 | Thrive Natural Care's Products Page | | |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| 376 | Media Outlets, TNC00048-U-TNC00050-U | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the marketing channels for Plaintiff's products appear, including that such channels are principally targeted towards male consumers. This is relevant to the issues of proximity and relatedness of the parties' goods and the parties' sales and marketing channels for the likelihood of confusion analysis.  There is no undue prejudice in informing the jury of the marketing channels of Plaintiff's products or that such channels included male-specific outlets. Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6). |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
|  |  |  | TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901. |
| 377 | Investment Advisor Article, "The Business of Beauty" (June 2016), TNC00145-U-TNC00147-U | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of how Plaintiff has described its products as a men's grooming or skincare line to the consuming public. This is relevant to Plaintiff's assertion that it is a unisex brand, TCI's assertion that Plaintiff is principally a men's grooming and skincare company that targets male consumers, which bear on the proximity and relatedness of the parties' goods and the parties' sales or the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of Plaintiff's own admissions concerning its products and target consumers, and thus the exhibit is not prejudicial, |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | confusing, or a waste of time under Fed. R. Evid. 403. |
| | | | The exhibit contains statements made by Alex McIntosh, which are an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also not hearsay because it is not being offered for the truth of the matters asserted; rather, it is being offered to illustrate how Alex McIntosh has represented Plaintiff's products to the consuming public. |
| | | | TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901. |
| 378 | Memorandum from A. McIntosh to K. Jeffrey (Mar. 15, 2021), TNC00187 (CONFIDENTIAL) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of how Plaintiff's vision of itself as a company that produces a line of sustainable men's |

-133-

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | skincare products with a masculine feel.   This is relevant to Plaintiff's assertion that it is a unisex brand, TCI's assertion that Plaintiff is principally a men's grooming and skincare company that targets male consumers, which bear on the proximity and relatedness of the parties' goods and the parties' sales or the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of Plaintiff's own admissions concerning its business model and target consumers, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).

TCI intends to call Plaintiff's co-founder and |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901. |
| 379 | The New Face of Restoration, TNC00453-TNC00460 (CONFIDENTIAL) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the manner in which Plaintiff's markets, namely, by marketing them as a men's grooming line. This is relevant to Plaintiff's assertion that it is a unisex brand, and to TCI's assertion that Plaintiff is principally a men's grooming and skincare company that targets male consumers, which is relevant to the proximity and relatedness of the parties' goods and commercial impression of the parties' marks. Aside from directly refuting Plaintiff's assertion, there is no undue prejudice in informing the jury that Plaintiff has represented its products in its marketing materials as targeted to male consumers.  Thus, the exhibit is not prejudicial, |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | confusing, or a waste of time under Fed. R. Evid. 403. |
| | | | The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6). |
| | | | TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901. |
| 380 | Email Chain Between P. Segal and A. McIntosh (Aug. 12, 2019), TNC00835-TNC00837 (CONFIDENTIAL) | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the reasons that TCI has achieved commercial success that are unrelated to its use of the brand name THRIVE CAUSEMETICS.  This is relevant to TCI's assertion that it did not derive any benefit from use of the term "thrive," but rather, its commercial success is driven by significant support from |

-136-

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | Foundation, FRE 602, 901 | female consumers as well as high-quality products. There is no undue prejudice in informing the jury of Plaintiff's own assessment and evaluation of the reasons for TCI's commercial success.  Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).

TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901. |
| 381 | Letter from S. McChesney to T. Manfredi (Apr. 12, 2017), TNC00899-TNC00900 | FRE 401; Unduly Prejudicial, FRE 403; Lacks probative | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's knowledge of TCI's use of the THRIVE |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | CAUSEMETICS brand name and Plaintiff's belief that TCI's use of the THRIVE CAUSEMETICS brand name constituted infringement of Plaintiff's mark. The exhibit is also probative of the bases for TCI's good faith belief that its use of the THRIVE CAUSEMETICS mark did not infringe on any of Plaintiff's claimed rights. This is relevant to TCI's affirmative defenses of laches, specifically, that Plaintiff knew of TCI and believed that TCI's use of its brand name was infringement, and unreasonably delayed in filing suit, and to Plaintiff's assertion that TCI engaged in willful infringement. There is no undue prejudice in informing the jury of the timing and extent of Plaintiff's knowledge of TCI or belief that TCI was infringing, or of the reasons TCI believed that it was not infringing. Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403. |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | The exhibit is not hearsay because it is not being offered to prove the truth of the matters asserted therein; rather, it is being offered to demonstrate that TCI promptly responded to Plaintiff's cease-and-desist letter, after which, Plaintiff took no action.  It is also being offered to demonstrate the bases for TCI's belief that its use of THRIVE CAUSEMETICS was not infringing.<br><br>TCI intends to call TCI founder and Chief Executive Officer Karissa Bodnar at trial to testify regarding the exhibit's foundation under Fed. R. Evid. 602 and authenticity under Fed. R. Evid. 901. |
| 382 | Thrive Natural Care's Thrive Face Lotion for Men Product Description, TNC01324-TNC01325 | | |
| 383 | Capture of Thrive Natural Care's Homepage (Nov. 18, 2014), TNC01341 | | |
| 384 | Capture of Thrive Natural Care's Main Product Page (Feb. 7, 2016), TNC01342 | | |

