Stephen McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorneys for Plaintiff Thrive
Natural Care, Inc.*

Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone:  (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Thrive
Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THRIVE CAUSEMETICS, INC., <br><br> Defendant. | Case No.  2:20-cv-9091-PA-AS <br><br> Hon. Percy Anderson <br><br> **JOINT PROPOSED JURY INSTRUCTIONS** <br><br> Trial Date: November 9, 2021 <br> Time:       9:00 a.m. <br> Place:      Courtroom 9A |

# INDEX

| NUMBER | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Duty of Jury | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.3 | 2 |
| 2 | Duty of Jury | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.4 | 3 |
| 3 | Claims and Defenses | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.5 | 4 |
| 4 | Burden of Proof—Preponderance of the Evidence | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.6 | 5 |
| 5 | What is Evidence | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.9 | 6 |
| 6 | What is Not Evidence | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.10 | 7 |

i

| NUMBER | TITLE | SOURCE | PAGE |
|--------|-------|--------|------|
| 7 | Evidence for Limited Purpose | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.11 | 8 |
| 8 | Direct and Circumstantial Evidence | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.12 | 9 |
| 9 | Ruling on Objections | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.13 | 10 |
| 10 | Credibility of Witnesses | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.14 | 11 |
| 11 | Conduct of the Jury | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.15 | 13 |
| 12 | Publicity During Trial | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.16 | 15 |
| 13 | No Transcript Available to Jury | *Manual of Model Civil Jury Instructions for the District Courts of* | 16 |

JOINT PROPOSED JURY INSTRUCTIONS

| NUMBER | TITLE | SOURCE | PAGE |
|---|---|---|---|
|  |  | *the Ninth Circuit (2017 Edition)*, Inst. No. 1.17 |  |
| 14 | Taking Notes | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.18 | 17 |
| 15 | Questions to Witnesses by Jurors During Trial | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.19 | 18 |
| 16 | Bench Conferences and Recesses | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.20 | 19 |
| 17 | Outline of Trial | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.21 | 20 |
| 18 | Cautionary Instructions | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.0 | 21 |
| 19 | Stipulations of Fact | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.2 | 23 |

| NUMBER | TITLE | SOURCE | PAGE |
|--------|-------|--------|------|
| 20 | Judicial Notice | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.3 | 24 |
| 21 | Deposition in Lieu of Live Testimony | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.4 | 25 |
| 22 | Impeachment Evidence— Witness | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.9 | 26 |
| 23 | Use of Interrogatories | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.11 | 27 |
| 24 | Use of Requests for Admission | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.12 | 28 |
| 25 | Expert Opinion | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.13 | 29 |
| 26 | Charts and Summaries Not | *Manual of Model Civil Jury Instructions for the District Courts of* | 30 |

| NUMBER | TITLE | SOURCE | PAGE |
|---|---|---|---|
| | Received in Evidence | *the Ninth Circuit (2017 Edition)*, Inst. No. 2.14 | |
| 27 | Charts and Summaries Received in Evidence | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.15 | 31 |
| 28 | Duty to Deliberate | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 3.1; *Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 985 (9th Cir. 2002)) | 32 |
| 29 | Consideration of Evidence— Conduct of the Jury | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 3.2 | 33 |
| 30 | Communication with Court | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 3.3 | 35 |
| 31 | Return of Verdict | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 3.5 | 36 |
| 32 | Post-Discharge Instruction | *Manual of Model Civil Jury Instructions for the District Courts of* | 37 |

| NUMBER | TITLE | SOURCE | PAGE |
|--------|-------|--------|------|
| | | *the Ninth Circuit (2017 Edition)*, Inst. No. 3.9 | |
| 33 | Definition Trademark (15 U.S.C. § 1127) | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.2 | 38 |
| 34 | Trademark Liability-Theories and Policies (15 U.S.C. §§ 1114(1), 1125(a)) | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.5 | 39 |
| 35 | Infringement-Elements and Burden of Proof-Trademark (15 U.S.C. § 1114(1)) | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.6 | 40 |
| 36 | Infringement-Elements-Validity-Distinctiveness | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.10 | 41 |
| 37 | Infringement-Elements-Validity-Distinctiveness-Secondary Meaning | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.11 | 45 |

