UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9091 PA (ASx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Thrive Natural Care, Inc. v. Thrive Causemetics, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS — MINUTE ORDER

The Court has conducted a preliminary review of the pretrial documents filed on October 1, 2021. It appears that the parties have made inadequate progress in resolving issues in advance of the pretrial conference. The Court continues the pretrial conference, currently calendared for October 15, 2021, at 1:30 p.m., to October 22, 2021, at 1:30 p.m., so that the parties may address the deficiencies listed below and incorporate in their pretrial documents the Court's recent ruling on the parties' motions for summary judgment.

The parties greatly overestimate the amount of time for trial. Specifically, the parties' proposed Pretrial Conference Order estimates that the trial will take 10 days and the Joint Trial Witness Estimate Form contemplates 50.25 hours of testimony, with Thrive Natural Care estimating 18 hours of direct testimony and 8 hours of cross examination, while Thrive Causemetics estimates that its case will include 12 hours of direct testimony and 12.25 hours of cross examination. In its January 4, 2021 Minute Order, the Court previously warned the parties that the 5 to 7 day trial estimate contained in their Federal Rule of Civil Procedure 26(f) Joint Report was inflated and the "parties are highly unlikely to have as much time to try this case as they appear to anticipate." Particularly in light of the current backlog of civil and criminal cases in the Central District of California and 7 judicial vacancies, nothing in the pretrial documents submitted by the parties has changed the Court's view of the amount of time that the parties will have to try this case. The parties will not have 10 trial days to resolve this case.

The parties also failed to resolve basic disputes or include meaningful disclosures. For instance, the parties' Disputed Jury Instructions includes 18 disputed instructions and the Exhibit List includes objections, many boilerplate, to over 200 exhibits. This suggests a profound failure by the parties and their lead trial counsel to conduct a meaningful pretrial conference of counsel as required by Local Rule 16-2. The parties also state in their proposed Final Pretrial Conference Order that they intend to file Motions in Limine, but do not describe the Motions.

The Court orders lead trial counsel to meet and confer in person concerning the witness time estimates, disputed jury instructions, disputed verdict forms, evidentiary objections, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9091 PA (ASx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Thrive Natural Care, Inc. v. Thrive Causemetics, Inc. | | |

Motions in Limine.  This further meet and confer must occur no later than by 12:00 p.m. on Tuesday, October 12, 2021.  The parties shall file a revised version of all pretrial documents filed October 1, 2021, by no later than 12:00 p.m. on Friday, October 15, 2021.  The revised Joint Summary of Witness Testimony and Time Estimates and Pretrial Exhibit Stipulation should not be filed as exhibits to the revised Pretrial Conference Order, but as separately docketed documents.  Additionally, the parties must file separate Exhibit and Witness Lists as required by Local Rule 16 and the Civil Trial Scheduling Order (see page 15:16-17).

	The Court orders parties to file a Joint Brief concerning the evidentiary issues raised for any exhibits for which the parties continue to assert objections in the revised Pretrial Exhibit Stipulation.  The Joint Brief shall be filed October 15, 2021 and shall include a brief description of the exhibit, the purpose for which the party seeks its admission, the basis for the objection, and the parties' respective positions and legal analysis concerning the admissibility and inadmissibility of those exhibits.  And, because trial time will be limited, boilerplate objections, foundational objections and authenticity objections are unlikely to be persuasive.  The Court therefore, urges the parties to carefully consider each disputed exhibit.  To the extent a party withdraws an objection, that parties need not include that exhibit in the Joint Brief.

	Additionally, the parties shall include a Joint Statement concerning their meet and confer efforts and identifying the Motions in Limine they intend to file, by no later than 12:00 p.m. on Wednesday, October 13, 2021.  Failure to dramatically reduce the amount of time contemplated for trial, the number of disputed jury instructions, and the number of evidentiary objections reflected in the pretrial documents the parties filed on October 1, 2021, may result in the issuance of an order to show cause why counsel should not be sanctioned for unreasonably and vexatiously multiplying these proceedings.

	Additionally, to assist the Court in performing its gatekeeper function under Daubert, any party seeking to offer expert testimony in its case-in-chief, shall file a written detailed proffer of the expert's opinions, with citations to the expert witness disclosure for each such opinion.  See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 593-95, 113 S. Ct. 2786, 2796-97, 125 L. Ed. 2d 469, 482-84 (1993); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 148, 119 S. Ct. 1167, 1174, 143 L. Ed. 2d 238, 250 (1999).

	The proffers shall state separately each opinion that the expert will give at trial and explain why such testimony is relevant in this case.  The proffers shall state the basis for each such opinion and shall include an identification of each document by title, author and date relied on by the expert in forming the opinion he or she will give at trial.  Counsel shall attach a copy of each document to the offer of proof.  If an expert will be relying on the statements of any person for his opinion, the offer of proof shall identify in full each such statement.  If the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-9091 PA (ASx) | Date | October 7, 2021 |
|---|---|---|---|
| Title | Thrive Natural Care, Inc. v. Thrive Causemetics, Inc. | | |

statement is recorded or written, counsel shall attach a copy of the statement to the offer of proof. If an expert did not rely on any documents or statements in forming his opinion, the proffer shall include a representation confirming that fact.

To avoid the unnecessary waste of paper, and to facilitate the Court's review of the parties' expert witness proffers, the parties may submit an electronic version of the exhibits submitted in support of the expert's proffers in lieu of a paper copy. The electronic version of the exhibits may be forwarded to the chamber's CM/ECF email address as a Dropbox or Google Drive link.

The written proffer shall be filed no later than 12:00 p.m. on Friday, October 15, 2021. Counsel are advised that the experts will not be permitted to offer any opinion at trial that was not set forth in the proffers filed with the Court. In addition to the proffer, the parties shall file, by 12:00 p.m. on Friday, October 15, 2021, the curriculum vitae of each expert witness, the expert designation identifying the expert, and a copy of any written report prepared by the expert and disclosed to the other party. The failure to comply with this order may result in the imposition of sanctions, which may include the exclusion of an expert witness's testimony if the required information is not provided by the deadline set by the Court.

To further assist the Court in preparing for trial, the Court orders Defendant Thrive Causemetics to file, by Friday October 15, 2021, Offers of Proof for each witness who will offer testimony in support of Defendant's respective affirmative defenses. The Offers of Proof shall state the testimony that each witness will give at trial and why such testimony is relevant. The Offers of Proof shall also identify each document – by title, author, date, and trial exhibit number – that will be relied on by the witness in support of his or her testimony. Counsel shall attach a copy of each such document to the Offer of Proof. As with the expert proffers, the electronic version of the exhibits may be forwarded to the chamber's CM/ECF email address as a Dropbox or Google Drive link.

Defendant is advised that the trial testimony of their witnesses will be limited to testimony proffered in the Offers of Proof. To the extent that Defendant decides to abandon any affirmative defense, Defendant shall, by Friday October 15, 2021, file a Notice with the Court identifying the affirmative defense that will not be pursued at trial.

Failure to comply with this Order may result in the imposition of sanctions, which could include evidentiary sanctions, claim preclusion sanctions, dismissal of the action, striking of the Answer and entry of default, or a monetary sanction.

IT IS SO ORDERED.