Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THRIVE CAUSEMETICS, INC.,<br><br>　　　　　Defendant. | Case No. 2:20-cv-9091-PA-AS<br><br>**DEFENDANT THRIVE CAUSEMETICS, INC.'S UNOPPOSED *EX PARTE* APPLICATION TO STRIKE PLAINTIFF'S JURY DEMAND AND TO BRIEFLY CONTINUE THE TRIAL DATE**<br><br>Trial Date: November 9, 2021<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 9A |

## UNOPPOSED *EX PARTE* APPLICATION

Pursuant to Local Rule 7-19 and the Court's Civil Trial Standing Order (ECF No. 19), Defendant Thrive Causemetics, Inc. ("TCI") hereby moves *ex parte* for an order striking Plaintiff Thrive Natural Care, Inc.'s ("Plaintiff") demand for a jury trial and for a short continuance of the November 9, 2021 trial date to permit the parties to adjust their pretrial filings for a bench trial.

On October 8, 2021, counsel for the parties met and conferred regarding the substance and timing of this Application. Declaration of Rollin A. Ransom in support of Def.'s *Ex Parte* Application ¶ 2. Counsel for Plaintiff informed counsel for TCI that Plaintiff does not oppose the Application. *Id.* ¶ 3.

As set forth below there is good cause for this Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 6, 2021, the Court issued an Order granting in part and denying in part TCI's motion for summary judgment (ECF No. 114) (the "Order"). In the Order, the Court granted summary judgment in TCI's favor on Plaintiff's claims for reasonable royalty and corrective advertising damages, leaving only Plaintiff's claims for disgorgement of TCI's profits and an injunction. ECF No. 114 at 8-10. Accordingly, there are no remaining claims in this case that are triable to a jury, and Plaintiff's demand for a jury trial should be stricken.

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." There is no Seventh Amendment right to a jury trial on an equitable claim for disgorgement of profits or a permanent injunction under the Lanham Act. *See Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A, Inc.*, 778 F.3d 1059, 1074-76 (9th Cir. 2015) (explaining that "[a] claim for disgorgement of profits under § 1117(a) is equitable, not legal" and thus does not invoke the right to a jury trial); *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1183 (9th Cir. 2010) (holding that "[b]ecause [plaintiff] only sought an injunction, the district court did not

-1-

err by resolving its claims in a bench trial . . . [n]or were the [defendants] entitled to a jury trial on their equitable defenses to those claims"). In light of the Court's order granting in part TCI's motion for summary judgment, Plaintiff has no remaining claims triable to a jury. The Court may thus properly strike Plaintiff's demand for a jury trial. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 Fed. App'x 110, 112 (9th Cir. 2020) (holding that the district court did not err in striking the plaintiff's demand for a jury trial where the plaintiff's only remaining claim was for disgorgement of profits under the Lanham Act).

TCI is unable to obtain the relief its seeks in the Application through a noticed motion to strike because the motion would not be briefed, heard, and adjudicated before trial, which is currently scheduled to begin on November 9, 2021. TCI would suffer prejudice if its request to strike Plaintiff's jury demand were not decided before trial, as the outcome of TCI's request directly impacts whether the parties must prepare for trial before a jury or the Court, which involve different pretrial requirements and strategic decisions. In addition, on October 8, 2021, the Court issued an Order/Directive to the parties concerning their pretrial filings and setting a deadline for the parties to submit revised versions of all pretrial documents, including jury instructions and special verdict forms, by October 15, 2021. ECF No. 115. Whether the parties need to prepare revised pretrial filings specific to a jury trial, such as jury instructions and special verdict forms, thus also depends on whether this action will be tried to a jury or the Court. TCI therefore respectfully requests that the Court grant the Application and strike Plaintiff's demand for a jury trial.

Furthermore, TCI respectfully requests a short continuance of the November 9, 2021 trial date so that the parties may prepare for a bench trial. Since the close of discovery on August 30, 2021, the parties have been preparing for a jury trial, including drafting, exchanging, and filing the pretrial documents associated with a jury trial as required by the Local Rules and the Court's Civil Trial Standing Order. The parties' obligations with respect to required pretrial filings differ substantially

depending on whether this action will be tried before a jury or the Court. *See, e.g.*, ECF No. 19 ¶ III.B.  TCI thus respectfully requests that the Court grant a short continuance of the November 9, 2021 trial date to either November 16 or November 23, 2021 so that the parties have sufficient time to prepare and submit the requisite pretrial filings for a bench trial.

For the foregoing reasons, TCI respectfully requests that the Court grant the Application.

The name, address, telephone number, and e-mail address of Plaintiff's counsel is:

The McArthur Law Firm, P.C.

Stephen A. McArthur (stephen@smcarthurlaw.com)

Thomas E. Dietrich (tom@smcarthurlaw.com)

9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212

(323) 639-4455

DATED:  October 8, 2021                    SIDLEY AUSTIN LLP

By: */s/ Rollin A. Ransom*
       Rollin A. Ransom

*Attorneys for Defendant
Thrive Causemetics, Inc.*

-3-
DEFENDANT THRIVE CAUSEMETICS, INC.'S UNOPPOSED *EX PARTE* APPLICATION TO STRIKE
PLAINTIFF'S JURY DEMAND AND TO BRIEFLY CONTINUE THE TRIAL DATE