1 Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
2 Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
3 Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
4 SIDLEY AUSTIN LLP
555 West Fifth Street
5 Los Angeles, CA 90013
Telephone: (213) 896-6000
6 Facsimile: (213) 896-6600

7 *Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., | Case No. 2:20-cv-9091-PA-AS |
| Plaintiff, | Hon. Percy Anderson |
| v. | **DEFENDANT THRIVE CAUSEMETICS, INC.'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| THRIVE CAUSEMETICS, INC., | |
| Defendant. | |
| | Trial Date: November 9, 2021<br>Time: 9:00 a.m.<br>Place: Courtroom 9A |

# TABLE OF CONTENTS

**PAGE**

I. CLAIMS AND DEFENSES (L.R. 16-4.1) ...................................................................1

    A. Plaintiff's Claim For Federal Trademark Infringement (15 U.S.C. § 1114) ...................................................................1

        1. Summary Statement of Plaintiff's Claim for Federal Trademark Infringement ...................................................................1

        2. Elements Required to Establish Plaintiff's Claim for Federal Trademark Infringement ...................................................................1

        3. Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Federal Trademark Infringement ...................................................................1

    B. Plaintiff's Claim For Federal False Designation Of Origin (15 U.S.C. § 1125(a)) ...................................................................4

        1. Summary Statement of Plaintiff's Claim for Federal False Designation of Origin ...................................................................4

        2. Elements Required to Establish Plaintiff's Claim for Federal False Designation of Origin ...................................................................4

        3. Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Federal False Designation of Origin ....5

    C. Plaintiff's Claim For Common Law Trademark Infringement ...................5

        1. Summary Statement of Plaintiff's Claim for Common Law Trademark Infringement ...................................................................5

        2. Elements Required to Establish Plaintiff's Claim for Common Law Trademark Infringement ...................................................................5

        3. Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Common Law Trademark Infringement ...................................................................6

    D. Plaintiff's Claim For Common Law Unfair Competition ...................................................................6

        1. Summary Statement of Plaintiff's Claim for Common Law Unfair Competition ...................................................................6

        2. Elements Required to Establish Plaintiff's Claim for Common Law Unfair Competition ...................................................................7

        3. Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Common Law Unfair Competition ......7

    E. Plaintiff's Claim For Unfair Competition Under Cal. Bus. & Prof. Code § 172007

|   |   |   |
|---|---|---|
| | 1. | Summary Statement of Plaintiff's Claim for Unfair Competition Under Cal. Bus. & Prof. Code § 17200............ 7 |
| | 2. | Elements Required to Establish Plaintiff's Claim for Unfair Competition Under Cal. Bus. & Prof. Code § 17200............ 7 |
| | 3. | Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Unfair Competition Under Cal. Bus. & Prof. Code § 17200 ................................................................ 8 |
| F. | | TCI's Affirmative Defense Of Laches ....................................................... 8 |
| | 1. | Summary Statement of TCI's Affirmative Defense of Laches ........................................................................................ 8 |
| | 2. | Elements Required to Establish TCI's Defense of Laches ... 8 |
| | 3. | Key Evidence Relied On By Defendant In Support Of Its Affirmative Defense of Laches ............................................... 9 |
| G. | | TCI's Affirmative Defense Of Abandonment ........................................... 10 |
| | 1. | Summary Statement of TCI's Affirmative Defense of Abandonment ....................................................................... 10 |
| | 2. | Elements Required to Establish TCI's Defense of Abandonment ....................................................................... 10 |
| | 3. | Key Evidence Relied On By Defendant In Support Of Its Affirmative Defense of Abandonment ................................. 11 |

II. IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES  (L.R. 16-4.1(h)) ..................................................................................................................... 12

III. IDENTIFICATION OF ANTICIPATED ISSUES OF LAW (L.R. 16.4-1(i)) .. 13

IV. BIFURCATION OF ISSUES (L.R. 16-4.3) ......................................................... 13

V. JURY TRIAL (L.R. 16-4.4) ................................................................................. 13

VI. ATTORNEYS' FEES (L.R. 16-4.5) .................................................................... 14

VII. ABANDONMENT OF ISSUES (L.R. 16-4.6) .................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*CG Roxane LLC v. Fiji Water Co. LLC*,
   569 F. Supp. 2d 1019 (N.D. Cal. 2008) ............................................................... 6

