Stephen McArthur (SBN 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (SBN 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorneys for Plaintiff Thrive Natural Care, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br>Plaintiff, <br><br>v. <br><br>THRIVE CAUSEMETICS, INC., <br><br>Defendant. | Case No. 2:20-CV-9091-PA-AS <br><br>**PLAINTIFF THRIVE NATURAL CARE, INC.'S PROFFER OF EXPERT OPINIONS OF DAVID DREWS** <br><br>Hon. Percy Anderson <br><br>**Judge:** Hon. Percy Anderson <br>**Trial Date**: November 9, 2021 <br>**Final Pretrial Conf.:** October 22, 2021 <br>**Courtroom:** 9A |

# INDEX OF EXHIBITS

**Exhibit**

1. David Drews Curriculum Vitae
2. Expert Report of David Drews
3. Supplement to Drews Report
4. Transcript of Rule 30(b)(6) Deposition of Ned Menninger
5. TCI_0030182-84
6. TCI_00031365
7. Comparable License Agreements
8. TCI_00026950-55
9. TCI_00022753-67
10. TNC01282-99
11. TNC01160-61
12. TCI_00019105-06
13. TCI_00019125-34

Pursuant to the Court's Order dated October 8, 2021 (Dkt. 115), Plaintiff Thrive Natural Care, Inc. ("Thrive" or "Plaintiff") hereby provides the following written proffer of the opinions of David Drews, which Thrive will seek to offer in its case-in-chief at trial against Defendant Thrive Causemetics, Inc. ("TCI" or "Defendant"). The exhibits listed above have been provided to the Court and opposing counsel separately in accordance with the Court's Order.

## Proffer of Opinions

**Opinion 1:** Based on a review and analysis of documents and testimony from Defendant TCI, TCI's total profits on sales of infringing skincare products from 2018 through May 31, 2021, are $21,524,380.[1] This includes TCI's skincare products and hybrid skincare-and-makeup products and is calculated by subtracting cost of goods sold from total revenues on sales of these products. *See* Exhibit ("Ex.") 2 at 3, 10-11, 24, Schedules 1-3; Ex. 3 at 1-2.

Why Testimony is Relevant: Thrive Natural Care is pursuing an award of disgorgement of TCI's profits from sales of infringing skincare products under 15 U.S.C. § 1117(a). "In determining the defendant's profits, the plaintiff bears the burden of proving the defendant's sales; the defendant must then prove any costs or deductions from the gross sales figure." *A & M Recs., Inc. v. Abdallah*, 948 F. Supp. 1449, 1458 (C.D. Cal. 1996). This testimony establishes the proper amount of disgorgement damages.

Documents Relied On:

- Ex. 4 – Rule 30(b)(6) Deposition of Ned Menninger, relied on July 5, 2021, for Opening Report and August 5, 2021, for Supplemental Analysis.
- Ex. 5 – TCI_00030182-84 (document produced by Defendant), relied on July 5, 2021, for Opening Report and August 5, 2021, for

---

[1] Thrive has requested that TCI update its revenue data for more recent months. To date, TCI has failed to supplement its revenue information in violation of its obligations under Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure.

Supplemental Analysis.

- Ex. 6 – TCI_00031365 (document produced by Defendant), relied on July 5, 2021, for Opening Report and August 5, 2021, for Supplemental Analysis.

**Opinion 2:** Based on a review and analysis of documents and testimony from TCI, TCI's total profits on sales of hybrid skincare-and-makeup products (Buildable Blur CC Cream and Filtered Effects Blurring Primer) through May 31, 2021, are $9,825,883. TCI's total profits on sales of products that TCI itself defines as skincare products through May 31, 2021, are $11,698,497. *See* Ex. 3 at 1-2.

<u>Why Testimony is Relevant:</u> Thrive Natural Care will show at trial that TCI's hybrid skincare-and-makeup products are advertised as skincare products and should be found to be infringing, as with TCI's other skincare products. As such, sales from hybrid products should be included in a disgorgement award. However, to the extent the Court finds otherwise, it should deduct the amount of profits from sales of hybrid products from the total sales of skincare products to arrive at the disgorgement award.

<u>Documents Relied On</u>

- Ex. 4 – Rule 30(b)(6) Deposition of Ned Menninger, relied on July 5, 2021, for Opening Report and August 5, 2021, for Supplemental Analysis.
- Ex. 5 – TCI_00030182-84 (document produced by Defendant), relied on July 5, 2021, for Opening Report and August 5, 2021, for Supplemental Analysis.
- Ex. 6 – TCI_00031365 (document produced by Defendant), relied on July 5, 2021, for Opening Report and August 5, 2021, for Supplemental Analysis.

