Stephen McArthur (SBN 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (SBN 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorneys for Plaintiff Thrive
Natural Care, Inc.*

Rollin Ransom (SBN 196126)
rransom@sidley.com
Lauren De Lilly (SBN 301503)
ldelilly@sidley.com
Paula Salazar (SBN 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth St., Ste. 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000

*Attorneys for Defendant Thrive
Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC.<br><br>Plaintiff,<br><br>v.<br><br>THRIVE CAUSEMETICS, INC.,<br><br>Defendant. | Case No. 2:20-cv-9091-PA-AS<br><br>Hon. Percy Anderson<br><br>**JOINT BRIEF CONCERNING EVIDENTIARY OBJECTIONS**<br><br>Trial Date: November 9, 2021<br>Time:          9:00 a.m.<br>Place:         Courtroom 9A |

Pursuant to the Court's October 7, 2021 Minute Order (ECF No. 115), Plaintiff Thrive Natural Care, Inc. ("Plaintiff") and Defendant Thrive Causemetics, Inc., ("Defendant") respectfully submit this joint brief concerning evidentiary objections to the parties' respective trial exhibits.

## PLAINTIFF'S TRIAL EXHIBITS SUBJECT TO OBJECTION

### EXHIBIT NO. 28

Brief Description

Trial Exhibit No. 28 is an e-mail chain dated December 18, 2017 through December 19, 2017 regarding Plaintiff.

Purpose for which Admission Is Sought

Plaintiff seeks to admit Trial Exhibit No. 28 because it shows TCI's ongoing and continuous encounters with Plaintiff Thrive, including third parties reaching out to TCI to point out the similarities.  It is also being introduced to show that Plaintiff Thrive's efforts to build partnerships and investments have been thwarted by TCI's encroachment on its brand name and mission.

Basis for the Objection

Hearsay (FRE 802) (as to the e-mails between Margo Hays and Alex McIntosh).

Offering Party's Position

The e-mails between Margo Hays and Alex McIntosh are not being offered for the truth of the facts asserted.

Objecting Party's Position

Defendant does not seek to exclude the entirety of Trial Exhibit No. 28, but instead seeks to exclude the portions of the e-mail chain that are inadmissible hearsay. Fed. R. Evid. 802.  Trial Exhibit No. 28 contain an e-mail sent by Alex McIntosh, Plaintiff's Chief Executive Officer, to a third party Margo Hays, on December 18, 2017 regarding Plaintiff's alleged partnership with Amazon and Plaintiff's purported growth.  Plaintiff seeks to rely upon Mr. McIntosh's e-mail for the truth of the matters

-1-

1  asserted therein, namely, that Plaintiff's alleged partnership with Amazon is

2  successful, that Plaintiff has allegedly achieved a certain level of growth, and the

3  alleged reasons for that growth.  Accordingly, when offered by Plaintiff, the e-mail

4  between Mr. McIntosh and Ms. Hays is inadmissible hearsay under Federal Rule of

5  Evidence 802, and there are no exclusions or exceptions under Federal Rules of

6  Evidence 801 or 803 that apply.

7  **EXHIBIT NO. 120**

8      Brief Description

9      Trial Exhibit No. 120 is Ex. G to the Declaration of Alex McIntosh in support

10  of Plaintiff's motion for partial summary judgment (ECF No. 41) of consumer reviews

11  left on Plaintiff's Amazon product page.

12      Purpose for which Admission Is Sought

13      Trial Exhibit 120 demonstrates instances of actual confusion between Thrive

14  Natural Care and Thrive Causemetics, and their respective products.

15      Basis for the Objection

16      Irrelevant (FRE 401; 402) (related to TCI's color cosmetics, which are not at

17  issue); Prejudice (FRE 403) (prejudicial, misleading, and confusing as to alleged

18  confusion stemming from TCI's color cosmetics, which are not at issue); Foundation

19  (FRE 602) (no foundation as to intended meaning of consumer reviews); and

20  Authentication (FRE 901) (to the extent the exhibit reflects highlighting or other

21  modifications made by Plaintiff).

22      Offering Party's Position

23      This document shows that there is confusion as to the source of Thrive Natural

24  Care's skincare products. It also supports the conclusion that future confusion between

25  the parties' skincare products is all but certain if there is already some confusion even

26  excluding skincare products. Even if Thrive Natural Care is not explicitly accusing

27  TCI's cosmetics products of infringing, it is still the case that confusion between

28  TCI's cosmetics products and TNC's skincare products is strong evidence that

1   consumers would therefore be even more confused between TCI's *skincare* products

2   and TNC's skincare products.

3         Furthermore, much of the confusion evidenced in the Amazon reviews does not

4   mention TCI's makeup products at all. For example, the review that concludes with

5   "Well done, Thrive Causemetics" only references skincare products.

6         Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin, nature,

7   and providence of this document. It is relevant to consumer confusion, goes towards

8   evidence of actual consumer confusion between Plaintiff and Defendant. TCI has not

9   identified *any* actual prejudice caused by this evidence, beyond the fact of its

10  relevance to the likelihood of confusion analysis. No such unfair prejudice exists, and

11  certainly not in sufficient quantity to substantially outweigh the probative value of this

12  actual confusion evidence.

13        <u>Objecting Party's Position</u>

14        Trial Exhibit No. 120 is inadmissible because it is irrelevant.  Fed. R. Evid. 401,

15  402.  The exhibit reflects alleged instances of actual confusion stemming from TCI's

16  color cosmetics products, for example, "Thrive is an up and comer in the cosmetics

17  field. Their mascara is phenomenal and this facial moisturizer with sunscreen is a plus

18  in their line."  In its First Amended Complaint, Plaintiff removed nearly all of its

19  allegations concerning TCI's color cosmetics products and does not contend that

20  TCI's use of the term "thrive" in connection with its color cosmetics products is

21  infringing.  *See* ECF No. 28 ¶ 62.  Instead, Plaintiff's claims are premised entirely on

22  TCI's sale of skincare products.  *See generally* ECF No. 28.  Alleged instances of

23  actual confusion stemming from TCI's color cosmetics are thus irrelevant to and not

24  probative of any actual confusion caused by TCI's skincare products, the only

25  products subject to Plaintiff's claims.  For this same reason, Trial Exhibit No. 120 is

26  prejudicial, misleading, and confusing and should be excluded under Federal Rule of

27  Evidence 403, because it relates to alleged confusion stemming from color cosmetics

28  products that are not infringing and as to which Plaintiff has no claims in this action.

1   Trial Exhibit No. 120 is also inadmissible because Plaintiff cannot lay an

2   adequate foundation for it.  Fed. R. Evid. 602.  Plaintiff has indicated that Mr.

3   McIntosh "will testify as to the origin, nature, and providence of this document."

4   However, Mr. McIntosh has no knowledge of the meaning that an unidentified

5   consumer who posted a review on Amazon intended to convey in that review.  As

6   such, Mr. McIntosh has no basis to assert that the individuals who posted these

7   reviews are actually confused between the parties or their respective products.

8   Trial Exhibit No. 120 is also inadmissible because it lacks authentication.  Fed.

9   R. Evid. 901.  The exhibit is a manipulated collection of multiple documents, that

10  have been cut, pasted, and cribbed together, and improperly highlighted and annotated

11  by Plaintiff.  The exhibit does not reflect how these individual reviews actually appear

12  on Plaintiff's Amazon.com webpage, and the manner in which the exhibit has been

13  presented raises genuine concerns regarding its authenticity.

14  Finally, Trial Exhibit No. 120 is the subject of Defendant's Joint Motion in

15  Limine No. 2 regarding alleged instances of actual confusion, and should be excluded

16  for the reasons explained in that motion as well.

17  **EXHIBIT NO. 126**

18  Brief Description

19  Trial Exhibit No. 126 is Ex. M to the Declaration of Alex McIntosh in support

20  of Plaintiff's motion for partial summary judgment (ECF No. 41) of a June 19, 2019

21  e-mail exchange between Mr. McIntosh and third party Lisa Ertz.

22  Purpose for which Admission Is Sought

23  Exhibit No. 126 is being introduced to demonstrate evidence of actual

24  confusion.

25  Basis for the Objection

26  Irrelevant (FRE 401; 402) (relates to TCI's color cosmetics, which are not at

27  issue); and Prejudice (FRE 403) (prejudicial, misleading, and confusing as to alleged

28  confusion stemming from TCI's color cosmetics, which are not at issue).

<u>Offering Party's Position</u>

The evidence at issue here is relevant because it is probative of whether future confusion between the parties' THRIVE-branded skincare products is likely, which is clearly a fact of consequence in this case. Ms. Ertz' email was sent in June 2019. Ms. Ertz' "3 must have beauty products" could certainly have been TCI skincare products and TCI has not shown otherwise. Indeed, one of TCI's infringing skincare products that was available when Ms. Ertz wrote her email, TCI's Defying Gravity Eye Lifting Cream, is advertised as "fight[ing] signs of stress, aging and dullness" and is "like beauty sleep in a bottle!" *See* TCI skincare product page at https://thrivecausemetics.com/products/defying-gravity-eye-lifting-cream (last visited October 8, 2021). As such, TCI's supposition that these instances of actual confusion relate only to its cosmetics products is unsupported. And even if that were true, the evidence would remain relevant because it supports the conclusion that future confusion between the parties' skincare products is likely.

This evidence should not be excluded under Rule 403. TCI has not identified *any* actual prejudice caused by this evidence, beyond the fact of its relevance to the likelihood of confusion analysis. No such unfair prejudice exists, and certainly not in sufficient quantity to substantially outweigh the probative value of this actual confusion evidence.

<u>Objecting Party's Position</u>

Trial Exhibit No. 126 is inadmissible because it is irrelevant.  Fed. R. Evid. 401, 402.  The exhibit reflects an alleged instance of actual confusion from third party Lisa Ertz stemming from TCI's color cosmetics products, specifically, "Wonderful to meet the man behind my 3 must have beauty products in my case!"  In its First Amended Complaint, Plaintiff removed nearly all of its allegations concerning TCI's color cosmetics products and does not contend that TCI's use of the term "thrive" in connection with its color cosmetics products is infringing.  *See* ECF No. 28 ¶ 62. Instead, Plaintiff's claims are premised entirely on TCI's sale of skincare products.

*See generally* ECF No. 28.  Alleged instances of actual confusion stemming from TCI's color cosmetics are thus irrelevant to and not probative of any actual confusion caused by TCI's skincare products, the only products subject to Plaintiff's claims.  For this same reason, Trial Exhibit No. 126 is prejudicial, misleading, and confusing and should be excluded under Federal Rule of Evidence 403, because it relates to alleged confusion stemming from color cosmetics products that are not infringing and as to which Plaintiff has no claims in this action.

