Stephen McArthur (SBN 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (SBN 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorneys for Plaintiff Thrive Natural Care, Inc.*

Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Thrive Causemetics, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THRIVE CAUSEMETICS, INC.,<br><br>Defendant. | Case No. 2:20-cv-9091-PA-AS<br><br>Hon. Percy Anderson<br><br>**DEFENDANT'S JOINT MOTION IN LIMINE NO. 2**<br><br>Hearing Date: November 1, 2021<br>Time: 1:30 p.m.<br><br>Trial Date: November 9, 2021<br>Time: 9:00 a.m.<br>Place: Courtroom 9A |

# TABLE OF CONTENTS

                                                                       **PAGE**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 2

      A.    TNC's Volition Evidence Lacks Foundation and Is Prejudicial ................ 2

      B.    TNC's Evidence of Alleged Confusion Arising from TCI's Sale of Cosmetic Products is Irrelevant and Unfairly Prejudicial ......................... 3

      C.    TNC's Ertz Testimony Constitutes Inadmissible Hearsay ....................... 4

I.    PLAINTIFF'S RESPONSE TO TCI'S MOTION IN LIMINE NO. 4 ................ 4

      A.    Evidence of Confusion Regarding Parties and Products is Relevant ........ 5

      B.    Testimony Regarding Agent's Statements Regarding Confusion and Plan to End Ertz Business Relation are Admissible .......................................... 7

II.   DEFENDANT'S REPLY ................................................................................... 8

      A.    Evidence of Confusion Based on Cosmetics Products is Irrelevant and Highly Prejudicial ........................................................................................ 9

      B.    Mr. McIntosh's Testimony Regarding the Alleged Statement of the Ertzs' Agent Is Inadmissible Double Hearsay ..................................................... 10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AMF Inc. v. Sleekcraft Boats*,
  599 F.2d 341 (9th Cir. 1979) ................................................................... 5, 6, 9

*Bourjaily v. United States*,
  483 U.S. 171 (1987) ............................................................................................ 4

*Conversive, Inc. v. Conversagent, Inc.*,
  433 F. Supp. 2d 1079 (C.D. Cal. 2006) ........................................................ 7, 10

*Cooper v. Montgomery Cty., Ohio*,
  No. 3:13 C 272, 2018 WL 272523 (S.D. Ohio Jan. 2, 2018) ............................ 3

*Fierberg v. Hyundai Motor Am.*,
  No. CV 97-5382 DT(CTX), 1997 WL 715457 (C.D. Cal. Aug. 18,
  1997) ............................................................................................................... 10

*Gastroceuticals, LLC v. Diamond Water, LLC*,
  No. CV 13-8073DMG(AJWX), 2014 WL 12318803 (C.D. Cal. Jan. 3,
  2014) ................................................................................................................. 9

*Henein v. Saudi Arabian Parsons Ltd.*,
  818 F.2d 1508 (9th Cir. 1987), *cert. denied*, 484 U.S. 1009 (1988) ................. 4

*Ironhawk Techs., Inc. v. Dropbox, Inc.*,
  2 F.4th 1150 (9th Cir. 2021) ............................................................................. 5

*Lahoti v. Vericheck, Inc.*,
  636 F.3d 501 (9th Cir. 2011) ...................................................................... 7, 10

*Sorchini v. City of Covina*,
  250 F.3d 706 (9th Cir. 2001) ........................................................................... 11

*U.S. for Use & Benefit of Remtech, Inc. v. Nat'l Union Fire Ins. Co. of
Pittsburgh, PA*,
  234 F.3d 1278 (9th Cir. 2000) ..................................................................... 8, 11

*United States v. Hankey*,
  203 F.3d 1160 (9th Cir. 2000) ........................................................................... 6

1  *United States v. Owens*,
2      699 F. Supp. 815 (C.D. Cal. 1988), *aff'd sub nom. United States v.*
3      *Owens-El*, 889 F.2d 913 (9th Cir. 1989) .................................................................. 2

