Stephen McArthur (SBN 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (SBN 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
9465 Wilshire Blvd., Ste. 300
Beverly Hills, CA 90212
Telephone: (323) 639-4455

*Attorneys for Plaintiff Thrive Natural Care, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br>Plaintiff, <br><br>v. <br><br>THRIVE CAUSEMETICS, INC., <br><br>Defendant. | Case No. 2:20-CV-9091-PA-AS <br><br>**PLAINTIFF THRIVE NATURAL CARE, INC.'S DESIGNATIONS FROM PERSONAL DEPOSITION OF KARISSA BODNAR IN LIEU OF DIRECT EXAMINATION TRIAL DECLARATION** <br><br>Hon. Percy Anderson <br>United States District Court Judge <br>**Trial Date**: November 9, 2021 <br>**Time**: 9:00 a.m. <br>**Courtroom**: 9A, 350 W. 1st Street, 9th Floor, Los Angeles, California 90012 |

For its direct testimony in the bench trial scheduled in this matter, Plaintiff Thrive Natural Care, Inc. ("Thrive") submits the following designations from the Personal Deposition of Karissa Bodnar, CEO of Defendant Thrive Causemetics, Inc. ("TCI"), in lieu of a trial declaration for TCI's witness. The designations also include TCI's counter-designations and TCI's objections together with Thrive's responses.

Dated: October 26, 2021

Respectfully submitted,

**THE MCARTHUR LAW FIRM, PC**

By */s/ Stephen McArthur*

Stephen C. McArthur
Thomas E. Dietrich

*Attorneys for Plaintiff Thrive Natural Care, Inc.*

## PERSONAL DEPOSITION OF KARISSA BODNAR

| Deposition Designation | Objection & Response |
|---|---|
| *Plaintiff's Designation of Karissa Bodnar Personal Deposition* | |
| Plaintiff's Designation of K. Bodnar (4:10-12) <br><br> Page 4 <br> 10  Q.  Good afternoon, Ms. Bodnar. Can you state your name <br> 11      for the record, please? <br> 12  A.  Yes. My name is Karissa Elizabeth Bodnar. | |
| Plaintiff's Designation of K. Bodnar (5:8-19) <br><br> Page 5 <br> 8   Q.  Did you found Thrive Causemetics? <br> 9   A.  Yes. <br> 10  Q.  When? <br> 11  A.  I believe 2014. <br> 12  Q.  Do you have an ownership interest in Thrive <br> 13      Causemetics today? <br> 14  A.  Yes. <br> 15  Q.  What percentage of TCI do you own? <br> 16  A.  I don't know specifically. <br> 17  Q.  Do you have an estimate as to what percentage you <br> 18      own? <br> 19  A.  More than half. | |
| Plaintiff's Designation of K. Bodnar (6:5-7) <br><br> Page 6 <br> 5   Q.  Ms. Bodnar, does Brendan Gardner-Young have an <br> 6       ownership interest in TCI today? <br> 7   A.  Yes. | |

| | |
|---|---|
| Plaintiff's Designation of K. Bodnar (6:24-7:3)<br><br>Page 6<br>24   Q.   Do either of your parents have an ownership interest<br>25        in TCI today?<br>Page 7<br>. . .<br>3    A.   Yes. | Defendant's Objections:<br><br>Page 6:24-25; 7:3: Irrelevant, Fed. Evid. 401, 402; Prejudicial, Fed. R. Evid. 403<br><br>Plaintiff's Response:<br><br>Relevant to witness bias that both parents also have ownership in Defendant. *United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000) ("Evidence is relevant . . . if it has a mere tendency to impeach a witness' credibility by a showing of bias"). |
| Plaintiff's Designation of K. Bodnar (10:16-23)<br><br>Page 10<br>16   Q.   At the time you chose the name Thrive, did you<br>17        intend to sell skin care products?<br>18   A.   I don't remember.<br>19   Q.   You may have had that intent at the time you founded<br>20        the company?<br>. . .<br>22        You can answer again.<br>23   A.   I don't remember. | |
| Plaintiff's Designation of K. Bodnar (13:7-13)<br><br>Page 13<br>7    Q.   In 2014 had you considered selling Thrive | Defendant's Objections:<br><br>Page 13:10-13: Asked and answered (30(b)(6) |

