1   Stephen McArthur (SBN 277712)
    stephen@smcarthurlaw.com
2   Thomas Dietrich (SBN 254282)
    tom@smcarthurlaw.com
3   THE MCARTHUR LAW FIRM, P.C.
    9465 Wilshire Blvd., Ste. 300
4   Beverly Hills, CA 90212
    Telephone: (323) 639-4455
5
    *Attorneys for Plaintiff Thrive*
6   *Natural Care, Inc.*

7

8

9                     UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12   THRIVE NATURAL CARE, INC.,          Case No. 2:20-CV-9091-PA-AS

13              Plaintiff,                **PLAINTIFF'S MEMORANDUM IN
                                          SUPPORT OF MOTION TO
14        v.                              ENFORCE ESSENTIAL TERMS OF
                                          SETTLEMENT**
15   THRIVE CAUSEMETICS, INC.,
                                          Hon. Percy Anderson
16              Defendant.
                                          **Hearing Date**: January 10, 2022
17                                        **Time**: 1:30 p.m.
                                          **Courtroom**: 9A
18

19

20

21

22

23

24

25

26

27

28

**Introduction**

1

2        Plaintiff Thrive Natural Care, Inc. ("Thrive") files this motion to respectfully

3    request that this Court reopen this case to enforce the essential terms of the

4    settlement agreement, retain jurisdiction, and not dismiss this case with prejudice,

5    as the parties have not yet completed negotiating a long-form settlement agreement.

6    The parties are continuing to actively negotiate, are making progress, and expect to

7    finalize a settlement agreement within the next week, which would likely moot this

8    motion. If that occurs, Thrive will promptly provide notice to this Court.

9    **I.    Facts**

10       On November 15, 2021, Thrive and Defendant Thrive Causemetics, Inc.

11   ("TCI") appeared before this Court through their counsel and party representatives.

12   (ECF No. 196). Each party approved and adopted the essential terms of settlement,

13   which were contained in a term sheet submitted to the Court (the "Essential

14   Terms"). (*See id.*). In order to allow the parties time to negotiate a long-form

15   settlement agreement, the Court retained jurisdiction for the sole purposes of

16   enforcing the Essential Terms through December 6, 2021, after which the Court

17   stated it would dismiss the action with prejudice if a long-form contract was

18   executed. (*Id.*). Following the parties' stipulation and request for a 7-day extension,

19   the Court ordered that it retained enforcement jurisdiction through today, December

20   13, 2021. (ECF No. 199).

21       The parties have been negotiating in good faith and have made significant

22   progress. The parties expect that they will likely be able to reach a long-form

23   agreement with more time. However, they have not been able to complete it yet.

24   Pursuant to the Court's Order (ECF No. 199), to avoid dismissal with prejudice and

25   divestiture of jurisdiction, a party must move to enforce the Essential Terms today

26   if they had not completed negotiating the long-form agreement. For this reason,

27   Thrive moves to enforce the Essential Terms as emailed to the court on November

28   15, 2021, and asks that the Court retain enforcement jurisdiction.

PLAINTIFF'S MEMO ISO MTN. TO
ENFORCE ESSENTIAL TERMS
Case No. 2:20-CV-09091-PA-AS

## II.   <u>Argument</u>

### A.   **Applicable Law**

District courts have ancillary jurisdiction to enforce a settlement agreement where the "parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 381 (1994)). "In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist." *Kokkonen*, 511 U.S. at 381.

### B.   **The Court Has Jurisdiction to Enforce the Essential Terms**

Because the parties agreed to the Essential Terms on the record, and those terms were made part of the Court's dismissal order, the Court has properly retained enforcement jurisdiction over this action under *Kokkonen*. Because the parties are continuing to actively negotiate the long-form settlement agreement, it would be premature for the Court to dismiss the case with prejudice and divest itself or jurisdiction. Doing so would leave either party very limited or no recourse to enforce the agreed-upon Essential Terms. Further, the deadline for satisfaction of certain Essential Terms is approaching, and enforcement may be necessary.

Thrive therefore respectfully requests that this Court reopen this case to enforce the Essential Terms, retain enforcement jurisdiction, and not dismiss the case with prejudice by the date specified in its prior Order. Rather, it would be in the parties' interests and in the interest of judicial economy for the Court to retain enforcement jurisdiction and maintain the current status of dismissal without prejudice until the parties provide notice that a long-form agreement has been completed. Thrive and TCI are and have been diligently working to conclude this case in as prompt a fashion as possible.

1

## **<u>Conclusion</u>**

2      For the reasons stated above, Thrive requests that this Court grant the motion

3  and reopen the case to enforce the Essential Terms, retain enforcement jurisdiction,

4  and not dismiss the case with prejudice.

5

6      DATED:  December 13, 2021                Respectfully submitted,

7                                               THE MCARTHUR LAW FIRM, PC

8                                               By: */s/ Stephen McArthur*
                                                  Stephen McArthur
9                                                 Thomas Dietrich

10                                              *Attorneys for Plaintiff Thrive Natural*
                                                *Care, Inc.*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28