**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> v. <br><br> THRIVE CAUSEMETICS, INC., <br><br> Defendant. | Case No. CV 20-9091 PA (ASx) <br><br> JUDGMENT |

In accordance with the Court's January 19, 2022 Minute Order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff Thrive Natural Care, Inc. ("Plaintiff") shall have Judgment in its favor and against defendant Thrive Causemetics, Inc. ("Defendant");

2. Defendant shall change the name of its skincare products to remove the "thrive" element (or any confusingly similar variation of "thrive") on all packaging, marketing or other communications respecting such skincare products (including the purchase of keywords that connects the term "thrive" with any skincare-related term or product), provided that the re-named skincare products may continue to be sold on

thrivecausemetics.com, and that marketing of and communications regarding such products may include a link to thrivecausemetics.com;

3. Defendant will have eighteen months from the date of this Judgment to sell off and cease distribution of its existing skincare inventory (with existing product labeling), provided that it will sell such product solely through thrivecausemetics.com, and provided further that Defendant will change all consumer-facing advertising, promotional, and marketing materials (e.g., Defendant's website, social media, PR, influencers/content creators), whether direct or via vendors, to reflect the new name of Defendant's skincare products within six months (though current products with the THRIVE CAUSEMETICS name may continue to be depicted in existing - but not new - video assets throughout such eighteen-month period, so long as all text overlays, graphics, and/or titles in the video replace the word "thrive" with the new name of the product within six months);

4. Defendant cannot manufacture new "Thrive" branded skincare products after the initial 6-month period. The sell-off period through 18 months is to sell off previously manufactured products.

5. Defendant shall amend the description of goods and services identified in U.S. Trademark App. No. 87-895,130 to exclude skincare products from all of the application's class 3 and class 35 goods, and, subject to such amendment, Plaintiff will consent to registration of Defendant's THRIVE CAUSEMETICS mark in the United States and internationally, solely for the goods and services in such trademark application as modified;

6. Plaintiff will amend the description of goods and services identified in U.S. Trademark App. No. 90-198,496 to exclude women's makeup products, and, subject to such amendment, Defendant will consent to registration of Plaintiff's THRIVE mark in the United States and internationally, solely for the goods and services in such trademark

application as modified, and will consent to registration of Plaintiff's THRIVE mark internationally solely for the goods and services in such trademark application as modified, and for the goods and services in U.S. TM Reg. Nos. 4,467,942 and 6,164,303, so long as they specifically exclude women's makeup products;

7. Defendant will make a lump-sum, one-time up front payment of $3,000,000 to Plaintiff within 30 calendar days;

8. Except for continuing obligations, covenants, representations and warranties, the parties hereby release, acquit and forever discharge each other, and their respective present and former officers, directors, shareholders, owners, parents, employees from any and all causes of action, claims for relief, lawsuits, charges, complaints, attorneys' fees, costs, or expenses of any kind or nature whatsoever, in law, equity or otherwise, whether know or unknown, whether fixed or contingent, whether or not pending before a court, administrative agency, government authority, or otherwise, which arise out of or are related to this Action or could have been asserted in the action.

9. Each Party acknowledges the risk that subsequent to the execution of this Agreement, a party may discover facts or may incur, suffer or discover losses, damage or injuries which are unknown and unanticipated at the time this Agreement is signed, which if known on the date of this Agreement, may have materially affected its decision to give the release contained in this Agreement. Despite this knowledge and understanding, each Party hereby assumes the risk of such unknown and unanticipated facts and claims, and hereby waives any alleged right to set aside or rescind this Agreement and any and all rights under California Civil Code § 1542 (and similar laws in other jurisdictions), which section has been duly explained to and is understood by each party, and which reads as follows:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

10. Nothing within this Judgment shall be construed or deemed to be an admission or concession on the part of either party with respect to any claim or any fault or liability or wrongdoing or damages whatsoever.

11. The parties shall not, at any time, in any manner, directly or indirectly, on the party's own behalf or in conjunction with or for the benefit of any other person or entity, disparage, defame, or denigrate the other party, whether to the public, the media, any individual, or any other person or entity.

12. The parties shall not without compulsion of legal process, disclose to any third party the amount and terms of settlement, except that the parties may disclose said information to their respective affiliates or other professional advisors to whom disclosure is necessary to effect the purposes for which each party consulted such professional provided they agree to be bound by the confidentiality provision herein.

13. The Parties each further agree that, in connection with any proposed disclosure under compulsion of legal process, the Party receiving the legal process shall inform the third party initiating the legal process of the existence of this covenant and advise the other Party of the existence of the legal process and afford it an opportunity to object and assert the protections of this covenant.

14. Neither party will assist any third party in contesting the validity of the other party's Thrive-related trademarks."

15. This action is dismissed with prejudice.

DATED: January 19, 2022

                                                                    Percy Anderson
                                        UNITED STATES DISTRICT JUDGE