1  Rollin A. Ransom (State Bar No. 196126)
   rransom@sidley.com
2  Lauren M. De Lilly (State Bar No. 301503)
   ldelilly@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street
4  Los Angeles, CA 90013
   Telephone: (213) 896-6000
5  Facsimile: (213) 896-6600

6  *Attorneys for Defendant Thrive Causemetics, Inc.*

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11 THRIVE NATURAL CARE, INC.,          Case No. 2:20-cv-9091-PA-AS

12        Plaintiff,                   Hon. Percy Anderson

13     v.                              **DEFENDANT THRIVE CAUSEMETICS, INC.'S**
14 THRIVE CAUSEMETICS, INC.,           **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
15        Defendant.                   **MOTION FOR CONTEMPT OR, IN THE ALTERNATIVE, FOR AN**
16                                     **ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT**
17
                                       Date:  August 8, 2022
18                                     Time:  1:30 p.m.
                                       Place: Courtroom 9A
19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Thrive Causemetics, Inc. ("TCI") respectfully submits this memorandum of points and authorities in support of its motion for contempt or, in the alternative, for an order to show cause re: civil contempt ("Motion") pursuant to Federal Rule of Civil Procedure 70(e) as to Plaintiff Thrive Natural Care, Inc. ("Plaintiff").

## INTRODUCTION

This Court's January 19, 2022, Judgment requires Plaintiff to consent to TCI's registration of the mark THRIVE CAUSEMETICS, upon TCI's amendment of its trademark application to exclude skincare products. As required by the Judgment, TCI timely amended its trademark application to expressly exclude skincare products, yet Plaintiff has refused to provide its consent to TCI's registration. Instead, Plaintiff has conditioned its willingness to provide the required consent on the parties' execution of a long-form settlement agreement. However, the Judgment does not require the parties to agree to or execute a long-form agreement, and no other conditions must be met for Plaintiff to perform. Plaintiff cannot withhold its consent (which the Judgment requires it to provide) by manufacturing an obligation that the parties did not agree to and that the Court did not order. By refusing to provide its consent, Plaintiff is in violation of the Judgment, and the Court's intervention is necessary to bring Plaintiff into compliance.

## BACKGROUND

On October 2, 2020, Plaintiff filed the complaint in this action, alleging trademark infringement and related causes of action against TCI relating to TCI's use of the mark THRIVE CAUSEMETICS. *See generally* ECF No. 1. On or around November 12, 2021, the parties reached an agreement in principle to settle the dispute. ECF No. 192. Shortly thereafter, on November 15, 2021, the parties appeared for a status conference with the Court, during which the parties submitted to the Court a confidential term sheet embodying the essential terms of their settlement ("Essential

-1-

1  Terms") and stated their understanding, adoption, and approval of the Essential
2  Terms. ECF No. 196. Also during that status conference and on the parties' request,
3  the Court set December 6, 2021, as the deadline for the parties to complete a long-
4  form settlement agreement and the deadline through which the Court would retain
5  jurisdiction to enforce the Essential Terms, after which the Court stated it would
6  dismiss the action with prejudice. *See id.*

7  During the weeks that followed, the parties negotiated a long-form settlement
8  agreement and made substantial progress, but were unable to reach a final agreement.
9  On December 13, 2021, Plaintiff filed a Motion to Enforce Essential Terms of
10 Settlement requesting that the Court reopen the case to enforce the Essential Terms
11 and not dismiss the case with prejudice because the parties were still negotiating the
12 long-form agreement. ECF No. 200. On January 19, 2022, the Court issued an Order
13 on Plaintiff's motion, finding that there was no reason for the case to remain open, and
14 that the Court would instead issue a judgment ("Judgment") and close the case, which
15 the Court did that same day. ECF Nos. 203, 204. Relevant here, the Judgment
16 provides that:

> Defendant shall amend the description of goods and services identified in U.S. Trademark App. No. 87-895,130 to exclude skincare products from all of the application's class 3 and class 35 goods, and, subject to such amendment, Plaintiff will consent to registration of Defendant's THRIVE CAUSEMETICS mark in the United States and internationally, solely for the goods and services in such trademark application as modified[.]

22  ECF No. 204 ¶ 5.[1]

23  As required by the Judgment, on January 29, 2022, TCI promptly amended U.S.
24  Trademark Application Serial No. 87-895,130 (the "Application") to exclude skincare
25  products from the Application as follows:

---

[1] Although the Judgment as a whole is confidential, the parties always contemplated and understood that Plaintiff's consent to TCI's registration would not be confidential since that consent must be publicly filed with the USPTO.

