1  Rollin Ransom (State Bar No. 196126)
   rransom@sidley.com
2  Lauren M. De Lilly (State Bar No. 301503)
   ldelilly@sidley.com
3  SIDLEY AUSTIN LLP
   555 West Fifth Street
4  Los Angeles, CA 90013
   Telephone:  (213) 896-6000
5  Facsimile:  (213) 896-6600

6  *Attorneys for Defendant Thrive Causemetics, Inc.*

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

11 | THRIVE NATURAL CARE, INC. | Case No. 2:20-cv-9091-PA-AS |
12 | Plaintiff, | Hon. Percy Anderson |
13 | v. | **DECLARATION OF ROLLIN A. RANSOM IN SUPPORT OF DEFENDANT THRIVE CAUSEMETICS, INC.'S MOTION FOR CONTEMPT OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT** |
14 | THRIVE CAUSEMETICS, INC., | |
15 | Defendant. | |

Date:  August 8, 2022
Time:  1:30 p.m.
Place:  Courtroom 9A

DECLARATION OF ROLLIN A. RANSOM IN SUPPORT OF DEFENDANT THRIVE
CAUSEMETICS, INC.'S MOTION FOR CONTEMPT

## DECLARATION OF ROLLIN A. RANSOM

I, Rollin A. Ransom, declare and state as follows:

1. I am an attorney at law licensed to practice before all of the Courts of the State of California and admitted to practice in this District. I am a partner at the law firm of Sidley Austin LLP, counsel of record for Defendant Thrive Causemetics, Inc. ("TCI") in this action, and submit this declaration in support of TCI's Motion For Contempt or, in the Alternative, for an Order to Show Cause re: Civil Contempt (the "Motion"). I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. Attached hereto as **Exhibit A** is a true and correct copy of the United States Patent and Trademark Office's ("USPTO") Trademark Snap Shot Amendment and Mail Processing Stylesheet dated January 29, 2022, regarding Application Serial No. 87895130 (the "Application"), available at https://tsdr.uspto.gov/documentviewer?caseId=sn87895130&docId=AMC20220129092142#docIndex=1&page=1.

3. Attached hereto as **Exhibit B** is a true and correct copy of a Final Office Action dated March 2, 2022, issued by the USPTO regarding the Application, available at https://tsdr.uspto.gov/documentviewer?caseId=sn87895130&docId=AMC20220129092142#docIndex=0&page=1.

4. Through counsel, the parties began negotiating a long-form settlement agreement in the fall of 2021, and continued to do so in the first quarter of 2022. These negotiations included exchanging multiple drafts and participating in several telephone conversations.

5. On or about March 22, 2022, I advised Stephen McArthur, counsel for Plaintiff Thrive Natural Care, Inc. ("Plaintiff"), that TCI had amended the Application as required by the Court's January 19, 2022, Judgment (ECF No. 204) (the "Judgment"), and requested that Plaintiff execute a simple trademark consent

1  document reflecting its consent to registration of TCI's mark in the amended
2  Application, as also required by the Judgment. Mr. McArthur suggested that the
3  parties instead continue to work on the long-form agreement.
4      6.   Over the next several weeks, I contacted Mr. McArthur at least five
5  separate times to request execution of the trademark consent document for filing with
6  the USPTO. At various times, Mr. McArthur advised me that he was "discussing with
7  my client," that another matter was occupying his client's attention and "[w]e will get
8  to this shortly," that he would "discuss with my client and get back to you," and that
9  "I am discussing with my client." In late April, Mr. McArthur advised that Plaintiff
10 would not sign the trademark consent document, ostensibly because it did not offer
11 Plaintiff adequate protections without an accompanying long-form settlement
12 agreement, and asserted that because TCI has until September 2, 2022, to file the
13 consent with the USPTO, "there is no urgency here or impending deadline."
14     7.   Soon thereafter, in May 2022, the parties reached an impasse on the long-
15 form settlement agreement, and they are no longer actively negotiating it.
16     8.   On June 14, 2022, counsel for TCI and Mr. McArthur conferred by
17 telephone regarding TCI's anticipated motion to enforce the Judgment. During that
18 call, Plaintiff's counsel reiterated Plaintiff's position that it would not sign the
19 trademark consent document, and the parties were otherwise unable to reach a
20 resolution of this issue.
21     9.   Attached hereto as **Exhibit C** is a true and correct copy of a Trademark
22 Consent Agreement reflecting Plaintiff's consent as required by the Judgment, in a
23 form suitable for filing with the USPTO.
24     I declare under penalty of perjury under the laws of the United States that the
25 above facts are true and correct.
26     Executed this 11th day of July 2022, in Los Angeles, California.

                                    */s/ Rollin A. Ransom*
                                    Rollin A. Ransom

-3-
DECLARATION OF ROLLIN A. RANSOM IN SUPPORT OF DEFENDANT THRIVE
CAUSEMETICS, INC.'S MOTION FOR CONTEMPT