UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRIVE NATURAL CARE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> THRIVE CAUSEMETICS, INC., <br><br> Defendants. | Case No. 2:20-cv-9091-PA-AS <br><br> Hon. Percy Anderson <br><br> **[PROPOSED] ORDER GRANTING DEFENDANT THRIVE CAUSEMETICS, INC.'S MOTION FOR CONTEMPT OR, IN THE ALTERNATIVE, FOR AN ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT** |

The Court has considered the parties' briefing, evidence, and arguments as well as the authorities cited in support of their positions. Upon due consideration, the Court hereby **GRANTS** Defendant Thrive Causemetics, Inc.'s Motion for Contempt, or in the Alternative, for an Order to Show Cause re: Civil Contempt (the "Motion"), and orders as follows:

## I.   BACKGROUND

On October 2, 2020, Plaintiff filed the complaint in this action, alleging trademark infringement and related causes of action against Defendant relating to Defendant's use of the mark THRIVE CAUSEMETICS. *See generally* ECF No. 1. On or around November 12, 2021, the parties reached an agreement in principle to settle the dispute. ECF No. 192. Shortly thereafter, on November 15, 2021, the parties appeared for a status conference with the Court, during which the parties submitted to the Court a confidential term sheet embodying the essential terms of their settlement ("Essential Terms") and stated their understanding, adoption, and approval of the Essential Terms. ECF No. 196. On January 19, 2022, the Court issued an Order, finding that there was no reason for the case to remain open, and that the Court would instead issue a judgment ("Judgment") and close the case, which the Court did that same day. ECF Nos. 203, 204. The Judgment provides that:

> Defendant shall amend the description of goods and services identified in U.S. Trademark App. No. 87-895,130 to exclude skincare products from all of the application's class 3 and class 35 goods, and, subject to such amendment, Plaintiff will consent to registration of Defendant's THRIVE CAUSEMETICS mark in the United States and internationally, solely for the goods and services in such trademark application as modified[.]

ECF No. 204 ¶ 5.[1]

On January 29, 2022, Defendant amended U.S. Trademark Application Serial

---

[1] Although the Judgment as a whole is confidential, the Court and the parties always contemplated and understood that Plaintiff's consent to TCI's registration would not be confidential since that consent must be publicly filed with the United States Patent and Trademark Office ("USPTO").

No. 87-895,130 (the "Application") to exclude skincare products as follows:

> International Class 003: Cosmetics, excluding skincare products; makeup preparations; lip gloss; lipstick; eye shadow; mascara; eye liner; lip liner; eye brow makeup; eye brightening liner; false eyelashes; adhesives for affixing false eyelashes; all of the foregoing, **excluding skincare products**
>
> International Class 035: Online retail store services featuring cosmetics, make-up, cosmetic bags, make-up brush holders and make-up brushes, all of the foregoing, **excluding skincare products**

On March 2, 2022, the Application's examining attorney from the USPTO issued a Final Office Action refusing Defendant's registration on the grounds of likelihood of confusion with Plaintiff's trademarks. The Final Office Action further requires Defendant to respond within six months (*i.e.*, by September 2, 2022) or the Application will be abandoned.

       Although TCI has requested that Plaintiff sign a trademark consent document reflecting Plaintiff's consent to registration of the mark in the Application as amended, as required by the Judgment, Plaintiff has refused to do so.

## II.   CONCLUSIONS OF LAW

       A court may hold a party in contempt for failure to comply with a judgment requiring the party to perform a specific act. Fed. R. Civ. P. 70(e). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)); *see also In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). The moving party is not required to demonstrate that the alleged contemnor intended to violate, or willfully violated, court order, *N.L.R.B. v. Ironworkers Local 433*, 169 F.3d 1217, 1222 (9th Cir. 1999). Moreover, although

substantial compliance with a court order is a defense, to avoid a finding of contempt, the alleged contemnor must demonstrate that it "has taken 'all reasonable steps' to comply with the court order." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) (citations omitted).

The Court finds that Plaintiff violated the Judgment. The Judgment is "specific and definite"; it requires Defendant to amend the Application to exclude skincare products and that "subject to such amendment, Plaintiff will consent to registration of Defendant's THRIVE CAUSEMETICS mark in the United States and internationally." ECF No. 204 ¶ 5. Defendant amended the Application to exclude skincare products on January 29, 2022, upon which Plaintiff was required to provide its consent to Defendant's registration. The requirement that Plaintiff provide its consent is not contingent on any condition other than Defendant amending the Application, *id.*, and there is no other reasonable interpretation of the Judgment.

The Court also finds that Defendant has offered clear and convincing evidence of Plaintiff's violation; Plaintiff's refusal to sign a trademark consent agreement without the parties also finalizing a long-form settlement agreement interposes a condition that is not required by the Judgment. *See generally* ECF No. 204. That refusal violates the Judgment's requirement that "Plaintiff will consent to Defendant's registration" upon Defendant's amendment of the Application.

Finally, the Court finds that Plaintiff is able to comply with the Judgment and has not established a good faith or reasonable basis for its refusal to do so. The Essential Terms of the parties' settlement are fully set forth in the Judgment and afford Plaintiff the protections to which the parties agreed. Furthermore, because the Judgment does not require the parties to finalize a long-form settlement agreement, Plaintiff's refusal to sign the trademark consent agreement on this basis is unreasonable.

### III.  ORDER

For the foregoing reasons, Defendant's Motion is **GRANTED**. The Court finds

that Plaintiff is in contempt of the Judgment, and orders Plaintiff to sign the document affirming its consent to Defendant's registration of the THRIVE CAUSEMETICS mark, in the form attached as Exhibit C to the Declaration of Rollin A. Ransom, within one (1) business day of this Order.

**IT IS SO ORDERED.**

Dated: _____, 2022

_____
HON. PERCY ANDERSON
United States District Judge