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| 385 | Memorandum from A. McIntosh to Laura and Team Laita (May 5, 2013), TNC01357-TNC01364 | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of how Plaintiff's vision of itself as a company that produces a line of sustainable men's skincare products with its first three products being a men's face wash, men's shaving oil, and men's facial moisturizer.   This is relevant to Plaintiff's assertion that it is a unisex brand, TCI's assertion that Plaintiff is principally a men's grooming and skincare company that targets male consumers, which bear on the proximity and relatedness of the parties' goods and the parties' sales or the likelihood of confusion analysis. There is no undue prejudice to Plaintiff in informing the jury of Plaintiff's own admissions concerning its business model and target consumers, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403. |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | | | The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6).<br><br>TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901. |
| 386 | Thrive Natural Care's Influencer Strategy Slide Deck (Feb. 2017), TNC01909-TNC01924 | Relevance, FRE 401; Unduly Prejudicial, FRE 403; Lacks probative value, FRE 403; Confusing, FRE 403; Waste of time, 403; Hearsay, FRE 802; Authentication, FRE 901; Foundation, FRE 602, 901 | The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of Plaintiff's brand identity and strategy for marketing its products to its target male consumers.  It is also probative of how third-party marketing agencies engaged by Plaintiff understood and sought to execute on Plaintiff's branding mission.  This is relevant to TCI's assertion that Plaintiff is principally a men's grooming company that targets male consumers, which |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | bears on the proximity and relatedness of the parties' goods and commercial impression of the parties' marks in the likelihood of confusion analysis. There is no undue prejudice in informing the jury of the brand identity strategies prepared by Plaintiff's marketing consultants. Thus, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.<br><br>The exhibit is an admission of an opposing party and thus not hearsay under Fed. R. Evid. 801(d)(2). The exhibit is also a business record and thus falls within the exception of Fed. R. Evid. 803(6). In addition, the exhibit is not hearsay because it is not being offered for the truth of the matters asserted therein; rather, it is being offered to demonstrate how Plaintiff and its agents perceived and positioned Plaintiff and its products from a marketing and branding perspective. |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | | | TCI intends to call Plaintiff's co-founder and Chief Executive Officer Alex McIntosh to testify at trial regarding the exhibit's foundation under Fed. R. of Evid. 602 and authenticity under Fed. R. Evid. 901. |
| 387 | Thrive Natural Care's Face Wash Product Webpage on Amazon.com (accessed Sept. 2, 2021), available at https://www.amazon.com/stores/page/A307533D-FD7E-411C-A3F9-D774CF8CB856?ingress=2&visitId=cc062265-78e1-43ad-8fe80853f6322353&ref_=ast_bln | | |
| 388 | Thrive Natural Care's Gift Kits Product Webpage on Amazon.com (accessed Sept. 2, 2021), available at https://www.amazon.com/stores/page/92EAEA39-7558-498D-BF815940EF8C8FAD?ingress=2&visitId=cc062265-78e1-43ad-8fe8-0853f6322353&ref%E2%80%A6 | | |
| 389 | Thrive Natural Care's Daily Defense Sunscreen Balm Product Webpage on Amazon.com (accessed Sept. 2, 2021), available at https://www.amazon.com | | |