vi

JOINT PROPOSED JURY INSTRUCTIONS

| NUMBER | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 38 | Infringement-Elements-Ownership-Generally | *Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.13; 15 U.S.C. § 1115(b); J. Thomas McCarthy, Trademarks and Unfair Competition § 16.34 (5th ed. 2021) | 47 |
| 39 | Direction of Confusion | *Authority: Surfvivor Media, Inc. v. Survivor Productions,* 406 F.3d 625, 630 (9th Cir. 2005); *Marketquest Group, Inc. v. BIC Corp.*, 862 F.3d 927, 932, 936 (9th Cir. 2017); *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 994 F.3d 1107, 1116 (9th Cir. 2021); J. Thomas McCarthy, Trademarks and Unfair Competition § 23.10 (5th ed. 2021). | 49 |
| 40 | Infringement-Likelihood of Confusion-Factor-Strength of Trademark | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.19 | 50 |
| 41 | Trademark Damages-Plaintiff's Actual Damages | *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.27; *Lindy Pen Co. v. Bic Pen* | 52 |

JOINT PROPOSED JURY INSTRUCTIONS

| NUMBER | TITLE | SOURCE | PAGE |
|--------|-------|--------|------|
|        | (15 U.S.C. § 1117(a)) | *Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993) |      |
| 42     | Trademark Damages – Reasonable Royalty | *Marketquest Group, Inc. v. BIC Corp., 316 F. Supp. 3d 1234, 1300 (S.D. Cal. 2018); M2 Software Inc. v. Viacom Inc., 223 Fed. App'x 653, 655 (9th Cir. 2007)* | 53 |

JOINT PROPOSED JURY INSTRUCTIONS

Plaintiff Thrive Natural Care, Inc. and Defendant Thrive Causemetics, Inc. respectfully submit the following agreed-upon jury instructions.[1]

---

[1] The parties' agreed-upon proposed jury instructions do not include instructions concerning Plaintiff's statutory unfair competition claim pursuant to Cal. Bus. & Prof. § 17200 et seq., disgorgement of Defendant's profits or adjustment of same, enhancement of damages, attorneys' fee or costs, pre- or post-judgment interest, or Defendant's affirmative defense of laches.  The parties agree that these matters are equitable in nature and thus should be decided by the Court, not the jury.  In addition, both the agreed and disputed instructions do not take into account rulings on the pending motions, including the parties' respective motions for summary judgment [ECF Nos. 36, 40], Plaintiff's motion to strike Defendant's abandonment defense [ECF No. 32], and the parties' respective motions in limine (to be filed).  If any of those motions is granted in whole or in part, the parties shall promptly meet and confer to discuss appropriate revisions to the proposed instructions.

**PRELIMINARY INSTRUCTIONS**

**AGREED JURY INSTRUCTION NO. 1**

**DUTY OF JURY (COURT READS INSTRUCTIONS AT THE BEGINNING**

**OF TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.3 (unmodified).

JOINT PROPOSED JURY INSTRUCTIONS

**AGREED JURY INSTRUCTION NO. 2**

**DUTY OF JURY (COURT READS AND PROVIDES WRITTEN**

**INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition),* Inst. No. 1.4 (modified to specify option of a single set of jury instructions).

3

JOINT PROPOSED JURY INSTRUCTIONS

## AGREED JURY INSTRUCTION NO. 3

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, Thrive Natural Care, asserts that it owns the trademark THRIVE for use in connection with skincare products and that the defendant has infringed that trademark and engaged in unfair competition. Thrive Natural Care has the burden of proving these claims.