*Chronicle Pub. Co. v. Legrand*,
   24 U.S.P.Q.2d 1881, 1992 WL 420808 (N.D. Cal. 1992) ................................. 14

*Credit One Corp. v. Credit One Fin., Inc.*,
   661 F. Supp. 2d 1134 (C.D. Cal. 2009) ............................................................... 6

*DeLuna v. Navarro*,
   2019 WL 6139920 (C.D. Cal. Sept. 6, 2019) ...................................................... 6

*Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A, Inc.*,
   778 F.3d 1059 (9th Cir. 2015) ........................................................................... 13

*Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*,
   772 F. Supp. 2d 1155 (C.D. Cal. 2009) ............................................................... 7

*Globefill Inc. v. Elements Spirits, Inc.*,
   2017 WL 6520589 (C.D. Cal. 2017), *aff'd,* 756 Fed. App'x 764 (9th
   Cir. 2019) .......................................................................................................... 14

*Green Crush LLC v. Paradise Splash I, Inc.*,
   2018 WL 4940825 (C.D. Cal. May 3, 2018) ....................................................... 6

*Hallmark Hardwoods, Inc. v. Omni Wood Product, LLC*,
   2011 WL 13176098 (C.D. Cal. 2011) ............................................................... 13

*JL Beverage Co., LLC v. Jim Beam Brands Co.*,
   815 Fed. App'x 110 (9th Cir. 2020) .................................................................. 14

*Miller v. Glenn Miller Prods., Inc.*,
   454 F.3d 975 (9th Cir. 2006) ............................................................................... 8

*Mister Donut of Am., Inc. v. Mr. Donut, Inc.*,
   418 F.2d 838 (9th Cir. 1969) ............................................................................. 10

*New West Corp. v. NYM Co. of Cal., Inc.*,
    595 F.2d 1194 (9th Cir. 1979) .............................................................................. 7

*Philip Morris USA Inc. v. Liu*,
    489 F. Supp. 2d 1119 (C.D. Cal. 2007) ................................................................ 7

*Rearden LLC v. Rearden Commerce, Inc.*,
    683 F.3d 1190 (9th Cir. 2012) .............................................................................. 6

*Robinson v. Hunger Free America, Inc.*,
    2018 WL 2563809 (E.D. Cal. June 4, 2018) ........................................................ 6

*Societe de Developments et D'Innovations Des Marches Agricoles et
    Alimentaires-Sodima-Union De Cooperatives Agricoles v. Int'l Yogurt
    Co.*,
    662 F. Supp. 839 (D. Or. 1987) .......................................................................... 13

*Solar Sun Rings, Inc. v. Pools*,
    2016 WL 6139615 (C.D. Cal. Jan. 13, 2016) ....................................................... 8

*Toho Co. v. Sears, Roebuck & Co.*,
    645 F.2d 788 (9th Cir. 1981) ................................................................................ 6

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
    610 F.3d 1171 (9th Cir. 2010) ............................................................................ 13

**Statutes**

15 U.S.C. § 1114 .................................................................................................. 1, 10

15 U.S.C. § 1117(a) ............................................................................................ 13, 14

15 U.S.C. § 1125(a) ................................................................................................ 4, 5

15 U.S.C § 1127 .................................................................................................. 10, 13

CAL. BUS. & PROF. CODE § 17200 ........................................................................... 7, 8

**Other Authorities**

J. Thomas McCarthy, Trademarks and Unfair Competition (5th ed. 2021) ........... 10

-iv-
DEFENDANT THRIVE CAUSEMETICS, INC.'S
AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Local Rule 16-4 and the Court's October 7, 2021 Minute Order (ECF No. 115), Defendant Thrive Causemetics, Inc. ("Defendant" or "TCI") respectfully submits the following Amended Memorandum of Contentions of Fact and Law.