**Opinion 3:** If necessary to support the conclusion that disgorgement of Defendants' profits is for permissible purposes of compensation, prevention of

unjust enrichment, and deterrence, rather than a penalty, Mr. Drews may testify that: (a) based upon his experience and analysis, an 8% royalty rate would be reasonable in these circumstances and application of that royalty rate to TCI's profits from sales of infringing skincare products would have led to a reasonable royalty of $4,840,162; and (b) regarding the amount of Thrive's and TCI's expenditures on advertising for skincare products. *See* Ex. 2 at 3, 13-24, Schedules 1-7; Ex. 3 at 1, 3-4.

<u>Why Testimony is Relevant</u>: Disgorgement of profits is permissible for purposes of compensation, preventing unjust enrichment, and deterrence but cannot constitute a penalty. *See* 15 U.S.C. § 1117(a). *Monster Energy Co. v. Integrated Supply Network, LLC*, No. ED-CV-17548-CBM-RAOx, 2021 WL 1521981, at *2 (C.D. Cal. Apr. 12, 2021); *Playboy Enters., Inc. v. Baccarat Clothing Co.*, 692 F.2d 1272, 1275 (9th Cir. 1982) ("Any other remedy" besides disgorgement of profits earned from the infringing activity "results in the defendants being unjustly enriched."). While Thrive seeks a disgorgement of all of TCI's profits, a reasonable royalty can also be used "as a baseline or starting point for determining the appropriate [disgorgement] award," together with the "possible need for deterrence . . . ." *Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 963 n.19 (7th Cir. 1992). TCI has indicated it will argue disgorgement of its profits is a penalty, and while Mr. Drews' testimony on these issues may be in rebuttal, it may also be necessary to address this issue in Thrive's case-in-chief.

<u>Documents Relied On:</u>

- Ex. 4 – Rule 30(b)(6) Deposition of Ned Menninger, relied on July 5, 2021, for Opening Report and August 5, 2021, for Supplemental Analysis.
- Ex. 5 – TCI_00030182-84 (document produced by Defendant), relied on July 5, 2021, for Opening Report and August 5, 2021, for Supplemental Analysis.

- Ex. 6 – TCI_00031365 (document produced by Defendant), relied on July 5, 2021, for Opening Report and August 5, 2021, for Supplemental Analysis.
- Ex. 7 – Comparable trademark licenses, obtained by Mr. Drews and relied on July 5, 2021, for Opening Report and August 5, 2021, for Supplemental Analysis.
- Ex. 8 – TCI_00026950-55 (document produced by Defendant), relied on July 5, 2021, for Opening Report.
- Ex. 9 – TCI_00022753-67 (document produced by Defendant), relied on July 5, 2021, for Opening Report.
- Ex. 10 – TNC01282-99 (Plaintiff's financial information prepared by Alex McIntosh), relied on July 5, 2021, for Opening Report.
- Ex. 11 – TNC01160-61 (screenshot of Plaintiff's website taken by Alex McIntosh), relied on June 23, 2021, for Opening Report.
- Ex. 12 – TCI_00019105-06 (document produced by Defendant), relied on July 5, 2021, for Opening Report.
- Ex. 13 – TCI_00019125-34 (document produced by Defendant), relied on July 5, 2021, for Opening Report.

Thrive reserves the right to call Mr. Drews in rebuttal to any testimony offered by Defendant TCI.

DATED: October 15, 2021

Respectfully submitted,

THE MCARTHUR LAW FIRM, PC

By: */s/ Stephen McArthur*
    Stephen McArthur
    Thomas Dietrich

*Attorneys for Plaintiff Thrive Natural Care*

# CERTIFICATE OF SERVICE

Case Name: *Thrive Natural Care, Inc. v. Thrive Causemetics, Inc.*
Case No.: 2:20-cv-9091-PA-AS

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I am a citizen of the United States over 18 years of age. My business address is 9465 Wilshire Blvd., Ste. 300, Beverly Hills, CA 90212. I am not a party to the above-entitled action.

I have caused service of the following documents, described as:

**PLAINTIFF THRIVE NATURAL CARE, INC.'S PROFFER OF EXPERT OPINIONS OF DAVID DREWS**

on the following parties by electronically filing the foregoing on October 15, 2021, with the Clerk of the District Court using its ECF System, which electronically notifies them.

Rollin Ransom (SBN 196126)     *Attorneys for Defendant*
rransom@sidley.com
Ryan Stasell (SBN 307431)
rstasell@sidley.com
Paula Salazar (SBN 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth St., Ste. 4000
Los Angeles, CA 90013

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 10/15/2021     By: */s/ Thomas Dietrich*
                            Thomas Dietrich