Finally, Trial Exhibit No. 126 is the subject of Defendant's Joint Motion in Limine No. 2 regarding alleged instances of actual confusion, and should be excluded for the reasons explained in that motion as well.

**EXHIBIT NO. 142**

Brief Description

Trial Exhibit No. 142 is Ex. M to the Declaration of Stephen McArthur in support of Plaintiff's motion for partial summary judgment (ECF No. 33-2), and consists of multiple third-party online articles regarding Defendant.

Purpose for which Admission Is Sought

This document is being used to show context to Defendant's damages analysis and emails as it is expressly relied upon by Defendant's Exhibit 380.

Basis for the Objection

Hearsay (FRE 802) (as to pages MCARTHUR421-424 of the exhibit, which are offered for the truth of the statements therein and no exception applies); and Foundation (FRE 602) (as to pages MCARTHUR421-424 of the exhibit; Plaintiff cannot lay a foundation for a third-party article).

Offering Party's Position

Trial Exhibit 142 is not hearsay because not offered for the truth of the matter asserted. Alex McIntosh will testify as to the providence, nature, and origin of this document.  It is also necessary because it is a document referenced in one of Defendant's damage exhibits, Trial Exhibit 380. It is necessary to provide context to

1  that Exhibit.  Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin,

2  nature, and providence of this document.

3          Objecting Party's Position

4          Defendant does not seek to exclude the entirety of Trial Exhibit No. 142, but

5  instead seeks to exclude pages MCARTHUR421-424 of the exhibit, which consist of

6  two third-party articles regarding Defendant's alleged relationship with Goldman

7  Sachs.  Pages MCARTHUR421-424 of Trial Exhibit No. 142 are inadmissible hearsay

8  to which no exception applies.  Fed. R. Evid. 802.  Plaintiff seeks to offer these third-

9  party articles at trial for the truth of the matters asserted therein, namely, that

10  Defendant was in talks with Goldman Sachs concerning a buyout, sale, initial public

11  offer, or other potential strategic option.  Accordingly, Pages MCARTHUR421-424 of

12  Trial Exhibit No. 142 are inadmissible hearsay under Federal Rule of Evidence 802,

13  and there are no exclusions or exceptions under Federal Rules of Evidence 801 or 803

14  that apply.

15          Pages MCARTHUR421-424 of Trial Exhibit No. 142 are inadmissible for the

16  additional reason that Plaintiff cannot lay an adequate foundation for it.  Fed. R. Evid.

17  602.  Plaintiff has indicated that Mr. McIntosh "will testify as to the origin, nature,

18  and providence of this document."  However, Mr. McIntosh has no knowledge of the

19  meaning, purpose, or factual basis of articles written by third parties with whom he

20  has no affiliation, and thus, cannot provide a foundation for the articles.

21  **EXHIBIT NO. 147**

22          Brief Description

23          Trial Exhibit No. 147 is an online article from third party PR Newswire.com,

24  titled "CEO of Thrive Natural Care Makes Case for Business Beyond Sustainability."

25          Purpose for which Admission Is Sought

26          Trial Exhibit No. 147 is offered to show media coverage of the Thrive marks at

27  issue and goes towards strength of the mark and value of the brand.

28          Basis for the Objection

Hearsay (FRE 802) (offered for the truth of the statements therein and no exception applies).

Offering Party's Position

Not hearsay because not offered for the truth of the matter asserted. Media articles about the brand go to strength of mark and brand recognition and value, regardless of whether the facts contained therein are accurate.

Objecting Party's Position

Trial Exhibit No. 147 is inadmissible hearsay to which no exception applies. Fed. R. Evid. 802.  Plaintiff seeks to offer this third-party article at trial for the truth of the matters asserted therein, namely, Mr. McIntosh's statements concerning Plaintiff's sustainability mission and the results of Plaintiff's sustainability efforts, and the article's description of Plaintiff's alleged business endeavors, media coverage, and locations in which Plaintiff's products are sold.  Accordingly, when offered by Plaintiff, the article is inadmissible hearsay under Federal Rule of Evidence 802, and there are no exclusions or exceptions under Federal Rules of Evidence 801 or 803 that apply.

**EXHIBIT NO. 149**

Brief Description

Trial Exhibit No. 149 is an online article from third party Apteo Blog, titled "The Guide to Google Shopping Optimization for Ecommerce Stores."

Purpose for which Admission Is Sought

Trial Exhibit 149 is being offered to indicate how consumers use search engines and online e-commerce marketplaces.

Basis for the Objection

Foundation (FRE 602) (Plaintiff cannot lay a foundation for a third-party article); Hearsay (FRE 802) (offered for the truth of the statements therein and no exception applies); and Improper Opinion Testimony (FRE 701) (Plaintiff has not designated an expert on search engine optimization).

1

        Offering Party's Position

2

        Rob Wallace, an expert in the field of marketing, will testify as to the origin,

3

nature, and providence of this marketing document. Mr. Wallace can also lay the

4

foundation that this document is not hearsay under Rule 803 because it has

5

circumstantial guarantees of trustworthiness.

6

        Objecting Party's Position

7

        Trial Exhibit No. 149 is inadmissible because it lacks adequate foundation.

8

Fed. R. Evid. 602.  Plaintiff has indicated that Mr. Wallace "will testify as to the

9

origin, nature, and providence of this document."  However, Mr. Wallace has no

10

knowledge of the meaning, purpose, or factual basis of an article written by a third

11

party with whom he has no affiliation, and thus, cannot provide a foundation for the

12

article.

13

        Trial Exhibit No. 149 is inadmissible for the additional reason that it is hearsay

14

to which no exception applies.  Fed. R. Evid. 802.  Plaintiff seeks to offer this exhibit

15

at trial for the truth of the matters asserted therein, namely, the accuracy of the

16

article's statements concerning how small companies in the e-commerce space may

17

struggle with creating awareness of their products and that such companies can

18

purportedly utilize Google tools such as Google Shopping Ads to generate more

19

convertible web traffic on their e-commerce cites.  Accordingly, the article is

20

inadmissible hearsay under Federal Rule of Evidence 802, and there are no exclusions

21

or exceptions under Federal Rules of Evidence 801 or 803 that apply. Plaintiff also

22

has not identified any specific indicia of trustworthiness of this article or the

23

statements contained therein that would bring it within the residual exception to the

24

prohibition against hearsay.

25

        Trial Exhibit No. 149 is also inadmissible because it constitutes improper

26

opinion testimony.  Fed. R. Evid. 701.  Plaintiff has not designated any expert in this

27

action to provide scientific and reliable opinions concerning search engine

28

optimization for e-commerce platforms that compiles with Federal Rule of Evidence

702.  Instead, Plaintiff seeks to rely on a third-party article written by a lay person offering such opinions, which is impermissible under Federal Rule of Evidence 701.

**EXHIBIT NO. 198**

Brief Description

Trial Exhibit No. 198 is an online article by third party Amazon regarding Plaintiff, titled "How a small, sustainable skin care brand became a best-selling Amazon partner."

Purpose for which Admission Is Sought

Trial Exhibit No. 198 is offered to show media coverage of the Thrive marks at issue and goes towards strength of the mark and value of the brand.

Basis for the Objection

Hearsay (FRE 802) (offered for the truth of the statements therein and no exception applies).

Offering Party's Position

Not hearsay because not offered for the truth of the matter asserted. Media articles about the brand go to strength of mark and brand recognition and value, regardless of whether the facts contained therein are accurate.

Objecting Party's Position

Trial Exhibit No. 198 is inadmissible hearsay to which no exception applies. Fed. R. Evid. 802.  Plaintiff seeks to offer this third-party article at trial for the truth of the matters asserted therein, namely, the accuracy of purported facts and circumstances surrounding Plaintiff's business relationship with Amazon.com, and Plaintiff's "growth" as a result.  Accordingly, the article is inadmissible hearsay under Federal Rule of Evidence 802, and there are no exclusions or exceptions under Federal Rules of Evidence 801 or 803 that apply.

**EXHIBIT NO. 204**

Brief Description

1    Trial Exhibit No. 204 is an internal e-mail produced by Plaintiff in which one of

2    Plaintiff's personnel offers ideas regarding the running of Plaintiff's blog.

3        Purpose for which Admission Is Sought

4    Trial Exhibit No. 204 is an email showing details of Plaintiff's "Thrive Tribe"

5    blog. Defendant began using "Thrive Tribe" to refer to its customer base after Plaintiff

6    was already using "Thrive Tribe" in an identical manner to refer to its own customer

7    base, resulting in a likelihood of confusion.

8        Basis for the Objection

9    Irrelevant (FRE 401; 402) (no evidence that blog was ever created by Plaintiff

10   or used by consumers) (Prejudice (FRE 403) (same).

11       Offering Party's Position

12   Not unfairly prejudicial because it goes to likelihood of confusion. Testimony

13   from Alex McIntosh and this exhibit combined with other exhibits will demonstrate

14   that Thrive Tribe was, in fact, used on emails to consumers and in public-facing blog

15   posts and newsletters.

16       Objecting Party's Position

17   Trial Exhibit No. 204 is irrelevant, prejudicial, misleading, and likely to cause

18   confusion.  Fed. R. Evid. 401, 402, 403.  Plaintiff seeks to offer this e-mail as

19   evidence respecting its use of the phrase "Thrive Tribe," but the e-mail is purely

20   internal and describes "ideas" on how Plaintiff's blog could be run, with a mock-up of

21   the blog reflecting those ideas.  However, this is not a public-facing document and

22   there is no indication that the "Thrive Tribe – Blog" as shown in this exhibit – in

23   which the author concedes she has "just put some ideas together" and the contents

24   shown "don't have to be on [sic] any specific order – was ever actually implemented,

25   much less in this form (and if Plaintiff contends that it was, then Plaintiff should have

26   produced the blog as *actually* presented to consumers, which it did not).

27   **EXHIBIT NO. 227**

28       Brief Description

Trial Exhibit No. 227 is a financial projection prepared by Plaintiff for the years 2021-2025.

Purpose for which Admission Is Sought

Trial Exhibit 227 If necessary to support the conclusion that disgorgement of Defendants' profits is for permissible purposes of compensation, prevention of unjust enrichment, and deterrence, rather than a penalty.

Basis for the Objection

Irrelevant (FRE 401; 402) (Plaintiff failed to disclose any theory or computation of actual damages in discovery).