4  *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*,
       No. 6:12-CV-00196BKS(ATB), 2018 WL 3135847 (N.D.N.Y. June
5      27, 2018) ........................................................................................................................ 3

6  **Statutes and Rules**

7  15 U.S.C. § 1125 ................................................................................................................ 5

8  Ninth Circuit Rule 36-3 ................................................................................................... 11
9
10 Fed. R. Evid. 401 .......................................................................................................... 3, 5

11 Fed. R. Evid. 402 .......................................................................................................... 1, 3

12 Fed. R. Evid. 403 .......................................................................................................... 3, 6

13 Fed. R. Evid. 602 ............................................................................................................... 2

14 Fed. R. Evid. 801 ............................................................................................................... 4
15
16 Fed. R. Evid. 803 ...................................................................................................... 4, 7, 9

17 Fed. R. Evid. 803(3) ................................................................................................ 7, 8, 10

18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION

In this trademark infringement action, Plaintiff Thrive Natural Care, Inc. ("TNC") seeks to present certain evidence of alleged actual confusion that should be excluded under the Federal Rules of Evidence, including Rules 402, 403, 602 and 803. Specifically, TNC should be barred from submitting the following evidence to the jury:

(1) a document created by third-party Volition Capital, LLC ("Volition") that uses the logo of Defendant Thrive Causemetics, Inc. ("TCI") in recognizing a group of "Mission-Driven Brands" (Declaration of Lauren M. De Lilly ("De Lilly Decl."), Ex. A, and TNC's speculative testimony that Volition actually intended to refer to TNC;

(2) an Amazon customer review of TNC products that also references TCI's mascara product (De Lilly Decl. Ex. B and Ex. C); and

(3) an email from Lisa Ertz regarding a prospective partnership in 2019 between TNC and professional athletes Zach and Julie Ertz, wherein Ms. Ertz references TCI makeup products (De Lilly Decl., Ex. D), and the related testimony of TNC co-founder Alex McIntosh that the partnership did not occur in part because of confusion between TNC and TCI (De Lilly Decl., Ex. E (TNC 30(b)(6)) at 261:18 – 264:25).

*First*, by its own admission, TNC lacks foundation to provide any testimony regarding the Volition document – no one at TNC has ever communicated with anyone from Volition, and TNC has no other evidence regarding it. *See* De Lilly Decl. Ex. E (TNC 30(b)(6)) at 260:12-14; De Lilly Decl., Ex. F (TNC RFA responses) at 2:14-16. As such, TNC's proposed testimony on the matter is purely speculative. *Second*, any evidence of alleged actual confusion arising from TCI's sale of cosmetic products (including the Amazon review and the Lisa Ertz evidence) should be excluded as irrelevant and prejudicial to TCI. TNC filed its First Amended Complaint

1 ("FAC") on July 1, 2021, and abandoned any claim of alleged infringement relating to TCI's cosmetic products. *See* generally ECF No. 26. Accordingly, any alleged actual confusion caused by TCI's use of the term "THRIVE" in connection with cosmetics is irrelevant to the issues in the case. *Third*, Mr. McIntosh's testimony that the Ertzs' did not move forward with a partnership with TNC due to brand confusion violates the rule against hearsay – it is based solely on an out-of-court statement allegedly made by the Ertzs' agent, and no exception to the rule against hearsay is applicable. Accordingly, TNC should be precluded from submitting this proposed evidence to the jury.