| | | | |
|---|---|---|---|
| 8 | | Causemetics branded skin care products? | transcript page 15), Fed. R. Evid. 611(a) |
| 9 | A. | I don't remember. | |
| 10 | Q. | Before you started selling Thrive Causemetics' | Plaintiff's Response: |
| 11 | | branded products, did you do any kind of search to see if | Question does not waste time or harass or unduly embarrass the witness. No basis to strike under FRE 611(a). |
| 12 | | the Thrive Causemetics name was being used? | |
| 13 | A. | I don't remember. | |
| Plaintiff's Designation of K. Bodnar (13:24-14:4) | | | Defendant's Objections: |
| Page 13 | | | Page 13:24-14:4: Asked and answered (individual transcript page 13 and 30(b)(6) transcript page 57-58), Fed. R. Evid. 611(a) |
| 24 | Q. | Ms. Bodnar, so we're clear as to time, before you | |
| 25 | | started using the Thrive Causemetics name on products | |
| Page 14 | | | Plaintiff's Response: Question does not waste time or harass or unduly embarrass the witness. No basis to strike under FRE 611(a). |
| 1 | | that you were selling, did you ask anyone else to do a | |
| 2 | | search to see if the Thrive Causemetics name was being | |
| 3 | | used? | |
| 4 | A. | I don't remember. | |
| Plaintiff's Designation of K. Bodnar (14:20-15:5) | | | Defendant's Objections: |
| Page 14 | | | Page 14:20-15:5: Irrelevant, Fed. Evid. 401, 402; Prejudicial, Fed. R. Evid. 403 (unrelated to THRIVE) |
| 20 | Q. | At some later time did you become aware of someone | |
| 21 | | using the trademark Cause-Metics spelled C-A-U-S-E, | |
| 22 | | hyphen, M-E-T-I-C-S? | Plaintiff's Response: |
| 23 | A. | Yes. | |
| 24 | Q. | When did you learn about that? | Testimony and evidence is admissible under FRE 404(b)(2) to show motive, plan, or knowledge or FRE 406 to show routine practice |
| 25 | A. | I don't remember. | |
| Page 15 | | | |
| 1 | Q. | Do you know how you first learned that information? | |

3

| | | | |
|---|---|---|---|
| 2 | A. | I don't remember. | of Defendant. Defendant and Ms. Bodnar knew that both portions of the brand name "thrive" and "causemetics" were registered trademarks of third parties. Yet Defendant continued to use both words in complete disregard of third-party trademark rights. These facts are relevant to infringement and willfulness. |
| 3 | Q. | Do you know if you received that information in a | |
| 4 | | trademark search? | |
| 5 | A. | I don't remember. | |

| Plaintiff's Designation of K. Bodnar (16:2-13) | | | Defendant's Objections: |
|---|---|---|---|
| Page 16 | | | Page 16:2-13: Irrelevant, Fed. Evid. 401, 402; Prejudicial, Fed. R. Evid. 403 (unrelated to THRIVE) |
| 2 | Q. | Did you take any steps to contact the owner of the | |
| 3 | | Cause-Metics mark? | |
| 4 | A. | I honestly don't remember. | Plaintiff's Response: |
| 5 | Q. | Did you ask the owner of the Cause-Metics mark for | |
| 6 | | permission to use the mark in your brand? | Testimony and evidence is admissible under FRE 404(b)(2) to show motive, plan, or knowledge or FRE 406 to show routine practice of Defendant. Defendant and Ms. Bodnar knew that both portions of the brand name "thrive" and "causemetics" were registered trademarks of third parties. Yet Defendant continued to use both words in complete disregard of third-party trademark rights. These facts are relevant to |
| 7 | A. | I don't remember. | |
| 8 | Q. | Did you ever communicate with the owner of the | |
| 9 | | Cause-Metics mark? | |
| 10 | A. | I don't remember. | |
| 11 | Q. | As a result of learning of the Cause-Metics mark, | |
| 12 | | did you make any changes to TCI's name? | |
| 13 | A. | No. | |