>International Class 003: Cosmetics, excluding skincare products; makeup preparations; lip gloss; lipstick; eye shadow; mascara; eye liner; lip liner; eye brow makeup; eye brightening liner; false eyelashes; adhesives for affixing false eyelashes; all of the foregoing, **excluding skincare products**
>
>International Class 035: Online retail store services featuring cosmetics, make-up, cosmetic bags, make-up brush holders and make-up brushes, all of the foregoing, **excluding skincare products**

Declaration of Rollin A. Ransom ("Ransom Decl."), Ex. A (emphasis added). Notwithstanding this amendment, on March 2, 2022, the Application's examining attorney from the United States Patent & Trademark Office ("USPTO") issued a Final Office Action refusing TCI's registration on the grounds of likelihood of confusion with Plaintiff's trademarks (which rejection TCI anticipates will be overcome by filing Plaintiff's consent to the registration, as is contemplated and required by the Judgment). *Id.*, Ex. B; *see also In re Four Seasons Hotels Ltd.*, 987 F.2d 1565, 1567 (Fed. Cir. 1993) (consent agreements carry "great weight" and the USPTO should generally not substitute its judgment for those of the parties). The Final Office Action further requires TCI to respond within six months (*i.e.*, by September 2, 2022) or the Application will be abandoned. *See* Ransom Decl., Ex. B.

      The parties continued to negotiate a long-form settlement agreement during the first quarter of 2022, including exchanging multiple drafts and participating in several telephone conversations. *Id.* ¶ 4. While negotiations of the long-form agreement were ongoing, on or about March 22, 2022, TCI's counsel informed Plaintiff's counsel that TCI amended the Application as required by the Judgment, and requested that Plaintiff execute a simple trademark consent document reflecting its consent to registration of TCI's mark in the amended Application, as also required by the Judgment. *Id.* ¶ 5. Plaintiff's counsel suggested that the parties instead continue to work on the long-form agreement. *Id.* Over the next several weeks, TCI's counsel contacted Plaintiff's counsel at least five separate times to request execution of the


trademark consent document for filing with the USPTO. *Id.* ¶ 6. At various times, Plaintiff's counsel advised TCI's counsel that he was "discussing with [Plaintiff]," that another matter was occupying Plaintiff's attention and "[w]e will get to this shortly," that he would "discuss with [Plaintiff]and get back to you," and that "I am discussing with [Plaintiff]." *Id.*

In late April 2022, Plaintiff's counsel advised TCI's counsel that Plaintiff would not sign the trademark consent document, ostensibly because it did not offer Plaintiff adequate protections without an accompanying long-form settlement agreement, *id.*, notwithstanding the other provisions of the Essential Terms and the Judgment. Plaintiff's counsel further asserted that because TCI has until September 2, 2022, to file the consent with the USPTO, "there is no urgency here or impending deadline." *Id.*

On June 14, 2022, counsel for the parties conferred by telephone regarding TCI's anticipated motion to enforce the Judgment. *Id.* ¶ 8. During that call, Plaintiff's counsel reiterated Plaintiff's position that it would not sign the trademark consent document, and the parties were otherwise unable to reach a resolution of this issue. *Id.* In light of Plaintiff's refusal to consent to TCI's registration and TCI's upcoming September 2, 2022, deadline to respond to the Final Office Action or risk abandonment of the Application, TCI brings this Motion to hold Plaintiff in contempt and to compel Plaintiff's compliance with the Judgment.

## ARGUMENT

### I.   LEGAL STANDARD

A court may hold a party in contempt for failure to comply with a judgment requiring the party to perform a specific act. Fed. R. Civ. P. 70(e). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media*, 179 F.3d 1228, 1239

(9th Cir. 1999) (finding that district court did not abuse its discretion in holding party in contempt for violating a temporary restraining order) (quoting *Stone v. City and Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)); *see also In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (affirming district court's conclusion that party was in contempt for failure to timely execute documents in accordance with the court's order). The moving party is not required to demonstrate that the alleged contemnor intended to violate, or willfully violated, court order, *N.L.R.B. v. Ironworkers Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999). Moreover, although substantial compliance with a court order is a defense, to avoid a finding of contempt, the alleged contemnor must demonstrate that it "has taken 'all reasonable steps' to comply with the court order." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (finding that district court did not abuse its discretion in finding party that violated consent judgment in contempt and that party did not take all reasonable steps to prevent the violations) (citations omitted).