-143-

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| | /stores/page/CCA98CF5-BCDA-4291-936A-715E1DD1B 6CE?ingres s=2&visitId=cc062265-78e1-43 ad-8fe8-0853f6322353&ref_=ast_bln | | |
| 390 | Thrive Natural Care's New Products Webpage on Amazon.com (accessed Sept. 2, 2021), available at https://www.amazon.com/ stores/page/71E9EFA9-7F 30-4B2A-BAB3-9889620097 D7?ingress=2 &visitId=cc062265-78e1-43ad-8fe8-0853f6322353&re f%E2%80%A6 | | |
| 391 | Thrive Natural Care's Shave & Shower Soap Product Webpage on Amazon.com (accessed Sept. 2, 2021), available at https://www.amazon.com/ stores/page/C35AB8E1-1A 2B-484D-BB5E-706AA44 38B47?ingress=2 &visitId=cc062265-78e1-4 3ad-8fe8-0853f6322353&ref_ =ast_bln | | |
| 392 | Thrive Natural Care's Posts Webpage on Amazon.com (accessed Sept. 2, 2021), available at https://www.amazon.com/stores/ page/8F2B9D60-9694-4ECD-A131-0133C0CBB 434/feed?ingress=2&visitId | | |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| | =984c415b-2aa9-4803-a5ea-55d97efd1d%E2%80%A6 | | |
| 393 | Thrive Natural Care's Homepage on Amazon.com (accessed Sept. 2, 2021), available at https://www.amazon.com /stores/page/8F2B9D60-9694-4ECD-A131-0133C0CBB434?ingress=2&visitId=cc062265-78e1-43ad-8fe8-0853f6322353&ref%E2%80%A6 | | |
| 394 | Thrive Natural Care's Response's to TCI's First Set of Requests for Admission (July 29, 2021) | | |
| 395 | Thrive Grooming Oil (Physical Exhibit) | | |
| 396 | Thrive Face Balm for Sensitive Skin (Physical Exhibit) | | |
| 397 | Thrive Shave & Shower Soap (Physical Exhibit) | | |
| 398 | Thrive Daily Defense Sunscreen Balm (Physical Exhibit) | | |
| 399 | Thrive Shaving Oil (Physical Exhibit) | | |
| 400 | Thrive Face Balm (Physical Exhibit) | | |
| 401 | Thrive Bodyshield 50 (Physical Exhibit) | | |
| 402 | Thrive Energy Scrub (Physical Exhibit) | | |
| 403 | Thrive Face Wash for Sensitive Skin (Physical Exhibit) | | |
| 404 | Thrive Face Wash (Physical Exhibit) | | |
| 405 | Thrive Causemetics Bright Balance 3-In-1 Cleanser (Physical Exhibit) | | |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---|---|---|---|
| 406 | Thrive Causemetics Buildable Blur CC Cream (Physical Exhibit) | | |
| 407 | Thrive Causemetics Liquid Light Therapy – All-In-One Face Serum (Physical Exhibit) | | |
| 408 | Thrive Causemetics Moisture Flash – Active Nutrient Toner (Physical Exhibit) | | |
| 409 | Thrive Causemetics Defying Gravity – Eye Lifting Cream (Physical Exhibit) | | |
| 410 | Thrive Causemetics Overnight Sensation – Brightening Sleep Mask (Physical Exhibit) | | |
| 411 | Thrive Causemetics Filtered Effects – Blurring Primer (Physical Exhibit) | | |
| 412 | Thrive Causemetics Defying Gravity – Transforming Moisturizer (Physical Exhibit) | | |
| 413 | Thrive Causemetics Overnight Sensation – 10% AHA + BHA Gentle Resurfacing Peel (Physical Exhibit) | | |
| 414 | Thrive Causemetics Smart Microdermabrasion – 2-In-1 Instant Facial (Physical Exhibit) | | |
| 415 | Thrive Causemetics Defying Gravity – Nourishing Hand + Nail Cream (Physical Exhibit) | | |
| 416 | Thrive Causemetics Liquid Balm – Lip Treatment (Physical Exhibit) | | |
| 417 | Thrive Causemetics Sunproof Intensive Lip Balm | | |

JOINT TRIAL EXHIBIT LIST

| Ex. No. | Description | Objection | Response |
|---------|-------------|-----------|----------|
| 418 | Thrive Causemetics Pumpkin Spice Latte Liquid Balm - Lip Treatment (Physical Exhibit) | | |
| 419 | Thrive Causemetics Hand Sanitizer (Physical Exhibit) | | |

DATED: October 1, 2021        The McArthur Law Firm, PC

By:  */s/ Stephen McArthur*
    Stephen McArthur

*Attorneys for Plaintiff*
*Thrive Natural Care, Inc.*

DATED: October 1, 2021        SIDLEY AUSTIN, LLP

By:  */s/ Rollin A. Ransom*
    Rollin A. Ransom

*Attorneys for Defendant*
*Thrive Causemetics, Inc.*

## <u>SIGNATURE ATTESTATION</u>

I am the CM/ECF filer whose identification and password are being used to file the foregoing Joint Exhibit List. In compliance with Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that every signatory has concurred in this filing.

Date:  10/1/2021        By:  */s/ Thomas Dietrich*
    Thomas Dietrich