The defendant, Thrive Causemetics, denies those claims and also contends that Thrive Natural Care's claimed mark as reflected in U.S. Trademark Registration No. 4,467,942 (the "'942 Registration") is invalid because it was abandoned by its rightful owner. Thrive Causemetics has the burden of proof on this affirmative defense.

Thrive Natural Care denies Thrive Causemetics' affirmative defense.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.5 (as modified for this case).

**AGREED JURY INSTRUCTION NO. 4**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.6 (unmodified).

## AGREED JURY INSTRUCTION NO. 5

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I have instructed you to accept as proved.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.9 (unmodified).

6

## AGREED JURY INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.10 (unmodified).

1

**AGREED JURY INSTRUCTION NO. 7**

2

**EVIDENCE FOR LIMITED PURPOSE**

3     Some evidence may be admitted only for a limited purpose.

4     When I instruct you that an item of evidence has been admitted only for a

5 limited purpose, you must consider it only for that limited purpose and not for any

6 other purpose.

7     The testimony you have just heard may be considered only for the limited

8 purpose of [*describe purpose*] and not for any other purpose.

9

10 *Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth*

11 *Circuit (2017 Edition)*, Inst. No. 1.11 (unmodified).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AGREED JURY INSTRUCTION NO. 8**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.12 (unmodified).

**AGREED JURY INSTRUCTION NO. 9**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.13 (unmodified).

# AGREED JURY INSTRUCTION NO. 10

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.14 (unmodified).

12

JOINT PROPOSED JURY INSTRUCTIONS

## AGREED JURY INSTRUCTION NO. 11
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research,

such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.15 (unmodified).

JOINT PROPOSED JURY INSTRUCTIONS

**AGREED JURY INSTRUCTION NO. 12**

**PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.16 (unmodified).

1

**AGREED JURY INSTRUCTION NO. 13**

**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.17 (unmodified).

**AGREED JURY INSTRUCTION NO. 14**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.18 (modified to specify option that notes remain in the courtroom).

**AGREED JURY INSTRUCTION NO. 15**

**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

Only the lawyers and I are allowed to ask questions of witnesses. A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.19 (modified to eliminate internal comment regarding explanation for not allowing juror questions).

## AGREED JURY INSTRUCTION NO. 16
## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.20 (unmodified).

19

JOINT PROPOSED JURY INSTRUCTIONS

**AGREED JURY INSTRUCTION NO. 17**

**OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 1.21 (unmodified).

## INSTRUCTIONS IN THE COURSE OF TRIAL
## AGREED JURY INSTRUCTION NO. 18
## CAUTIONARY INSTRUCTIONS

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

JOINT PROPOSED JURY INSTRUCTIONS

1   *Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth*

2   *Circuit (2017 Edition)*, Inst. No. 2.0 (modified to specify "Alternative 1").

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

**AGREED JURY INSTRUCTION NO. 19**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.2 (modified to specify that stipulated facts will be read to jury).

**AGREED JURY INSTRUCTION NO. 20**

**JUDICIAL NOTICE**

The court has decided to accept as proved the fact that [*state fact*]. You must accept this fact as true.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.3 (unmodified).

# AGREED JURY INSTRUCTION NO. 21

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*name of witness*] was taken on [*date*]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.4 (modified to remove reference to use of deposition testimony for persons unavailable to testify at trial).

**AGREED JURY INSTRUCTION NO. 22**

**IMPEACHMENT EVIDENCE—WITNESS**

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.9 (unmodified).

**AGREED JURY INSTRUCTION NO. 23**

**USE OF INTERROGATORIES**

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.11 (unmodified).

**AGREED JURY INSTRUCTION NO. 24**

**USE OF REQUESTS FOR ADMISSION**

Evidence was presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.12 (unmodified).