## I.  CLAIMS AND DEFENSES (L.R. 16-4.1)

**A.  PLAINTIFF'S CLAIM FOR FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**

1. <u>Summary Statement of Plaintiff's Claim for Federal Trademark Infringement</u>

Claim 1:  Plaintiff claims that it is the owner of U.S. Trademark Reg. No. 4,467,942 and U.S. Trademark Reg. No. 6,164,303 for the THRIVE mark, and that TCI's use of the mark THRIVE CAUSEMETICS in connection with TCI's goods is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of the goods, in violation of 15 U.S.C. § 1114.

2. <u>Elements Required to Establish Plaintiff's Claim for Federal Trademark Infringement</u>

   a.  THRIVE is a valid and protectable trademark;

   b.  Plaintiff owns THRIVE as a trademark; and

   c.  TCI used the trademark THRIVE CAUSEMETICS without the consent of Plaintiff in a manner that is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of the goods.

*See Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2017 Edition), Inst. No. 15.6; *id.*, Inst. No. 15.8.

3. <u>Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Federal Trademark Infringement</u>

The following is a representative (but not exhaustive) list of key evidence that TCI intends to rely upon to oppose Plaintiff's claim for federal trademark

-1-

infringement. TCI also anticipates introducing testimony (live witnesses) to oppose Plaintiff's federal trademark infringement claim.

- Ecomundi Ventures LLC's ("Ecomundi") Application Serial No. 85726058 for the mark THRIVE (the "'058 Application");
- Documents regarding Ecomundi's ownership and purported assignment of the '058 Application to Plaintiff, including the Nunc Pro Tunc Trademark Assignment dated Sept. 27, 2013 and Restricted Stock Purchase Agreement dated May 23, 2013;
- Documents and communications regarding Ecomundi's business activities and purported use of the THRIVE mark prior to purportedly assigning the '058 Application to Plaintiff;
- Documents regarding Plaintiff's use of the THRIVE mark and Ecomundi's discontinued use after the purported assignment of the '058 Application to Plaintiff;
- Records from the United States Patent and Trademark Office and other documents regarding the '058 Application and its eventual maturity into U.S. Trademark Reg. No. 4,467,942 (the "'942 Registration") for the THRIVE mark;
- The '942 Registration and U.S. Trademark Reg. No. 6,164,303;
- Documents and communications between the parties in April 2016, March 2017, April 2017, and June 2019 regarding Plaintiff's infringement claim and the parties' continued coexistence;
- Documents and communications between Plaintiff and third parties reflecting Plaintiff's belief that TCI's use of the mark THRIVE CAUSEMETICS infringed Plaintiff's purported rights in the mark THRIVE;
- Documents and communications regarding the reasons Plaintiff's delay in filing the instant lawsuit;

- Plaintiff's Complaint, filed in this action on October 2, 2020;
- Documents regarding TCI's substantial investments in development of its brand identity during Plaintiff's delay in filing the instant lawsuit;
- Documents and communications regarding Plaintiff's origins, selection and adoption of the THRIVE mark, sustainability mission and business model, and Costa Rican plant ingredients for its products;
- Plaintiff's business entity information, such as ownership structure and percentages
- Documents and communications regarding Plaintiff's first sales and initial product offerings in men's skincare and grooming;
- Plaintiff's summary financial statements and other financial information, including sales volume, revenues, losses, and advertising expenditures from 2013 through 2020;
- Documents regarding the conceptual and commercial weakness of the mark THRIVE, including the dictionary definition of the term "thrive," marketplace recognition of the mark THRIVE amongst consumers, Plaintiff's size, financial performance, and social media following, and third-party use of the mark THRIVE in connection with goods and services similar to those offered by Plaintiff;
- Documents regarding Plaintiff's masculine brand identity, product packaging, marketing and advertising collateral, representations to consumers regarding the nature and characteristics of its products, and principally male target customer base;
- Documents regarding the physical and online locations through which consumers can purchase Plaintiff's products;
- Surveys and related results conducted by the parties' expert witnesses;
- Documents and communications regarding TCI's origins, selection and adoption of the THRIVE CAUSEMETICS mark, charitable giving