Offering Party's Position

This exhibit is relevant to disgorgement and other equitable relief. Additionally, Plaintiff disputes that it has failed to disclose any theory of actual damages.

Objecting Party's Position

Trial Exhibit No. 227, reflecting Plaintiff's purported financial projections for the next five years – is irrelevant to any issue in this action.  Fed. R. Evid. 401, 402. Plaintiff contends that it is relevant to "damages," but Plaintiff does not have a claim for actual damages in this action.  On the contrary, in light of the Court's ruling granting Defendant's motion for summary judgment as to Plaintiff's claim for corrective advertising and a reasonable royalty (ECF No. 114), Plaintiff's only claim for monetary relief is for disgorgement of Defendant's profits.  These speculative projections of Plaintiff's hoped-for financial performance are irrelevant to a claim for *Defendant's* profits, and in any event, Plaintiff never disclosed a damages theory or calculation based on its projected financial performance.  *See* Defendant's Joint Motion in Limine No. 1.

**EXHIBIT NO. 260**

Brief Description

The document produced at Bates range TCI_00019299-TCI_00019231 is a Dec. 22, 2017 email exchange between TCI Founder and Chief Executive Officer

1   Karissa Bodnar and TCI employee Kate McDonald and includes an e-mail exchange
2   between Margo Hays and Alex McIntosh.

3       Purpose for which Admission Is Sought

4       Plaintiff seeks to admit Trial Exhibit No. 28 because it shows TCI's ongoing
5   and continuous encounters with Plaintiff Thrive, including third parties reaching out
6   to TCI to point out the similarities.  It is also being introduced to show that Plaintiff
7   Thrive's efforts to build partnerships and investments have been thwarted by TCI's
8   encroachment on its brand name and mission.

9       Basis for the Objection

10      Hearsay (FRE 802) (as to the e-mails between Margo Hays and Alex McIntosh;
11  offered for the truth of the matters asserted and no exception applies).

12      Offering Party's Position

13      The e-mails between Margo Hays and Alex McIntosh are not being offered for
14  the truth of the facts asserted.

15      Objecting Party's Position

16      Defendant does not seek to exclude the entirety of Trial Exhibit No. 260, but
17  instead seeks to exclude the portions of the e-mail chain that are inadmissible
18  hearsay.  Trial Exhibit No. 260 contains e-mails exchanged between Alex McIntosh,
19  Plaintiff's Chief Executive Officer, and a third party Margo Hays, regarding finding
20  investors for Plaintiff's fundraising round.  Plaintiff seeks to rely upon Mr.
21  McIntosh's e-mails describing Plaintiff's alleged business growth for the truth of the
22  matters asserted therein, namely, that it was "on track for 500%
23  growth."  Accordingly, the e-mails between Mr. McIntosh and Ms. Hays are
24  inadmissible hearsay under Federal Rule of Evidence 802, and there is no exclusion or
25  exception under Federal Rules of Evidence 801 or 803 that apply.

26  **EXHIBIT NO. 261**

27      Brief Description

28

-13-

1    The document produced at Bates range TCI_00019222 – TCI_00019228 is a

2    Dec. 19, 2017 email exchange between TCI Founder and Chief Executive Officer

3    Karissa Bodnar and TCI employee Kate McDonald and includes an e-mail exchange

4    between Margo Hays and Alex McIntosh and the relevant e-mail attachments.

5    <u>Purpose for which Admission Is Sought</u>

6    Plaintiff seeks to admit Trial Exhibit No. 28 because it shows TCI's ongoing

7    and continuous encounters with Plaintiff Thrive, including third parties reaching out

8    to TCI to point out the similarities.  It is also being introduced to show that Plaintiff

9    Thrive's efforts to build partnerships and investments have been thwarted by TCI's

10   encroachment on its brand name and mission.

11   <u>Basis for the Objection</u>

12   Hearsay (FRE 802) (as to the e-mails between Margo Hays and Alex McIntosh;

13   offered for the truth of the matters asserted and no exception applies)

14   <u>Offering Party's Position</u>

15   The e-mails between Margo Hays and Alex McIntosh are not being offered for

16   the truth of the facts asserted.

17   <u>Objecting Party's Position</u>

18   Defendant does not seek to exclude the entirety of Trial Exhibit No. 261, but

19   instead seeks to exclude the portions of the e-mail chain that are inadmissible

20   hearsay.  Trial Exhibit No. 261 contains e-mails exchanged between Alex McIntosh,

21   Plaintiff's Chief Executive Officer, and a third party Margo Hays, regarding finding

22   investors for Plaintiff's fundraising round.  Plaintiff seeks to rely upon Mr.

23   McIntosh's e-mails describing Plaintiff's alleged business growth for the truth of the

24   matters asserted therein, namely, that it was "on track for 500%

25   growth."  Accordingly, the e-mails between Mr. McIntosh and Ms. Hays are

26   inadmissible hearsay under Federal Rule of Evidence 802, and there is no exclusion or

27   exception under Federal Rule of Evidence 803 that apply to this document.

28

**EXHIBIT NO. 298**

Brief Description

The document produced with Bates number TNC01423 shows an email from Jim Geickie to Alex McIntosh and states that Mr. Geickie likes the scent of a shaving oil.

Purpose for which Admission Is Sought

This document is being introduced to show the chronology of use in commerce and use analogous to trademark use that leads to Thrive Natural Care's first use date for its skincare products.  This email reflects one of Thrive Natural Care's first sales.

Basis for the Objection

Irrelevant (FRE 401; 402) (does not reflect a bona fide sale); Hearsay (FRE 802) (offered for the truth of the statements therein and no exception applies); and Prejudice (FRE 403) (prejudicial, misleading, and confusing for the same reasons).

Offering Party's Position

If Defendant believes that Trial Exhibit 298 does not reflect a bona fide sale, then they can introduce evidence of that or cross Mr. McIntosh on it. It is highly probative as to Plaintiff's earliest uses in commerce of the THRIVE mark in relation to skincare products. There is no undue prejudice to Defendant by simply showing an email communication between Plaintiff and an early purchaser of Plaintiff's products. It is not hearsay because it is not being offered for the truth of the matter.

Objecting Party's Position

Defendant seeks to exclude Trial Exhibit 298 because it is irrelevant, prejudicial, and is inadmissible hearsay.  Trial Exhibit 298 contains an email from Jim Geickie to Alex McIntosh wherein Mr. Geickie gives positive feedback on a sample of (presumably) Plaintiff's shaving oil.  Plaintiff seeks to rely upon the email describing Plaintiff's shaving oil for the truth of the matters asserted therein, namely attempting to assert that this exchange reflects a bona fide sale, when in fact it most strongly suggests a free sample for testing and feedback purposes.  Accordingly, the email

1    from Mr. Geickie to Mr. McIntosh is inadmissible hearsay under Federal Rule of

2    Evidence 802, and there is no exclusion or exception under Federal Rule of Evidence

3    803 that apply to this document.  Further, this document is irrelevant and TCI would

4    be prejudiced by its admission for the same reasons stated above.

5    **EXHIBIT NO. 308**

6        Brief Description

7        Exhibit C from the Declaration of A. McIntosh ISO Plaintiff's Response to

8    Additional Material Facts in Defendant's Statement of Genuine Disputes, exhibiting a

9    screenshot from Bloomingdale's "Luxury Skincare" product page.

10        Purpose for which Admission Is Sought

11        Trial Exhibit 308 is introduced to show examples of price points of high-end

12    skincare products from Bloomingdale's website.

13        Basis for the Objection

14        Hearsay (FRE 802) (offered for the truth of the statements therein and no

15    exception applies).

16        Offering Party's Position

17        Alex McIntosh will testify as to the origin, nature, and providence of this

18    document, evidencing that it is not hearsay under Rule 803 because it has

19    circumstantial guarantees of trustworthiness as a screenshot of Bloomingdale's

20    website.

21        Objecting Party's Position

22        Defendant seeks to exclude Trial Exhibit 308 which contains a screenshot from

23    Bloomingdale's "Luxury Skincare" product page.   Plaintiff seeks to rely upon this

24    screenshot for the truth of the matters asserted therein, namely that Bloomingdales in

25    fact offers the pictured items for the prices shown within.  Accordingly, the screenshot

26    from Bloomingdale's "Luxury Skincare" product page are inadmissible hearsay under

27    Federal Rule of Evidence 802, and there is no exclusion or exception under Federal

28    Rules of Evidence 803 that apply to this document.

1    **EXHIBIT NO. 317**

2        Brief Description

3        The document produced with Bates number TNC03493 regarding an Amazon

4    review that references mascara and describes Thrive as an "up and comer in the

5    cosmetics field."

6        Purpose for which Admission Is Sought

7        Exhibit 317 is being offered by Plaintiff to show actual confusion.

8        Basis for the Objection

9        Irrelevant (FRE 401; 402) (reflects alleged actual confusion stemming from

10    TCI's color cosmetics, which are not at issue); Prejudice (FRE 403) (prejudicial,

11    misleading, and confusing for the same reasons); and Objection as duplicative of Ex.

12    No. 120.

13        Offering Party's Position

14        This document shows that there is confusion as to the source of Thrive Natural

15    Care's skincare products. It also supports the conclusion that future confusion between

16    the parties' skincare products is all but certain if there is already some confusion even

17    excluding skincare products. Even if Thrive Natural Care is not explicitly accusing

18    TCI's cosmetics products of infringing, it is still the case that confusion between

19    TCI's cosmetics products and TNC's skincare products is strong evidence that

20    consumers would therefore be even more confused between TCI's *skincare* products

21    and TNC's skincare products.  This is especially true here, where the confusion is

22    dated June 2019, which is shortly after TCI began its large skincare product marketing

23    push.

24        Thrive Natural Care's CEO, Alex McIntosh, will testify as to the origin, nature,

25    and providence of this document. It is relevant to consumer confusion, goes towards

26    evidence of actual consumer confusion between Plaintiff and Defendant. TCI has not

27    identified *any* actual prejudice caused by this evidence, beyond the fact of its

28    relevance to the likelihood of confusion analysis. No such unfair prejudice exists, and

-17-

1  certainly not in sufficient quantity to substantially outweigh the probative value of this

2  actual confusion evidence.