## ARGUMENT

### A. TNC's Volition Evidence Lacks Foundation and Is Prejudicial

TNC has admitted in its discovery responses that Volition never advised TNC that it intended to refer to TNC in its blog post, and Mr. McIntosh admitted in capacity as TNC's 30(b)(6) witness that TNC has never even communicated with Volition. DeLilly Decl. Ex. E (TNC 30(b)(6)) at 260:12-14; De Lilly Decl., Ex. F (TNC RFA responses) at 2:14-16. Yet TNC asserts that a Volition document regarding "Mission-Driven Brands" that includes TCI's logo was instead intended to refer to TNC, and Thrive Causemetics "got credit and recognition that it did not earn, due to confusion[.]" De Lilly Decl., Ex. G (TNC ROG responses) at 4:6-11. These assertions by TNC are purely speculative, lack foundation, and should be excluded.

A witness must have "personal knowledge of the matter" to which he or she testifies. Fed. R. Evid. 602. However, TNC has conceded that none of its witnesses has personal knowledge that Volition intended to recognize TNC rather than TCI. TNC thus cannot satisfy Rule 602 with respect to Volition's intentions. *United States v. Owens*, 699 F. Supp. 815, 818 (C.D. Cal. 1988), *aff'd sub nom. United States v. Owens-El*, 889 F.2d 913 (9th Cir. 1989). And in light of this lack of foundation, the risk of unfair prejudice to TCI and misleading the jury substantially outweighs any

probative value the document may have. As such, evidence regarding the Volition document is also properly excludable under Rule 403.

### B. TNC's Evidence of Alleged Confusion Arising from TCI's Sale of Cosmetic Products is Irrelevant and Unfairly Prejudicial

Federal Rules of Evidence 401 and 402 require that evidence must be relevant. Fed. R. Evid. 401, 402. Evidence relating to withdrawn or dismissed claims is not relevant and poses a high risk of unfair prejudice. *See Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 6:12-CV-00196BKS(ATB), 2018 WL 3135847, at *10 (N.D.N.Y. June 27, 2018) (granting motion in limine to exclude all evidence relating to plaintiff's withdrawn claims as irrelevant, and even if it were minimally relevant, "any probative value is substantially outweighed by the danger of 'unfair prejudice[,]'" under Rule 403); *see also Cooper v. Montgomery Cty., Ohio*, No. 3:13 C 272, 2018 WL 272523, at *3 (S.D. Ohio Jan. 2, 2018) (granting defendant's motion to exclude evidence respecting dismissed claims as irrelevant and presenting substantial danger of unfair prejudice).

In its FAC, TNC voluntarily withdrew Counts 1 and 3 of its original complaint, which asserted that TCI's use of the term "THRIVE" in connection with color cosmetics infringed on TNC's claimed trademark rights, and instead limited its claim to skincare products. *See* ECF Nos. 26, 26-2. Evidence related to alleged actual confusion arising from TCI's sale of cosmetics is therefore no longer probative of a fact that "is of consequence in determining the action," Fed. R. Evid. 401, and is therefore irrelevant and inadmissible. Fed. R. Evid. 401, 402. To the extent this evidence does retain any probative value, it is substantially outweighed by the risk of misleading the jury and unfair prejudice to TCI. TNC's proposed trial exhibits that reflect only alleged confusion involving cosmetics products[1] should be excluded as irrelevant under Rules 401 and 402, and unfairly prejudicial under Rule 403.

---

[1] *See* De Lilly Decl., Exs. B and C (screenshot of Amazon customer review of a TNC moisturizer stating "Thrive is an up and comer in the cosmetics field. Their mascara is phenomenal and this facial moisturizer with sunscreen is a plus in their line."); Ex. D

### C. TNC's Ertz Testimony Constitutes Inadmissible Hearsay

TNC's evidence that it lost a partnership with the Ertz family because of alleged confusion is not only excludable because it pertains to a claim that TNC has abandoned in the FAC, but also because it is inadmissible hearsay. TNC seeks to offer an out-of-court statement that the Ertzs' sports agent purportedly made to Mr. McIntosh, namely, that the Ertzs' were declining to enter into a partnership with TNC in part because of brand confusion between TNC and TCI. De Lilly Decl., Ex. E (TNC 30(b)(6)) at 261:18 – 264:25. Specifically, Mr. McIntosh testified that the Ertzs' agent told him in a phone conversation that "in large part, they were going to pass on a potential partnership … because there seemed to be some confusion." De Lilly Decl., Ex. E (TNC 30(b)(6)) at 262:25 – 263:3; *see also id.* at 263:21-25.