| | |
|---|---|
| | infringement and willfulness. |
| Plaintiff's Designation of K. Bodnar (20:5-13)<br><br>Page 20<br>5   Q.   Do you know who owns the Cause-Metics mark now?<br>6   A.   Thrive Causemetics owns the trademark Causemetics.<br>7   Q.   And how did Thrive Causemetics come to own that<br>8        trademark?<br>9   A.   I believe we purchased it.<br>10  Q.   From whom?<br>11  A.   I believe it was Jody R. Weiss.<br>12  Q.   When? When was that purchase completed?<br>13  A.   I don't remember. | Defendant's Objections:<br><br>Page 20:5-13: Irrelevant, Fed. Evid. 401, 402; Prejudicial, Fed. R. Evid. 403 (unrelated to THRIVE)<br><br>Plaintiff's Response:<br><br>Testimony and evidence is admissible under FRE 404(b)(2) to show motive, plan, or knowledge or FRE 406 to show routine practice of Defendant. Defendant and Ms. Bodnar knew that both portions of the brand name "thrive" and "causemetics" were registered trademarks of third parties. Yet Defendant continued to use both words in complete disregard of third-party trademark rights. These facts are relevant to infringement and willfulness. |
| Plaintiff's Designation of K. Bodnar (23:5-13)<br><br>Page 23<br>5   Q.   When did TCI start selling filtered effects<br>6        blurring primer?<br>7   A.   It was 2020 I believe. It could have been 2019, but<br>8        it's somewhere in that range.<br>9   Q.   Does TCI advertise filtered effects blurring primer | |

| | | | |
|---|---|---|---|
| 10 | | as a skin care product? | |
| . . . | | | |
| 13 | A. | I don't know. | |
| Plaintiff's Designation of K. Bodnar (24:6-8) <br><br> Page 24 <br> 6    Q.    Have you ever seen the contents for filtered effects <br> 7           blurring primer on TCI's website? <br> 8    A.    Honestly, I don't know. | | | |
| Plaintiff's Designation of K. Bodnar (24:23-25:19) <br><br> Page 24 <br> 23    Q.    Do you know if TCI has ever advertised filter <br> 24           effects blurring primer as a makeup plus skin care <br> 25           hybrid? <br> Page 25 <br> . . . <br> 2    A.    I don't know specifically. <br> 3    Q.    Are you familiar with the content of TCI's website? <br> . . . <br> 5    A.    What content? <br> 6    Q.    The content regarding filtered effects blurring <br> 7           primer. <br> . . . <br> 9    A.    I am not -- I don't know. I don't know. <br> 10   Q.    Do you have any reason to doubt the contents in this <br> 11          exhibit appeared on TCI's website? <br> . . . <br> 14   A.    I don't know. <br> 15   Q.    Does TCI sell any products that it refers to as | | | |

| | |
|---|---|
| 16        makeup plus skin care hybrid?<br>. . .<br>19   A.   I don't know. | |
| Plaintiff's Designation of K. Bodnar (35:6-9)<br><br>Page 35<br>6   Q.   Do you know what the first thing you learned about<br>7        Thrive Natural Care was?<br>8   A.   I don't remember the first thing that I learned<br>9        about them, no. | |
| Plaintiff's Designation of K. Bodnar (35:18-22)<br><br>Page 35<br>18   Q.   Do you recall if you asked Thrive Natural Care for<br>19        permission to use the Thrive name in TCI's name?<br>. . .<br>22   A.   I don't know. | Defendant's Objections:<br><br>Page 35:18-19, 22: Asked and answered (30(b)(6) transcript), Fed. R. Evid. 611(a)<br><br>Plaintiff's Response:<br><br>Question does not waste time or harass or unduly embarrass the witness. No basis to strike under FRE 611(a). Ms. Bodnar is a key witness and Plaintiff should be permitted to admit testimony demonstrating she does not recall important issues in this case. |
| Plaintiff's Designation of K. Bodnar (36:23-37:10)<br><br>Page 36<br>23   Q.   Do you recall reaching out to Thrive Natural Care | Defendant's Objections:<br><br>Page 36:23-37:4; 37:7-10: Asked and answered (30(b)(6) transcript page |