## II. PLAINTIFF'S REFUSAL TO CONSENT TO TCI'S REGISTRATION VIOLATES THE JUDGMENT, AND THE COURT SHOULD HOLD PLAINTIFF IN CONTEMPT.

The standard for holding Plaintiff in contempt is plainly met here: the Judgment is "specific and definite" that Plaintiff must consent to TCI's registration following amendment of the Application, and clear and convincing evidence establishes that Plaintiff refuses to provide its consent in violation of the Judgment. Plaintiff also has the ability to provide its consent, and has no good faith or reasonable justification for its refusal to do so.

*First*, the Judgment is "specific and definite" because it requires TCI to amend the Application to exclude skincare products and that "***subject to such amendment, Plaintiff will consent*** to registration of Defendant's THRIVE CAUSEMETICS mark in the United States and internationally." ECF No. 204 ¶ 5 (emphasis added). The requirement that Plaintiff provide its consent to TCI's registration is unambiguous and not contingent on any condition other than TCI amending the Application. *See id.*

Thus, following TCI's successful amendment of the Application—which took place on January 29, 2022, Ransom Decl., Ex. A—Plaintiff is required to provide its consent. There is no other reasonable interpretation of the Judgment.

*Second*, there is clear and convincing evidence that Plaintiff has violated the Judgment because Plaintiff has unequivocally stated that it will not consent to TCI's registration without the parties also finalizing a long-form settlement agreement—a condition that appears nowhere in the Judgment. Ransom Decl. ¶¶ 6, 8; *see generally* ECF No. 204. After TCI successfully amended the Application to expressly exclude skincare products, TCI's counsel requested several times that Plaintiff execute a simple trademark consent document to consent to TCI's registration, as required by the Judgment. *Id.* ¶¶ 5-6. Each time, Plaintiff's counsel avoided the issue by stating that the parties should continue to work on the long-form agreement, that Plaintiff was unavailable, or that he was discussing the issue with Plaintiff. *Id.* ¶¶ 5-6. In late April, Plaintiff's counsel eventually disclosed that Plaintiff would not execute the trademark consent document without an accompanying long-form agreement, and reiterated the same during the parties' June 14, 2022, telephonic conferral.[2] *Id.* ¶¶ 6, 8. Plaintiff's statements refusing to sign a trademark consent agreement notwithstanding that TCI amended the Application to exclude skincare products is clear and convincing evidence of Plaintiff's violation of the Judgment. *See id.* ¶¶ 6, 8; ECF No. 204 ¶ 5.

*Third*, Plaintiff is fully able to comply with the Judgment and has no justification for refusing to do so. To comply with its obligation, Plaintiff need only execute a simple document attesting to its consent to TCI's registration (which document is necessary for evidencing such consent to the USPTO), and Plaintiff has stated it will not do so. Ransom Decl. ¶¶ 6, 8. Plaintiff's sole "justification" for its refusal to sign—*i.e.*, that the short-form trademark consent agreement does not

---

[2] In May 2022, the parties reached an impasse on the long-form agreement, and they are no longer actively negotiating it. Ransom Decl. ¶ 7.

1  provide it adequate protection—is meritless, as that agreement does not exist in a
2  vacuum.  Instead, the Essential Terms and the Judgment afford Plaintiff the exact
3  protections that the parties agreed to, and neither the Essential Terms nor the
4  Judgment require the parties to finalize a long-form agreement as a condition
5  precedent to effectuate *any* of their terms, including the Judgment's express
6  requirement that Plaintiff consent to TCI's registration.  *See generally* ECF No. 204.
7  Plaintiff cannot hold its consent hostage and inject a condition into the Judgment that
8  the parties never agreed to, and that the Court did not order, to avoid its obligations or
9  excuse its noncompliance.

## CONCLUSION

For the foregoing reasons, TCI respectfully requests that the Court grant the Motion, hold Plaintiff in contempt, and compel Plaintiff to sign the document affirming its consent to TCI's registration of the THRIVE CAUSEMETICS mark, in the form attached as Exhibit C to the Ransom Declaration, within one (1) business day of the Court's ruling on this Motion.  In the alternative, TCI respectfully requests that the Court issue an order to show cause directing Plaintiff to show cause as to why it should not be held in contempt for violating the Judgment.

DATED:  July 11, 2022               SIDLEY AUSTIN LLP

                                    By: */s/ Rollin A. Ransom*
                                         Rollin A. Ransom

                                    *Attorneys for Defendant*
                                    *Thrive Causemetics, Inc.*