**AGREED JURY INSTRUCTION NO. 25**

**EXPERT OPINION**

You have heard testimony from [*name*] who testified to opinions and the reasons for his opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.13 (unmodified).

29

**AGREED JURY INSTRUCTION NO. 26**

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.14 (unmodified).

## AGREED JURY INSTRUCTION NO. 27
## CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 2.15 (unmodified).

## INSTRUCTIONS AT END OF CASE
## AGREED JURY INSTRUCTION NO. 28
## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous as to every question in the verdict form.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 3.1 (as modified to specify that unanimity is required for every question in the verdict form), *see Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 985 (9th Cir. 2002)).

JOINT PROPOSED JURY INSTRUCTIONS

## AGREED JURY INSTRUCTION NO. 29

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the

truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 3.2 (unmodified).

JOINT PROPOSED JURY INSTRUCTIONS

**AGREED JURY INSTRUCTION NO. 30**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 3.3 (unmodified).

**AGREED JURY INSTRUCTION NO. 31**

**RETURN OF VERDICT**

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 3.5 (unmodified).

# AGREED JURY INSTRUCTION NO. 32
## POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 3.9 (unmodified).

**AGREED JURY INSTRUCTION NO. 33**

**DEFINITION-TRADEMARK**

**(15 U.S.C. § 1127)**

A trademark is any word, name, symbol, device, or any combination thereof, used by a person to identify and distinguish that person's goods from those of others and to indicate the source of the goods.

A person who uses the trademark of another may be liable for damages.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.2 (unmodified).

-38-

## AGREED JURY INSTRUCTION NO. 34
## TRADEMARK LIABILITY-THEORIES AND POLICIES
### (15 U.S.C. §§ 1114(1), 1125(A))

The trademark laws balance three often-conflicting goals: (1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; (2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and (3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

In these instructions, I will identify types of facts you are to consider in deciding if Thrive Causemetics is liable to Thrive Natural Care for violating the trademark law. These facts are relevant to whether Thrive Causemetics is liable for:

1.   Infringing Thrive Natural Care's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers; and

2.   Unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of Thrive Natural Care's goods.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition),* Inst. No. 15.5 (modified to reflect party names).

JOINT PROPOSED JURY INSTRUCTIONS

# AGREED JURY INSTRUCTION NO. 35
## INFRINGEMENT-ELEMENTS AND BURDEN OF PROOF-TRADEMARK
### (15 U.S.C. § 1114(1))

On Thrive Natural Care's claim for trademark infringement, Thrive Natural Care has the burden of proving each of the following elements by a preponderance of the evidence:

1. THRIVE is a valid, protectable trademark;

2. Thrive Natural Care owns THRIVE as a trademark; and

3. Thrive Causemetics used THRIVE CAUSEMETICS without the consent of Thrive Natural Care in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of goods.

If you find that each of the elements on which Thrive Natural Care has the burden of proof has been proved, your verdict should be for Thrive Natural Care. If, on the other hand, Thrive Natural Care has failed to prove any of these elements, your verdict should be for Thrive Causemetics.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.6 (as modified for this case).

**AGREED JURY INSTRUCTION NO. 36**

**INFRINGEMENT-ELEMENTS-VALIDITY- DISTINCTIVENESS**

How distinctively a trademark indicates that a good comes from a specific source is an important factor to consider in assessing its validity.

Thrive Natural Care asserts that the THRIVE mark as reflected in the '303 Registration is a valid and protectable trademark for its skincare products. Thrive Causemetics asserts that the THRIVE mark as reflected in the '303 Registration is not a valid and protectable trademark for Thrive Natural Care's skincare products.

In order to determine if Thrive Causemetics has met its burden of showing that THRIVE as reflected in the '303 Registration is not a valid trademark, you should classify it on the spectrum of trademark distinctiveness that I will explain in this instruction.