mission supporting women empowerment, and direct-to-consumer business model;
- Documents and communications regarding TCI's first sales and product offerings in color cosmetics and high-end luxury skincare;
- TCI's detailed financial information, including sales volume, revenues, expenses attributable to the production and sale of TCI's skincare products, and advertising expenditures from 2014 through mid-2021;
- Documents regarding TCI's brand identity, product packaging, marketing, advertising, representations to consumers, and principally female target customer base;
- Documents regarding the authorized locations through which consumers can purchase TCI's products;
- Documents regarding the driving factors of TCI's sales and success;
- Search engine and third-party marketplace search results;
- Physical product specimens of the parties' respective products; and
- Testimony of TCI's and Plaintiff's respective percipient witnesses and expert witnesses.

**B.  PLAINTIFF'S CLAIM FOR FEDERAL FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))**

1. <u>Summary Statement of Plaintiff's Claim for Federal False Designation of Origin</u>

Claim 2:  Plaintiff claims that TCI's use of the mark THRIVE CAUSEMETICS in connection with TCI's goods constitutes false representations, false descriptions, false designations of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

2. <u>Elements Required to Establish Plaintiff's Claim for Federal False Designation of Origin</u>

  a.  THRIVE is a valid and protectable trademark;

-4-

      b.      Plaintiff owns THRIVE as a trademark; and

      c.      TCI used the trademark THRIVE CAUSEMETICS without the consent of Plaintiff in a manner that is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of the goods.

*See Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2017 Edition), Inst. No. 15.6; *id.*, Inst. No. 15.9; *id.*, Inst. No. 15.10; *id.*, Inst. No. 15.11.

      3.      <u>Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Federal False Designation of Origin</u>

See *supra* Section I.A.3 for a representative (but not exhaustive) list of key evidence that TCI intends to rely upon to oppose Plaintiff's claim for federal false designation of origin. TCI also anticipates introducing testimony (live witnesses) to oppose Plaintiff's federal false designation of origin claim.

**C.    PLAINTIFF'S CLAIM FOR COMMON LAW TRADEMARK INFRINGEMENT**

      1.      <u>Summary Statement of Plaintiff's Claim for Common Law Trademark Infringement</u>

Claim 3: Plaintiff claims that it has continuously used and promoted the THRIVE mark in connection with Plaintiff's goods such that consumers associate and recognize the THRIVE mark as representing a single source or sponsor of Plaintiff's goods, and that TCI's use of the mark THRIVE CAUSEMETICS in connection with TCI's goods infringes Plaintiff's common law trademark rights.

      2.      <u>Elements Required to Establish Plaintiff's Claim for Common Law Trademark Infringement</u>

To prevail on a claim for common law trademark infringement, Plaintiff must make the same showing as with its federal trademark infringement claim, that:

      a.      THRIVE is a valid and protectable trademark;

      b.      Plaintiff owns THRIVE as a trademark; and

          c.    TCI used the trademark THRIVE CAUSEMETICS without the consent of Plaintiff in a manner that is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of the goods.

See *Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2017 Edition), Inst. No. 15.6; *Toho Co. v. Sears, Roebuck & Co.*, 645 F.2d 788, 791 (9th Cir. 1981); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1221 (9th Cir. 2012); *Green Crush LLC v. Paradise Splash I, Inc.*, 2018 WL 4940825, at * 6 (C.D. Cal. May 3, 2018); *Robinson v. Hunger Free America, Inc.*, 2018 WL 2563809, at * 3 (E.D. Cal. June 4, 2018); *CG Roxane LLC v. Fiji Water Co. LLC*, 569 F. Supp. 2d 1019, 1034 (N.D. Cal. 2008); *DeLuna v. Navarro*, 2019 WL 6139920, at * 5 (C.D. Cal. Sept. 6, 2019); *Credit One Corp. v. Credit One Fin., Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009).