3      Objecting Party's Position

4      Trial Exhibit No. 317 is inadmissible because it is irrelevant.  Fed. Rv. Evid.

5  401, 402.  The exhibit reflects alleged instances of actual confusion stemming from

6  TCI's color cosmetics products, for example, "Thrive is an up and comer in the

7  cosmetics field. Their mascara is phenomenal and this facial moisturizer with

8  sunscreen is a plus in their line."  In its First Amended Complaint, Plaintiff removed

9  nearly all of its allegations concerning TCI's color cosmetics products and does not

10  contend that TCI's use of the term "thrive" in connection with its color cosmetics

11  products is infringing.  *See* ECF No. 28 ¶ 62.  Instead, Plaintiff's claims are premised

12  entirely on TCI's sale of skincare products.  *See generally* ECF No. 28.  Alleged

13  instances of actual confusion stemming from TCI's color cosmetics are thus irrelevant

14  to and not probative of any actual confusion caused by TCI's skincare products, the

15  only products subject to Plaintiff's claims.  For this same reason, Trial Exhibit No.

16  317 is prejudicial, misleading, and confusing and should be excluded under Federal

17  Rule of Evidence 403, because it relates to alleged confusion stemming from color

18  cosmetics products that are not infringing and as to which Plaintiff has no claims in

19  this action.  Trial Exhibit No. 317 is also duplicative of and/or overlapping with Trial

20  Exhibit No. 120, *supra*.

21      **DEFENDANT'S TRIAL EXHIBITS SUBJECT TO OBJECTION**

22  **EXHIBIT NO. 2**

23      Brief Description

24      Trial Exhibit No. 2 is Defendant's Revenue Information for Color Cosmetics

25  (2016 – 2021), produced at Bates numbers TCI_00022753-TCI_00022767.

26      Purpose for which Admission Is Sought

27

28

-18-

Defendant seeks to admit Trial Exhibit No. 2 to demonstrate the amount of Defendant's costs related to the sale and production of its products, evidence of which Defendant is entitled to present to rebut Plaintiff's damages claim.

Basis for the Objection

The "Other Overhead" tabulation of this exhibit (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Income) are subject to pending Plaintiff's Motion In Limine No. 2 to Preclude Defendant from Offering Argument Regarding Its "Other Overhead". Plaintiff objects to portions of this Trial Exhibit on the grounds of Relevance, FRE 401; Lacks probative value, FRE 403; and Waste of time, FRE 403.

Offering Party's Position

Defendant notes that Plaintiff has included this exhibit in Plaintiff's exhibit list, thereby conceding its relevance. The final three columns (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Revenue) of the exhibit are relevant under Fed. R. Evid. 401 and 402 because they are  probative of TCI's costs related to the sale and production of its products, evidence of which TCI is entitled to present to rebut Plaintiff's damages claim.  *See* 15 U.S.C. § 1117(a).  For these same reasons, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, the information reflected in the final three columns (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Revenue) is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 2.

Objecting Party's Position

The long version of Plaintiff's argument can be found in its second motion in limine. The *Sum of Other Overhead*, *Sum of Total Costs*, and *Sum of Net Income* columns of this document contain irrelevant "costs" information. TCI' expert witness Karl Schulze and TCI's CFO Menninger both freely admitted in their depositions: (1) that the costs in the "Sum of Other Overhead" column of TCI's revenue spreadsheets is merely *every* single cost Thrive Causemetics Inc. incurred in any context

1   whatsoever that is not included elsewhere in TCI's revenue document as an identified

2   and deductible cost, and (2) that numerous categories of traditionally non-deductible

3   costs are indiscriminately lumped into "Other Overhead", including, but not limited

4   to: income taxes, all other taxes paid by TCI, charitable donations, travel,

5   entertainment, legal fees for this very lawsuit, legal fees for defending against a

6   previous class action lawsuit, "general administrative costs", "office expenses", public

7   relations, all of the company' salaries and benefits, research and development costs

8   (R&D), and rent.

9        Furthermore, TCI has never provided an exhaustive list of every cost included

10  in "Other Overhead" nor, for the costs it has identified, provided evidence for what

11  percentage of Other Overhead any given cost is. So, if a single type of cost was

12  inappropriately included in "Other Overhead", it would be impossible to know if that

13  cost was ninety-nine percent of the sum of Other Overhead or one-percent. If a single

14  one of those items is not a proper deductible cost, then the entire category of "Other

15  Overhead" must be excluded since TCI has never met its burden of presenting

16  evidence as to the amount of percentage of any particular item included in Other

17  Overhead. The other two categories, *Sum of Total Costs*, and *Sum of Net Income*, use

18  as part of their calculation the irrelevant "Other Overhead" numbers, and are thus

19  unreliable themselves.

20       TCI dumped 100% of its entire company's remaining costs of any type, with

21  zero exceptions, into a bucket it calls "Other Overhead," without disclosing precisely

22  what appears in that bucket other than giving vague examples, and without even a hint

23  as to how much to allocate to each item. That is fundamentally an improper "pure

24  allocation" of costs, which should be excluded. *See Folkens v. Wyland*, No. C-01-

25  1241 EDL, 2002 WL 1677708, at *5 (N.D. Cal. July 22, 2002).

26       Therefore, this category of "Other Costs", and all analysis regarding it,

27  including TCI's "Total Costs" and "Profits" numbers directly derived from its "Other

28

Costs" data, must all be excluded in their entirety as irrelevant, lacking probative value, and a waste of time.

**EXHIBIT NO. 3**

Brief Description

Trial Exhibit No. 3 is Defendant's Revenue Information for Skincare (2018 – Feb. 2021), produced at Bates TCI_00014424.

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 3 to demonstrate the amount of Defendant's costs related to the sale and production of its products, evidence of which Defendant is entitled to present to rebut Plaintiff's damages claim.

Basis for the Objection

The "Other Overhead" tabulation of this exhibit (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Income) are subject to pending Plaintiff's Motion In Limine No. 2 to Preclude Defendant from Offering Argument Regarding Its "Other Overhead". Plaintiff objects to portions of this Trial Exhibit on the grounds of Relevance, FRE 401; Lacks probative value, FRE 403; and Waste of time, FRE 403.

Offering Party's Position

Defendant notes that Plaintiff has included this exhibit in Plaintiff's exhibit list, thereby conceding its relevance. The final three columns (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Revenue) of the exhibit are relevant under Fed. R. Evid. 401 and 402 because they are  probative of TCI's costs related to the sale and production of its products, evidence of which TCI is entitled to present to rebut Plaintiff's damages claim.  *See* 15 U.S.C. § 1117(a).  For these same reasons, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, the information reflected in the final three columns (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Revenue) is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 2.

<u>Objecting Party's Position</u>

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 2, above and its second motion in limine. The objectionable issues between these two trial exhibits are identical.

**EXHIBIT NO. 38**

<u>Brief Description</u>

Trial Exhibit No. 38 is Defendant's Revenue Information, produced at Bates numbers TCI_00031132, TCI_00030183-TCI_00030184.

<u>Purpose for which Admission Is Sought</u>

Defendant seeks to admit Trial Exhibit No. 38 to demonstrate the amount of Defendant's costs related to the sale and production of its products, evidence of which Defendant is entitled to present to rebut Plaintiff's damages claim.

<u>Basis for the Objection</u>

The "Other Overhead" tabulation of this exhibit (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Income) are subject to pending Plaintiff's Motion In Limine No. 2 to Preclude Defendant from Offering Argument Regarding Its "Other Overhead". Plaintiff objects to portions of this Trial Exhibit on the grounds of Relevance, FRE 401; Lacks probative value, FRE 403; and Waste of time, FRE 403.

<u>Offering Party's Position</u>

Defendant notes that Plaintiff has included this exhibit in Plaintiff's exhibit list, thereby conceding its relevance. The final three columns (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Revenue) of the exhibit are relevant under Fed. R. Evid. 401 and 402 because they are  probative of TCI's costs related to the sale and production of its products, evidence of which TCI is entitled to present to rebut Plaintiff's damages claim.  *See* 15 U.S.C. § 1117(a).  For these same reasons, the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, the information reflected in the final three columns (Sum of Other Overhead, Sum of Total Costs, and Sum of Net Revenue) is admissible for the

1  additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in

2  Limine No. 2.

3      Objecting Party's Position

4      In an effort to reduce space and save the court's time, Plaintiff incorporates and

5  refers to the same position as it made to Trial Exhibit 2, above and its second motion

6  in limine. The objectionable issues between these two trial exhibits are identical.

7  **EXHIBIT NO. 364**

8      Brief Description

9      Trial Exhibit No. 364 is United States Patent and Trademark Office Query

10  Results for the Term "thrive*" (accessed Aug. 22, 2021) (ECF No. 63-28).

11      Purpose for which Admission Is Sought

12      Defendant seeks to admit Trial Exhibit No. 364 to demonstrate the common and

13  pervasive use of the term "thrive" by third parties as a trademark or potential

14  trademark, which is probative of the conceptual strength (or lack thereof) of Plaintiff's

15  mark.

16      Basis for the Objection

17      This exhibit is one of the exhibits subject to Plaintiff's Motion in Limine No. 1

18  To Preclude Defendant from Offering Improper Evidence of Alleged Third Party uses

19  of "Thrive" Mark.  Plaintiff objects to Exhibit 364 on the grounds of Relevance, FRE

20  401; Lacks probative value, FRE 403; and Waste of time, FRE 403.

21      Offering Party's Position

22      Trial Exhibit No. 364 is relevant under Fed. R. Evid. 401 and 402 because it is

23  probative of the extent of third-party use of the term "thrive," which is relevant to the

24  conceptual strength (or lack thereof) of Plaintiff's mark for the likelihood of confusion

25  analysis.  The exhibit reflects that over a thousand third parties are using or seek to

26  use the term "thrive" as a trademark or potential trademark, which illustrates that the

27  term "thrive" is common and ubiquitous, and certainly is not distinctive of Plaintiff or

28  Plaintiff's products.  There is no undue prejudice to Plaintiff in admitting evidence of

1    third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing,

2    or a waste of time under Fed. R. Evid. 403.

3         Furthermore, Trial Exhibit No. 364 is admissible for the additional reasons

4    explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

5         <u>Objecting Party's Position</u>

6         Trial Exhibit 364 is a printout from the United States Patent & Trademark

7    Office website that shows every single trademark application or registration currently

8    existing in the U.S. for a mark containing any iteration of the word "thrive,"

9    regardless of what class it is in, whether the trademark is actually registered, whether

10   it is simply an "intent-to-use" application, and, perhaps most importantly, whether the

11   products or services described actually bear any relationship to skincare products.