This proposed evidence constitutes hearsay, as it is "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. Hearsay is inadmissible at trial unless it comes under one of the exceptions set forth in Rule 803. *Henein v. Saudi Arabian Parsons Ltd.*, 818 F.2d 1508, 1512 (9th Cir. 1987), *cert. denied*, 484 U.S. 1009 (1988). The proponent of hearsay must prove an exception by a preponderance of the evidence, *Bourjaily v. United States*, 483 U.S. 171, 175 (1987), and no exception is applicable here. The evidence and any argument relating to it should be excluded on this ground as well.

For the foregoing reasons, TCI respectfully requests that the Court grants TCI's motion to exclude the evidence of alleged confusion described herein.

## I. PLAINTIFF'S RESPONSE TO TCI'S MOTION IN LIMINE NO. 4

TCI's motion combines three different, unrelated issues, which should have been brought in separate motions. Thrive objects that this is a violation of the Court's rule limiting motions in limine to four. [Dkt. 19 at 8] With regard to the document from Volition Capital, Plaintiff Thrive Natural Care, Inc. ("Thrive") withdraws the

---

(email from Lisa Ertz to Alex McIntosh stating "[w]onderful to meet the man behind my 3 must have beauty products in my case!")

-4-

evidence and will not seek to admit it or testimony relating to it at trial. The other two issues are addressed in turn.

### A. Evidence of Confusion Regarding Parties and Products is Relevant

There is no legal basis to exclude the Amazon review or Ms. Ertz' email, both of which support the likelihood of future confusion between skincare products sold by both parties using the "Thrive" name. Actual confusion evidence is relevant to the *Sleekcraft* likelihood of confusion test not to prove that some damage was caused by past confusion, but rather because "[e]vidence that use of the two marks has already led to confusion is persuasive proof that *future confusion* is likely." *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 352 (9th Cir. 1979) (emphasis added). Under the Lanham Act, this can be confusion or mistake as to the "affiliation, connection, or association" between the parties or "as to the origin, sponsorship, or approval" of the parties' goods. 15 U.S.C. § 1125(a)(1)(A). With regard to reverse confusion, this occurs "when a person who knows only of the well-known junior user comes into contact with the lesser-known senior user, and because of the similarity of the marks, mistakenly thinks that the senior user is the same as or is affiliated with the junior user." *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1160 (9th Cir. 2021).

The evidence at issue here is relevant because it is probative of whether future confusion between the parties' THRIVE-branded skincare products is likely, which is clearly a fact of consequence in this case. *See* Fed. R. Evid. 401. The customer who left the Amazon review came into contact with Plaintiff Thrive's skincare product and believed that it came from TCI. Ms. Ertz came into contact with Thrive as a company, and believed it to be the same as or affiliated with TCI. Whether or not these two people first learned about TCI because of its cosmetics products is neither here nor there. Regardless of whether that is true, the evidence supports the conclusion that TCI's sale of skincare products bearing the "THRIVE causemetics" mark is likely to cause f*uture confusion* with Thrive's skincare products bearing the THRIVE mark.