7

| | | | |
|---|---|---|---|
| 24 | | asking for permission to use the word Thrive as part of | 197-198), Fed. R. Evid. 611(a) |
| 25 | | our brand name? | |
| Page 37 | | | Plaintiff's Response: |
| 1 | A. | No, I don't. | |
| 2 | Q. | Do you know why you would have reached out to Thrive | Question does not waste time or harass or unduly embarrass the witness. No |
| 3 | | Natural Care asking for permission to use the word Thrive | basis to strike under FRE 611(a). Ms. Bodnar is a key |
| 4 | | as part of your brand name? | witness and Plaintiff should |
| . . . | | | be permitted to admit |
| 7 | A. | I don't recall. | testimony demonstrating |
| 8 | Q. | By this time, were you aware of Thrive Natural | she does not recall important issues in this |
| 9 | | Care's trademark registration? | case. |
| 10 | A. | I don't remember. | |
| Plaintiff's Designation of K. Bodnar (37:20-39:12) | | | Defendant's Objections: |
| | | | |
| Page 37 | | | Page 37:20-38:2; 38:10-12, |
| 20 | Q. | Do you recall reaching out to Thrive Natural Care at | 14-16, 18-23; 39:1-3, 5-10, 12: Asked and answered |
| 21 | | any time after this email exchange in this exhibit? | (30(b)(6) transcript pages 206, 210, 217, 218), Fed. R. |
| 22 | A. | Again, I don't want to speculate on timing, but I do | Evid. 611(a) |
| 23 | | recall reaching out to Thrive Natural Care. | Plaintiff's Response: |
| 24 | Q. | And did you make contact with anyone there? | Question does not waste |
| 25 | A. | Yes. | time or harass or unduly |
| Page 38 | | | embarrass the witness. No |
| 1 | Q. | Who? | basis to strike under FRE |
| 2 | A. | Alex McIntosh. | 611(a). Ms. Bodnar is a key |
| . . . | | | witness and Plaintiff should |
| 10 | Q. | Did you speak to Mr. McIntosh? | be permitted to admit |
| 11 | A. | Yes. | testimony demonstrating |
| 12 | Q. | Why did you call him again? | she does not recall |
| . . . | | | important issues in this |
| 14 | A. | I don't know. | case. |

8

| | | |
|---|---|---|
| 15 | Q. | Did you have any specific purpose in mind in |
| 16 | | contacting him? |
| . . . | | |
| 18 | A. | I don't know. |
| 19 | Q. | Did you ask him again for permission to use the |
| 20 | | Thrive name? |
| 21 | A. | I don't remember. |
| 22 | Q. | Did you discuss with him any terms relating to using |
| 23 | | the Thrive name? |
| . . . | | |

Page 39

| | | |
|---|---|---|
| 1 | A. | I don't remember. |
| 2 | Q. | When you contacted and spoke with Alex McIntosh at |
| 3 | | that time, was TCI selling skin care products? |
| . . . | | |
| 5 | A. | I don't know. |
| 6 | Q. | Do you recall telling Alex McIntosh that TCI was |
| 7 | | selling skin care products? |
| 8 | A. | I don't recall. |
| 9 | Q. | Did you ask for permission to use the Thrive name on |
| 10 | | skin care products? |
| . . . | | |
| 12 | A. | I don't remember. |

9