**Spectrum of Marks**

Trademark law provides great protection to distinctive or strong trademarks. Conversely, trademarks that are not as distinctive or strong are called "weak" trademarks and receive less protection from infringing uses. Trademarks that are not distinctive are not entitled to any trademark protection. For deciding trademark protectability you must consider whether a trademark is inherently distinctive.  An inherently distinctive trademark is a word, symbol or device, or combination of them, which intrinsically identifies a particular source of a good in the market. The law assumes that an inherently distinctive trademark is one that almost automatically tells a consumer that it refers to a brand or a source for a product, and that consumers will be predisposed to equate the trademark with the source of a product.

Trademarks are grouped into four categories according to their relative distinctiveness. These four categories are, in order of strength or distinctiveness: arbitrary (which is inherently distinctive), suggestive (which also is inherently distinctive), descriptive (which is protected only if it acquires in consumers' minds a

-41-

"secondary meaning" which I explain in Instruction 37) and generic names (which are entitled to no protection).

**Arbitrary Trademarks.** The first category of "inherently distinctive" trademarks is arbitrary trademarks. They are considered strong marks and are clearly protectable. They involve the arbitrary, fanciful or fictitious use of a word to designate the source of a product. Such a trademark is a word that in no way describes or has any relevance to the particular product it is meant to identify.  It may be a common word used in an unfamiliar way.  It may be a newly created (coined) word or parts of common words which are applied in a fanciful, fictitious or unfamiliar way, solely as a trademark.

For instance, the common word "apple" became a strong and inherently distinctive trademark when used by a company to identify the personal computers that company sold. The company's use of the word "apple" was arbitrary or fanciful because "apple" did not describe and was not related to what the computer was, its components, ingredients, quality, or characteristics.  "Apple" was being used in an arbitrary way to designate for consumers that the computer comes from a particular manufacturer or source.

**Suggestive Trademarks.** The next category is suggestive trademarks.  These trademarks are also inherently distinctive but are considered weaker than arbitrary trademarks.  Unlike arbitrary trademarks, which are in no way related to what the product is or its components, quality, or characteristics, suggestive trademarks imply some characteristic or quality of the product to which they are attached.  If the consumer must use imagination or any type of multi-stage reasoning to understand the trademark's significance, then the trademark does not describe the product's features, but merely suggests them.

A suggestive use of a word involves consumers associating the qualities the word suggests to the product to which the word is attached.  For example, when "apple" is used not to indicate a certain company's computers, but rather "Apple-A-

-42-

Day" Vitamins, it is being used as a suggestive trademark. "Apple" does not describe what the vitamins are. However, consumers may come to associate the healthfulness of "an apple a day keeping the doctor away" with the supposed benefits of taking "Apple-A-Day" Vitamins.

**Descriptive Trademarks.** The third category is descriptive trademarks. These trademarks directly identify or describe some aspect, characteristic, or quality of the product to which they are affixed in a straightforward way that requires no exercise of imagination to be understood.

For instance, the word "apple" is descriptive when used in the trademark "CranApple" to designate a cranberry-apple juice. It directly describes ingredients of the juice. Other common types of descriptive trademarks identify where a product comes from, or the name of the person who makes or sells the product. Thus, the words "Apple Valley Juice" affixed to cider from the California town of Apple Valley is a descriptive trademark because it geographically describes where the cider comes from. Similarly, a descriptive trademark can be the personal name of the person who makes or sells the product. So, if a farmer in Apple Valley, Judy Brown, sold her cider under the label "Judy's Juice" (rather than CranApple) she is making a descriptive use of her personal name to indicate and describe who produced the apple cider and she is using her first name as a descriptive trademark.

### Mark Distinctiveness and Validity

If you decide that the THRIVE mark as reflected in the '303 Registration is arbitrary or suggestive, it is considered to be inherently distinctive. An inherently distinctive trademark is valid and protectable.