      3.    <u>Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Common Law Trademark Infringement</u>

See *supra* Section I.A.3 for a representative (but not exhaustive) list of key evidence that TCI intends to rely upon to oppose Plaintiff's claim for common law trademark infringement. TCI also anticipates introducing testimony (live witnesses) to oppose Plaintiff's common law trademark infringement claim.

**D.    PLAINTIFF'S CLAIM FOR COMMON LAW UNFAIR COMPETITION**

      1.    <u>Summary Statement of Plaintiff's Claim for Common Law Unfair Competition</u>

Claim 4: Plaintiff claims that TCI's use of the mark THRIVE CAUSEMETICS in connection with TCI's goods is likely to create confusion, misrepresentation, mistake, or to deceive the public as to the affiliation, approval, sponsorship, or connection between TCI and Plaintiff, and constitutes unfair competition at common law.

2. <u>Elements Required to Establish Plaintiff's Claim for Common Law Unfair Competition</u>

Plaintiff must prove by a preponderance of the evidence that TCI committed either federal trademark infringement or federal unfair competition. *See Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2017 Edition), Inst. No. 15.6; *Fleischer Studios, Inc. v. A.V.E.L.A. Inc.*, 772 F. Supp. 2d 1155, 1167 (C.D. Cal. 2009); *Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1123 (C.D. Cal. 2007); *New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1201 (9th Cir. 1979).

3. <u>Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Common Law Unfair Competition</u>

See *supra* Section I.A.3 for a representative (but not exhaustive) list of key evidence that TCI intends to rely upon to oppose Plaintiff's claim for common law unfair competition. TCI also anticipates introducing testimony (live witnesses) to oppose Plaintiff's common law unfair competition claim.

E. **PLAINTIFF'S CLAIM FOR UNFAIR COMPETITION UNDER CAL. BUS. & PROF. CODE § 17200**

1. <u>Summary Statement of Plaintiff's Claim for Unfair Competition Under Cal. Bus. & Prof. Code § 17200</u>

Claim 5: Plaintiff claims that TCI's use of the mark THRIVE CAUSEMETICS in connection with TCI's skincare products is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of the goods, and constitutes unfair, unlawful, or fraudulent conduct in violation of Cal. Bus. & Prof. Code § 17200.

2. <u>Elements Required to Establish Plaintiff's Claim for Unfair Competition Under Cal. Bus. & Prof. Code § 17200</u>

    a. TCI engaged in an unlawful, unfair, or fraudulent business act or practice by using the trademark THRIVE CAUSEMETICS without the consent of

Plaintiff in a manner that is likely to cause confusion among consumers as to the source, sponsorship, affiliation, or approval of the goods; and

      b.      Plaintiff suffered an injury in fact and lost money or property as a result of TCI's conduct.

*See Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit* (2017 Edition), Inst. No. 15.6; *Solar Sun Rings, Inc. v. Pools*, 2016 WL 6139615, at *6 (C.D. Cal. Jan. 13, 2016).

    3.    <u>Key Evidence Relied On By Defendant In Opposition to Plaintiff's Claim for Unfair Competition Under Cal. Bus. & Prof. Code § 17200</u>

See *supra* Section I.A.3 for a representative (but not exhaustive) list of key evidence that TCI intends to rely upon to oppose Plaintiff's claim for unfair competition under Cal. Bus. & Prof. Code § 17200. TCI also anticipates introducing testimony (live witnesses) to oppose Plaintiff's statutory unfair competition claim.

**F.    TCI'S AFFIRMATIVE DEFENSE OF LACHES**

    1.    <u>Summary Statement of TCI's Affirmative Defense of Laches</u>

First Affirmative Defense: Plaintiff's claims against TCI are barred by the equitable doctrine of laches because Plaintiff learned of TCI's use of the THRIVE CAUSEMETICS mark and believed TCI's use constituted infringement as early as April 2016, but did not file the instant lawsuit until October 2, 2020, nearly four and one-half years later. TCI has been prejudiced because, during Plaintiff's unreasonable delay, TCI continued to make substantial investments in building its brand identity with the THRIVE CAUSEMETICS mark.