12        With regard to other purported evidence of third-party use of a mark, "[t]he

13   probative value of third-party trademarks depends entirely upon their usage" and

14   "where the record includes no evidence of the *extent of third party uses* the probative

15   value of this evidence is minimal." *Palm Bay Imports v. Veuve Clicquot Ponsardin*

16   *Maison Fondee En 1772*, 396 F.3d 1369, 1373 (Fed. Cir. 2005); *see also Scarves by*

17   *Vera, Inc. v. Todo Imports Ltd*., 544 F.2d 1167, 1173 (2d Cir. 1976) ("The

18   significance of third-party trademarks depends wholly upon their usage. Defendant

19   introduced no evidence that these trademarks were actually used by third parties, that

20   they were well promoted or that they were recognized by consumers."). On these

21   grounds, in *Buzzballz, L.L.C. v. Buzzbox Beverages, Inc*., No. ED14-CV-01725-VAP-

22   DTBX, 2016 WL 7496769 (C.D. Cal. April 12, 2016), the court in this District

23   granted plaintiff's motion in limine and excluded 10 alleged third-party trademark

24   uses because they were not for the same goods covered by the plaintiff's trademark.

25   *Id*. at *2; *see also Eclipse Assocs. Ltd. v. Data Gen. Corp*., 894 F.2d 1114, 1119 (9th

26   Cir. 1990) (finding no error in excluding evidence of use of mark for goods in

27   unrelated field, because "[e]vidence of other unrelated potential infringers is irrelevant

28   to claims of trademark infringement and unfair competition under federal law."). The

-24-

*Buzzballz* court then excluded the remaining 14 alleged third-party trademark uses because the defendant "has presented no evidence showing actual use." 2016 WL 7496769 at *3. According to *Buzzballz*, "Defendants must submit more than the homepage of a company's website and lay a foundation for it to show each Mark is actually used in commerce." *Id*.

Similarly, in *United Country Real Estate, LLC v. United Realty Group*, No. 16-CV-60154, 2017 WL 1293618 at *5 (S.D. Fla. Feb. 27, 2017), the court excluded expert testimony regarding third-party usage of 66 similar trademarks. That testimony rested upon "a picture of a storefront advertising the trademark at issue to the public, [and] a printout of a publicly accessible webpage bearing the mark." *Id*. What was missing, the court held, was "any information or data regarding the *extent* to which the 66 third-party marks have been used." *Id*. Such evidence might include "the length of time the brand had been in use; any advertising performed by the brand; any sales completed by the brand; the quality of the brand's products or services; the extent of consumer exposure to the brand; or the particular services offered by the brand." *Id*. Thus, again, evidence of the *extent* of use of third-party trademarks was indispensable to the admissibility of evidence of alleged third-party uses.

Here, TCI is seeking to use at trial a list of USPTO search results for the term "thrive*"[1] which shows 1,074 applications and registrations, not a single one of which has any demonstrated relationship to skincare products. These search results are significantly broader than those deemed irrelevant in *Boldface*, because here the listings are not limited to Class 003, not limited to skincare products, and do not exclude "intent-to-use" applications, but instead broadly cover any use of any iteration of "thrive" in any context for any goods or services. TCI's failure to limit the field to

---

[1] The asterisk is a wildcard in the search, so TCI's results include not just registrations and applications with the word "thrive" but also any marks that have "thrive" as a root to a longer word or variants of that word. This broad search function includes uses of thrive as a suffix, prefix, or in the middle of a much longer phrase or design logo. The search captures many irrelevant results such as "WETHRIVV COMFORT" (Exhibit 364, #67), "3IVELABS" (Id., #398), and even "SHUNXIN" (Id., #s 515-517), none of which describe skincare products.

1   skincare products is one reason to exclude the search results. *See Eclipse*, 894 F.2d at
2   1119; *Buzzballz*, 2016 WL 7496769, at *2. A second reason is that TCI has provided
3   *zero* evidence that the marks on the list "were actually used in commerce and viewed
4   by consumers" or that any use was significant enough to have "conditioned the mind
5   of prospective purchasers." *Boldface*, 940 F. Supp. 2d at 1191; McCarthy § 11:89 (4th
6   ed. 2013); *see also JaM Cellars, Inc. v. Vintage Wine Ests., Inc.*, No. 17-01133-CRB,
7   2017 WL 2535864, at *5 (N.D. Cal. June 12, 2017) (rejecting list of trademark
8   registrations containing the word BUTTER because "[t]hat a mark is registered does
9   not establish how widely used it is; for example, who is to say that consumers ever
10  actually encounter BUTTERKISSED wine?"); *Charles Schwab & Co., Inc. v.
11  Hibernia Bank*, 665 F. Supp. 800, 806 (N.D. Cal. 1987) (rejecting trademark search
12  that disclosed over 40 current or past registrations as "not proof of third party *uses*.")
13  Indeed, like the list in *Boldface*, TCI's USPTO search results also include intent-to-
14  use applications, which by definition "cannot be proof that those marks are used in the
15  marketplace and viewed by consumers." *Boldface*, 940 F. Supp. 2d at 1191 n.13.
16  Because of complete lack of evidence of use in the relevant field of skincare products,
17  this list of USPTO search results is irrelevant and prejudicial and should be excluded.
18  *See Boldface*, 940 F. Supp. 2d at 1191; *Buzzballs*, 2016 WL 7496769 at *3; *Icon
19  Enters.*, 2004 WL 5644805, at *31.

20      As a closer examination of just how irrelevant the search results of Trial Exhibit
21  364 are, the first three search results on page one of the exhibit are described below.
22  The very first result is Serial Number 90502924, which is an application (not a
23  registration), for a <u>service mark</u> "ThrivePage" in services Class 41 for "self-
24  improvement coaching services" and in Class 42 for "business and self-improvement
25  coaching software-as-a-service".

26      The second result is application number 90498830 for "THRLVEART" in class
27  16 for "art pictures on canvas". This application does not even include the word

28

1  "thrive" or any iteration of it, much less does it have anything to do with skincare

2  products.

3        The third application on the list, number 90445305, is a <u>service mark</u> for

4  "OVERCOME BURNOUT AND THRIVE" in Class 41 for educational workshops

5  "in the field of preventing physical or mental collapse caused by overwork or stress."

6  Again, this is simply an application and it has nothing to do with the brand "Thrive"

7  for Skincare Products.  These applications for services not in the same universe as

8  skincare products are not relevant to the issues the court is going to decide, and it is

9  put forward as a blatant attempt to simply confuse the finder of fact into thinking there

10  are "1074" records of Thrive used for relevant products, which is not true.

11        Because there are zero limitations as to the parameters of this USPTO search,

12  and it includes intent-to-use-applications and over a thousand applications that have

13  nothing whatsoever to do with skincare products, Plaintiff would have to spend hours

14  of its time cross examining Defendant's witness on hundreds of separate irrelevant

15  entries. This Exhibit must be excluded for being irrelevant, a waste of time, and

16  unduly prejudicial.

17  **EXHIBIT NO. 365**

18        <u>Brief Description</u>

19        Trial Exhibit No. 365 is an Amazon Webpage for Third Party Ashford Point

20  LLC's Thrive Therapeutic Cold Therapy Packs, Therapeutic Hot Therapy Packs, and

21  First Aid Kits (accessed Aug. 23, 2021) (ECF No. 63-30).

22        <u>Purpose for which Admission Is Sought</u>

23        Defendant seeks to admit Trial Exhibit No. 365 to demonstrate the common,

24  ongoing, and pervasive use of the term "thrive" by third parties as a trademark in

25  connection with goods that are substantially similar to Plaintiff's.

26

27        <u>Basis for the Objection</u>

28

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 365 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength (or lack thereof) of Plaintiff's mark for the likelihood of confusion analysis.  The exhibit reflects a third party's ongoing use of a mark similar to Plaintiff's mark in connection with personal and body care goods, which are substantially similar to Plaintiff's personal care goods, and illustrates that the term "thrive" is common and ubiquitous, and certainly is not distinctive of Plaintiff or Plaintiff's products.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 365 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

Plaintiff objects to Trial Exhibit No. 365 because there is no allegation that it shows "Thrive" used to sell skincare products. Instead, "Thrive" is apparently used to sell "first aid kits". First aid kits are not on trial here: only skincare products, lotions and creams are. Plaintiff is not attempting in this lawsuit to expand its trademark rights beyond exactly what is stated in its trademark registrations, i.e., skincare products, namely, lotions and creams. That "Thrive" may be used to sell other products, such as first aid kits, is simply not relevant to this case and is a complete waste of time. To the extent that Defendant has evidence of "Thrive" being used to sell skincare products such as lotions and creams, Plaintiff has no general objection to that evidence. But since that evidence is few and far between, Defendant has tried to make up for it and waste time by introducing uses of Thrive that are simply not at

1   issue in this litigation. There is also no evidence as to the *extent* of the use of this
2   mark, which alone makes this Exhibit inadmissible.

3          "The probative value of third-party trademarks depends entirely upon their
4   usage" and "where the record includes no evidence of the *extent of third party uses* the
5   probative value of this evidence is minimal." *Palm Bay Imports v. Veuve Clicquot
6   Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1373 (Fed. Cir. 2005); *see also
7   Scarves by Vera, Inc. v. Todo Imports Ltd.*, 544 F.2d 1167, 1173 (2d Cir. 1976) ("The
8   significance of third-party trademarks depends wholly upon their usage. Defendant
9   introduced no evidence that these trademarks were actually used by third parties, that
10  they were well promoted or that they were recognized by consumers."). On these
11  grounds, in *Buzzballz, L.L.C. v. Buzzbox Beverages, Inc.*, No. ED14-CV-01725-VAP-
12  DTBX, 2016 WL 7496769 (C.D. Cal. April 12, 2016), the court in this District
13  granted plaintiff's motion in limine and excluded 10 alleged third-party trademark
14  uses because they were not for the same goods covered by the plaintiff's trademark.
15  *Id.* at *2; *see also Eclipse Assocs. Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1119 (9th
16  Cir. 1990) (finding no error in excluding evidence of use of mark for goods in
17  unrelated field, because "[e]vidence of other unrelated potential infringers is irrelevant
18  to claims of trademark infringement and unfair competition under federal law."). The
19  *Buzzballz* court then excluded the remaining 14 alleged third-party trademark uses
20  because the defendant "has presented no evidence showing actual use." 2016 WL
21  7496769 at *3. According to *Buzzballz*, "Defendants must submit more than the
22  homepage of a company's website and lay a foundation for it to show each Mark is
23  actually used in commerce." *Id.*

24         Similarly, in *United Country Real Estate, LLC v. United Realty Group*, No. 16-
25  CV-60154, 2017 WL 1293618 at *5 (S.D. Fla. Feb. 27, 2017), the court excluded
26  expert testimony regarding third-party usage of 66 similar trademarks. That testimony
27  rested upon "a picture of a storefront advertising the trademark at issue to the public,
28  [and] a printout of a publicly accessible webpage bearing the mark." *Id.* What was

missing, the court held, was "any information or data regarding the *extent* to which the 66 third-party marks have been used." *Id*. Such evidence might include "the length of time the brand had been in use; any advertising performed by the brand; any sales completed by the brand; the quality of the brand's products or services; the extent of consumer exposure to the brand; or the particular services offered by the brand." *Id*. Thus, again, evidence of the *extent* of use of third-party trademarks was indispensable to the admissibility of evidence of alleged third-party uses.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams, and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 366**

Brief Description

Trial Exhibit No. 366 is Third Party Naked + Thriving LLC's Home Webpage (accessed Aug. 23, 2021) (ECF No. 63-31).