Further, TCI's assumption that this evidence "reflect[s] only alleged confusion

involving cosmetics products" is unsupported. Merely because the Amazon customer referred to TCI as being in the "cosmetics field" does not mean they were unaware of TCI's skincare line. The review was posted in July 2019, well after TCI admits it had launched and begun to expand its skincare line. Likewise, Ms. Ertz' email was sent in June 2019. Ms. Ertz's "3 must have beauty products" could certainly have been TCI skincare products and TCI has not shown otherwise. Indeed, one of TCI's infringing skincare products that was available when Ms. Ertz wrote her email, TCI's Defying Gravity Eye Lifting Cream, is advertised as "fight[ing] signs of stress, aging and dullness" and is "like beauty sleep in a bottle!" *See* TCI skincare product page at https://thrivecausemetics.com/products/defying-gravity-eye-lifting-cream (last visited October 8, 2021). As such, TCI's supposition that these instances of actual confusion relate only to its cosmetics products is unsupported. And even if that were true, the evidence would remain relevant because it supports the conclusion that future confusion between the parties' skincare products is likely.

   This evidence should not be excluded under Rule 403. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, *substantially outweighing probative value*, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (emphasis added). "[U]nfair prejudice means 'undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Id*. (quoting Advisory Committee Notes to Fed. R. Evid. 403). As the Ninth Circuit noted, evidence such as that at issue here is "persuasive proof" of future confusion. *Sleekcraft*, 599 F.2d at 352. TCI has not identified *any* actual prejudice caused by this evidence, beyond the fact of its relevance to the likelihood of confusion analysis. No such unfair prejudice exists, and certainly not in sufficient quantity to substantially outweigh the probative value of this actual confusion evidence. Therefore, the Court should deny TCI's attempt to exclude the Amazon review and Ertz email, both of which are relevant to the issue of likelihood of confusion and not unduly prejudicial. The two unpublished,

out-of-circuit decisions cited by TCI in its motion are not trademark cases and do not warrant a different result (or bear the slightest relation to the circumstances here).

### B. Testimony Regarding Agent's Statements Regarding Confusion and Plan to End Ertz Business Relation are Admissible

Mr. McIntosh's testimony regarding the Ertz family's business agent's statements are admissible under Rule 803(3) of the Federal Rules of Evidence. Mr. McIntosh testified: "What I recall him saying is that... There was confusion. That Ms. Ertz... was confused about which Thrive did which, or if it was the same company or different companies….I remember that clearly from the conversation [with the agent] of him just saying that there was confusion about is this one company or is it two companies, and that being something that an agent didn't want to get his 'busy and becoming very, very famous' clients involved in." [McIntosh Depo. 263:21-264:9]

In *Conversive, Inc. v. Conversagent, Inc.*, 433 F. Supp. 2d 1079 (C.D. Cal. 2006), the court found admissible over defendant's hearsay objection the "deposition testimony of plaintiff's sales personnel regarding conversations they had with potential purchasers" that concerned confusion between the parties. *Id*. at 1091. That court held such out-of-court statements showed "the then-existing state of mind of the declarant and that they are therefore admissible under an exception to the hearsay rule." *Id*.; Fed. R. Evid. 803(3). The Ninth Circuit followed that ruling in *Lahoti v. Vericheck, Inc.*, 636 F.3d 501 (9th Cir. 2011), stating that "[t]hough the customers' statements were clearly offered for the truth of the matter, they are permissible under the 'state of mind' exception to the hearsay rule." *Id*. at 509. Mr. McIntosh's testimony concerning the agent's statements about confusion between Thrive and TCI are identical to the statements found admissible in *Conversive* and *Lahoti* and are thus admissible here.

The agent's statement about confusion causing him to want to terminate the proposed business relationship is also admissible under Rule 803(3) as a statement of the agent's state of mind—specifically of his motive, intent, or plan to cancel the deal