If you decide that the THRIVE mark as reflected in the '303 Registration is descriptive, you will not know if the trademark is valid or invalid until you consider whether it has gained distinctiveness by the acquisition of secondary meaning, which I explain in Instruction 37.

JOINT PROPOSED JURY INSTRUCTIONS

1

2 *Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth*

3 *Circuit (2017 Edition)*, Inst. No. 15.10 (as modified for this case and to eliminate

4 duplication with and cross-to reference Instruction No. 15.18).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

**AGREED JURY INSTRUCTION NO. 37**

**INFRINGEMENT-ELEMENTS-VALIDITY-DISTINCTIVENESS-SECONDARY MEANING**

If you determined in Instruction 36 that the THRIVE mark as reflected in the '303 Registration is descriptive, you must consider the recognition that the mark has among prospective consumers in order to determine whether it is valid and protectable even though it is descriptive. This market recognition is called the trademark's "secondary meaning."

A word acquires a secondary meaning when it has been used in such a way that its primary significance in the minds of the prospective consumers is not the product itself, but the identification of the product with a single source, regardless of whether consumers know who or what that source is. You must find that the preponderance of the evidence shows that a significant number of the consuming public associates the THRIVE mark with a single source, in order to find that it has acquired secondary meaning.

When you are determining whether the THRIVE mark has acquired a secondary meaning, consider the following factors:

(1) Consumer Perception. Whether the people who purchase the product that bears the claimed trademark associate the trademark with the owner or assignee;

(2) Advertisement. To what degree and in what manner the owner or assignee may have advertised under the claimed trademark;

(3) Demonstrated Utility. Whether the owner or assignee successfully used this trademark to increase the sales of its product;

(4) Extent of Use. The length of time and manner in which the owner or assignee used the claimed trademark;

(5) Exclusivity. Whether the owner's or assignee's use of the claimed trademark was exclusive;

-45-

(6)     Copying. Whether the defendant intentionally copied the trademark; and

(7)     Actual Confusion. Whether the defendant's use of the plaintiff's trademark has led to actual confusion among a significant number of consumers.

The presence or absence of any particular factor should not necessarily resolve whether THRIVE has acquired secondary meaning.

Descriptive marks are protectable only to the extent you find they acquired distinctiveness by the public coming to associate the mark with the a particular source. Descriptive marks are entitled to protection only as broad as the secondary meaning they have acquired, if any. If they have acquired no secondary meaning, they are entitled to no protection and cannot be considered a valid mark.

Thrive Causemetics has the burden of proving that the THRIVE mark as reflected in the '303 Registration lacks a secondary meaning.

The mere fact that Thrive Natural Care is using the THRIVE mark, or that Thrive Natural Care began using it before Thrive Causemetics, does not mean that the trademark has acquired secondary meaning.  There is no particular length of time that a trademark must be used before it acquires a secondary meaning.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.11 (as modified for this case).

JOINT PROPOSED JURY INSTRUCTIONS

## AGREED JURY INSTRUCTION NO. 38

## INFRINGEMENT-ELEMENTS-OWNERSHIP-GENERALLY

The law entitles the trademark owner to exclude others from using that trademark. A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace or by using it before the alleged infringer.

If you reject Thrive Causemetics' abandonment defense as to the '942 Registration or if you find the THRIVE mark to be inherently distinctive, then you must conclude that Thrive Natural Care began to use the THRIVE mark on skincare products before Thrive Causemetics began to use the THRIVE CAUSEMETICS mark on skincare products.  However, if you find that Thrive Causemetics has proven its abandonment defense as to the '942 Registration, and you find that the THRIVE mark as used by Thrive Natural Care is descriptive but has acquired secondary meaning, then you must consider whether the THRIVE mark acquired secondary meaning before Thrive Causemetics began to use the THRIVE CAUSEMETICS mark in connection with skincare products.