    2.    <u>Elements Required to Establish TCI's Defense of Laches</u>

      a.      Unreasonable delay by Plaintiff in bringing the instant lawsuit; and

      b.      Prejudice to TCI.

*See Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006).

3. <u>Key Evidence Relied On By Defendant In Support Of Its Affirmative Defense of Laches</u>

The following is a representative (but not exhaustive) list of key evidence that TCI intends to rely upon in support of its affirmative defense of laches. TCI also anticipates introducing testimony (live witnesses) to support this affirmative defense.

Evidence supporting the first element of TCI's laches defense—unreasonable delay by Plaintiff in bringing the instant lawsuit:

- Documents and communications regarding Plaintiff's origins, selection and adoption of the THRIVE mark, sustainability mission and business model, and Costa Rican plant ingredients for its products;
- Documents and communications regarding Plaintiff's first sales and initial product offerings in men's skincare and grooming;
- Documents and communications regarding TCI's origins, and selection and adoption of the THRIVE CAUSEMETICS mark, charitable giving mission supporting women empowerment, and direct-to-consumer business model;
- Documents and communications regarding TCI's first sales and product offerings in color cosmetics and high-end luxury skincare;
- Documents and communications between the parties in April 2016, March 2017, April 2017, and June 2019 regarding Plaintiff's infringement claim and the parties' continued coexistence;
- Documents and communications between Plaintiff and third parties reflecting Plaintiff's belief that TCI's use of the mark THRIVE CAUSEMETICS infringed Plaintiff's purported rights in the mark THRIVE;
- Documents and communications regarding the reasons Plaintiff's delay in filing the instant lawsuit;
- Plaintiff's Complaint, filed in this action on October 2, 2020; and

-9-

1 • Testimony of TCI's and Plaintiff's respective percipient witnesses.

Evidence supporting the second element of TCI's laches defense—prejudice to TCI:

- Documents regarding TCI's substantial investment in development of its brand identity during Plaintiff's delay in filing the instant lawsuit;
- TCI's financial information, including expenses attributable to the production and sale of TCI's skincare products and advertising expenditures from 2014 through mid-2021; and
- Testimony of TCI's and Plaintiff's respective percipient witnesses.

### G. TCI'S AFFIRMATIVE DEFENSE OF ABANDONMENT

1. <u>Summary Statement of TCI's Affirmative Defense of Abandonment</u>

Second Affirmative Defense: Plaintiff's claim for federal trademark infringement under 15 U.S.C. § 1114 is barred because Ecomundi has abandoned the mark within the meaning of Section 45 of the Trademark Act, 15 U.S.C § 1127. Ecomundi is the prior owner of the '058 Application, which ultimately matured into the '942 Registration for the THRIVE mark. Ecomundi failed to properly assign the '058 Application to Plaintiff, thereby retaining ownership of the '058 Application and the '942 Registration, and has never utilized the mark THRIVE in commerce or in connection with any ongoing or existing business.

2. <u>Elements Required to Establish TCI's Defense of Abandonment</u>

a. Ecomundi is the owner of the '058 Application, and consequently, the '942 Registration; and

b. Ecomundi discontinued its use of the THRIVE mark in the ordinary course of trade, intending not to resume using it.

*See Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017 Edition)*, Inst. No. 15.5; *id.*, Inst. No. 15.22; J. Thomas McCarthy, Trademarks and Unfair Competition ("McCarthy") §§ 2:15, 2:16 (5th ed. 2021); *Mister Donut of Am., Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842 (9th Cir. 1969).

### 3. Key Evidence Relied On By Defendant In Support Of Its Affirmative Defense of Abandonment

The following is a representative (but not exhaustive) list of key evidence that TCI intends to rely upon to support its affirmative defense of abandonment. TCI also anticipates introducing testimony (live witnesses) to support this affirmative defense.