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 366 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 366 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength (or lack thereof) of Plaintiff's mark for the likelihood of confusion analysis.  The exhibit reflects a third party's ongoing use of a mark similar to Plaintiff's mark in connection with personal and body care goods, specifically body

and skin oils, which are substantially similar to Plaintiff's personal care goods, and illustrates that the term "thrive" is common and ubiquitous, and certainly is not distinctive of Plaintiff or Plaintiff's products.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 366 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

Plaintiff objects to Trial Exhibit No. 366 because there no evidence as to the *extent* of the use of this mark, which alone makes this Exhibit inadmissible as irrelevant, prejudicial, and a waste of time.

"The probative value of third-party trademarks depends entirely upon their usage" and "where the record includes no evidence of the *extent of third party uses* the probative value of this evidence is minimal." *Palm Bay Imports v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1373 (Fed. Cir. 2005); *see also Scarves by Vera, Inc. v. Todo Imports Ltd.*, 544 F.2d 1167, 1173 (2d Cir. 1976) ("The significance of third-party trademarks depends wholly upon their usage. Defendant introduced no evidence that these trademarks were actually used by third parties, that they were well promoted or that they were recognized by consumers."). On these grounds, in *Buzzballz, L.L.C. v. Buzzbox Beverages, Inc.*, No. ED14-CV-01725-VAP-DTBX, 2016 WL 7496769 (C.D. Cal. April 12, 2016), the court in this District granted plaintiff's motion in limine and excluded 10 alleged third-party trademark uses because they were not for the same goods covered by the plaintiff's trademark. *Id.* at *2; *see also Eclipse Assocs. Ltd. v. Data Gen. Corp.*, 894 F.2d 1114, 1119 (9th Cir. 1990) (finding no error in excluding evidence of use of mark for goods in unrelated field, because "[e]vidence of other unrelated potential infringers is irrelevant to claims of trademark infringement and unfair competition under federal law."). The *Buzzballz* court then excluded the remaining 14 alleged third-party trademark uses

because the defendant "has presented no evidence showing actual use." 2016 WL 7496769 at *3. According to *Buzzballz*, "Defendants must submit more than the homepage of a company's website and lay a foundation for it to show each Mark is actually used in commerce." *Id*.

Similarly, in *United Country Real Estate, LLC v. United Realty Group*, No. 16-CV-60154, 2017 WL 1293618 at *5 (S.D. Fla. Feb. 27, 2017), the court excluded expert testimony regarding third-party usage of 66 similar trademarks. That testimony rested upon "a picture of a storefront advertising the trademark at issue to the public, [and] a printout of a publicly accessible webpage bearing the mark." *Id*. What was missing, the court held, was "any information or data regarding the *extent* to which the 66 third-party marks have been used." *Id*. Such evidence might include "the length of time the brand had been in use; any advertising performed by the brand; any sales completed by the brand; the quality of the brand's products or services; the extent of consumer exposure to the brand; or the particular services offered by the brand." *Id*. Thus, again, evidence of the *extent* of use of third-party trademarks was indispensable to the admissibility of evidence of alleged third-party uses.

Accordingly, this Exhibit must be excluded because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 367**

Brief Description

Trial Exhibit No. 367 is Third Party I25X, LLC's ithriveX Performance Collection's Webpage (accessed Aug. 23, 2021) (ECF No. 63-32).

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 367 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 367 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength (or lack thereof) of Plaintiff's mark for the likelihood of confusion analysis.  The exhibit reflects a third party's ongoing use of a mark similar to Plaintiff's mark in connection with personal and body care goods, specifically lotion and creams, which are substantially similar to Plaintiff's personal care goods, and illustrates that the term "thrive" is common and ubiquitous, and certainly is not distinctive of Plaintiff or Plaintiff's products.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 367 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 366, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 368**

Brief Description

Trial Exhibit No. 368 is Third Party Surthrival LLC's Home Webpage (accessed Aug. 23, 2021) (ECF No. 63-33).

Purpose for which Admission Is Sought

-33-

Defendant seeks to admit Trial Exhibit No. 368 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 368 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength (or lack thereof) of Plaintiff's mark for the likelihood of confusion analysis.  The exhibit reflects a third party's ongoing use of a mark similar to Plaintiff's mark in connection with personal and body care goods, specifically non-medicated essential oils and medicated serums for use on the skin and lips,, which are substantially similar to Plaintiff's personal care goods, and illustrates that the term "thrive" is common and ubiquitous, and certainly is not distinctive of Plaintiff or Plaintiff's products.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 367 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

Plaintiff objects to Trial Exhibit No. 368 because there is no allegation that it shows "Thrive" used to sell skincare products. Instead, "Thrive" is apparently used to sell vitamins and supplements, which are an entirely different class of products according to the USPTO (Class 3 skincare products compared to Class 5 supplement and vitamin products). Neither Plaintiff nor Defendant sells vitamins or supplements. Vitamins and supplements are not on trial here: only skincare products, lotions and

1  creams are. Plaintiff is not attempting in this lawsuit to expand its trademark rights

2  beyond exactly what is stated in its trademark registrations, i.e., skincare products,

3  namely, lotions and creams. That "Thrive" may be used to sell other products, such as

4  ingested supplement products, is simply not relevant to this case and is a complete

5  waste of time. To the extent that Defendant has evidence of "Thrive" being used to

6  sell skincare products such as lotions and creams, Plaintiff has no general objection to

7  that evidence. But since that evidence is few and far between, Defendant has tried to

8  make up for it and waste time by introducing uses of Thrive that are simply not at

9  issue in this litigation. There is also no evidence as to the *extent* of the use of this

10  mark, which alone makes this Exhibit inadmissible.

11      "The probative value of third-party trademarks depends entirely upon their

12  usage" and "where the record includes no evidence of the *extent of third party uses* the

13  probative value of this evidence is minimal." *Palm Bay Imports v. Veuve Clicquot*

14  *Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1373 (Fed. Cir. 2005); *see also*

15  *Scarves by Vera, Inc. v. Todo Imports Ltd.*, 544 F.2d 1167, 1173 (2d Cir. 1976) ("The

16  significance of third-party trademarks depends wholly upon their usage. Defendant

17  introduced no evidence that these trademarks were actually used by third parties, that

18  they were well promoted or that they were recognized by consumers."). On these

19  grounds, in *Buzzballz, L.L.C. v. Buzzbox Beverages, Inc*., No. ED14-CV-01725-VAP-

20  DTBX, 2016 WL 7496769 (C.D. Cal. April 12, 2016), the court in this District

21  granted plaintiff's motion in limine and excluded 10 alleged third-party trademark

22  uses because they were not for the same goods covered by the plaintiff's trademark.

23  *Id*. at *2; *see also Eclipse Assocs. Ltd. v. Data Gen. Corp*., 894 F.2d 1114, 1119 (9th

24  Cir. 1990) (finding no error in excluding evidence of use of mark for goods in

25  unrelated field, because "[e]vidence of other unrelated potential infringers is irrelevant

26  to claims of trademark infringement and unfair competition under federal law."). The

27  *Buzzballz* court then excluded the remaining 14 alleged third-party trademark uses

28  because the defendant "has presented no evidence showing actual use." 2016 WL

7496769 at *3. According to *Buzzballz*, "Defendants must submit more than the homepage of a company's website and lay a foundation for it to show each Mark is actually used in commerce." *Id*.

Similarly, in *United Country Real Estate, LLC v. United Realty Group*, No. 16-CV-60154, 2017 WL 1293618 at *5 (S.D. Fla. Feb. 27, 2017), the court excluded expert testimony regarding third-party usage of 66 similar trademarks. That testimony rested upon "a picture of a storefront advertising the trademark at issue to the public, [and] a printout of a publicly accessible webpage bearing the mark." *Id*. What was missing, the court held, was "any information or data regarding the *extent* to which the 66 third-party marks have been used." *Id*. Such evidence might include "the length of time the brand had been in use; any advertising performed by the brand; any sales completed by the brand; the quality of the brand's products or services; the extent of consumer exposure to the brand; or the particular services offered by the brand." *Id*. Thus, again, evidence of the *extent* of use of third-party trademarks was indispensable to the admissibility of evidence of alleged third-party uses.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams (instead it *only* shows Thrive as used on vitamins), and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 370**

<u>Brief Description</u>

Trial Exhibit No. 370 is Third Party Le-Vel Brands, LLC's Skin Products Webpage (accessed Aug. 23, 2021) (ECF No. 63-35).

<u>Purpose for which Admission Is Sought</u>

Defendant seeks to admit Trial Exhibit No. 370 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

<u>Basis for the Objection</u>

-36-

1    This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff

2  objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks

3  probative value, confusing, and a waste of time under FRE 403.

4    <u>Offering Party's Position</u>

5    Trial Exhibit No. 370 is relevant under Fed. R. Evid. 401 and 402 because it is

6  probative of the extent of third-party use of the term "thrive," which is relevant to the

7  conceptual strength (or lack thereof) of Plaintiff's mark for the likelihood of confusion

8  analysis.  The exhibit reflects a third party's ongoing use of a mark similar to

9  Plaintiff's mark in connection with skincare products, which are substantially similar

10  to Plaintiff's goods, and illustrates that the term "thrive" is common and ubiquitous,

11  and certainly is not distinctive of Plaintiff or Plaintiff's products.  There is no undue

12  prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," and

13  thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid.