-7-

between the Ertzs and TCI. The Ninth Circuit addressed similar circumstances in *U.S. for Use & Benefit of Remtech, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 234 F.3d 1278 (9th Cir. 2000). There, the plaintiff, Remtech, sought to admit testimony from one of defendant's employees, O'Neill, that another of defendant's employees, Fenstermacher, had said that he intended to get Remtech removed from the project at issue in the litigation. *Id*. at *3 (defendant objected to "O'Neill's statement that Fenstermacher expected Remtech to be off the project"). The Ninth Circuit affirmed the district court's ruling that this testimony was admissible under Rule 803(3) as relating to the declarant's state of mind. *Id.* Specifically, it was proper to "allow O'Neill to testify to Fenstermacher's statement, since the statement did appear to establish—at least under Remtech's theory of the case—Fenstermacher's intent or plan to get Remtech off the project; a plan he arguably later carried out." *Id*. Here, Mr. McIntosh's testimony regarding the agent's statements that he planned to terminate the relationship between Thrive and the Ertzs because of confusion between Thrive and TCI establishes the agent's intent or plan to stop the deal with Thrive. And the deal was subsequently terminated. The agent's statements are therefore almost identical to the statements deemed admissible in *Remtech* and are admissible here under Rule 803(3).

In sum, the Court should deny TCI's motion with regard to Amazon review and Ertz email, which are probative of a likelihood of future confusion. The Court should also deny TCI's attempt to exclude relevant testimony concerning the proposed Ertz deal, which is admissible under an exception to the hearsay rule.

## II.     DEFENDANT'S REPLY

TNC has now withdrawn its claim respecting Volition, having recognized it is speculative and lacks any foundation.  TNC attempts to save the other challenged evidence of alleged actual confusion, but its efforts fall woefully short.  The fact remains that the First Amended Complaint, which is the operative pleading, alleges infringement only with respect to TCI's skincare products, such that evidence of

alleged confusion related to non-infringing cosmetic products is both irrelevant and misleading. In addition, Mr. McIntosh's testimony regarding an out-of-court statement by the Ertzs' sports agent declining a partnership with TNC ostensibly because of Ms. Ertz's confusion is classic double hearsay without a valid exception under Rule 803; notably, the *only* authority that TNC invokes in support of its claim that the agent's alleged statement as to the *reason* for refusing to enter into a business relationship with TNC is an unpublished Ninth Circuit case cited in direct violation of the Ninth Circuit Local Rules.

### A. Evidence of Confusion Based on Cosmetics Products is Irrelevant and Highly Prejudicial

The crux of the likelihood of confusion test is whether a consumer would be confused "between the original trademark and the **allegedly infringing product**[.]" *Gastroceuticals, LLC v. Diamond Water, LLC*, No. CV 13-8073DMG(AJWX), 2014 WL 12318803, at *3 (C.D. Cal. Jan. 3, 2014) (emphasis added). It follows that the actual confusion factor of the *Sleekcraft* likelihood of confusion test is "persuasive proof that future confusion is likely" only as it pertains to confusion with respect to allegedly infringing products. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 352 (9th Cir. 1979). TNC nonetheless makes an illogical jump, claiming that *any* evidence of actual confusion, even involving products that are *not* "allegedly infringing products," is probative of the likelihood of future confusion between TNC and TCI's skincare products. TNC has provided no basis for this assertion (and this portion of its argument is conspicuously devoid of any citation to case law). The Amazon review and the Ms. Ertz evidence relate to TCI's cosmetic products, not its allegedly infringing skincare products, and these examples therefore do not tend to show that confusion with skincare products is likely. If anything, these examples show the opposite to be true. As TNC points out, these two examples occurred in 2019 *after* TCI began selling skincare products, yet neither mentions anything related to TCI skincare products.

Any limited probative value these two examples may have is substantially outweighed by the risk of unfair prejudice to TCI by creating the appearance of actual confusion as to products that are not the subject of TNC's operative infringement claims. The evidence of the Amazon review and Ms. Ertz's e-mail should be excluded.

## B. Mr. McIntosh's Testimony Regarding the Alleged Statement of the Ertzs' Agent Is Inadmissible Double Hearsay

Mr. McIntosh's testimony regarding the alleged statement of the Ertzs' sports agent – *i.e.*, that his clients would not partner with TNC because of alleged confusion – is clearly being offered to prove its truth, namely, that TNC lost the deal because of Ms. Ertz's confusion. The authority relied upon by TNC is either distinguishable or uncitable.