If you find that Thrive Causemetics has proven its abandonment defense as to the '942 Registration, you find that the THRIVE mark as used by Thrive Natural Care is descriptive, and you find that Thrive Natural Care has not shown by a preponderance of the evidence that the THRIVE mark acquired secondary meaning before Thrive Causemetics's use of the THRIVE CAUSEMETICS mark in connection with skincare products, then you cannot conclude that Thrive Natural Care is the owner of the trademark for purposes of Instruction **[TBD].**

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.13 (as modified for this case); 15 U.S.C. § 1115(b); J. Thomas McCarthy, Trademarks and Unfair Competition § 16.34 (5th ed. 2021) ("The rule is that the senior user must prove the existence of a secondary

-47-

1   meaning in its designation at the time and place that the junior user first began use of

2   the accused mark.").

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

## AGREED JURY INSTRUCTION NO. 39
## DIRECTION OF CONFUSION

The Ninth Circuit recognizes two theories of confusion in connection with a claim of trademark infringement: forward confusion and reverse confusion.  Both involve a senior user of a mark (here, Thrive Natural Care is the senior user as to skincare products) and a junior user (here, Thrive Causemetics is the junior user as to skincare products).  Forward confusion occurs when consumers believe that goods bearing the junior mark came from, or were sponsored by, the senior mark holder. By contrast, reverse confusion occurs when consumers dealing with the senior mark holder believe that they are doing business with the junior mark holder, that is, consumers believe that the junior mark holder is the source of, or the sponsor of, the senior user's goods.

*Authority: Surfvivor Media, Inc. v. Survivor Productions,* 406 F.3d 625, 630 (9th Cir. 2005); *Marketquest Group, Inc. v. BIC Corp.*, 862 F.3d 927, 932, 936 (9th Cir. 2017); *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 994 F.3d 1107, 1116 (9th Cir. 2021); J. Thomas McCarthy, Trademarks and Unfair Competition § 23.10 (5th ed. 2021).

JOINT PROPOSED JURY INSTRUCTIONS

## AGREED JURY INSTRUCTION NO. 40

## INFRINGEMENT-LIKELIHOOD OF CONFUSION-

## FACTOR-STRENGTH OF TRADEMARK

### Strength as a Factor for Evaluating Likelihood of Confusion

How strongly Thrive Natural Care's trademark indicates that the goods come from a particular source is an important factor to consider in determining whether the trademark used by Thrive Causemetics is likely to create confusion with Thrive Natural Care's mark.

### The Strength of Marks

The more distinctive and strong a trademark is, the greater the scope of protection the law provides. The law measures trademark strength by considering two prongs:

1. Commercial Strength: This is the amount of marketplace recognition of the mark; and

2. Conceptual Strength: This is the placement of the mark on the spectrum of marks.

**Commercial Strength:** What is "commercial strength?" Not all marks are equally well known. Trademark strength is somewhat like the renown of people. Only a few very famous people are widely known and recognized around the world . Most people are known and recognized only by a small circle of family and friends.

Some trademarks are relatively "strong," in the sense they are widely known and recognized. A few trademarks are in the clearly "famous" category. These "famous" marks are those like "Apple" for computers and mobile phones, "Google" for a search engine, "Coca-Cola" for beverages and "Toyota" for vehicles. Some trademarks may be strong and well known only in a certain market niche such as mountain climbing gear, plumbing supplies, or commercial airplane electronics equipment, but relatively weak outside that field.

JOINT PROPOSED JURY INSTRUCTIONS

**Conceptual Strength:** What is "conceptual strength?" As described in Instruction 36, all trademarks are grouped into two categories: either inherently distinctive or not inherently distinctive. If a mark is inherently distinctive it is immediately protected when first used. If it is not inherently distinctive, to become a legally protected mark, a designation must acquire distinctiveness in people's minds by becoming known as an indication of source of goods or services. The law calls this "secondary meaning."