Evidence supporting the first element of TCI's abandonment defense—that Ecomundi is the owner of the '058 Application, and consequently, the '942 Registration:

- Ecomundi's '058 Application for the mark THRIVE;
- Documents regarding Ecomundi's ownership and purported assignment of the '058 Application to Plaintiff, including the Nunc Pro Tunc Trademark Assignment dated Sept. 27, 2013 and Restricted Stock Purchase Agreement dated May 23, 2013;
- Records from the United States Patent and Trademark Office and other documents regarding the '058 Application and its eventual maturity into the '942 Registration for the THRIVE mark;
- The '942 Registration; and
- Testimony of Plaintiff's percipient witnesses.

Evidence supporting the second element of TCI's abandonment defense—that Ecomundi discontinued its use of the THRIVE mark in the ordinary course of trade, intending not to resume using it:

- Documents and communications regarding Ecomundi's business activities and purported use of the THRIVE mark prior to purportedly assigning the '058 Application to Plaintiff;
- Documents regarding Plaintiff's use of the THRIVE mark and Ecomundi's discontinued use after the purported assignment of the '058 Application to Plaintiff;

-11-
DEFENDANT THRIVE CAUSEMETICS, INC.'S
AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW

- The admitted fact that Ecomundi did not use the mark THRIVE after May 23, 2013 (*see* [Proposed] Amended Final Pretrial Conference Order ¶ 5.3); and
- Testimony of Plaintiff's percipient witnesses.

## II.   IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES (L.R. 16-4.1(H))

The parties' joint pretrial exhibit stipulation and Joint Brief regarding evidentiary issues concerning exhibits are being filed concurrently herewith under separate cover as required by the Court's Civil Trial Scheduling Order, Local Rule 16-6.1, and October 7, 2021 Minute Order. TCI will continue to meet and confer with Plaintiff to discuss objections to proposed exhibits, including objections to authenticity and admissibility, in advance of the Final Pretrial Conference and through trial.

In accordance with Local Rule 16-2.6, the parties met and conferred regarding evidentiary issues and were unable to reach a resolution as to certain issues. On October 1, 2021, TCI exchanged with Plaintiff motions *in limine* that TCI will file on October 15, 2021, to be heard on November 1, 2021, raising certain unresolved evidentiary issues. TCI's motions *in limine* include:

- Motion *in Limine* No. 1:  Seeking to exclude evidence of alleged harm to the THRIVE mark or other actual damage, on the ground that any such damages calculation was undisclosed and Plaintiff's damages expert testified it would be speculative; and
- Motion *in Limine* No. 2:  Seeking to exclude evidence of alleged actual confusion that relates solely to Defendant's makeup products (which are not accused of infringement, rendering the evidence irrelevant and prejudicial) and/or reflects inadmissible hearsay.

### III. IDENTIFICATION OF ANTICIPATED ISSUES OF LAW (L.R. 16.4-1(I))

The parties disagree regarding the appropriate burden of proof for a defendant asserting an abandonment defense to a trademark infringement claim. *See* 15 U.S.C. § 1127. TCI's position is that the burden of proof is preponderance of the evidence. *See Hallmark Hardwoods, Inc. v. Omni Wood Product, LLC*, 2011 WL 13176098, at *6 (C.D. Cal. 2011); *Societe de Developments et D'Innovations Des Marches Agricoles et Alimentaires-Sodima-Union De Cooperatives Agricoles v. Int'l Yogurt Co.*, 662 F. Supp. 839, 845 (D. Or. 1987). Plaintiff's position is that the burden of proof for an abandonment defense is clear and convincing evidence.

### IV. BIFURCATION OF ISSUES (L.R. 16-4.3)

Defendant does not request bifurcation of any issues.

### V. JURY TRIAL (L.R. 16-4.4)

Plaintiff made a timely request for a jury trial in its Complaint and First Amended Complaint ("FAC"). *See generally* ECF No. 1, ECF No. 28.

On October 6, 2021, the Court issued an Order granting in part and denying in part TCI's motion for summary judgment (ECF No. 114) (the "Order"). In the Order, the Court granted summary judgment in TCI's favor on Plaintiff's claims for reasonable royalty and corrective advertising damages, leaving only Plaintiff's claims for disgorgement of TCI's profits and an injunction. ECF No. 114 at 8-10. Accordingly, there are no remaining claims in this case that are triable to a jury.