14  403.  Indeed, Plaintiff has filed a lawsuit against Le-Vel Brands, LLC alleging

15  trademark infringement concerning Lev-Brand's use of the term "thrive" on its

16  products, and thus Plaintiff has no credible basis to claim that evidence of Le-Vel's

17  ongoing use of the term "thrive" is irrelevant or prejudicial.  *See Thrive Natural Care,*

18  *Inc. v. Le-Vel Brands, LLC*, No. 2:21-CV-02022-DOC-KES (C.D. Cal.) (filed March

19  4, 2021).

20    Furthermore, Trial Exhibit No. 370 is admissible for the additional reasons

21  explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

22    <u>Objecting Party's Position</u>

23    In an effort to reduce space and save the court's time, Plaintiff incorporates and

24  refers to the same position as it made to Trial Exhibit 366, above. The objectionable

25  issues between these two trial exhibits are identical.

26    Accordingly, this Exhibit must be excluded because Defendant has not shown

27  the extent of this third party's use.

28

JOINT BRIEF CONCERNING EVIDENTIARY OBJECTIONS

1   **EXHIBIT NO. 371**

2      Brief Description

3      Trial Exhibit No. 371 is Third Party Simplythrive, LLC's Home Webpage

4   (accessed Aug. 23, 2021) (ECF No. 63-36).

5      Purpose for which Admission Is Sought

6      Defendant seeks to admit Trial Exhibit No. 371 to demonstrate the common,

7   ongoing, and pervasive use of the term "thrive" by third parties as a trademark in

8   connection with goods that are substantially similar to Plaintiff's.

9      Basis for the Objection

10      This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff

11   objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks

12   probative value, confusing, and a waste of time under FRE 403.

13      Offering Party's Position

14      Trial Exhibit No. 371 is relevant under Fed. R. Evid. 401 and 402 because it is

15   probative of the extent of third-party use of the term "thrive," which is relevant to the

16   conceptual strength (or lack thereof) of Plaintiff's mark for the likelihood of confusion

17   analysis.  The exhibit reflects a third party's ongoing use of a mark similar to

18   Plaintiff's mark in connection with online ordering services featuring toiletries and

19   fragrances, personal care products that are substantially similar to Plaintiff's goods,

20   and illustrates that the term "thrive" is common and ubiquitous, and certainly is not

21   distinctive of Plaintiff or Plaintiff's products.  There is no undue prejudice to Plaintiff

22   in admitting evidence of third-party use of the term "thrive," and thus the exhibit is

23   not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

24      Furthermore, Trial Exhibit No. 371 is admissible for the additional reasons

25   explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

26      Objecting Party's Position

27

28

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams (instead it *only* shows Thrive as used on vitamins), and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 380**

Brief Description

Trial Exhibit No. 380 is an e-mail exchange between Phil Segal and Alex McIntosh dated August 12, 2019, which was produced at Bates numbers TNC00835-TNC00837.

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 380 because it is probative of Plaintiff's understanding of the reasons for Defendant's commercial success, none of which are related to Defendant's use of the brand name THRIVE CAUSEMETICS. The exhibit supports Defendant's position that it did not derive a benefit from the use of the term "thrive" in its brand name.

Basis for the Objection

Trial Exhibit No. 380 is inadmissible hearsay being offered for the truth of the matter asserted. No exceptions to hearsay apply. It is also expert testimony from a lay witness, which is improper under FRE 701. It is also not the Best Evidence, and so is improper under Rule 1002 because it is a summary of a media interview with Ms. Bodnar instead of simply providing the text of the interview itself. For those reasons, it is also unduly prejudicial, lacks probative value, is irrelevant, and a waste of time under FRE 401 and 403.

Offering Party's Position

Trial Exhibit No. 380 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the reasons that Defendant has achieved commercial success that are

1  unrelated to its use of the brand name THRIVE CAUSEMETICS.  This is relevant to

2  Defendant's assertion that it did not derive any benefit from use of the term "thrive,"

3  but rather, its commercial success is driven by significant support from female

4  consumers as well as high-quality products.  There is no undue prejudice in admitting

5  evidence of Plaintiff's own assessment and evaluation of the reasons for Defendant's

6  commercial success.  Thus, the exhibit is not prejudicial, confusing, or a waste of time

7  under Fed. R. Evid. 403.

8  Trial Exhibit No. 380 is an admission of an opposing party and thus not hearsay

9  under Fed. R. Evid. 801(d)(2).  The exhibit is also a business record and thus falls

10  within the exception of Fed. R. Evid. 803(6), and can in any event be relied upon by

11  Defendant's expert witness.

12  Trial Exhibit No. 380 is also not improper expert testimony or opinion

13  testimony by a lay witness because Alex McIntosh is a party opponent and Phil Segal

14  is an agent of Plaintiff, both of whom are percipient witnesses who may offer their

15  personal observations of the reasons for Defendant's commercial success.

16  <u>Objecting Party's Position</u>

17  Trial Exhibit No. 380 is hearsay because it's being offered for the truth of the

18  matter asserted. It is not an "admission" since Phil Segal, the author of the email, is

19  not a party to this lawsuit, nor is he an employee or agent of Plaintiff Thrive Natural

20  Care. Nor is there any evidence or analysis that this email from a third party somehow

21  constitutes a "business record".

22  Furthermore, Mr. Segal is simply summarizing with bullet points what

23  Defendant's CEO, Ms. Bodnar, said in an interview. He is not offering his own

24  opinion on the matter. By introducing this into evidence, TCI is attempting to launder

25  their own CEO's quotes from a puff-piece media interview as if they are an expert

26  opinion from Phil Segal who is simply summarizing what Ms. Bodnar said.

27

28

1    This is only not the best evidence of what is said in the article. The article itself

2    is the best evidence of what is said in the article, but Defendant does not offer that into

3    evidence.

4    Phil Segal is not an expert. Mr. Segal is a lay witness, so this analysis is

5    improper under FRE 701. It is not alleged that he has any special knowledge

6    whatsoever of TCI beyond what he read in the Bodnar interview. TCI should not be

7    able to introduce contents of this email essentially as if its an analysis from an

8    independent expert, when it is truly just hearsay from someone who is not an expert

9    and is simply parroting Ms. Bodnar's talking points. For those reasons, the document

10   is irrelevant, a waste of time, unduly prejudicial, and lacks probative value.

11   **EXHIBIT NO. 428**

12   <u>Brief Description</u>

13   Trial Exhibit No. 428 is the United States Patent and Trademark office

14   Trademark Electronic Search System record for the mark SURTHRIVAL (accessed

15   October 14, 2021).

16   <u>Purpose for which Admission Is Sought</u>

17   Defendant seeks to admit Trial Exhibit No. 428 to demonstrate the common,

18   ongoing, and pervasive use of the term "thrive" by third parties as a trademark in

19   connection with goods that are substantially similar to Plaintiff's.

20   <u>Basis for the Objection</u>

21   This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff

22   objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks

23   probative value, confusing, and a waste of time under FRE 403.

24   <u>Offering Party's Position</u>

25   The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative

26   of the extent of third-party use of the term "thrive," which is relevant to the conceptual

27   strength of Plaintiff's mark for the likelihood of confusion analysis.  A third party has

28   registered and is using the mark SURTHRIVAL, which incorporates virtually all (and

-41-

phonetically, all) of Plaintiff's purported mark THRIVE, in connection with personal care and skincare goods, specifically non-medicated essential oils and medicated serums for use on the skin and lips, which are substantially related to Plaintiff's personal care goods, namely, skincare products, lotions, and creams.  The exhibit reflects ongoing third-party use of a similar mark in connection with substantially similar goods as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 428 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

### Objecting Party's Position

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams (instead it *only* shows Thrive as used on vitamins), and because Defendant has not shown the extent of this third party's use.

## EXHIBIT NO. 429

### Brief Description

Trial Exhibit No. 429 is the United States Patent and Trademark office Trademark Electronic Search System record for the mark THRIVE EVERY DAY (accessed October 14, 2021).

### Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 429 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

### Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 429 exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. A third party has registered and is using the mark THRIVE EVERY DAY, which incorporates Plaintiff's purported mark THRIVE, in connection with personal care goods, specifically essential oils for use in aromatherapy, which are substantially related to Plaintiff's personal care goods, namely, skincare products, lotions, and creams. The exhibit reflects ongoing third-party use of a similar mark in connection with substantially similar goods as Plaintiff's. There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 429 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 430**

Brief Description

1        Trial Exhibit No. 430 is the United States Patent and Trademark office

2    Trademark Electronic Search System record for the mark THRIVE HEALTH

3    CENTER (accessed October 14, 2021).

4        <u>Purpose for which Admission Is Sought</u>

5        Defendant seeks to admit Trial Exhibit No. 430 to demonstrate the common,

6    ongoing, and pervasive use of the term "thrive" by third parties as a trademark in

7    connection with goods that are substantially similar to Plaintiff's.

8        <u>Basis for the Objection</u>

9        This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff

10    objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks

11    probative value, confusing, and a waste of time under FRE 403.

12        <u>Offering Party's Position</u>

13        Trial exhibit No. 430 is relevant under Fed. R. Evid. 401 and 402 because it is

14    probative of the extent of third-party use of the term "thrive," which is relevant to the

15    conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A

16    third party has registered and is using the mark THRIVE HEALTH CENTER, which

17    incorporates Plaintiff's purported mark THRIVE, in connection with personal care

18    goods and services, including but not limited to "deep tissue moisturization,"

19    "facials," and "skin care," which are substantially related to Plaintiff's personal care

20    goods, namely, skincare products, lotions, and creams.  The exhibit reflects ongoing

21    third-party use of a similar mark in connection with substantially similar goods and

22    services as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence

23    of third-party use of the term "thrive," which is probative of the conceptual weakness

24    of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of

25    time under Fed. R. Evid. 403.

26        Furthermore, Trial Exhibit No. 430 is admissible for the additional reasons

27    explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

28        <u>Objecting Party's Position</u>

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 431**

Brief Description

Trial Exhibit No. 431 is the United States Patent and Trademark office Trademark Electronic Search System record for the mark THRIVE WEIGH LESS. LIVE LONGER (accessed October 14, 2021).

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 431 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 431 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A third party has registered and is using the mark THRIVE WEIGH LESS. LIVE LONGER, which incorporates Plaintiff's purported mark THRIVE, in connection with personal care and skincare goods and services, including specifically "facials and skin care," which are substantially related to Plaintiff's personal care goods, namely,

skincare products, lotions, and creams.  The exhibit reflects ongoing third-party use of a similar mark in connection with substantially similar goods as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 431 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 435**

Brief Description

Trial Exhibit No. 435 is Third Party The Wakaya Group's Products Webpage (accessed Aug. 23, 2021) (ECF No. 63-29).