First, *Conversive* and *Lahoti* are not applicable. Unlike both these cases, the agent's out-of-court statement is not being offered to show that the agent, as declarant, had a confused state of mind – instead, Mr. McIntosh proposes to testify about what the agent said about *Ms. Ertz's* confusion. *See* DeLilly Decl. Ex. E (TNC 30(b)(6)) at 263:21-24 (emphasis added). ("What I recall him saying is that... There was confusion. *That Ms. Ertz did think that -- she was confused* about which Thrive did which[.]"). The "state of mind" exception in Rule 803(3), upon which TNC attempts to rely, does not apply to this *double* hearsay, in which one hearsay declarant discusses the alleged confusion of *other* hearsay declarants. *See Fierberg v. Hyundai Motor Am.*, No. CV 97-5382 DT(CTX), 1997 WL 715457, at *2 (C.D. Cal. Aug. 18, 1997) (excluding as "double hearsay" letters from plaintiff's sponsors stating their intention to withdraw sponsorship because potential clients had communicated to them that they were confused between plaintiff and other companies: "it appears that the confusion was not by those who wrote the letters," but other parties).

Equally inadmissible is Mr. McIntosh's testimony regarding the agent's alleged statement that the Ertzs would not enter into a business arrangement because of Ms.

Ertz's confusion. The *only* authority cited by TNC in support of its claim that this testimony – which is indisputably being offered for the truth of the alleged causal connection – is *U.S. for Use & Benefit of Remtech, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 234 F.3d 1278 (9th Cir. 2000) ("*Remtech*"). However, *Remtech* is an *unpublished* Ninth Circuit disposition from 2000. Under Ninth Circuit Rule 36-3 (which rule is prominently referenced at the top of the opinion), "[u]npublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit," except in limited circumstances inapplicable here. *See* Ninth Circuit Rules, Rule 36-3 (available at http://cdn.ca9.uscourts.gov/datastore/uploads/rules/frap.pdf). Violation of this rule is sanctionable. *See Sorchini v. City of Covina*, 250 F.3d 706, 709 (9th Cir. 2001) (per curium) (recognizing that violations of Rule 36-3 are sanctionable). TNC's argument is therefore bereft of any authority, and is in all events wrong: this proposed testimony by Mr. McIntosh is also inadmissible double hearsay, as the out-of-court statement of the agent (hearsay) is directly tied to Ms. Ertz's alleged confusion (double hearsay), and as discussed above, TNC has not sustained its burden of demonstrating that the "state of mind" exception reaches either level (much less both levels) of hearsay.

DATED: October 15, 2021

SIDLEY AUSTIN LLP

By: */s/ Rollin A. Ransom*
Rollin A. Ransom (State Bar No. 196126)
rransom@sidley.com
Lauren M. De Lilly (State Bar No. 301503)
ldelilly@sidley.com
Paula C. Salazar (State Bar No. 327349)
psalazar@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

| | |
|---|---|
| Dated: October 15, 2021 | *Attorneys for Defendant Thrive Causemetics, Inc.*<br><br>THE MCARTHUR LAW FIRM, PC<br><br>By: */s/ Stephen C. McArthur*<br>STEPHEN C. MCARTHUR<br>Stephen McArthur<br>stephen@smcarthurlaw.com<br>Thomas Dietrich<br>tom@smcarthurlaw.com<br>9465 Wilshire Blvd., Ste. 300<br>Beverly Hills, CA 90212<br>Telephone: (323) 639-4455 |

## **SIGNATURE ATTESTATION**

I am the CM/ECF filer whose identification and password are being used to file the foregoing Defendant's Joint Motion in Limine No. 2. In compliance with Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that every signatory has concurred in this filing.

| | |
|---|---|
| DATED: October 15, 2021 | By: */s/ Rollin A. Ransom*<br>Rollin A. Ransom |