For determining the conceptual strength of a mark, trademarks are grouped on a spectrum according to the nature of the mark. In the spectrum, there are three categories of word marks that the law regards as being inherently distinctive: coined, arbitrary and suggestive. Descriptive word marks are regarded as not being inherently distinctive and require a secondary meaning to become a valid trademark.

**Coined** and arbitrary words are regarded as being relatively strong marks. A coined word mark is a word created solely to serve as a trademark. For example, "Clorox" for cleaning products and "Exxon" for gasoline are coined marks.

**Arbitrary** marks are words that in no way describe or suggest the nature of the goods or services it is used with. It is an arbitrary word when used as a mark on those products and is said to be conceptually strong as a mark.

**Suggestive** word marks are regarded as not being as conceptually strong as coined or arbitrary marks.

**Descriptive** word marks are not inherently distinctive.

---

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.19 (as modified to cross-reference and eliminate duplication with Instruction No. 36).

JOINT PROPOSED JURY INSTRUCTIONS

## AGREED JURY INSTRUCTION NO. 41
## TRADEMARK DAMAGES-PLAINTIFF'S ACTUAL DAMAGES
## (15 U.S.C. § 1117(A))

If you find for Thrive Natural Care on its infringement or unfair competition claims, you must determine Thrive Natural Care's actual damages.

Thrive Natural Care has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Thrive Natural Care for any injury you find was caused by Thrive Causemetics' infringement of Thrive Natural Care's registered trademark.  Thrive Natural Care must prove both the fact and the amount of damages.

In this action, Thrive Natural Care seeks two forms of damages:

(1)     A reasonable royalty based upon Thrive Causemetics' sales of skincare products bearing the THRIVE CAUSEMETICS mark; and

(2)     The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement.

When considering the cost of future advertising, you must not overcompensate.  Accordingly, your award of such future costs should not exceed the actual damage to the value of Thrive Natural Care's mark at the time of the infringement or unfair competition by Thrive Causemetics.

*Authority: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.27 (as modified for this case and to clarify plaintiff's burden); *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993).

JOINT PROPOSED JURY INSTRUCTIONS

## AGREED JURY INSTRUCTION NO. 42
## TRADEMARK DAMAGES – REASONABLE ROYALTY

If you find that Thrive Causemetics has infringed the trademark at issue, Thrive Natural Care may be entitled to an award of damages in the form of a reasonable royalty. A reasonable royalty is the amount that the owner of a trademark would accept, assuming a willingness to license its use, from a person who wants to obtain a license to use the mark, neither of whom is acting under financial distress or other compulsion to enter into the agreement.

Like all trademark damages, Thrive Natural Care must prove these damages to a reasonable degree of certainty. A reasonable royalty may only be awarded if the evidence provides a sufficiently reliable basis to calculate such damages. Any award of a reasonable royalty cannot be speculative.

*Authority: Marketquest Group, Inc. v. BIC Corp.*, 316 F. Supp. 3d 1234, 1300 (S.D. Cal. 2018); *M2 Software Inc. v. Viacom Inc.*, 223 Fed. App'x 653, 655 (9th Cir. 2007).

JOINT PROPOSED JURY INSTRUCTIONS

DATED:  October 1, 2021

THE MCARTHUR LAW FIRM, PC

By: */s/ Stephen McArthur*
Stephen McArthur

*Attorneys for Plaintiff Thrive Natural Care, Inc.*

DATED:  October 1, 2021

SIDLEY AUSTIN LLP

By: */s/ Rollin A. Ransom*
Rollin A. Ransom

*Attorneys for Defendant Thrive Causemetics, Inc.*

## SIGNATURE ATTESTATION

I am the CM/ECF filer whose identification and password are being used to file the foregoing Joint Proposed Jury Instructions.  In compliance with Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that every signatory has concurred in this filing.

DATED:  October 1, 2021

By: */s/ Rollin A. Ransom*
Rollin A. Ransom