On October 7, 2021, TCI filed an unopposed *ex parte* application to strike Plaintiff's demand for a jury trial on the ground that there is no Seventh Amendment right to a jury trial on an equitable claim for disgorgement of profits or a permanent injunction under the Lanham Act. *See Fifty-Six Hope Road Music, Ltd. v. A.V.E.L.A, Inc.*, 778 F.3d 1059, 1074-76 (9th Cir. 2015) (explaining that "[a] claim for disgorgement of profits under § 1117(a) is equitable, not legal" and thus does not invoke the right to a jury trial); *Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d

-13-

1171, 1183 (9th Cir. 2010) (holding that "[b]ecause [plaintiff] only sought an injunction, the district court did not err by resolving its claims in a bench trial . . . [n]or were the [defendants] entitled to a jury trial on their equitable defenses to those claims"); *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 815 Fed. App'x 110, 112 (9th Cir. 2020) (holding that the district court did not err in striking the plaintiff's demand for a jury trial where the plaintiff's only remaining claim was for disgorgement of profits under the Lanham Act).

Pursuant to the Court's October 14, 2021 Minute Order (Dkt. No. 121), on October 15, 2021 and concurrently with their revised pretrial filings, the parties filed a stipulation waiving their right to a jury trial in this action.

## VI. ATTORNEYS' FEES (L.R. 16-4.5)

Plaintiff included a request for reasonable attorneys' fees and costs in its Prayer for Relief. ECF No. 28, Prayer for Relief ¶ 6. TCI disputes that there is a legal or factual basis for an award of attorneys' fees and costs in this action because there is no evidence that TCI deliberately or fraudulently intended to infringe Plaintiff's purported rights in the THRIVE mark or that this is otherwise an "exceptional case" warranting an award of attorneys' fees. *See* 15 U.S.C. § 1117(a); *Globefill Inc. v. Elements Spirits, Inc.*, 2017 WL 6520589 (C.D. Cal. 2017), *aff'd,* 756 Fed. App'x 764 (9th Cir. 2019) (no award of attorneys' fees where "totality of circumstances" demonstrated that it was not an "exceptional case," notwithstanding jury finding that defendants' infringement was "intentional or willful"); *Chronicle Pub. Co. v. Legrand*, 24 U.S.P.Q.2d 1881, 1992 WL 420808, *9-10 (N.D. Cal. 1992) (denying motion for attorney fees where the infringer's conduct was "willful," but not "marked by a blatantly fraudulent intent").

## VII. ABANDONMENT OF ISSUES (L.R. 16-4.6)

When Plaintiff filed its First Amended Complaint, Plaintiff abandoned all of its claims concerning TCI's color cosmetics products. ECF No. 28 ¶ 62. Pursuant to the

Court's summary judgment Order (ECF No. 114), Plaintiff can no longer pursue its claims for a reasonable royalty or corrective advertising damages.

TCI does not intend to pursue at trial the following affirmative defenses that were included in its Answer to the FAC (ECF No. 31):

1. Waiver;
2. Estoppel;
3. Consent;
4. Unclean Hands;
5. Statute of Limitations;
6. Fair Use;
7. Failure to Mitigate; and
8. Fraud on the United States Patent and Trademark Office

TCI's position is that innocent infringement is not an affirmative defense. Rather, it is TCI's response to Plaintiff's allegation that TCI willfully infringed the THRIVE mark, as to which Plaintiff bears the burden of proof.

TCI's position is that adequate remedy at law is also not an affirmative defense. Rather, it is TCI's response to Plaintiff's claim for equitable relief, as to which Plaintiff bears the burden of proving that damages would be inadequate compensation for any alleged injury it has suffered.

DATED: October 15, 2021      SIDLEY AUSTIN LLP

By: */s/ Rollin A. Ransom*
      Rollin A. Ransom

*Attorneys for Defendant
Thrive Causemetics, Inc.*