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 435 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial exhibit No. 435 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A third party has registered and is using the mark EAT. DRINK. THRIVE., which incorporates Plaintiff's purported mark THRIVE, in connection with personal care and skincare goods, including specifically "Apothecary products, namely, non-medicated sea salt for use as bath salts; non-medicated skin preparations, namely, sea salt exfoliator for skin and body," which are substantially related to Plaintiff's personal care goods, namely, skincare products, lotions, and creams.  The exhibit reflects ongoing third-party use of a similar mark in connection with bodycare sea salt products, and the mark EAT. DRINK. THRIVE. appears at the bottom of the product description. There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 435 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

<u>Objecting Party's Position</u>

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams (here, it only shows use on sea salts) and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 442**

<u>Brief Description</u>

Trial Exhibit No. 442 is the SURTHRIVAL Home webpage (accessed October 14, 2021).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Purpose for which Admission Is Sought</u>

Defendant seeks to admit Trial Exhibit No. 442 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

<u>Basis for the Objection</u>

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

<u>Offering Party's Position</u>

Trial Exhibit No. 442 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis. A third party has registered and is using the mark SURTHRIVAL, which incorporates virtually all (and phonetically, all) of Plaintiff's purported mark THRIVE, in connection with skincare goods, specifically non-medicated essential oils and medicated serums for use on the skin and lips, which are substantially related to Plaintiff's goods, namely, skincare products, lotions, and creams. The exhibit reflects ongoing third-party use of a similar mark in connection with substantially similar goods as Plaintiff's. There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 442 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

<u>Objecting Party's Position</u>

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

1    Accordingly, this Exhibit must be excluded since it does not purport to show

2    skincare products, namely lotions or creams, and because Defendant has not shown

3    the extent of this third party's use.

4    **EXHIBIT NO. 443**

5    Brief Description

6    Trial Exhibit No. 443 is the SURTHRIVAL, Products webpage (accessed

7    October 14, 2021).

8    Purpose for which Admission Is Sought

9    Defendant seeks to admit Trial Exhibit No. 443 to demonstrate the common,

10   ongoing, and pervasive use of the term "thrive" by third parties as a trademark in

11   connection with goods that are substantially similar to Plaintiff's.

12   Basis for the Objection

13   This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff

14   objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks

15   probative value, confusing, and a waste of time under FRE 403.

16   Offering Party's Position

17   Trial Exhibit No. 443 is relevant under Fed. R. Evid. 401 and 402 because it is

18   probative of the extent of third-party use of the term "thrive," which is relevant to the

19   conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A

20   third party has registered and is using the mark SURTHRIVAL, which incorporates

21   virtually all (and phonetically, all)  of Plaintiff's purported mark THRIVE, in

22   connection with skincare goods, specifically non-medicated essential oils and

23   medicated serums for use on the skin and lips, which are substantially related to

24   Plaintiff's goods, namely, skincare products, lotions, and creams.  The exhibit reflects

25   ongoing third-party use of a similar mark in connection with substantially similar

26   goods as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence of

27   third-party use of the term "thrive," which is probative of the conceptual weakness of

28

Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 443 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams, and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 444**

Brief Description

Trial Exhibit No. 444 is The Vitamin Shoppe's Home webpage (accessed October 14, 2021).

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 444 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 444 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A third party has registered and is using the mark THRIVE EVERY DAY, which

incorporates Plaintiff's purported mark THRIVE, in connection with personal care goods, specifically essential oils for use in aromatherapy, which are substantially related to Plaintiff's personal care goods, namely, skincare products, lotions, and creams.  The exhibit reflects ongoing third-party use of a similar mark in connection with substantially similar goods as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 444 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams (here, only vitamins), and because Defendant has not shown the extent of this third party's use.


**EXHIBIT NO. 445**

Brief Description

Trial exhibit No. 445 is The Vitamin Shoppe's THRIVE EVERY DAY Products webpage (accessed October 14, 2021).

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 445 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 445 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A third party has registered and is using the mark THRIVE EVERY DAY, which incorporates Plaintiff's purported mark THRIVE, in connection with personal care goods, specifically essential oils for use in aromatherapy, which are substantially related to Plaintiff's personal care goods, namely, skincare products, lotions, and creams.  The exhibit reflects ongoing third-party use of a similar mark in connection with substantially similar goods as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 445 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams, and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 446**

Brief Description

1    Trial Exhibit No. 446 is the THRIVE HEALTH CENTERS Home webpage

2    (accessed October 14, 2021).

3    <u>Purpose for which Admission Is Sought</u>

4    Defendant seeks to admit Trial Exhibit No. 446 to demonstrate the common,

5    ongoing, and pervasive use of the term "thrive" by third parties as a trademark in

6    connection with goods that are substantially similar to Plaintiff's.

7    <u>Basis for the Objection</u>

8    This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff

9    objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks

10   probative value, confusing, and a waste of time under FRE 403.

11   <u>Offering Party's Position</u>

12   Trial Exhibit No. 446 is relevant under Fed. R. Evid. 401 and 402 because it is

13   probative of the extent of third-party use of the term "thrive," which is relevant to the

14   conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A

15   third party has registered and is using the mark THRIVE HEALTH CENTER, which

16   incorporates Plaintiff's purported mark THRIVE, in connection with personal care

17   goods and services, including but not limited to "deep tissue moisturization,"

18   "facials," and "skin care," which are substantially related to Plaintiff's personal care

19   goods, namely, skincare products, lotions, and creams.  The exhibit reflects ongoing

20   third-party use of a similar mark in connection with substantially similar goods and

21   services as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence

22   of third-party use of the term "thrive," which is probative of the conceptual weakness

23   of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of

24   time under Fed. R. Evid. 403.

25   Furthermore, Trial Exhibit No. 446 is admissible for the additional reasons

26   explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

27   <u>Objecting Party's Position</u>

28

-53-

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams, and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 447**

Brief Description

Trial Exhibit No. 447 is the THRIVE HEALTH CENTERS Products webpage (accessed October 14, 2021).

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 447 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 447 The exhibit is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A third party has registered and is using the mark THRIVE HEALTH CENTER, which incorporates Plaintiff's purported mark THRIVE, in connection with personal care goods and services, including but not limited to "deep tissue moisturization," "facials," and "skin care," which are substantially related to Plaintiff's personal care goods, namely, skincare products, lotions, and creams.  The exhibit reflects ongoing third-party use of a similar mark in connection with

substantially similar goods and services as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 447 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

Objecting Party's Position

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams, and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 448**

Brief Description

Trial Exhibit No. 448 is the THRIVE WEIGH LESS LIVE LONGER Home webpage (accessed October 14, 2021).

Purpose for which Admission Is Sought

Defendant seeks to admit Trial Exhibit No. 448 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

Basis for the Objection

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

Offering Party's Position

Trial Exhibit No. 448 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the

conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A third party has registered and is using the mark THRIVE WEIGH LESS. LIVE LONGER, which incorporates Plaintiff's purported mark THRIVE, in connection with personal care and skincare goods and services, including specifically "facials and skin care," which are substantially related to Plaintiff's personal care goods, namely, skincare products, lotions, and creams.  The exhibit reflects ongoing third-party use of a similar mark in connection with substantially similar goods as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 448 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

<u>Objecting Party's Position</u>

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams, and because Defendant has not shown the extent of this third party's use.

**EXHIBIT NO. 449**

<u>Brief Description</u>

Trial Exhibit No. 449 is the THRIVE WEIGH LESS LIVE LONGER Products webpage (accessed October 14, 2021).

<u>Purpose for which Admission Is Sought</u>

Defendant seeks to admit Trial Exhibit No. 449 to demonstrate the common, ongoing, and pervasive use of the term "thrive" by third parties as a trademark in connection with goods that are substantially similar to Plaintiff's.

<u>Basis for the Objection</u>

This trial exhibit is subject to Plaintiff's Motion in Limine No. 1. Plaintiff objects that this trial exhibit is irrelevant under FRE 401, and unduly prejudicial, lacks probative value, confusing, and a waste of time under FRE 403.

<u>Offering Party's Position</u>

Trial Exhibit No. 449 is relevant under Fed. R. Evid. 401 and 402 because it is probative of the extent of third-party use of the term "thrive," which is relevant to the conceptual strength of Plaintiff's mark for the likelihood of confusion analysis.  A third party has registered and is using the mark THRIVE WEIGH LESS. LIVE LONGER, which incorporates Plaintiff's purported mark THRIVE, in connection with personal care and skincare goods and services, including specifically "facials and skin care," which are substantially related to Plaintiff's personal care goods, namely, skincare products, lotions, and creams.  The exhibit reflects ongoing third-party use of a similar mark in connection with substantially similar goods as Plaintiff's.  There is no undue prejudice to Plaintiff in admitting evidence of third-party use of the term "thrive," which is probative of the conceptual weakness of Plaintiff's mark, and thus the exhibit is not prejudicial, confusing, or a waste of time under Fed. R. Evid. 403.

Furthermore, Trial Exhibit No. 449 is admissible for the additional reasons explained in Defendant's Opposition to Plaintiff's Joint Motion in Limine No. 1.

<u>Objecting Party's Position</u>

In an effort to reduce space and save the court's time, Plaintiff incorporates and refers to the same position as it made to Trial Exhibit 368, above. The objectionable issues between these two trial exhibits are identical.

Accordingly, this Exhibit must be excluded since it does not purport to show skincare products, namely lotions or creams, and because Defendant has not shown the extent of this third party's use.

DATED: October 15, 2021            The McArthur Law Firm, PC


                                   By:  */s/ Stephen McArthur*
                                        Stephen McArthur

                                        *Attorneys for Plaintiff*
                                        *Thrive Natural Care, Inc.*


DATED: October 15, 2021            SIDLEY AUSTIN, LLP


                                   By:  */s/ Rollin A. Ransom*
                                        Rollin A. Ransom

                                        *Attorneys for Defendant*
                                        *Thrive Causemetics, Inc.*


## ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, Thomas Dietrich, am the ECF User whose ID and password are being used to file this Stipulation. In compliance with Local Rule 5-4.3.4(a)(2), I hereby attest that Rollin Ransom has concurred in this filing.


Dated: October 15, 2021            */s/ Thomas Dietrich*
                                   Thomas Dietrich

JOINT BRIEF CONCERNING EVIDENTIARY OBJECTIONS